# Supplemental Declaration of Dr. Nuray Ekşi

Case: Hughes, et. al v. Türkiye Halk Bankasi A.Ş., No. 23-cv-6481 (MKV) (S.D.N.Y.)

**Prof. Dr. Nuray EKŞİ**

Case: *Daniel Hughes, et al. v. Reza Zarrab and Turkiye Halk Bankasi A.Ş.*
No. 1:23-cv-06481

**I. Engagement**

1. On 8 December 2023, I rendered a legal opinion in the civil case (Docket No. 1:23-cv-06481) at the United States District Court for the Southern District of New York (SDNY). Prof. Erdem Büyüksağış provided a legal opinion on a possible tort lawsuit to be filed in Turkish courts by US citizen plaintiffs.

2. I was approached by the legal counsels of the defendant Türkiye Halk Bankası A.Ş. in Türkiye, Williams & Connolly and Michelman & Robinson, in the US to give a legal opinion on Turkish legislation and courts practice regarding the legal opinion given by Prof. Dr. Erdem Büyüksağış. The subject matter of this legal opinion is to evaluate the findings made by Prof. Dr. Erdem Büyüksağış in terms of Turkish legislation and court practices within the framework of the questions raised by the defendant's counsels.

3. For the legal opinions and findings herein, I rely on the Turkish legislation, international treaties that Türkiye is party to, and Turkish case law, literature, especially articles and books I have written, and my long-standing experience in international cases.

4. I have written this legal opinion in the English language.

5. I have received a payment to prepare this legal opinion commensurate with the standard fees usually paid for such opinions.

6. I hereby declare the accuracy of the statements I have made below in relation to the questions posed to me within the scope of this report.

**II. Evaluations**

7. First, it is worth emphasizing that the evaluations in this legal opinion support and further elaborate my findings in my legal opinion dated 8 December 2023.

**A. Whether USD Dollars 100,000 would be a Record High for Emotional Damages in Türkiye**

8. There is no upper limit for or caps either for pecuniary compensation nor non-pecuniary (emotional) damages. The judge determines the emotional damages by considering the characteristics of each concrete case. That includes the identity and characteristics of the plaintiffs seeking damages. The following cases, which are easily accessible because they were reported in the press, clearly demonstrate that US Dollars 100,000 is not a record level of emotional compensation. The reason why I give examples of cases in newspaper news is that they can be reached with a simple Google search.

N.E.

- In the judgment of *Münevver Karabulut's Family v. Cem Garipoğlu Family* dated 8 October 2013 the amount of compensation in TL 1,250,000. The exchange rate at the date of the judgments was 1.99. The total amount of emotional damages was USD Dollars 628,140[1].

- In the judgment of *Engin Alan v. Government of Republic of Türkiye* dated 12 February 2015 the amount of compensation in TL 1,300,000. The exchange rate at the date of the judgments was 2.92. The total amount of emotional damages was USD Dollars 445,205[2].

- In 2016, Istanbul 1st Commercial Court ordered 11 persons to pay a total of 25 billion 588 million 642 thousand liras on the grounds that they were responsible for the evisceration of the bank[3]. The exchange rate at 24.02.2016 was around 2.9483. The total amount of compensation was US Dollars 8,679,117,457.51.

- In 2020, the Istanbul Anatolian 4th Civil Court of First Instance imposed a pecuniary and non-pecuniary (emotional) damage in amount of TL 5,330,000 for pouring a chemical substance on a child's face in a restaurant and causing injury[4]. **This case was a typical tort case.** The average dollar exchange rate on 16.09.2020 was 7.4924. Therefore, the total amount of the material and emotional compensation was **US Dollars 711,387.53.**

9. The following cases are examples of the fact that US Dollars 100,000 will not be accepted as a record amount of pecuniary and emotional compensation.

| Court | File No and date of judgment | Subject matter | Amount of compensation in Turkish Lira | Exchange rate on the date of the judgment | Amount of compensation in US Dollars |
|---|---|---|---|---|---|
| Ankara 15th Civil Court of First Instance | 2018/382 21.01.2020 | Damages arising from tort | 83.372.377.40 | 5.94 | 14.039.062.64 |
| Istanbul Anatolia 16th Civil Court of First Instance | 2019/15 01.12.2020 | Damages arising from tort | 17,823,653.64 | 7.87 | 2,265,593.88 |
| Ankara 5th Civil Court of Peace | 2020/327 10.12.2021 | Emotional damages | 24,928,645.59 | 13.88 | 1,795,960.17 |
| Istanbul Anatolia 10th Civil Court of First Instance | 2021/604 19.07.2022 | Damages arising from tort | 34,278,970.87 | 17.60 | 1,947,613.47 |
| Aliaga 1st Civil Court of First Instance | 2022/262 11.07.2023 | Pecuniary and emotional damages | ~~55.783.135,12~~55,783,135.12 | ~~26,16~~26.16 | ~~2.132.521,42~~2,132,521.42 |

1 https://www.cnnturk.com/turkiye/munevver-karabulut-icin-rekor-tazminat (accessed 20.2.2024).

2 https://www.cnnturk.com/turkiye/engin-alana-rekor-tazminat (accessed 20.2.2024).

3 https://bigpara.hurriyet.com.tr/haberler/ekonomi-haberleri/imar-bankasi-davasinda-rekor-ceza_ID1430194/ (accessed 22.02.2024).

4 https://www.aa.com.tr/tr/turkiye/restoranda-cocugun-yuzune-kimyasal-madde-doken-kisiye-rekor-tazminat/1975252 (accessed 22.02.2024).



**B. Whether Turkish Law Bar Treble Damages**

10. Between pages 700-706 (2nd edition) of my book on *Recognition and Enforcement of Foreign Judgments* published in Turkish in 2020 treble damages is examined in detail. In these pages first provisions regarding punitive damages or treble damages appearing in international treaties to which Türkiye is a party to are explained. In addition, treble damages-related provisions of the Law on Protection of Competition, intellectual property legislation, Labor Law, Environmental Law, Code of Execution and Bankruptcy, Turkish Civil Code and Turkish Commercial Code are explained. As can be understood from the aforementioned laws, treble damages are also recognized in various laws but not in Turkish Code of Obligations. Between pages 707-710 of my book, I cited the **Constitutional Court of Türkiye's decision finding that the award of treble damages is not in violation of the Constitution. In its decision dated 28 February 2013 the Constitutional Court[65] found that the award of "*treble damages*" in cases related to intellectual and industrial rights was not in violation of the Constitution**. If the Turkish court rules in favor of the US plaintiffs and awards damages, Halkbank may enter into an agreement with the plaintiffs for the payment of three times the amount of compensation awarded by the Turkish court for each of the plaintiffs.

**C. Whether the Contributory Negligence is a Disadvantage for the US Citizens Claimants**

11. It is true that Article 52 of the Turkish Code of Obligations which regulates contributory negligence is technically applicable in civil proceedings concerning damage arising terror acts. However, claiming that innocent people harmed by terrorism behave in a manner that contribute to the damage is unrealistic, and contrary to the logic as well as the reality of life. In sum, the fact that Turkish Code of Obligations differs from the ATA in terms of contributory negligence would not have a negative consequence for the claimants' possible law suits before Turkish courts.

**D. Whether Halkbank Has to Turn over Unfavorable Evidence**

12. The court may request the submission of other evidence in addition to the evidence submitted by the parties as per Article 31 of the Turkish Civil Procedural Code.

> *Duty of the judge to enlighten the case*
> *Article 31- (1) In cases where the clarification of the dispute is mandatory, the judge may require the parties to provide explanations, ask questions, and request the **presentation of evidence on matters** that he deems materially or legally unclear or contradictory.*

13. In this context, the court may hear witnesses and/or order an expert examination. The court may forcibly bring absent witness to court by law enforcement officers. According to Article 245 a witness who fails to appear without an excuse when duly summoned shall be compelled to appear, and shall be liable for the expenses caused by his/her failure to appear, and a disciplinary fine shall be imposed. Article 266 of the Turkish Civil Procedural Code

---

65 Constitutional Court of Türkiye, Docket No. 2012/133, Decree No. 2013/33, 28.2.2013; Official Gazette Dated 12.7.2013 Number 28705; Nuray EKŞİ, Yabancı Mahkeme Kararlarının Tanınması ve Tenfizi [Recognition and Enforcement of Foreign Judgments] 2nd edition, Beta Publisher, Istanbul 2020, pp. 707-710.

N.E.

provides that the court may appoint an expert or expert panels ***ex officio*** or at the request of one of the parties. The examination of the books and records of banks or companies by expert witnesses is a well-established practice of Turkish courts. In short, Prof. Büyüksagis is correct by saying in paragraphs 58 and 59 that Halkbank would not have to turn over unfavorable evidence, and that the plaintiffs would be responsible for collecting their own evidence. **However, the statement is seriously deficient in that it does not state that the claimants may request the court to order the collection of evidence that cannot be collected by the claimants themselves.** Prof. Dr. Büyüksağiş has made only the explanation that fits his expert opinion, and intentionally or unintentionally omitted Article 31 of the Turkish Civil Procedural Code.

### E. Whether Turkish Courts are Familiar with Multiparty Proceedings

14. First, as I noted in my legal opinion dated 8 December 2023, Turkish courts are familiar with cases in which there are many persons on the plaintiff or defendant side. In inheritance, bankruptcy, liquidation, collective dismissal of workers, lawsuits to be filed by the relatives of the deceased due to malpractice by a doctor are examples of cases involving multiple parties. **There is no limitation in the Turkish Code of Civil Procedure in terms of the person who will be the plaintiff or the defendant.** Multiparty lawsuit may file with the same cause, subject matter, and defendant. As a matter of fact, a large number of immovable properties were expropriated recently for the construction of roads, subways, airports, railways and similar constructions. Hundreds of persons filed lawsuits as claimants in cases of requesting the increase of expropriation price. Besides, because of the cadastral surveys carried out in Beykoz district of Istanbul, a large number of people have been plaintiffs or defendants, or have joined or intervened in the lawsuit filed. In bankruptcy proceedings there are also large numbers of claimants. As in the cases of İmar Bank and Demir Bank, during the bankruptcy or liquidation process of the banks, many victims who were customers of the banks registered their receivables to the bankruptcy estate.

15. However, in some cases, instead of filing a lawsuit together, the lawsuit may be joined or intervened after the lawsuit is filed. For example, if the claimants do not know each other or live in different places, others may request to join or intervene in a lawsuit brought by one of them. Since 1927 joining or intervening in a lawsuit as ancillary and substantive has been recognized in our civil procedure laws. Articles 65-69 and 166 of the Turkish Code of Civil Procedure relate to intervention and consolidation of cases, respectively. These articles do not limit the number of cases to be consolidated or the number of persons who request to intervene. These Articles are also applicable to tort-related proceedings.

16. For example, especially in recent years, many expropriations of private property have been made due to public services such as metro, airport, railway and pipeline laying. The owners, who found the expropriation price low, filed private law suits in the courts to increase the expropriation price. For example, in case filed before the Islahiye Civil Court of First Instance [E. 2017/14, K. 2019/263, Dated 13.12.2019] there were **226 defendants** [*see* Annex 1].

17. Cadastral cases also have multiple parties. For example, in the case filed before the **Beykoz Cadastral Court** [E. 2019/20, K. 2023/25, Dated 31.3.2023], there were **8 plaintiffs, 95 defendants and 116 people who joined** the case alongside the defendant [*see* Annex 2].

N.G

In another cadastral case appealed to the Court of Cassation [E. 2010/9928, K. 2010/11718, Dated 05.10.2010] there were 2,499 defendants [*see* Annex 3].

18. The following cases are also examples of multi-party lawsuits filed in Turkish courts.

- Istanbul 12th Commercial Court of First Instance File No. 2016/385 and decided on 01.09.2016, **32 plaintiffs**

- In the case heard at Kadirli 1st Civil Court of First Instance File No. 2020/283 and decided on 06.08.2020, **63 plaintiffs**

- **Consolidation of 88 files** in the case which was heard by Ankara Batı 3rd Civil Court of First Instance File No. 2018/173 and concluded on 10.04.2018

- Kayseri 8th Civil Court of First Instance, File No. 2022/353 and concluded on 23.11.2022, **82 plaintiffs**

- Istanbul Anatolian 16th Civil Court of First Instance, File No. 2018/427 and concluded on 05.1.2.2018, **89 plaintiffs**

19. Although the Statute of the European Court of Human Rights ("ECtHR) does not regulate "class action", a large number of persons may apply to the ECtHR against the same State. This includes applying against Türkiye in the event of dissatisfaction with the result in Turkish courts. For example, the case of *Duarte Agostinho and Others v. Portugal **and 32 others*** which is still pending before ECtHR. Similarly, although class action is not specifically regulated in the Statute of the Turkish Constitutional Court, a large number of individuals apply together or separate applications are consolidated. For example:

- 51 applicants in case of *Eyyüp Yılmaz and Others* (Application No: 2022/19914,...) Date of Decision 14.12.2023[6]

- 27 applicants in case of *Gündoğan Bilgen and Others Application* (Applications No. 2022/103656,...), Date of Decision 19.12.2023[7]

- 22 applicants *in case of Sait Dinç and Others* (Applications No: 2022/89284,...), Date of Decision 19.12.2023[8]

- 23 applicants in case of *Ahmet Kaya and Others* (Applications No: 2022/83287, ...) Date of Decision 19.12.2023[9]

- 30 applicants in case of *Ali Kayran and Others* (Applications No: 2022/36319,...) Date of Decision 19.12.2023[10]

---

6 https://kararlarbilgibankasi.anayasa.gov.tr/BB/2022/19914 (accessed 21.02.2024).

7 https://kararlarbilgibankasi.anayasa.gov.tr/BB/2022/103656 (accessed 21.02.2024).

8 https://kararlarbilgibankasi.anayasa.gov.tr/BB/2022/89284 (accessed 21.02.2024).

9 https://kararlarbilgibankasi.anayasa.gov.tr/BB/2022/83287 (accessed 21.02.2024).

10 https://kararlarbilgibankasi.anayasa.gov.tr/BB/2022/36319 (accessed 21.02.2024).



20. In order to apply to the Constitutional Court, the first instance and appeal stages must be exhausted. Therefore, the plaintiffs in the case filed before the Constitutional Court are also plaintiffs in the cases at the first instance and appeal stages.

21. The examples given above from different courts at first instance, appeal and cassation level demonstrate that Turkish courts have experience in multi-party litigation. It should also be noted that access to names is limited in accordance with the Law on the Protection of Personal Data.

**F. In multi-party cases, the court renders a single judgement**

22. Prof. Büyüksagis § 55 last sentence "*[h]ence, the court must issue a separate judgment for each of the consolidated cases, since the consolidation of the cases does not merge into one case*" is not correct. The court conducts the proceedings on a single file. At the end of the proceedings, the court issues a single judgement. In this judgement, the names of the parties are written one by one, and the conclusion reached in relation to each of them is stated on the same text of the judgment. This is not unique to Turkish courts. This is also the practice of the courts in other countries. For example, the decision of the Court of Cassation [E. 2010/9928, K. 2010/11718] Dated 05.10.2010 involving 24999 defendants, is a single text.

**G. Whether the Contingency Fee is Accepted in Turkish Law**

23. It should firstly be noted that there is no obligation to have a lawyer under Turkish law. The Turkish Attorneyship Law regulates two different types of attorneys' fees. The first is the fee agreed upon between the client and its attorney for the legal services rendered by the attorney. The second type of attorney fee is fully independent of any other fee terms agreed upon by the client and its attorney (Article 163). The second type is included among those costs which the unsuccessful party has to pay to the successful party at the end of the legal proceedings. The courts grant the second type attorney fee *ex officio* and determine their amount according to the Minimum Fee Schedule for Attorneys. This Schedule sets forth different amounts in consideration of the characteristics of the dispute, as well as of the scope of the legal services provided. The second paragraph of **Article 164 of the Attorneyship Law stipulates that "the value of the action or judgement or a certain percentage of the money, not exceeding twenty-five per cent, may be agreed as attorney's fee".**

24. **The US claimants may hire the same lawyer and may share the attorney's fee among themselves. As a matter of fact, in an expropriation case, 300 people gave power of attorney to the same lawyer**[11]. In case of request to join or intervene to the lawsuit filed by one of the US citizens under Article 65-69 or 166 respectively, the US citizens who intervene or participate in the proceedings are not obliged to have a lawyer. It is sufficient for them to simply state in their petition that they repeat the plaintiff's statements verbatim.

**H. Turkish lawyers will not be able to adequately defend the plaintiffs in the lawsuits to be filed in Türkiye because the plaintiffs are US Citizens and do not speak Turkish**

[11] This information was obtained from the Secretary of the Arbitration Centre of the Union of Turkish Bar Associations, Ongul Göbel, attorney at law, on February 19, 2024 by phone.

N.G.

25. Prof. Büyüksağis' statements in § 68 and § 70 have no credibility. In addition to Robert College in various cities in Türkiye, there are high schools such as Saint Benoît French High School, Saint-Joseph French High School, Italian High School (Liceo Italiano), German High School, St. Georg Austrian High School, Private Sainte Pulcherie French High School and universities, for example Boğaziçi University, Istanbul Technical University whose courses are taught in English.

26. Students of law faculties go abroad through Erasmus etc. exchange programmes. The number of Turkish lawyers doing LL.M. or PhD in the field of law, especially in the UK and US, is high. It is surprising that Prof. Büyüksağiş, who himself has a Ph.D and lectures abroad, says that the English of Turkish lawyers is insufficient. Many foreign law firms, including White & Case, are active in Türkiye. There are several law firms, mainly in Istanbul and Ankara, established by Turkish citizen lawyers specializing in international litigation. These law firms represent their clients in a wide range of international cases, including ICSID cases, and co-operate with US and UK or other countries-based law firms in some cases. The costs of Turkish translation will be paid by the losing party.

27. The long list of some law firms dealing with international dispute settlement located in Türkiye especially in Istanbul *see* https://www.legal500.com/c/turkey/directory/. Annex is the Legal 500 Directory contains law firms in Türkiye [*see* Annex 4].

**III. Final Remarks**

28. Regarding the Declaration of Adam Goldstein, I would like to underline that there are many US investors in Türkiye. The number of tourists travelling from the USA to Türkiye is high. In addition to those who have residence and work permits, there are US citizens working at Turkish universities and different institutions. The US citizens are among the top twenty foreigners purchasing immovable property in Türkiye. This situation shows that Türkiye is safe and reliable country for the US citizens.

29. In this case, a number of factors indicate that the Turkish courts are a convenient forum.

30. According to the declaration of the Bank's legal counsel submitted with the opening brief in this motion, bank records and books, which constitute the backbone evidence of the case, are in Türkiye. All of the Halk Bank employees whose information and statements will be sought are in Türkiye. The statements of the plaintiffs can also be taken online pursuant to Article 149 of the CCP, or evidence could be obtained in accordance with the 1970 Hague Convention. Thus, in accordance with the 1970 Hague Convention the declarations of the US citizen plaintiffs can be taken by the US courts. The assets of Halk Bank are located in Türkiye. Prof. Büyüksağis' remarks in § 68 actually demonstrate that the case should be heard in Türkiye also in terms of access to evidence.

31. The advantages of filing a lawsuit in Turkey for the plaintiffs:

- Halk Bank will not be able to assert judicial immunity before Turkish courts or claim a lack of personal jurisdiction.

- The plaintiffs' statements can be obtained online. If the plaintiffs do not choose to do so, the US court will be asked judicial assistance pursuant to the 1970 Hague Evidence Convention. In accordance with the 1970 Hague Convention the plaintiffs made their

N.E.

statements before the US court and the US court sends the statements to the Turkish court.

- Turkey has a large number of qualified law firms representing citizens of other states, including the US citizens and companies, in litigations. Some of these law firms work together with law firms in the US. Information can be obtained from the US Embassy and Consulate in Türkiye as well. A significant number of these law firms do not work on an hourly rate as in the USA, but on a certain amount. Whether they charge by the hour or by a certain amount, these fees are considerably lower than the same law offices in the USA.

32. This report has been written in English and signed in Istanbul on 28 February 2024.

**Prof. Dr. Nuray EKŞİ**

Annexes

**Annex 1** : The text of the judgment of the Refahiye Civil Court of First Instance E. 2017/14, K. 2019/263, Dated 13.12.2019 regarding **226 defendants**.

**Annex 2** : Beykoz Cadastral Court E. 2019/20, K. 2023/25, Dated 31.3.2023] regarding **8 plaintiffs, 95 defendants and 116 joinder.**

**Annex 3** : Court of Cassation E. 2010/9928, K. 2010/11718, Dated 05.10.2010 regarding **2,499 defendants**.

**Annex 4** : The Legal 500 Directory regarding law firms in Türkiye

ANNEX-1

**TÜRK MİLLETİ ADINA**

**T.C.**
**REFAHİYE**
**ASLİYE HUKUK MAHKEMESİ**

**GEREKÇELİ KARAR**

| | |
|---|---|
| **ESAS NO** | : 2017/14 Esas |
| **KARAR NO** | : 2019/263 |
| **HAKİM** | : Fatih SİVRİ 216268 |
| **KATİP** | : Gülşah ÇETİNKAYA 202976 |
| **DAVACI** | : KARAYOLLARI GENEL MÜDÜRLÜĞÜ - |
| **VEKİLLERİ** | : Av. SEZGİN YILMAZ -<br>Av. DERYA KİRSİZ -<br>Av. RABİA ULUÇ - |
| **DAVALI** | : 1- ÜZEYİR ÇİMEN -47884006018 Ertuğrulgazi Mah. Gülçimen Sk. No:14 İç Kapı No:1 Tepebaşı/ ESKİŞEHİR |
| **VEKİLİ** | : Av. AYŞE YANARSÖNMEZ ŞAHİN - Akarbaşı Mah. Atatürk Bulvarı H.Kazımbey Apt. No:16/14 Odunpazarı / ESKİŞEHİR |
| **DAVALILAR** | : 2- ABDULKADİR DEMİRCİ -18262938122 Talatpaşa Mah. Tanyeli Sk. No:11 İç Kapı No:4 Kağıthane/ İSTANBUL<br>3- ABDULLAH GÜRBÜZ -17443965728 No:33 Erecek Refahiye/ ERZİNCAN<br>4- ABDULLAH ÖZTÜRK -29648414468 Esenler Mah. Aşıklı Sultan Sk. No:12 İç Kapı No:8 Pendik/ İSTANBUL<br>5- ABDULLAH TÜRKKUŞU -54754308646 İnönü Mah. 237. Sk. No:9 İç Kapı No:2 Akhisar/ MANİSA<br>6- ABDURRAHMAN BATAL -10844185696 Mehmet Akif Mah. Vişne Sk. No:18 İç Kapı No:1 Çekmeköy/ İSTANBUL<br>7- ABDURRAHMAN DEMİRCİ -18265938068 Sahil Mah. Doktor Sadık Ahmet Sk. No:7 İç Kapı No:2 Küçükkuyu Küçükkuyu Ayvacık/Çanakkale/ ÇANAKKALE |

XLE

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin



8- AHMET ÇİMEN -29935549118 Zafer Mah. Vadi Sk. No:24 İç Kapı No:4 Bahçelievler/ İSTANBUL

9- AHMET GÖKCEGÖZ -24997713798 Akşemsettin Mah. Fatih Cad. No:33 Kavakyolu Erzincan Merkez/ ERZİNCAN

10- AHMET İNCESULU -12911116596 Şeyhli Mah. Bozkır Sk. No:12 İç Kapı No:2 Pendik/ İSTANBUL

11- AHMET SOFUOĞLU -62083201248 Ayazlı Mah. Kandır Sk. No:17 İç Kapı No:1 Fatsa/ ORDU

12- AHMET SUCUOĞLU -29323569582 Çengelköy Mah. Ensar Sk. No:2 İç Kapı No:5 Üsküdar/ İSTANBUL

13- ALİ İNCESULU -12908116660 Şeyhli Mah. Pasinler Sk. No:4 İç Kapı No:9 Pendik/ İSTANBUL

14- ALİ YAŞAR GÜRBÜZ -17479964580 No:32 Erecek Refahiye/ ERZİNCAN

15- ALİBEY ÜSTÜN -28474587612 Çengelköy Mah. Soner Sk. No:6 İç Kapı No:4 Üsküdar/ İSTANBUL

16- ARİF GÜRBÜZ -17503963756 İzzet Paşa Mah. Vefa Poyraz Cad. No:66 İç Kapı No:8 Şişli/ İSTANBUL

17- AYHAN SUCUOĞLU -22441798940 Çobançeşme Mah. Köprülü Sk. No:16 İç Kapı No:4 Bahçelievler/ İSTANBUL

18- AYHAN TEMEL -17596960700 Yayla Mah. Celal Sk. No:6 İç Kapı No:5 Tuzla/ İSTANBUL

19- AYSEL BULUT -49531793258 Kavaklı Mah. Kanarya Cad. No:21 İç Kapı No:3 Beylikdüzü / İSTANBUL

20- AYSEL ORAKCI -23461764878 Yeni Mahalle Mah. Benefşe Çıkmazı Sk. No:12 İç Kapı No:4 Beykoz/ İSTANBUL

21- AYŞE BAYIR -19258905234 No:87 Erecek Refahiye/ ERZİNCAN

22- AYŞE DEMİRCİ -15161380588 Kayabaşı Mah. Şehit Semih Balaban Cad. No:7G İç Kapı No:K1 Başakşehir / İSTANBUL

23- AYŞE DİŞOĞLU -27586054692 Bahçeleriçi Mah. Yeniçeri Cad. No:4 İç Kapı No:4 Amasya Merkez/ AMASYA

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin



24- AYŞE TÜZÜN -15296037340 Bağlarbaşı Mah. Cemal Bey Cad. No:102 İç Kapı No:2 Maltepe/ İSTANBUL
25- AYŞE YARDIM -10808820816 Rami Cuma Mah. Bağlar Cad. No:3 İç Kapı No:3 Eyüp/ İSTANBUL
26- AYŞE YEŞİLÇİMEN -36016932516
27- AYŞEGÜL BÜYÜKAHISHA -29059004852 Sofular Mah. Müftü Kamil Sk. No:41 Amasya Merkez/ AMASYA
28- AYTEN FELEKOĞLU -25762688228 Kocatepe Mah. Pazar Cad. No:43-1 İç Kapı No:15 Bayrampaşa/ İSTANBUL
29- AYVAZ PAÇACI -31798486882 Kızılay Mah. 1001 Sk. No:3 Erzincan Merkez/ ERZİNCAN
30- BALHANIM HIŞIL -21523829428 Armağanevler Mah. Harman Sk. No:68 İç Kapı No:1 Ümraniye/ İSTANBUL
31- BARBAROS TÜRKKUŞU -54715309958 Yavansu Mah. Hüseyin Can Bulvarı No:16/1 İç Kapı No:3 Kuşadası/ AYDIN
32- BAYRAM GÜRBÜZ -17449965500 Bulgurlu Mah. Gaziler Sk. No:16 İç Kapı No:4 Üsküdar/ İSTANBUL
33- BEDİHA AKBİLEK -22198233886 No:541 Esnemez Merkez Doğubayazıt/ AĞRI
34- BEKİR SUCUOĞLU -22432799222 Ferhatpaşa Mah. 24. Sk. No:69 İç Kapı No:4 Ataşehir/ İSTANBUL
35- BETÜL FELEKOĞLU -22408800082 Çobançeşme Mah. Zembilci Sk. No:4 İç Kapı No:8 Bahçelievler/ İSTANBUL
36- BEYZA AKBİLEK -23062208238 No:541 Esnemez Doğubayazıt/ AĞRI
37- BİNNAZ DOĞANAY -46813804442 Sultançiftliği Mah. 172. Sk. No:6 İç Kapı No:2 Sultangazi / İSTANBUL
38- BİRGÜL ÖZTAŞ -38914272398 Emek Mah. 2198 Sk. No:5 Kepez/ ANTALYA
39- CAFER ÇİMEN -29917549792 Düğmeciler Mah. Küme Sk. No:23 İç Kapı No:3 Eyüp/ İSTANBUL
40- CELAL GÜRBÜZ -17518963246





T.C. REFAHİYE ASLİYE HUKUK MAHKEMESİ Esas-Karar No: 2017/14 Esas - 2019/263

İzzet Paşa Mah. Mandıra Sk. No:14 İç Kapı No:4 Şişli/ İSTANBUL
41- CELAL KIRANLIOGLU -30769521362 Kemaliye Mah. 402. Sk. No:11 İç Kapı No:1 Refahiye/ ERZİNCAN
42- CEMAL ÇİMEN -30373534536 Örnektepe Mah. Ali Ekber Çiçek Sk. No:19 Beyoğlu/ İSTANBUL
43- CEMİL GÜRBÜZ -17497963916 Zümrütevler Mah. İnanç Sk. No:29 İç Kapı No:10 Maltepe/ İSTANBUL
44- ÇAVUŞ ÇİMEN -29929549346 Çobançeşme Mah. Halitpaşa Sk. No:21 İç Kapı No:3 Bahçelievler/ İSTANBUL
45- ÇİÇEK SARIKAYA -51664191542 Düğmeciler Mah. Çavuşbağı Sk. No:27C Eyüp/ İSTANBUL
46- ÇİĞDEM TÜRKMENLİOĞLU -22855784966 Esenkent Mah. Umurbey Sk. No:11 İç Kapı No:1 Ümraniye/ İSTANBUL
47- DENİZ DÜGÜNCÜ -54718309894 Kültür Mah. 248 Sk. No:4 İç Kapı No:3 Aliağa/ İZMİR
48- DURDANE TAŞ -19807886670 No:59 İç Kapı No:2 Olgunlar Refahiye/ ERZİNCAN
49- DURSUN ÇİMEN -30067544728 Güllü Bağlar Mah. Timuçin Sk. No:28 İç Kapı No:1 Pendik/ İSTANBUL
50- DURSUN ÇİMEN -49384798158
51- DURSUN DOĞRU -19267904648 Çobançeşme Mah. Ergenekon Sk. No:46 İç Kapı No:5 Bahçelievler/ İSTANBUL
52- ELEATTİN GÜRBÜZ -17473964708 No:30 İç Kapı No:1 Erecek Refahiye/ ERZİNCAN
53- EMİNE BAYRAM -34384401276 İnönü Mah. Kurtoğlubey Sk. No:11 İç Kapı No:9 Ataşehir/ İSTANBUL
54- EMİNE DURGUT -12905116724 Malkoçoğlu Mah. 314. Sk. No:8 İç Kapı No:5 Sultangazi / İSTANBUL
55- EMİNE SUCUOĞLU -22477797702 No:278 Teknecik Refahiye/ ERZİNCAN
56- ENGİN SARIKAYA -22264804828 Çobançeşme Mah. Aladağ Sk. No:20 İç

4/18

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin

Kapı No:5 Bahçelievler/ İSTANBUL
57- EREN PAÇACI -31720489486 Cumhuriyet Mah. Araba Yolu Cad. No:22/1 İç Kapı No:1 Sarıyer/ İSTANBUL
58- ERHAN ÇİMEN -30346535492 Çobançeşme Mah. Sokullu 1 Sk. No:20 İç Kapı No:4 Bahçelievler/ İSTANBUL
59- ERHAN HABERCİ -30451531990 Malkoçoğlu Mah. 304. Sk. No:47 İç Kapı No:3 Sultangazi / İSTANBUL
60- ESME BULUT -29824910678 Kova Mezrası No:142 Yurtbaşı Refahiye/ ERZİNCAN
61- ESRA GÜR -22204233626 Bahçeleriçi Mah. Şehzade Sk. No:9 İç Kapı No:3 Amasya Merkez/ AMASYA
62- EYUP SUCUOĞLU -29329569364 Çengelköy Mah. Ensar Sk. No:2 İç Kapı No:6 Üsküdar/ İSTANBUL
63- FADİME ALACATLI -37852623118 Dikilitaş Mah. Camimeydanı Sk. No:20 İç Kapı No:11 Beşiktaş/ İSTANBUL
64- FADİME SUCUOĞLU -22462798202 Ferhatpaşa Mah. 24. Sk. No:69 İç Kapı No:1 Ataşehir/ İSTANBUL
65- FAHRETTİN ÇOBANOĞLU -24103743510 Çobançeşme Mah. Bahadır Sk. No:61 İç Kapı No:11 Bahçelievler/ İSTANBUL
66- FATİH ÇİMEN -49345799460 Zincirlisüfla Mah. Karaoğlanoğlu Cad. No:11 İç Kapı No:2 Zile/ TOKAT
67- FATİME GÜRBÜZ -17653958756 Esatpaşa Mah. Mehmet Katip Sk. No:12 İç Kapı No:5 Ataşehir/ İSTANBUL
68- FATİME KUTLU -44377068010 Burhaniye Mah. Yaşar Doğu Sk. No:13 İç Kapı No:2 Üsküdar/ İSTANBUL
69- FATMA BULUT -22213233334 Şeyhcui Mah. Macit Zeren Cad. No:5 İç Kapı No:4 Amasya Merkez/ AMASYA
70- FATMA ÇİMEN -30088544080
71- FATMA YENİ -63067168434 Hıdırbeyli Mah. Hıdırbeyli Sk. No:30 Fatsa/ ORDU
72- FEHMİ SUCUOĞLU -22483797574 No:257 Teknecik Refahiye/ ERZİNCAN

MK

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin



73- FERİNAZ SARI -41566161392 Yayla Mah. Gaziosmanpaşa Cad. No:48 İç Kapı No:12 Tuzla/ İSTANBUL
74- FETİYE AKSOY -41875792430 Yeni Mah. Cengiz Sk. No:20 İç Kapı No:3 Bozüyük/ BİLECİK
75- FEYZA BAŞARAN -29564417222 Şingah Mah. Zümrüt Sk. No:18 İç Kapı No:2 Bayburt Merkez/ BAYBURT
76- FIRAT YEŞİLÇİMEN -36001933016 Altayçeşme Mah. İstiklal Cad. No:62C İç Kapı No:5 Maltepe/ İSTANBUL
77- FİRDES İHTİYAR -48205279456 Yedikule Mah. Kalaycı Bedri Sk. No:35 İç Kapı No:1 Fatih/ İSTANBUL
78- GÖNÜL BATAL -29902550260 Örnektepe Mah. Kervansaray Çıkmazı Sk. No:20 Beyoğlu/ İSTANBUL
79- GÜLBAHAR KARADENİZ -46093010564 No:64 İç Kapı No:1 Yurtbaşı Refahiye/ ERZİNCAN
80- GÜLÇİN KOÇ -28991180020 Mutlu Mah. 3514 Sk. No:33 İç Kapı No:4 Yunusemre/ MANİSA
81- GÜLSEHER DEMİREL -15629026270 Zümrütevler Mah. Menderes Sk. No:2 İç Kapı No:5 Maltepe/ İSTANBUL
82- GÜLSEN TÜRÜNÇ -18616926324 Karayolları Mah. 610/2. Sk. No:10 İç Kapı No:1 Gaziosmanpaşa/ İSTANBUL
83- GÜLSEREN IRMAK -25135714660 Esenler Mah. Aheste Sk. No:9 İç Kapı No:2 Pendik/ İSTANBUL
84- GÜLÜMSER TÜZÜN -44386708358 No:206 Boldacı Yıldıztepe Zile/ TOKAT
85- GÜNGÖR TAŞ -16744989020 Güvercintepe Mah. İstiklal Cad. No:202C İç Kapı No:32 Başakşehir / İSTANBUL
86- GÜRAY TAŞ -16747988976 FLANDERS, NJ 07836 /AMERİKA BİRLEŞİK DEVLETLERİ
87- HAFİYE AĞIR -21880817892 No:12 Doğandere Refahiye/ ERZİNCAN
88- HAKAN SUCUOĞLU -22459798376 Ferhatpaşa Mah. 24. Sk. No:69 İç Kapı No:5 Ataşehir/ İSTANBUL

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsiniz





89- HALİDE GÜRBÜZ -17242972408 Bahçelievler Mah. Deli Hüseyinpaşa Cad. No:35 İç Kapı No:7 Bahçelievler/ İSTANBUL

90- HALİL PAÇACI -31711489778 Cumhuriyet Mah. Araba Yolu Cad. No:22/1 İç Kapı No:1 Sarıyer/ İSTANBUL

91- HALİSE SUCUOĞLU -29347568790 Adem Yavuz Mah. Yavuz Selim Cad. No:31 İç Kapı No:3 Ümraniye/ İSTANBUL

92- HAMİT KEÇECİ -21949815234 Burhaniye Mah. Neşetbey Sk. No:50 İç Kapı No:3 Üsküdar/ İSTANBUL

93- HANIM GÖKCEGÖZ -27535629100 Çobançeşme Mah. Orman Sk. No:18 İç Kapı No:9 Bahçelievler/ İSTANBUL

94- HANIM GÖKÇEGÖZ -24985714134 Yavuz Selim Mah. Bizim Sk. No:8 İç Kapı No:5 Beykoz/ İSTANBUL

95- HANIM SUCUOĞLU -

96- HASKIZ ÇİMEN -

97- HATİCE DEMİREL -15767021694 Merkez Mah. Gören Sk. No:12 İç Kapı No:2 Güngören/ İSTANBUL

98- HATİCE GÜRBÜZ -17506963692 No:34 Erecek Refahiye/ ERZİNCAN

99- HATİCE KALKAN -29665557926 Bahçeşehir 1. Kısım Mah. Seyhan Cad. No:66 İç Kapı No:12 Başakşehir / İSTANBUL

100- HATİCE OYA SARIKAYA -22294803808 Çınar Mah. Esenler Cad. No:65A Bağcılar/ İSTANBUL

101- HAVA ÖZBODUR -13967861348 Gökçe Mah. Bayraktarlar Sk. No:6 İç Kapı No:1 Tekkeköy/ SAMSUN

102- HAYRETTİN ÇİMEN -50236703848 Cumhuriyet Mah. Menzil Sk. No:24 İç Kapı No:6 Turhal/ TOKAT

103- HİLAL ÇETİN -49339799698 Kuruçeşme Fatih Mah. 34. Sk. No:15 İç Kapı No:3 İzmit / KOCAELİ

104- HURMA KUTLU -44992047582 No:11 Aydıncık Refahiye/ ERZİNCAN

105- HÜMEYRA TURAN -35680363138 Bahçelievler Mah. Şehit Albay Süleyman

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin



Kıyak Sk. No:16 İç Kapı No:4 Erzincan Merkez/ ERZİNCAN
106- HÜSEYİN GÜRBÜZ -17536962672 Atalar Mah. Aydın Sk. No:13 İç Kapı No:6 Kartal/ İSTANBUL
107- HÜSNÜ ÇİMEN -12824654956 Aşkan Mah. Selçuk Sk. No:6 İç Kapı No:1 Meram/ KONYA
108- İBRAHİM KÖSEM -30434118262 Has Hoca Mah. 136. Sk. No:71 Akhisar/ MANİSA
109- İBRAHİM SARIKAYA -22318803074 Çengelköy Mah. Bağlar Cad. No:47 İç Kapı No:3 Üsküdar/ İSTANBUL
110- İHSAN TEMEL -17617960030 Yayla Mah. Kadim Sk. No:1B İç Kapı No:15 Tuzla/ İSTANBUL
111- İLHAN HABERCİ -30448532054 Malkoçoğlu Mah. 304. Sk. No:47 İç Kapı No:5 Sultangazi / İSTANBUL
112- İLYAS GÜRBÜZ -52348157588 Atalar Mah. Manolya Sk. No:6 İç Kapı No:7 Kartal/ İSTANBUL
113- İMMİHAN SERTBAŞ -28423599406 Yıldırım Mah. Zafer Cad. No:27 İç Kapı No:3 Bayrampaşa/ İSTANBUL
114- İMREN GEMİCİ -29425566144 Çobançeşme Mah. Rüstempaşa Sk. No:51 İç Kapı No:2 Bahçelievler/ İSTANBUL
115- İSMAİL KUŞOĞLU -25630692654 Ayazma Mah. Kuvayi Milliye Cad. No:99 İç Kapı No:24 İzmit / KOCAELİ
116- İSMAİL SUCUOĞLU -29341568918 Çengelköy Mah. Ensar Sk. No:2 İç Kapı No:4 Üsküdar/ İSTANBUL
117- İSMET GÜLFET BÜTÜNER -28061140978 Aşkan Mah. Güzelyuva Sk. No:14 İç Kapı No:1 Meram/ KONYA
118- İZZET SUCUO -22465798148 Dumlupınar Mah. Savaş Sk. No:7 İç Kapı No:7 Pendik/ İSTANBUL
119- KADRİYE SARIKAYA -22246805492 Çengelköy Mah. Bağlar Cad. No:47 İç Kapı No:3 Üsküdar/ İSTANBUL

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin





120- KEMAL ÇİMEN -30376534472 Kavakpınar Mah. Dereotu Sk. No:12 İç Kapı No:1 Pendik/ İSTANBUL
121- KİRAZ ÇİMEN -30358535046 No:200 Teknecik Refahiye/ ERZİNCAN
122- KÜBRA ARSLAN -23065208174 Merkez Mevkıı No:184 Karahisar Çorum Merkez/ ÇORUM
123- MAHMUT ÇİMEN -29938549054 Zafer Mah. Tepe Sk. No:11 İç Kapı No:4 Bahçelievler/ İSTANBUL
124- MAŞİTE KARAKAYA -29585416594 Yeni Mah. Süleymaniye Cad. No:42 İç Kapı No:4 Çayırova/ KOCAELİ
125- MEDİNE ÖZDEMİR -14591861612 Kocasinan Merkez Mah. Kandilli 1 Sk. No:14 İç Kapı No:10 Bahçelievler/ İSTANBUL
126- MEHMET ÇİMEN -62080201302 Hıdırbeyli Mah. Hıdırbeyli Sk. No:27 Fatsa/ ORDU
127- MEHMET ÇİMEN -29953548544 Kaptanpaşa Mah. İdil Sk. No:3 İç Kapı No:12 Şişli/ İSTANBUL
128- MEHMET İNCESULU -12890117256 Şeyhli Mah. Pasinler Sk. No:4 İç Kapı No:11 Pendik/ İSTANBUL
129- MEHMET KEÇECİ -21937815680 Burhaniye Mah. Neşetbey Sk. No:50 İç Kapı No:2 Üsküdar/ İSTANBUL
130- MEHMET SUCUOĞLU -22471797920 Fatih Mah. Çeçen Sk. No:16 İç Kapı No:2 Sancaktepe / İSTANBUL
131- MEHMET ALİ KIRANLIOGLU -30670524636 Kemaliye Mah. 402. Sk. No:11 İç Kapı No:5 Refahiye/ ERZİNCAN
132- MEHMET SAİT ÇİMEN -12827654892 Alavardı Mah. Telkin Sk. No:2B İç Kapı No:1 Meram/ KONYA
133- MELEK ÇİMEN -29932549272 Yıldırım Mah. Zafer Cad. No:27 İç Kapı No:3 Bayrampaşa/ İSTANBUL
134- MELEK OCAK -34579593274 Erzene Mah. 51 Sk. No:2 İç Kapı No:9 Bornova/ İZMİR

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin





135- MELEK ORUÇ -45670024468 Kavakpınar Mah. Dereotu Sk. No:4 İç Kapı No:1 Pendik/ İSTANBUL
136- MERYEM BULUT -49468795394 No:19 Hanözü Kadışehri/ YOZGAT
137- MUHTEBER GÜRBÜZ -
138- MURAT YEŞİLÇİMEN -35998933122 Hürriyet Mah. 223. Sk. No:50 İç Kapı No:4 Akhisar/ MANİSA
139- MUSTAFA KEÇECİ -21931815808 Burhaniye Mah. Neşetbey Sk. No:50 İç Kapı No:1 Üsküdar/ İSTANBUL
140- MÜNEVVER ÇOBANOĞLU -24520729630 Karşıyaka Mah. Toygar1 Sk. No:24 İç Kapı No:1 Armutlu/ YALOVA
141- MÜNÜRE FINDIKDALI -34243961552 Ertuğrulgazi Mah. Çilem Cad. No:77 İç Kapı No:1 Tepebaşı/ ESKİŞEHİR
142- MÜSLİM SUCUO -22486797410 Yenisahra Mah. Türkaslan Sk. No:21 İç Kapı No:4 Ataşehir/ İSTANBUL
143- NEBİLE KUŞOGLU -24370734662 Kemaliye Mah. Hamitoktay Sk. No:2 İç Kapı No:4 Refahiye/ ERZİNCAN
144- NESİBE ÇİMEN -29920549628 No:12 Teknecik Refahiye/ ERZİNCAN
145- NEVİM ORUÇ -45589027178 Velibaba Mah. Mehmet Akif Ersoy Cad. No:16/1 İç Kapı No:32 Pendik/ İSTANBUL
146- NİHAL YIKINÇ -19205289578 36 Hannover 30457 9893 HANNOVER/ ALMANYA FEDERAL CUMHURİYETİ
147- NURETTİN KİNSİZ -18217940002 No:16 İç Kapı No:A Keçegöz Refahiye/ ERZİNCAN
148- NURHAN ÇETİN -33976414120 Bağlarbaşı Mah. Gülyolu Sk. No:53 İç Kapı No:5 Maltepe/ İSTANBUL
149- NURHAN KARAKUŞ -41116176456 Oruçreis Mah. 600. Sk. No:18 İç Kapı No:4 Esenler/ İSTANBUL
150- ORHAN ÇİMEN -30349535338 Çobançeşme Mah. Sokullu 1 Sk. No:19 İç Kapı No:4 Bahçelievler/ İSTANBUL

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin





151- ORHAN SUCUOĞLU -27685976000 Ferhatpaşa Mah. 11. Sk. No:15 İç Kapı No:10 Ataşehir/ İSTANBUL
152- OSMAN BATAL -10826186260 Talatpaşa Mah. Dişçi Sk. No:8 İç Kapı No:9 Kağıthane/ İSTANBUL
153- OSMAN KAVAKLIOĞLU -16054229212 İstasyon Mah. Gönen Sk. No:6 İç Kapı No:6 Tuzla/ İSTANBUL
154- PERİNAZ GÖKCEGÖZ -27529629338 Sümer Mah. 29/2. Sk. No:23 İç Kapı No:3 Zeytinburnu/ İSTANBUL
155- RABİE AKIN -31090500446 Yeni Mah. 5105. Sk. No:61 İç Kapı No:2 Çayırova/ KOCAELİ
156- RABİYE KIRANLIOGLU -30676524418 Kemaliye Mah. 402. Sk. No:11 İç Kapı No:1 Refahiye/ ERZİNCAN
157- RAHİME ÇİMEN -29926549400 Yıldırım Mah. Şehit Cahit B. Bayraktar Sk. No:5 İç Kapı No:5 Bayrampaşa/ İSTANBUL
158- RAMAZAN İNCESULU -12938115640 Şeyhli Mah. Şelale Sk. No:3 İç Kapı No:1 Pendik/ İSTANBUL
159- RAMAZAN SUCUOĞLU -22444798886 Yenisahra Mah. Türkaslan Sk. No:21 İç Kapı No:1 Ataşehir/ İSTANBUL
160- REMZİ ÇİMEN -29962548252 No:5 Teknecik Refahiye/ ERZİNCAN
161- RIDVAN GÜRBÜZ -17407966976 Kemaliye Mah. Şehit Bekir Dülgeroğlu Cad. No:76D İç Kapı No:3 Refahiye/ ERZİNCAN
162- RUMEYSA ÖZTÜRK -29555417514 Esenler Mah. Aşıklı Sultan Sk. No:12 İç Kapı No:8 Pendik/ İSTANBUL
163- SABAHATTİN DEMİRCİ -18244938706 Kazım Karabekir Mah. İmam Hatip Lisesi Bulvarı No:42 İç Kapı No:1 Gaziosmanpaşa/ İSTANBUL
164- SABRİ DOĞRU -19264904702 No:60 Olgunlar Refahiye/ ERZİNCAN
165- SADIK GÖKÇEGÖZ -24994713852 Yavuz Selim Mah. Bizim Sk. No:8 İç Kapı

NG

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsiniz



No:5 Beykoz/ İSTANBUL
166- SAFİYE GÜRBÜZ -41089532822 Atalar Mah. Yılmaz Sk. No:3 İç Kapı No:13 Kartal/ İSTANBUL
167- SATILMIŞ KEÇECİ -21955815006 Orta Mah. Ziraat Sk. No:10 İç Kapı No:1 Pendik/ İSTANBUL
168- SEDAT KIRANLIOGLU -30667524700 Yenidoğan Mah. 408/2 Sk. No:6 İç Kapı No:3 Refahiye/ ERZİNCAN
169- SEHER GÜRBÜZ -18007946948 Çifte Havuzlar Mah. Türksel Sk. No:13 İç Kapı No:3 Esenler/ İSTANBUL
170- SEHER SARIKAYA -22282804244 Fevzi Çakmak Mah. Emre Sk. No:19 İç Kapı No:6 Bahçelievler/ İSTANBUL
171- SEHURE AKSU -28303603544 Cumhuriyet Mah. 52009. Sk. No:3 İç Kapı No:8 Bozkır/ KONYA
172- SELAMİ ÇİMEN -29890550648 Rami Cuma Mah. Bağlar Cad. No:3 İç Kapı No:3 Eyüp/ İSTANBUL
173- SEMA ÇOBANOĞLU -24010746666 Çobançeşme Mah. Bahadır Sk. No:61 İç Kapı No:11 Bahçelievler/ İSTANBUL
174- SEMRA TAVUZ -40015213118 Armağanevler Mah. Kasımpatı Sk. No:32 İç Kapı No:3 Ümraniye/ İSTANBUL
175- SENEM GÜRBÜZ -17452965436 Göztepe Mah. 2305. Sk. No:7 İç Kapı No:3 Bağcılar/ İSTANBUL
176- SEVGİ EKŞİ -37945282178 Başakşehir Mah. Mehmet Akif Ersoy Cad. No:9A İç Kapı No:4 Başakşehir / İSTANBUL
177- SEVİM SARIKAYA -22216806412 Fevzi Çakmak Mah. Yuvam Sk. No:53 İç Kapı No:7 Bahçelievler/ İSTANBUL
178- SEYFETTİN ÇOBANOĞLU -24139742372 Çobançeşme Mah. Kandilli Sk. No:24 İç Kapı No:10 Bahçelievler/ İSTANBUL
179- SIRMA ÇİMEN -29941548990 Yıldırım Mah. Zafer Cad. No:27 İç Kapı No:3 Bayrampaşa/ İSTANBUL
180- SİNAN SUCUOĞLU -22417799742

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin



Ferhatpaşa Mah. 24. Sk. No:69 İç Kapı No:1 Ataşehir/ İSTANBUL
181- SULTAN KEÇECİ -21979814214 No:30 İç Kapı No:A Akçiğdem Refahiye/ ERZİNCAN
182- SULTAN YEŞİLÇİMEN -36004932962 Hürriyet Mah. 220. Sk. No:15/3 İç Kapı No:2 Akhisar/ MANİSA
183- SÜHEYLA GÜRBÜZ -17461965144 İstasyon Mah. Esatbey Cad. No:12 İç Kapı No:3 Gebze/ KOCAELİ
184- SÜLEYMAN AKBİLEK -22240232478 Topkapı Mah. Urban Sk. No:30 İç Kapı No:5 Fatih/ İSTANBUL
185- SÜLEYMAN ÇİMEN -30367534764 Örnektepe Mah. Ali Ekber Çiçek Sk. No:19A İç Kapı No:1 Beyoğlu/ İSTANBUL
186- SÜLEYMAN SARIKAYA -22261804982 Çobançeşme Mah. Ergenekon Sk. No:47 İç Kapı No:11 Bahçelievler/ İSTANBUL
187- SÜNDÜZ KUMBAR -17996304852 Küçükyalı Merkez Mah. Gelincikli Sk. No:13 İç Kapı No:18 Maltepe/ İSTANBUL
188- SÜREYYA ÇOBANOĞLU -24025746156 Fevzi Çakmak Mah. Osmancık Sk. No:14 İç Kapı No:6 Bahçelievler/ İSTANBUL
189- ŞABAN GÜRBÜZ -17455965372 Göztepe Mah. 2305. Sk. No:7 İç Kapı No:2 Bağcılar/ İSTANBUL
190- ŞABETTİN ÇİMEN -49369798678 No:24 Hanözü Kadışehri/ YOZGAT
191- ŞAKİR DEMİRCİ -18217939662 Çavuş Mah. Karanlık Kısık Sk. No:11 İç Kapı No:15 Şile/ İSTANBUL
192- ŞENAY SUCUOĞLU -22411799960 Çobançeşme Mah. Köprülü Sk. No:16 İç Kapı No:4 Bahçelievler/ İSTANBUL
193- ŞENGÜL ŞAHİN -25678120348 Hızırpaşa Mah. Macit Zeren Cad. No:16 İç Kapı No:3 Amasya Merkez/ AMASYA
194- ŞERAFETTİN SARIKAYA -22339802346 Harmanlar Mah. 254. Sk. No:15/1 İç Kapı No:4 Çınarcık/ YALOVA

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin

195- ŞÜKRAN ARPACIOGLU -26614659830 Tcdd Lojmanları Tıbbiye Cad. Behiçbey Sk. No:18/6 Haydarpaşa Kadıköy/ İSTANBUL

196- TACETTİN DOĞRU -19258904930 No:64 Olgunlar Refahiye/ ERZİNCAN

197- TAHİR DOĞRU -19261904866 No:66 İç Kapı No:1 Olgunlar Refahiye/ ERZİNCAN

198- TASİN TÜRKKUŞU -54769308136 Heinrich-Imbusch-Str.10, Lünen, 44534 ALMANYA

199- TAYFUN AHMET SARIKAYA -22285804180 Çobançeşme Mah. Bahadır Sk. No:61 İç Kapı No:10 Bahçelievler/ İSTANBUL

200- TURGAY TAŞ -16729989540 No:56 Erecek Refahiye/ ERZİNCAN

201- TUTUYA ŞAHİN -29908550042 Emek Mah. Pınar Cad. No:23 İç Kapı No:2 Sancaktepe / İSTANBUL

202- ÜLKÜ AYDOĞDU -16094010764 İzzet Paşa Mah. Ayazma Yolu Sk. No:55 İç Kapı No:7 Şişli/ İSTANBUL

203- ÜMÜT SUBAŞI -31076097878 Hürriyet Mah. 490. Sk. No:6 İç Kapı No:2 Akhisar/ MANİSA

204- ÜZEYİR GÜRBÜZ -17434966000 Bahçelievler Mah. Deli Hüseyinpaşa Cad. No:35 İç Kapı No:7 Bahçelievler/ İSTANBUL

205- VAHİDE GÜRBÜZ -37864285632 No:42 Erecek Refahiye/ ERZİNCAN

206- VESİLE AKSU -28408600042 Çobançeşme Mah. Namık Kemal 1 Sk. No:24 İç Kapı No:3 Bahçelievler/ İSTANBUL

207- YAKUP GÜRBÜZ -41086532986 Atalar Mah. Yılmaz Sk. No:3 İç Kapı No:12 Kartal/ İSTANBUL

208- YAKUP HABERCİ -30457531772 Malkoçoğlu Mah. 304. Sk. No:47 İç Kapı No:4 Sultangazi / İSTANBUL

209- YAKUP SUCUOĞLU -29353568562 Çengelköy Mah. Ensar Sk. No:2 İç Kapı No:3 Üsküdar/ İSTANBUL

210- YALÇIN HABERCİ -30442532272

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin





Malkoçoğlu Mah. 304. Sk. No:47 İç Kapı No:4 Sultangazi / İSTANBUL
211- YAŞAR ÇİMEN -
212- YAŞAR KIRANLIOGLU -30703523520 Fevzi Çakmak Mah. Zambak Sk. No:42 İç Kapı No:9 Bahçelievler/ İSTANBUL
213- YAVUZ PAÇACI -31723489322 Cumhuriyet Mah. Güven Sk. No:15 İç Kapı No:1 Sarıyer/ İSTANBUL
214- YAVUZ SARIKAYA -22252805264 Fevzi Çakmak Mah. Emre Sk. No:19 İç Kapı No:6 Bahçelievler/ İSTANBUL
215- YETER BAYIR -19714890098 Zümrütevler Mah. Ertuğrul Sk. No:57 İç Kapı No:8 Maltepe/ İSTANBUL
216- YUSUF GÜRBÜZ -41083533030 Atalar Mah. Yılmaz Sk. No:3 İç Kapı No:11 Kartal/ İSTANBUL
217- YUSUF SARIKAYA -22192807236 Yeni Mah. Hastene Cad. No:99 Görümlü Silopi/ ŞIRNAK
218- YUSUF SUCUOĞLU -22435799168 Ferhatpaşa Mah. 24. Sk. No:69 İç Kapı No:3 Ataşehir/ İSTANBUL
219- ZEHRA YEŞİLÇİMEN -22316389228 Meriç Mah. 5656 Sk. No:13/1 İç Kapı No:1 Bornova/ İZMİR
220- ZEKERİYYA GÜNENÇ -20591446742 Şeyhisa Mah. 71. Sk. No:25 Akhisar/ MANİSA
221- ZENNURE AKTAŞ -33391433942 Piyalepaşa Mah. Yıldırım Beyazıt Sk. No:8 İç Kapı No:4 Beyoğlu/ İSTANBUL
222- ZEYNEP BADAGSAN -27683210380 İnönü Mah. 229. Sk. No:20 İç Kapı No:5 Akhisar/ MANİSA
223- ZİNNET AKSU -28114609810 Çobançeşme Mah. Aladağ Sk. No:36-38 İç Kapı No:4 Bahçelievler/ İSTANBUL
224- ZUHAL PAHNA -19822066958 Herrenhauser Str. 112 Hannover 30419 9893 HANNOVER/ALMANYA FEDARAL CUMHURİYET
225- ZÜBEYDE BORGES -20594446688 BURGSTR. 32 Garbsen 30826 9893 ALMANYA

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin





226- ZÜBEYDE ÇELİK -29257189924
Dortmunder Str.158 Hamm 59077 9893
HAMM ALMANYA FEDERAL
CUMHURİYET

**MÜTEVEFFA/(LAR)** : BİRSEN PAÇACI - 31753488302 -
HALİL ÇİMEN - 62089201020 -
HANIMKIZ SARIKAYA - 22342802272 -

HASKIZ SUCUOĞLU - 29356568408 -
HATİCE KUŞOĞLU - 25639692372
-No:94 Teknecik Refahiye/ ERZİNCAN
HULUSİ SUCUOĞLU - 22480797638
-Yenisahra Mah. Türkaslan Sk. No:21 İç Kapı No:6 Ataşehir/ İSTANBUL
HURREM MUSTAFA ÇİMEN - 20285768266 -
MAKBULE ÇİMEN - 29977547752 -
MUHYETTİN ÇİMEN - 30382534244
-No:200 Teknecik Refahiye/ ERZİNCAN
ÖMER SUCUOĞLU - 22489797356 -
SAİT ÇİMEN - 49396797712 -
ŞEHRİ KIRANLIOGLU - 30733522500 -
ZİNNUR ÇATALCA - 54079330056
-Cumhuriyet Mah. 262. Sk. No:8 Akhisar/ MANİSA
ZÜLBİYE TEMEL - 17623959844 -

**MİRAS BIRAKAN/(LAR)** : ADİL YEŞİLÇİMEN - 36025932224 -
ARİF ÇİMEN - 29968548034 -
BEŞİR KİNSİZ - 18223939816 -
BEŞİR YAŞAR ÇİMEN - 12833654664 -
DÖNE GÜRBÜZ - 17542962444 -
HATİCE ÇOBANOĞLU - 24232739248 -
MÜNİSE ÇİMEN - 47887005964
-Ertuğrulgazi Mah. Çilem Cad. No:77 İç Kapı No:1 Tepebaşı/ ESKİŞEHİR
NURİYE ÇİMEN - 29950548608 -
REMZİ GÜRBÜZ - 17548962226 -
ZÜLKİFLİ GÜRBÜZ - 41092532758 -

**DAVA** : Kamulaştırma (Bedel Tespiti Ve Tescil)
**DAVA TARİHİ** : 15/03/2017
**KARAR TARİHİ** : 13/11/2019
**GEREKÇELİ KARARIN YAZILDIĞI TARİH** : 15/11/2019

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsin

Mahkememizde görülmekte bulunan Kamulaştırma (Bedel Tespiti Ve Tescil) davasının yapılan açık yargılamasının sonunda,

**GEREĞİ DÜŞÜNÜLDÜ:**

Davacı kurum vekili tarafından mahkememize sunulan 15/03/2017 havale tarihli dava dilekçesinde özetle; (Sivas-Koyulhisar) Ayr.-7.B1.Hd. Ve Suşehri Ayr. Refahiye Ayr. Kelkit Ayr. (Gölova Ayr-Sakaltutan) Devlet Yolu Km:35+866.18-46+771.63 arasında Erzincan ili, Refahiye İlçesi, Olgunlar, Ulucak, Teknecik, Alacatlı ve Yurtbaşı Köyleri sınırları içerisinde yol, inşaat ve emniyet sahası tesis etmek amacıyla davalıların maliki olduğu, Erzincan ili, Refahiye ilçesi, Teknecik Köyü, 2611 parsel nolu taşınmazın Ulaştırma Bakanlığı Karayolları Genel Müdürlüğü'nün 10/04/2009 tarih ve 2009/114 sayılı kamu yararı kararı uyarınca, ekte sunulan kamulaştırma evrakları, diğer belge ve bilgiler doğrultusunda müvekkil idarece kamulaştırıldığının, kıymet tadri komisyonu tarafından dava konusu taşınmaz ile ilgili bedel tespiti yapıldığını, taşınmazın maliklerinin pazarlıkla görüşmeye davet edildiğini, davete icap edenin olmadığını, 4650 sayılı yasa ile değişik 2942 sayılı Kamulaştırma Kanunun 10.maddesi gereğince dava konusu taşınmazın kamulaştırma bedelinin tespiti ile Karayolları Genel Müdürlüğü adına tescili ile yol olarak terkin edilmesini, yargılama gideri ve vekalet ücretinin davalılar üzerinde bırakılmasına karar verilmesini dava ve talep ettiği görülmüştür.

Davalılara usulüne uygun tebligat yapıldığı görülmüştür.

**DELİLLER** : Kamulaştırma kararı, keşif, bilirkişi incelemesi, dava konusu taşınmazlara ilişkin koordinat ve alan hesap bilgileri, tapu kayıtları ile emsaller.

**GEREKÇE** : Dava konusu uyuşmazlık 2942 sayılı Kamulaştırma Kanunun 10. maddesi gereğince açılan taşınmazların bulunduğu Asliye Hukuk Mahkemesi'nde görülecek basit yargılamaya tabi işlerdendir. Bu sebeple mahkememiz davaya bakmaya görevli ve yetkilidir.

2942 Sayılı Yasanın 10. maddesine göre hazırlanan tensip zaptı meşruhatlı davetiye ile tüm taraflara tebliğ edilmiştir. Davetiyede kamulaştırılacak taşınmazların vasıf ve bilgileri ile malikleri, kamulaştırma yapan idarenin adı ve adresi, kamulaştırma bedelinin Refahiye Ziraat Bankası'na yatırılacağı bildirilmiş, 30 gün içinde kamulaştırma işlemine karşı idari yargıda dava açılabileceği, açılmaz ya da yürütmenin durdurulması kararı getirilemez ise kamulaştırılmanın kesinleşmiş olacağı mahkememizce tespit edilen bedel üzerinden kamulaştırma kararı verileceği, aynı süre içinde taşınmazlar bilgilerine ilişkin maddi hataların düzeltilmesi amacıyla Adli Yargıda "Maddi Hata Düzeltim Davası" açılabileceği, açılmaz ise mevcut kayıtlar esas alınarak tespit edilen bedel üzerinden kamulaştırma kararı verileceği ihtar edilmiş, bu yönde bir karar ya da tedbir kararı getirilmediğinden dava konusu taşınmazların kayıt bilgileri ve kamulaştırma kararı eldeki dava yönünden kesinleşmiştir.

Taşınmazların kamulaştırmaya esas bilgileri ve kamulaştırma kararı özeti Türkiye genelinde ve ilimizde yayımlanan gazetede ilan edilmiş, ilana rağmen taşınmazlar üzerinde hak iddia eden dava dışı kişiler olmamıştır.

Gerek maliklerin tespiti ve gerekse bedel tespitinde kullanılmak üzere dava konusu taşınmazların tüm takyidatlarını gösterir tapu kayıt örneği Tapu Müdürlüğü'nden, komşularını gösterir krokileri Erzincan Kadastro Müdürlüğü'nden, imar durumu Refahiye Belediye Başkanlığı'ndan, devlet eliyle sulanıp sulanmadığı İlçe Tarım Müdürlüğü ve Malmüdürlüğü'nden sorulmuş, taşınmazların kaydına kamulaştırma davası açıldığı şerhi konulmuştur.

2942 sayılı Kamulaştırma Kanunun 15. maddesine göre seçilen bilirkişi kurulu ile taşınmazlar başında keşif icra edilmiş, bilirkişilere aynı yasanın 11 ve 12 maddelerine göre taşınmazların değerinin tespiti ile bu konuda rapor tanzim etmeleri görevi verilmiştir.

Fen bilirkişisince düzenlenen raporda; kamulaştırma planının zemine aplike edildiği

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsiniz





ve davacı vekilinin sunmuş olduğu tescil beyannamesi uygun olduğu görülmüştür.

Değer tespitine yönelik bilirkişi raporunda ise Teknecik Köyü, 2611 parsel parsel sayılı taşınmaz yönünden sulu tarla vasfıyla zirai gelir metoduna göre 788,91 TL değer biçilmiştir.

Tüm dosya kapsamı birlikte değerlendirildiğinde; davacı kurum tarafından taraflarla uzlaşılamaması sebebi ile kamulaştırma bedel tespit ve tescil davasının açıldığı mahkememizce yapılan keşifte taşınmazın değerinin belirlendiği anlaşılmakla bilirkişi kurulundan kamulaştırma bedelinin tespite yönelik alınan rapor bilimsel, gerekçeli ve denetime elverişli görülerek hükme esas alınmış, kamulaştırma davalarında taşınmaz malikinin davalı sıfatını kazanmasının doğrudan kanundan kaynaklandığı, davanın açılmasında taşınmaz maliki olan davalıların bir kusurunun bulunmadığı, davalı tarafa davacı idare lehine vekâlet ücreti ödeme yükümlülüğünün getirilmesi durumunda T.C. Anayasası'nın 46'ncı maddesinde düzenlenen "gerçek karşılığın ödenmesi" ilkesinin ihlali sonucunu doğuracağını belirten Yargıtay Hukuk Genel Kurulunun 2019/5-241 Esas 2019/560 Karar sayılı kararı dikkate alınarak davacı idare lehine vekalet ücretine hükmedilmemiş, hükmedilen kamulaştırma bedelinden davalıların paylarına düşen miktarların istinaf kesinlik sınırının ( 2019 yılı için 4.400,00 TL ) altında kaldığı da dikkate alınarak davacı idarenin açmış olduğu kamulaştırma (bedel tespiti ve tescil) davasının kabulüne dair aşağıdaki şekilde hüküm kurulmuştur.

**HÜKÜM: Yukarıda açıklanan nedenlerle;**

1-Davaya konu Erzincan ili, Refahiye ilçesi, Teknecik Köyü, 2611 parsel sayılı taşınmazın tapu kaydının **İPTALİ** ile 08/08/2017 tarihli harita mühendisi bilirkişi raporunda B harfi ile ifade edilen 124,63 m²'lik kısmın davacı kurum adına **YOL OLARAK TERKİNİNE,** kalan kısmın mevcut malikler üzerinde bırakılmasına, harita mühendisi bilirkişi raporunun kararın eki sayılmasına,

2-Dava konusu 2611 parsel sayılı taşınmazın kamulaştırma bedelinin 788,91 TL olduğunun **TESPİTİNE,**

3-Mahkememizce tespit olunan kamulaştırma bedeline, dava tarihinden 4 ay sonrası olan 15/07/2018 tarihinden başlayarak karar tarihine kadar yasal faiz işletilmesine,

4-Mahkememizce Kamulaştırma bedeli olarak belirlenen 788,91 TL'nin davalılana ödenmesi için gereği için Ziraat Bankasına müzekkere yazılmasına,

5-Kararın bir suretinin işlem yapılmak üzere ilgili Tapu Müdürlüğü'ne gönderilmesine,

6-Davacı tarafından yapılan yargılama giderlerinin 2942 Sayılı Kamulaştırma Kanununun 4650 Sayılı Kanun ile değişik 29.maddesi gereğince davacı kurum üzerinde bırakılmasına,

Dair, davacı vekilinin ve bir kısım davalının yüzüne karşı diğer tarafların yokluğunda kamulaştırma kararı ve bedel yönünden KESİN olmak üzere verilen karar, açıkça okunup usulen anlatıldı. 13/11/2019

Katip 202976 — e-imza

Hakim 216268 — e-imza

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden gMjWe14 - 3KMffy5 - zyIIuL9 - PEwQiM= ile erişebilirsiniz

ANNEK - 2

**TÜRK MİLLETİ ADINA**

**T.C.**
**BEYKOZ**
**KADASTRO MAHKEMESİ**

**GEREKÇELİ KARAR**

| | |
|---|---|
| **ESAS NO** | : 2019/20 Esas |
| **KARAR NO** | : 2023/25 |
| **HAKİM** | : Mehmet DENİZ 195899 |
| **KATİP** | : Filiz GÜNER 103286 |

**DAVACILAR/BİRLEŞEN BEYKOZ 1.AHM 2010/239 ESAS SAYILI DOSYA**

| | |
|---|---|
| **DAVACILARI** | : 1- MELİKE COŞKUNOĞLU - 18742956462<br>: 2- NAZMİ ÖMER PAKEL - 22883148624 |
| **VEKİLLERİ** | : Av. TURGAY ÖZDOĞAN -<br>Av. DOĞUKAN ÖZDOĞAN - Ps Plaza Kozyatağı Mahallesi Bayar Caddesi Gülbahar Sokak No:17 Daire:57-58-59 Kozyatağı Kadıköy/ İSTANBUL |
| **DAVACILAR** | : 3-GÜLTEN OLTULU (ÖLÜ) MİRASÇILARI;<br>A) SARİHA ALTINBAŞ - 14075413320 - |
| **VEKİLİ** | : Av. BÜNYAMİN TOPAL - Ataköy 9.Kısm Olimpiyat Sitesi D1-A Blok D:4 ... Bakırköy/ İSTANBUL<br>B)DÜCANE CÜNDİOĞLU - 47146329916 -Nizam Mah. Sipahioğlu Sk. No:9 Adalar/ İSTANBUL<br>C) İBRAHİM CÜNDİOĞLU - 47134330320 -Bağlarbaşı Mah. Hamit Kaplan Sk. No:19 İç Kapı No:4 Maltepe/ İST.<br>D)YUSUF CÜNDİOĞLU - 47155329624 -Kumyaka Mah. Kumyaka Köyü Sk. No:149 Mudanya/ BURSA<br>E) ZUHAL CÜNDİOĞLU - 41611904332 -Güzeltepe Mah. Pelin Sk. No:15 İç Kapı No:3 Üsküdar/ İSTANBUL |

**BİRLEŞEN BEYKOZ 1.AHM 2011/449 ESAS SAYILI DOSYA**

| | |
|---|---|
| **DAVACILARI** | : 4-AHMET HÜSAMETTİN EREN - 10319894566<br>5-HÜSNÜ METİN BORNOVALI - 39586421794<br>6-YILDIZ ÖTÜGEN - 42013497224 |
| **VEKİLİ** | : Av. BANU NOĞAY DEMİR - Valide-İ Atık Mah.Şair Talat Sok. No:64/6 Bağlarbaşı 34555 Üsküdar/ İSTANBUL |
| **DAVALI** | : 1- KANLICA ORMAN İŞLETME MÜDÜRLÜĞÜ - |
| **VEKİLİ** | : Av. GÜLNUR GÜLSÜN - [35169-49617-20278] UETS |
| **DAVALI** | : 2- MALİYE HAZİNESİNE İZAFETEN MİLLİ EMLAK MÜDÜRLÜĞÜ - Cağaloğlu Eminönü/ İSTANBUL |
| **VEKİLİ** | : Av. ZEHRA GÜL KÖKEZ - [35731-51375-90311] UETS |
| **FERİ MÜDAHİL** | : NİYAZİ AYDIN - 62245253986 -Gümüşsuyu Mah. Şehit Erhan Terletme Sk. No:49 İç Kapı No:1 Beykoz/ İSTANBUL |
| **VEKİLİ** | : Av. MERYEM SÖVÜT - |
| **DAHİLİ DAVALILAR** | : ABDULLAH EROL -12478549998 Gümüşsuyu Mah. Asan |

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdW3Hk - V2IilW5 - UrX7svf - jajlpQ= ile erişebilirsiniz

 

Çıkmazı Sk. No:25 İç Kapı No:1 Beykoz/ İSTANBUL
4- ADEM ŞENTÜRK -48331662092 Gürsel Mah. Gebzeli Sk. No:4 İç Kapı No:4 Kağıthane/ İSTANBUL
5- AHMET SUCUOĞLU -49015342514 Kozan Çıkmazı Sk. Gümüşsuyu Mah. No:1 İç Kapı No:2 Beykoz/ İSTANBUL
6- AHMET USTAOĞLU -50482183562 İncirköy Mah. Sırt Sk. No:3 İç Kapı No:3 Beykoz/ İSTANBUL
7- AKİF KARAARSLAN -56761084490 Türk Tarih Meydanı Meydanı Merkez Mah. No:9/06 Bozkurt/ KASTAMONU
8- ATAKAN AN -27284068502 Demirci Mevkıı Demirci Küme Evleri No:62 İç Kapı No:1 Cide/ KASTAMONU
9- AYSEL PATOĞLU -41062542992
10- AYŞE KAÇAR -35173193990
11- BAYRAM ÇOBAN -18754526806 Gümüşsuyu Çifte Havuzlar Camii Lojmanı Beykoz/ İSTANBUL
12- CELAL DORUK -38081015972 Gümüşsuyu Mah. Asan Çıkmazı Sk. No:15 İç Kapı No:2 Beykoz/ İSTANBUL
13- CELALETTİN PİRMİT -18503044308 Gümüşsuyu Mah. Mandıra Cad. No:66 İç Kapı No:4 Beykoz/ İSTANBUL
14- CEMİL DEMİR -11765262572 Gümüşsuyu Mah. Mandıra Cad. No:34 İç Kapı No:2 Beykoz/ İSTANBUL
15- CEMİLE TEZEL -26095993812
16- DURSUN ALİ ÇAKMAK -45763803062 Yenidoğan Mah. İlk Sk. No:8 İç Kapı No:3 Bayrampaşa/ İSTANBUL
17- EDA POLAT UŞAR -41326488646 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:3 İç Kapı No:2 Beykoz/ İST.
18- EMİNE POLAT -41338488290 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:3 İç Kapı No:2 Beykoz/ İSTANBUL
19- EMRE UĞUR -36709113628 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:6 İç Kapı No:1 Beykoz/ İSTANBUL
20- ENES POLAT -41332488418 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:3 İç Kapı No:2 Beykoz/ İSTANBUL
21- ENGİN ÖZBAY -46237787284 Gümüşsuyu Mah. Gözlem Çıkmazı Sk. No:12 İç Kapı No:3 Beykoz/ İSTANBUL
22- ENVER ŞAHİN -11363282286 Ortabayır Mah. Oltu Sk. No:27 İç Kapı No:1 Kağıthane/ İSTANBUL
23- ERSİN ÖZBAY -46231787402
24- FATİH ÖZTÜRK -53695076348 Muratpaşa Mah. Demirhisar Cad. No:25 İç Kapı No:1 Bayrampaşa/ İSTANBUL
25- FATİH POLAT -41344488062 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:1 İç Kapı No:2 Beykoz/ İSTANBUL
26- FATMA KAPLAN -34021520704 Gümüşsuyu Mah. Saraç Çıkmazı Sk. No:2 İç Kapı No:3 Beykoz/ İSTANBUL
27- FATMA ÖZBAY -46249786848
28- FERİDUN ŞİŞMAN -18032704230 Gümüşsuyu Mah.

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden WLdW3Hk - V2I1lW5 - UrX7svf - jajlpQ= ile erişebilirsiniz



Menba Çıkmazı Sk. No:22 İç Kapı No:1 Beykoz/ İSTANBUL
29- GÖNÜL UĞUR -36715113490
30- GÜLÇİN COŞKUN -36712113554 Yalıköy Mah. Azadeler Sk. No:99 İç Kapı No:1 Beykoz/ İSTANBUL
31- GÜLER SAKARYA -36373653758 İncirköy Mah. Bahriyeli Çıkmazı Sk. No:2 İç Kapı No:2 Beykoz/ İSTANBUL
32- HAKAN LAZTÜRK -62119330522 Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:13 İç Kapı No:2 Beykoz/ İSTANBUL
33- HAKAN ŞENTÜRK -48397659876 Gürsel Mah. Gebzeli Sk. No:4 İç Kapı No:4 Kağıthane/ İSTANBUL
34- HALİL İBRAHİM ŞİŞMAN -15992128120
35- HALİT AĞYILDIZ -28198607696 Talatpaşa Mah. Yaşarlı Cad. No:92 İç Kapı No:8 Kağıthane/ İSTANBUL
36- HAMDİ ÖZKAN -35779673568 Gümüşsuyu Mah. Şehit Erhan Terletme Sk. No:43 İç Kapı No:2 Beykoz/ İSTANBUL
37- HANİFE BULAT -61114249716 Saraycık Mah. Buruncuk Sk. No:7/1 Ünye/ ORDU
38- HARUN KOÇ -29509813614 Yenidoğan Mah. 48. Sk. No:153 İç Kapı No:2 Zeytinburnu/ İSTANBUL
39- HASAN GÜRGEN -39421670844 Gümüşsuyu Mah. Menba Çıkmazı Sk. No:2 İç Kapı No:2 Beykoz/ İSTANBUL
40- HASAN KEÇECİ -32011799710 Gümüşsuyu Mah. Mimar Sinan Sk. No:44 İç Kapı No:3 Beykoz/ İSTANBUL
41- HASAN ÖKSÜZ -26102531358 Çubuklu Mah. İkizdere Sk. No:4 İç Kapı No:1 Beykoz/ İSTANBUL
42- HİDAYET ASARI -39973262764 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:9 İç Kapı No:2 Beykoz/ İSTANBUL
43- İBRAHİM GÜMRÜKÇÜ -36104202378 Gümüşsuyu Mah. Rasat Çıkmazı Sok No: 8-D2 Beykoz/ İSTANBUL
44- İSA ASARI -39913264704 Emek Mah. Harika Sk. No:1 İç Kapı No:1 Odunpazarı / ESKİŞEHİR
45- İSMAİL ARSLAN -71902054064 Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:11 İç Kapı No:2 Beykoz/ İSTANBUL
46- İSMAİL TOPÇU -48073695068 Gümüşsuyu Mah. Sipahi Sk. No:32 İç Kapı No:2 Beykoz/ İSTANBUL
47- KADRİYE POLAT -41356487626 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:3 İç Kapı No:1 Beykoz/ İSTANBUL
48- KAMİL ÖZLÜ -14003513108 Gümüşsuyu Mah. Asan Çıkmazı Sk. No:24 İç Kapı No:1 Beykoz/ İSTANBUL
49- KATİBE YAYLA -24562836006 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:22 İç Kapı No:1 Beykoz/ İSTANBUL
50- KÖKSAL KAPLAN -34015520932 Gümüşsuyu Mah. Saraç Çıkmazı Sk. No:2 İç Kapı No:2 Beykoz/ İSTANBUL
51- MEHMET CANKAN -47305289334 Okçular Mah. 1201 Sk. No:11/1 Ortaca/ MUĞLA

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden WLdW3Hk - V2Iilw5 - UrX7svf - jajlpQ= ile erişebilirsiniz





52-MEHMET KOÇ -30455272042 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:24 İç Kapı No:3 Beykoz/ İSTANBUL
53- MEHMET TOPÇU -41908579564 Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:37 İç Kapı No:2 Beykoz/ İSTANBUL
54- MEHMET TOZAK -35200193092 Gümüşsuyu Mah. Asan Çıkmazı Sk. No:5 İç Kapı No:3 Beykoz/ İSTANBUL
55- MURAT OĞUZ -27137432740 Cumhuriyet Mah. Beykoz_1 Cad. No:10 İç Kapı No:1 Beykoz/ İSTANBUL
56- MURAT ÖZTÜRK -53713075742 Muratpaşa Mah. Demirhisar Cad. No:25 İç Kapı No:1 Bayrampaşa/ İSTANBUL
57- MUSTAFA KEÇECİ -34825500322 Nilüfer Sk. Rüzgarlıbahçe Mah. No:4 İç Kapı No:2 Beykoz/ İSTANBUL
58- MUSTAFA MELETLİ -42874751794 Mimar Sinan Mah. Köşk Sk. No:8 İç Kapı No:4 Çekmeköy/ İSTANBUL
59- NEBAHAT ŞENTÜRK -48436658532 Gürsel Mah. Gebzeli Sk. No:4 İç Kapı No:4 Kağıthane/ İSTANBUL
60- NESRİN ÖZBAY ÇOLAK -46213788076
61- NURSEL BAYRAKDAROĞLU -39931653986 İncirköy Mah. Cami Sk. No:14 İç Kapı No:1 Beykoz/ İSTANBUL
62- OSMAN PİRMİT -18497044568
63- RAHMİ ÇUHACI -31748066690 Merkez Mah. Selimiye Cad. No:9H İç Kapı No:1 Çekmeköy/ İSTANBUL
64- RECEP AKGEMİK -66094169900 Fatih Mah. Yahya Kemal Cad. No:14Da İç Kapı No:11 Arnavutköy / İSTANBUL
65- REMEZAN ÖKSÜZ -26087531800 Yeşilköy Mah. Salakan Küme Evleri No:28 Sürmene/ TRABZON
66- REŞİT AYTAÇ AYDIN -34598247776 Kazım Karabekir Mah. 1047. Sk. No:8 İç Kapı No:6 Esenler/ İSTANBUL
67- REYHAN ŞENGÜL -39916264640 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:9 İç Kapı No:1 Beykoz/ İSTANBUL
68- REZZAN ÖZKAN -39910264868 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:9 İç Kapı No:2 Beykoz/ İSTANBUL
69- SADIK UYSAL -40144048476 Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:21 İç Kapı No:1 Beykoz/ İSTANBUL
70- SALİH ERDOĞAN ERGİN -14522382636 Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:9 İç Kapı No:2 Beykoz/ İST
71- SEBAHATTİN ARSLAN -39070358308 Gümüşsuyu Mah. Yurt Çıkmazı Sk. No:7 İç Kapı No:3 Beykoz/ İSTANBUL
72- SELİM POLAT -41341488126 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:1 İç Kapı No:1 Beykoz/ İSTANBUL
73- SELMA ŞENTÜRK -48454657968 Topçam Mah. Topçam Dursunlu Cad. No:21 Mesudiye/ ORDU
74- SELVER TOZAK -35191193316
75- SELVET ÇUHACI -31760066234 Nisbetiye Mah. Ilgın Sk. No:1C İç Kapı No:9 Beşiktaş/ İSTANBUL

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdw3Hk - V2Ii1w5 - UrX7svf - jaj1pQ= ile erişebilirsiniz





76- SEMA ÖZTÜRK YILMAZ -53710075806 Yıldırım Mah. Tunca Sk. No:9 İç Kapı No:4 Bayrampaşa/ İST.
77- SERPİL ALATAŞ -43816405898 Beşköprü Mah. 275. Sk. No:1 İç Kapı No:2 Ortaca/ MUĞLA
78- SERPİL KARAOSMANOĞLU -36169660502 Gümüşsuyu Mah. Karamehmet Sk. No:42 İç Kapı No:2 Beykoz/ İST.
79- SİNAN POLAT -41335488354 Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:1 İç Kapı No:2 Beykoz/ İSTANBUL
80- SÜLEYMAN ÖZBAY -46348783564
81- SÜLEYMAN ŞEN -64735241664 Gümüşsuyu Mah. Mandıra Cad. No:80 İç Kapı No:3 Beykoz/ İSTANBUL
82- ŞABAN KURTULUŞ -36175660374 Aşağı Mevkıı Aşağı Küme Evleri No:13/1 Yenikale RİZE
83- ŞABAN ÖZTÜRK -35140483468
84- ŞENAL ÖZTÜRK -53725075396
85- ŞENOL SAKARYA -36382653466
86- ŞERAFETTİN ÖZTÜRK -53719075524 DENKENDORF /ALMANYA FEDERAL CUMHURİYETİ
87- ŞEVKET POLAT -41329488582
88- ŞİNASİ AYDIN -62254253694
89- UFUK KAPLAN -33964522622
90- YAŞAR ŞENTÜRK -48559654466
91- YAŞAR ŞENTÜRK -48544654976 Gürsel Mah. Bahçeler Cad. No:41 İç Kapı No:15 Kağıthane/ İSTANBUL
92- YUSUF BAŞ -41695476350 Gümüşsuyu Mah. Gözlem Çıkmazı Sk. No:7 İç Kapı No:2 Beykoz/ İSTANBUL
93- ZEHRA ÇUHACI YALÇIN -31754066462 Soğuksu Mah. İlkim Sk. No:20 İç Kapı No:5 Beykoz/ İSTANBUL
94- ZÜHAL ÇUHACI -31751066526 Adnan Kahveci Mah. Mimar Sinan Cad. No:57 İç Kapı No:54 Beylikdüzü / İST.
95- ZÜLFİYE KIDIK -28516704250 Aşağı Mevkıı No:132 Akköy Merkez Çanakçı/ GİRESUN

**ASLİ MÜDAHİLLER** : ALİ YAŞAR ÇEPNİ - 12293879898 -
: ORHAN DOĞAN - 17656963788 -

**VEKİLİ** : Av. HAKAN KAYAASLAN - Mustafa Kemal Mah.2079 Sk. Via Green İş Merkezi B Blok No:24 Çankaya/ ANKARA

**ASLİ MÜDAHİL** : SÜLEYMAN ÇİÇEK - 56839585874 -

**VEKİLİ** : Av. NAFİZ AYDIN - Kartaltepe Mah. Sayfiye Sok. Ömeroğlu Apt. No:34 D:4 Bakırköy/ İSTANBUL

**ASLİ MÜDAHİLLER** : ŞEFİK EKŞİ (ÖLÜ) MİRASÇILARI
A)AYLİN ERGÜL ÖZYAZICI - 66148088652 -
B)NAZIM ERGİN EKŞİ - 66160088296 -
C)EMİNE MERİH EKŞİ - 66163088132 -
D)ESRA EKŞİ - 66121089508

**VEKİLİ** : Av. HÜSEYİN DURSUN EKŞİ -

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdw3Hk - V2Ii1w5 - UrX7svf - jajlpQ= ile erişebilirsiniz

| | |
|---|---|
| **ASLİ MÜDAHİLLER** | : AHMET SALİHOĞLU - 66232173066 -<br>ALEM SALİHOĞLU - 66130176404 -<br>BİLAL SALİHOĞLU - 66259172110 -<br>CEMAL SALİHOĞLU - 66271171764 -<br>NAZIM SALİHOĞLU - 66286171254<br>NECMİ SALİHOĞLU - 66262172046<br>ORHAN EKŞİ - 11207492680 - |
| **VEKİLİ** | : Av. SAİT KARABULUT - Konaklar Mah.Akasyalı Sk.No.11/2 4.Levent 34950 Beşiktaş/ İSTANBUL |
| **ASLİ MÜDAHİLLER** | : ALİ ÖKSÜZ - 26096531518 -<br>AYTEN ÖKSÜZ - 24191595084<br>HASAN ÖKSÜZ - 23423620686 -<br>MEHMET TOPUZ - 44038146538<br>TAYYAR ÖKSÜZ - 26132530338 -<br>HAYRETTİN ÖKSÜZ - 26129530402 -<br>MEHMET FADIL SALAM - 32546326214 -<br>NUH DURSUN - 33442472548 -<br>OSMAN ÖKSÜZ - 24203594616<br>ÖMER ÖKSÜZ - 26141530046 -<br>ŞEREF ÖKSÜZ - 26099531454<br>MEHMET ÖZKAN - 37303622714 - |
| **VEKİLLERİ** | : Av. ENGİN MEYDAN - [16052-50730-12745] UETS<br>Av. MUSTAFA DOĞAN - Rami-Kışla Cd Yöntem-Vaytaş Plaza No:58/11 Eyüp.İstanbul 34055 Eyüp/ İSTANBUL |
| **ASLİ MÜDAHİL** | : YETER ERYİĞİT - 21035683266 - |
| **VEKİLİ** | : Av. MUSTAFA DOĞAN - Rami-Kışla Cd Yöntem-Vaytaş Plaza No:58/11 Eyüp.İstanbul 34055 Eyüp/ İSTANBUL |
| **ASLİ MÜDAHİL** | : İRFAN ERÇAVUŞ - 64477019750 - |
| **VEKİLİ** | : Av. ENGİN MEYDAN - [16052-50730-12745] UETS |
| **ASLİ MÜDAHİL** | : FATMA ŞÜKRAN GÖRÜ - 53332085818 - |
| **VEKİLLERİ** | : Av. ALİ ELBEYOĞLU - [16190-91945-18646] UETS<br>Av. MUSTAFA NİDA ERGENÇ - [16443-44363-14324] UETS |
| **ASLİ MÜDAHİL** | : İSMAİL KOÇ - 20357720208 - |
| **VEKİLİ** | : Av. AHMET TURAN ÖKSÜZOĞLU - Abide-İ Hürriyet Cad. Palazoğlu Sk. No:1 K:4 D:23 Şişli/ İSTANBUL |
| **ASLİ MÜDAHİL** | : MENSUR KANDEMİR - 64309151818 - |
| **VEKİLİ** | : Av. MUSTAFA KARAOĞLU - [16208-02581-08340] UETS |
| **ASLİ MÜDAHİL** | : SEVİNÇ KAYA - 46012348716 |
| **VEKİLİ** | : Av. ZEKİ DELİKAYA - [16218-12755-81511] UETS |
| **ASLİ MÜDAHİL** | : YAVUZ CENGİZ - 11344141380 - |
| **VEKİLİ** | : Av. RAŞİT SARIKAYA - [16598-95180-37332] UETS |
| **ASLİ MÜDAHİLLER** | : ABDULLAH AKSU - 39997532928 -Merkez Mah. Fevzi Paşa Cad. No:50 İç Kapı No:3 Beykoz/ İSTANBUL<br>ABDULLAH KARACA - 29633293344 - |

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdw3Hk - V2I1lw5 - UrX7svf - jajlpQ= ile erişebilirsiniz

ABDULLAH KOÇ - 30404273700 -
ADEM KANMAZ - 42457756314 -
AHMET KASAP - 13898197950 -Gümüşsuyu Mah. Menba Çıkmazı Sk. No:10 İç Kapı No:1 Beykoz/ İSTANBUL
ARİF BIÇAKCI - 51874558104 -
ARZU ZURNACI - 38165009248 -Ferahevler Mah. Yenibahar Çıkmazı Sk. No:6 İç Kapı No:7 Sarıyer/ İSTANBUL
AYŞE DURSUN - 11939263374 -Gümüşsuyu Mah. Saraç Çıkmazı Sk. No:11 İç Kapı No:1 Beykoz/ İSTANBUL
AYŞE SALİHOĞLU - 67666125256 -
AYŞE ÜNLÜ - 35638796940 -
BAHAR POLAT - 41347487918 -Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:1 İç Kapı No:2 Beykoz/ İSTANBUL
BAHTİYAR KARACA - 29612294072 -Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:33 İç Kapı No:1 Beykoz/ İSTANBUL
BİRGÜL SALİHOĞLU AKSU - 39985533364 -Gümüşsuyu Mah. Bahçe Çıkmazı Sk. Bina No: 6 Daire No: 1 Beykoz/ İST
BİRSEN EKŞİ - 11195493058 -
CAFER ÖKSÜZ - 26093531672 -
CAFER ŞAHİN - 37051749848 -Kurtoğlu Küme Evleri No:11 İç Kapı No:2 Deliktaş İnebolu/ KASTAMONU
CELALETTİN SEVER - 40861024500 -Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:29 İç Kapı No:1 Beykoz/ İSTANBUL
CEMİLE UZUN - 57163071088 - Beykoz Gümüşsuyu Çifte Havuzlar Yolu Üst Sk 22 1 34820 Adalar/ İSTANBUL
ÇİLEM AKSOY - 34834705060 -İncirköy Mah. Şehit Cengiz Erdoğan Sk. No:21 İç Kapı No:1 Beykoz/ İSTANBUL
DAVUT AKSU - 40006532662 -Gümüşsuyu Mah. Bahçe Çıkmazı Sk. No: 6 Daire: 1 Beykoz/ İSTANBUL
DİLEK OĞUZ - 27092434292 -Rasimpaşa Mah. Nuhbey Sk. No:12 İç Kapı No:9999 Kadıköy/ İSTANBUL
DURSUN ADIGÜZEL - 12568564894 -Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:25 İç Kapı No:1 Beykoz/ İSTANBUL
DURSUNALİ ŞEN - 40909502526 -Gümüşsuyu Mah. Maharet Çıkmazı Sk. No:34 İç Kapı No:2 Beykoz/ İSTANBUL
EMİNE BIÇAKCI - 51736562768 -Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:26 İç Kapı No:2 Beykoz/ İSTANBUL
EMRE UYSAL - 39973054178 -
ERDOĞAN GÜLENÇ - 13070223996 -Gümüşsuyu Mah. Miraç Çıkmazı Sk. No:5 İç Kapı No:1 Beykoz/ İSTANBUL
ERHAN ENGİN - 24701569048 -Merkez Mah. Karataş Sk. No:29 İç Kapı No:6 Çekmeköy/ İSTANBUL
ERKAN AKSOY - 14255501250 -Gümüşsuyu Mah. Battalgazi Sk. No:3 İç Kapı No:1 Beykoz/ İSTANBUL
FATIMA UYSAL - 39997053386 -Gümüşsuyu Mah. Kozan

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdw3Hk - V2I1lw5 - UrX7svf - jaj1pQ= ile erişebilirsiniz.



Çıkmazı Sk. No:21 İç Kapı No:1 Beykoz/ İSTANBUL
FATMA AYGÜN - 53605189502 -Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:31-1 İç Kapı No:1 Beykoz/ İSTANBUL
FATMA ÖNER - 31795601776 -İncirköy Mah. Harmantepe Sk. No:86 İç Kapı No:2 Beykoz/ İSTANBUL
FEHİME DİNÇER - 43540919982 -Gümüşsuyu Mah. Asan Çıkmazı Sk. No:8 İç Kapı No:3 Beykoz/ İSTANBUL
GÜLLÜ ÖZTÜRK - 53716075688 -Muratpaşa Mah. Demirhisar Cad. No:25 İç Kapı No:1 Bayrampaşa/ İSTANBUL
GÜNGÖR TEMUR - 34724237978 -
HAMDİ TEMEL - 54838157146 -Gümüşsuyu Mah. Asan Çıkmazı Sk. No:26 İç Kapı No:1 Beykoz/ İSTANBUL
HANİFE UYSAL - 39991053504 -Akpınar Mah. 9.Bülbül Sk. No:12 İç Kapı No:2 Osmangazi/ BURSA
HASAN ÇUHACI - 20564440678 -Acarlar Mah. 84 Sk. No:6 İç Kapı No:1 Beykoz/ İSTANBUL
HASAN KAMBUR - 32852204916 -Gümüşsuyu Mah. Saraç Çıkmazı Sk. No:9 İç Kapı No:1 Beykoz/ İSTANBUL
HASAN UYSAL - 40141048530 -Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:19 İç Kapı No:2 Beykoz/ İSTANBUL
HİLMİ ERGİN - 14510383072 -Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:9 İç Kapı No:2 Beykoz/ İSTANBUL
HURİYE KOÇ - 30422273126 -Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:24 İç Kapı No:3 Beykoz/ İSTANBUL
HÜSEYİN ÖZGÜLÜŞ - 42160460812 -Atatürk Mah. Serinpınar Cad. No:31 İç Kapı No:7 Büyükçekmece/ İST.
HÜSEYİN SERT - 35402189800 -
HÜSEYİN ZORALİOĞLU - 47734076468 -
İBRAHİM BÜLBÜL - 57268480112 -Gümüşsuyu Mah. Saraç Çıkmazı Sk. No:3/3 İç Kapı No:1 Beykoz/ İSTANBUL
İDRİS KOÇ - 30419273290 -
İLKAY GÜLTEN - 21977559308 -Gümüşsuyu Mah. Yavuz Çıkmazı Sk. No:16-1 İç Kapı No:1 Beykoz/ İSTANBUL
İSHAK BULAT - 61168247904 -Gümüşsuyu Mah. Mandıra Cad. No:72 İç Kapı No:1 Beykoz/ İSTANBUL
KEMALETTİN ARSLAN - 41482483318 -Çiğdem Mah. Papatya Sk. No:14 İç Kapı No:3 Beykoz/ İSTANBUL
KENAN İNCEOĞLU - 27346954606 -Gümüşsuyu Mah. Menba Çıkmazı Sk. No:18 İç Kapı No:1 Beykoz/ İSTANBUL
MAKSUT ÖKSÜZ - 26138530110 -Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:18 İç Kapı No:3 Beykoz/ İSTANBUL
MEHMET GÜL - 36364449346 -Soğuksu Mah. Tunalı Cad. No:62 İç Kapı No:1 Beykoz/ İSTANBUL
MEHMET KURT - 53632188646 -Yukarı Tekdal (Hursu) Mevkıı Yukarı Tekdal Küme Evleri No:9 Günvaktı

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdW3Hk - V2Ii1w5 - UrX7svf - jaj1pQ= ile erişebilirsiniz



Bozkurt/Kastamonu/ KASTAMONU
MEHMET TEMEL - 37642611448 -Gümüşsuyu Mah. Asan Çıkmazı Sk. No:18 İç Kapı No:3 Beykoz/ İSTANBUL
MERYEM ÖZKAYA - 54136172032 -Gümüşsuyu Mah. Şehit Erhan Terletme Sk. No:47/2 İç Kapı No:1 Beykoz/ İSTANBUL
MUSTAFA ARSLAN - 20518301000 -Gümüşsuyu Çifte Havuzlar Mah. Kozan Çıkmazı No:15 Beykoz/ İSTANBUL
MUSTAFA DEMİR - 11849259740 -Gümüşsuyu Mah. Mandıra Cad. No:34 İç Kapı No:2 Beykoz/ İSTANBUL
MUSTAFA GÜL - 36424447374 -Gümüşsuyu Mah. Saraç Çıkmazı Sk. No:12 İç Kapı No:1 Beykoz/ İSTANBUL
MUSTAFA KAZAN - 53770184050 -Gümüşsuyu Mah. Saraç Çıkmazı Sk. No:13 İç Kapı No:3 Beykoz/ İSTANBUL
MUSTAFA KOCA - 38119703260 -Gümüşsuyu Mah. Yavuz Çıkmazı Sk. No:14 İç Kapı No:1 Beykoz/ İSTANBUL
MUSTAFA ÖZKAN - 47956267736 -Gümüşsuyu Mah. Asan Çıkmazı Sk. No:23 İç Kapı No:2 Beykoz/ İSTANBUL
MUSTAFA TOPÇU-48076694914-Elmalı KöyMuhtarlığı RİZE
NADİRE ERGİN - 14513382928 -
NUR AKSOY - 34831705124 -İzzet Paşa Mah. Yıldız Sk. No:36-38 İç Kapı No:21 Şişli/ İSTANBUL
NURİ EKŞİ - 24824070940 -Kozyatağı Mah. Kaymakam Kemal Sk. No:15 İç Kapı No:6 Kadıköy/ İSTANBUL
ORHAN SAĞIR - 21529943050 -Gümüşsuyu Mah. Mandıra Cad. No:76 İç Kapı No:3 Beykoz/ İSTANBUL
RAMAZAN YILMAZER - 53014217902 -
RAŞİT SARIKAYA - 18401626996 -[16598-95180-37332] UETS
RECEP SERT - 35405189746 -Gümüşsuyu Mah. İbni Sina Çıkmazı Sk. No:5 İç Kapı No:2 Beykoz/ İSTANBUL
RESUL ŞEN - 64699242844 -Akşemsettin Mah. Okumuş Adam Sk. No:24 İç Kapı No:5 Fatih/ İSTANBUL
SABRİ DEMİRTAŞ - 27896407430 -Hulu Mevkıı No:1 Ünlüce Merkez Ayancık/ SİNOP
SABRİ UYSAL - 40075050708 -Gümüşsuyu Mahallesi. Kozan Çıkmazı. No:17/2 Beykoz/ İSTANBUL
SALİH MUTLU - 34142262958 -Gümüşsuyu Mah. Menba Çıkmazı Sk. No:4 İç Kapı No:2 Beykoz/ İSTANBUL
SALİHA BALAKCI - 35863670794 -
SEÇKİN AKSOY - 34837704916 -Kirazlıdere Mah. Firuze Sk. No:14 İç Kapı No:12 Çekmeköy/ İSTANBUL
SELAMİ UYSAL - 40072050862 -Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:17 İç Kapı No:1 Beykoz/ İSTANBUL
SELMAN SEVER - 40864024446 -
SERKAN AKSOY - 14276500522 -Çiftehavuzlar Sağlık Sok.

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden WLdw3Hk - V2Iilw5 - UrX7svf - jajlpQ= ile erişebilirsiniz.



Çıkmazı No:2 34000 Beykoz/ İSTANBUL
SEVİM AKSOY - 14285500230 -Gümüşsuyu Mah. Şht. Erhan Terletme Sk. No:47/3 İç Kapı No:1 Beykoz/ İSTANBUL
ŞABAN KAMBUR - 32816206154 -Gümüşsuyu Mah. Kozan Çıkmazı Sk. No:4/1 İç Kapı No:4 Beykoz/ İSTANBUL
ŞERMİN TURAN - 32501253562 -Söğütlü Çeşme Mah. Göknar Sk. No:14 İç Kapı No:3 Küçükçekmece/ İSTANBUL
ŞÜKRÜ ZORALİOĞLU - 47731076522 -
TURAN KAMBUR - 32840205352 -Kirazlık Mah. Akademi Sk. No:4 İç Kapı No:13 Pazar/Rize/ RİZE
TURGUT KAMBUR - 32858204798 -Gümüşsuyu Mah. Saraç Çıkmazı Sk. No:5 İç Kapı No:1 Beykoz/ İSTANBUL
UMUT ERGİN - 14507383146 -
VEYSEL ÇIRACI - 45349149638 -Gümüşsuyu Mah. Yavuz Çıkmazı Sk. No:16 İç Kapı No:2 Beykoz/ İSTANBUL
YAŞAR KARATAŞ - 16774839432 -Gümüşsuyu Çiftehavuzlar Üst Sok. No:6 Beykoz/ İSTANBUL
ZEYNEP AKSOY - 18281257532 -Gümüşsuyu Mah. Şehit Erhan Terletme Sk. No:47/3 İç Kapı No:1 Beykoz/ İSTANBUL
ZEYNEP ÇAĞLAR - 37720608698 -Gümüşsuyu Mah. Saraç Çıkmazı Sk. No:1 İç Kapı No:2 Beykoz/ İSTANBUL

**DAVA** : Kadastro (Tespite İtiraza İlişkin)
**DAVA TARİHİ** : 02/08/2010
**KARAR TARİHİ** : 31/03/2023
**GEREKÇELİ KARARIN YAZILDIĞI TARİH** : 04/04/2023

Mahkememizde görülmekte bulunan Kadastro (Tespite İtiraza İlişkin) davasının yapılan açık yargılamasının sonunda,

**GEREĞİ DÜŞÜNÜLDÜ:**

Davacılar vekili Beykoz Kadastro Mahkemesinin 2010/1611 esas sayılı dosyasına vermiş oldukları 02/08/2010 tarihli dava dilekçesi ile; tarafların murisi Nazmi Oltulu İstanbul İli, Beykoz İlçesi, Gümüşsuyu Mahallesi 318 ada 1 parsel sayılı taşınmazın 123.004 m2'lik taşınmazın eski 11/16 hissesi ile eski tapu malikleri olduğunu, Beykoz Asliye Hukuk Mahkemesinde 1962/526 Esas sayılı doyası ile yapılan yargılama sonucunda dava konusu taşınmazın güney kısmında kalan 23.04 m2 lik kısmının orman dışında kaldığı için 11/16 hissesi muris Nazmi Oltulu 5/16 hissesi diğer hissedarlar adına olan tapu kaydının iptali ile hazine adına tesciline karar verildiğini ancak dava konusu taşınmazda kadastro çalışması sırasında müvekkilleri üzerine yazılmadığını belirterek, yapılan yanlışlığın düzeltilmesini talep etmiştir.

Mahkememizce yapılan yargılama sonucunda 23/02/2012 tarih 2010/1611 Esas - 2012/281 Karar ile dava konusu bölgede kadastro çalışması yapılmadığı anlaşıldığından, kadastro çalışması yapılmayan yerlerde uyuşmazlıklara kadastro mahkemelerinde bakılamayacağından bahisle görevsizliğine karar verilmiş, dosya Beykoz 2.Asliye Hukuk Mahkemesinin 2012/333 esasına kaydı yapılmıştır.

Beykoz 1. Asliye Hukuk Mahkemesinin 2010/239 Esas -2014/197 Karar sayılı kararı ile; İstanbul İli, Beykoz İlçesi, Anadolu Hisarı, Gümüşsuyu Mahallesi 51 pafta, 318 ada, 1 parselde kayıtlı bulunan 123.004 m2 lik taşınmazın Hazine adına kaydedilen 100.00 m2 nin murisin hissesi olan 11/16 sına

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdw3Hk - V2Ii1w5 - UrX7svf - jaj1pQ= ile erişebilirsin




tekabül eden kısmına ilişkin tapu kaydının iptali ile bu kısmın miras hisseleri oranında müvekkilleri adına tesciline, taleplerinin kabul edilmemesi halinde Orman tahdit alanında bulunduğu gerekçesi ile tapusu iptal edilen 100,00 m2 lik taşınmazın mülkiyetinden haksız olarak mahrum bırakılmalarından doğan zararlarının karşılığı olarak taşınmazın dava tarihindeki bedelinden sair ve fazlaya ilişkin talep ve dava hakları saklı tutularak şimdilik 12.000,00 TL tazminatın dava tarihinden itibaren yasal faizi ile birlikte davalıdan alınarak müvekkillerine verilmesini talep ve dava etmiş mahkemece hukuki ve fiili irtibatlı bulunduğundan Beykoz 2. Asliye Hukuk Mahkemesinin 2012/333 Esas sayılı dosyası ile birleştirilmesine karar verilmiş dosya birleştirilmek üzere gönderilmiştir.

Beykoz 1. Asliye Hukuk Mahkemesinin 2010/239 Esas sayılı dosya içinde mevcut Beykoz 1. Asliye Hukuk Mahkemesinin 2011/449 Esas sayılı dosyasında; davacılar Hüsnü Metin Bornovalı, Ahmet Hüsamettin Eren ve Yıldız Ötügen tarafından Orman Genel Müdürlüğü ve Maliye Hazinesine karşı Beykoz İlçesi Anadolu Hisarı Gümüşsuyu Mah 51 Pafta, 318 ada, 1 parsel sayılı taşınmaza yönelik dava açıldığı davanın Beykoz 1. AHM'sinin 2010/239 Esas sayılı dosyası ile birleştirilmesini karar verilerek birleşen dosya içine alındığı görülmüştür.

Beykoz 2.Asliye Hukuk Mahkemesince yapılan yargılama sonucunda 10/04/2012 tarih 2012/333 esas 204/468 karar numarası ile davanın reddine, birleşen 2010/239 esas ve 2011/449 esas sayılı dosyalardaki mülkiyetin nakline ve tazminata ilişkin taleplerin reddine, müdahale taleplerinin reddine karar verilmiş, kararın temyizi üzerine, Yargıtay 20. Hukuk Dairesi'nin 08/11/2016 tarih 2016/2673 Esas 2016/10289 Karar sayılı kararıyla " asıl ve birleştirilen davaların davacıları ile katılma dilekçesi veren Nuh Dursun ve arkadaşları, Yeter Eryiğit, Süleyman Çiçek ve Orhan Doğan vekillerinin beyanlar hanesindeki kullanıcı şerhlerine ilişkin temyiz itirazlarının kabulü ile hükmün bu yönden bozulmasına" denilerek karar bozulmuş, dosya Beykoz 2.Asliye Hukuk Mahkemesinin 2018/11 Esas numarasına kayıt edilmiş, 05/03/2019 tarih 2018/11 esas 2019/54 karar sayılı görevsizlik kararı ile Mahkememize gelmiştir.

Görevsizlikle Mahkememize gelen dosya, Mahkememizin 2019/20 esasına kaydı yapılmıştır.

Davalı hazine vekili verdiği cevap dilekçesinde özetle, açılan davayı kabul etmediklerini davanın reddine karar verilmesini istemiştir.

Davalı Orman Genel Müdürlüğü vekili verdiği dilekçesinde; Beykoz İlçesi, Gümüşsuyu Mahallesinde 5831 Sayılı kanun çalışması 06/07/2010 tarhinde ilan edilmiş olup 318 ada 1 parselin ifrazı ile oluşan parsellerden 1858, 1891, 1889, 1888, 1900 nolu adalara ait parseller kısmen 1872, 1873, 1870, 1874, 1909, 1908 nolu adalara ait parsellerin tamamı bu parsel içersinde kaldığını, Gümüşsuyu Mahallesinde 6292 sayılı kanun uygulaması 20/12/2013 tarihinde askıya çıkarak kesinleştiğini, evveliyatı orman olan yerlerin de zilyetlik ve zamanaşımı gibi nedenlerle özel mülkiyete konu olması ve iktisap edilmesi mümkün olmadığından davanın reddine karar verilmesini istemiştir.

Müdahil Niyazi Aydın vekili verdiği dilekçesinde, davaya konu Beykoz ilçesi Gümüşsuyu Mahallesi 1891 ada 5 parsel 300,57 m2 lik bahçe niteliğine haiz taşınmazda 20 yıldan fazla bir süredir zilyet olup bahsi geçen taşınmaz belirtilen süredir müvekkilin kullanımında olduğunu, 2010 yılında yapılan kadastro çalışmaları sonucunda müvekkili ile yakınları üzerine yazılmış ve hak sahipleri olduklarının belirlendiği, mahkemenin davayı kabul kararı halinde müvekkilinin hakkının zedeleneceği ve ileride 6292 sayılı kanun gereği mülkiyetine hak kazanacağı taşınmazın davacılar uhdesine geçeceği tartışmasız olduğunu, öncelikle müvekkilin davaya davalılar Maliye Hazinesi ve Orman İşletme Genel Müdürlüğü yanında feri müdahil olarak kabul edilmesini talep ettiklerini belirterek müdahale taleplerinin kabulü ile davanın reddine karar verilmesini istemiştir.

Müdahil Şefik Ekşi vekili verdiği dilekçesi ile, dava konusu taşınmazlardan biri olan İstanbul ili, Beykoz ilçesi, Gümüşsuyu Mahallesi, Karlıtepe Mevkinde 1858 ada, 19 parsel sayılı taşınmazın müvekkili yanın zilliyet ve tasarrufunda olduğundan ve huzurdaki dava müvekkil yanın hak ve menfaatini ilgilendirdiğinden müdahale taleplerinin kabulüne karar verilmesini istemiştir.

Bir kısım müdahiller Nuh Dursun ve arkadaşları vekili av. Engin Meydancı ve av. Mustafa Doğan verdiği dilekçesinde; davacıların kadastro Mahkemesinden gelen asıl davada davaya konu taşınmazın kendi kullanım ve zilyetlerinde olduğunun tespitini talep ettikleri bu iddialarının doğru olmadığını, dava

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdw3Hk - V2I1lw5 - UrX7sVf - jajlpQ= ile erişebilirsiniz



konusu taşınmazların kadastro tespitlerinde yer alan sınırlar içinde fiili kullanım durumları ve üzerindeki muhdesatlar kendilerine ait olmak üzere müvekkillerin zilyetlik ve kullanımında olduğunu, müvekkillerinin yıllar öncesine dayalı kullanımlarını kanıtlamak üzere elektrik, su, doğalgaz vb gibi abonman kayıtlarının olduğunu belirterek öncelikle iş bu dava ve sonucu müvekkillerinin hak ve menfaatlerini ilgilendirip olumsuz yönde etkileme ihtimali bulunduğundan 6100 sayılı HMK 66 ve devamı maddelere göre davaya müdahil olarak kabullerine, davacıların taleplerinin reddine karar verilmesini istemiştir.

Bir kısım müdahiller Bilal Salihoğlu ve arkadaşları vekili verdiği dilekçesinde özetle; davaya konu Beykoz ilçesi Karlıtepe Mevki 1858 ada 26, 28, 27, 29, 30, 31 ve 36 nolu parsellerin müvekkilerine ait olduğunu parseller üzerinde müvekkillerin 6292 sayılı yasadan kaynaklanan hak sahipliği bulunduğunu, 2/B Kadastro Tespit Komisyonu tarafından müvekkiller adına tespitleri yapıldığını, tapuların devri aşamasında bu davanın açıldığının öğrendiğini belirterek davaya müdahil olarak katılmalarına görev yönünden olmak üzere haksız ve hukuka aykırı davanın reddine karar verilmesini istemiştir.

Müdahil Orhan Doğan vekili dilekçesinde özetle; İstanbul İli, Beykoz İlçesi, Gümüşsuyu Mahallesi 318 ada 1 parsel sayılı taşınmazın 123.004 m2'lik taşınmazın eski 11/16 hissesi ile eski tapu malikleri olduğunu, Beykoz Asliye Hukuk Mahkemesinde 1962/526 Esas sayılı dosyası ile yapılan yargılama sonucunda dava konusu taşınmazın güney kısmında kalan 23.004 m2 lik kısmının orman dışında kaldığı için 11/16 hissesi muris Nazmi Oltulu 5/16 hissesi diğer hissedarlar adına olan tapu kaydının iptali ile hazine adına tesciline karar verildiğini ancak dava konusu taşınmazda kadastro çalışması sırasında müvekkilleri üzerine yazılmadığını belirterek, yapılan yanlışlığın düzeltilmesini talep etmiştir.

Müdahil Süleyman Çiçek vekili dilekçesinde özetle; müvekkilinin 318 Ada, 1 Parsel sayılı taşınmazın 5.000 m2 yüzölçümlü kesimini Kartal 12. Noterliğinde düzenlenen 11/01/2002 tarihli Gayrimenkul Satış Vaadi Sözleşmesiyle asıl davanın davacılarından satın aldığını belirterek tapu kaydının iptali ile müvekkili adına tapuya tesciline karar verilmesini talep etmiştir.

Mahkememizce Beykoz İlçesi, Gümüşsuyu mahallesi 1868 ada 9,13,8,1 parsel, 1870 ada 5,6,7,9,10 ila 14 parsel, 1871 ada 8,9 parsel, 1872 ada 1 ila 34 parsel (30,31 parsel hariç), 1873 ada 1 ila 31 parsel, 1908 ada 1 ila 8 parsel, 1909 ada 1 ila 8 parsel, 1874 ada 1,2,3,6,7,8,9,10,11,12 parsel, 1888 ada 2,3,4,6 ila 14 parsel, 1884 ada 36,33,35,37 parsel, 1858 ada 19,24,25,27,26,28,30,36,31,29 parsel, 1900 ada 8,9,7,6,2,82,1,3,4,5,47,49,46,77,48,50,52,51,53,55,56,57,58,63,64,65,71,70,74,75,73,69,68, 67,59,60,61,81,80,79,78,72,20,21,22,23,66,66,62 parsel ve 1891 ada 1 ila 5 parsel sayılı taşınmazların kadastro tutanak asılları ile tapu kayıtları celp edilmiştir.

Davacılar 3402 Sayılı yasa ek 4 maddesi gereğince yapılan kullanıcı tespiti kadastro çalışmasına itiraz etmişse de, maddi olayları ileri sürmek taraflara, hukuki nitelendirme yapmak ve uygulanacak kanun maddelerini belirlemek hakime aittir (6100 sayılı HMK' nun 33 md). İddianın ileri sürülüş şekline göre dava, davacı lehine henüz sicile yansıtılmamış olan mülkiyet hakkının doğmuş olması nedeniyle, kullanıcının kendisi olduğu iddiasında olmayıp zaten mevcut olan ve tapu sicilinde kayıtlı olan dayanak tapu kaydı uyarınca 6292 sayılı yasa 7.maddede düzenlenen bedelsiz iadeye ilişkin idari işlemlerin icrasına yöneliktir. Dolayısıyla işin esasının da idare hukuku ilkelerine göre incelemeye uygun olduğu; davanın kökeninde, çözüme kavuşturulmamış mülkiyet, kadastro vs. gibi hukuki bir ilişkinin bulunmadığı görülmektedir.

Yargıtay 8. Hukuk Dairesinin güncel içtihatları (2022/2126 E. Ve 2022/8637 K.) ve Uyuşmazlık Mahkemesinin 25.02.2019 tarih ve 2018/820 Esas, 2019/117 Karar ve 28.05.2020 tarih ve 2020/56 Esas, 2020/309 Karar sayılı kararları da bu doğrultudadır.

Davacınların ve birleşen dosya davacılarının ve müdahil Orhan Doğan'ın talebi idari yargının görevi kapsamında kaldığından davanın usulden reddine karar verilmiştir.

Müdahil Süleyman Çiçek vekili dilekçesinde özetle; müvekkilinin 318 Ada, 1 Parsel sayılı taşınmazın 5.000 m2 yüzölçümlü kesimini Kartal 12. Noterliğinde düzenlenen 11/01/2002 tarihli Gayrimenkul Satış Vaadi Sözleşmesiyle asıl davanın davacılarından satın aldığını belirterek tapu

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdw3Hk - V2I1lw5 - UrX7svf - jaj1pQ= ile erişebilirsiniz



kaydının iptalini talep etmiştir. Davacı Süleyman Çiçek tespit tarihi itibarı ile fiili kullanım iddiasında bulunmadığından davanın reddine karar verilerek aşağıda yazılı şekilde hüküm kurulmuştur.

**HÜKÜM:Gerekçesi yukarıda açıklandığı üzere;**

**1-** Davacıların ve birleşen dosya davacılarının eski tapu kaydına dayalı olan *"Beykoz. Gümüşsuyu Mahallesi.1868 ada 9.13,8,1 parsel. 1870 ada 5,6,7,9,10 ila 14 parsel. 1871 ada 8,9 parsel. 1872 ada 1 ila 34 parsel. 1873 ada 1 ila 31 parsel. 1908 ada 1 ila 8 parsel. 1909 ada 1 ila 8 parsel. 1874 ada 1 ila 12 parsel. 1888 ada 2,3,4,6 ila 14 parsel. 1884 ada 36,33,35,37 parsel. 1858 ada 19,24,25,27,26,28,30,36,31,29 parsel. 1900 ada 8,9,7,6,2,82,1,3,4,5,47,49,46,77,48,50,52,51,53,55,56. 57,58,63,64,65,71,70,74,75,73,69,68,67,59,60, 61, 81,80,79,78,72,20,21,22,23,66,66,62 parsel ve 1891 ada 1 ila 5 parsel sayılı taşınmazlarla ilgili"* davasının 6100 sayılı HMK. 114/1-b maddesi gereğince yargı yolunun caiz olmaması (idari yargının görevli olması) nedeniyle, HMK.115/2. maddesi uyarınca **DAVANIN USULDEN REDDİNE, MAHKEMEMİZİN GÖREVSİZLİĞİNE,**

**1-a)**Asıl dosya davacıları ve birleşen 2010/239 Esas sayılı dosya davacıları bakımından Harç peşin alındığından başkaca harç alınmasına yer olmadığına.

Birleşen 2011/449 Esas sayılı dosya bakımından Karar tarihi itibariyle alınması gereken 179,80 TL harçtan peşin yatırılan 148,50 TL harcın mahsubu ile geriye kalan 31,3TL harcının davacı ve birleşen dosya davacılarından müştereken ve mütselsilen tahsili ile hazineye irat kaydına.

**1-b)** Davacıların ve birleşen dosya davacılarının yaptığı yargılama giderlerinin davacılar üzerine bırakılmasına.

**1-c)** Zorunlu dava arkadaşı olan davalılar Hazine ve Kanlıca Orman İşletme Müdürlüğü kendilerini vekille temsil ettirdiğinden 3402 sayılı yasa 31. Maddesi gereğince takdiren 6.000,00-TL vekalet ücretinin davacılar ve birleşen dosya davacılarından müştereken ve müteselsilen alınarak 1/2şer oranda davalılara verilmesine.

**2-**Asli Müdahil Süleyman Çiçek'in davasının **REDDİNE.**

**2-a)**Harç peşin alındığından başkaca harç alınmasına yer olmadığına.

**2-b)** Asli Müdahil Süleyman Çiçek'in yaptığı yargılama giderlerinin üzerinde bırakılmasına.

**2-c)** Zorunlu dava arkadaşı olan davalılar Hazine ve Kanlıca Orman İşletme Müdürlüğü kendilerini vekille temsil ettirdiğinden 3402 sayılı yasa 31. Maddesi gereğince takdiren 4.000,00-TL vekalet ücretinin müdahil Süleyman Çiçek'ten alınarak 1/2şer oranda davalılara verilmesine.

**3-**Asli Müdahil Orhan Doğan'ın davasının **REDDİNE.**

**3-a)**Harç peşin alındığından başkaca harç alınmasına yer olmadığına.

**3-b)**Asli Müdahil Orhan Doğan'ın yaptığı yargılama giderlerinin üzerinde bırakılmasına.

**3-c)** Zorunlu dava arkadaşı olan davalılar Hazine ve Kanlıca Orman İşletme Müdürlüğü kendilerini vekille temsil ettirdiğinden 3402 sayılı yasa 31. Maddesi gereğince takdiren 4.000,00-TL vekalet ücretinin müdahil Orhan Doğan'dan alınarak 1/2şer oranda davalılara verilmesine.

**4-**Diğer asli müdahale talep edenlerin talepleri davalılar yanında davaya feri müdahale niteliğinde bulunduğundan talepleri ve yargılama giderleri ve vekalet ücreti yönünden karar verilmesine yer olmadığına, karar kesinleştiğinde ve talep halinde müdahil olmak için yatırmış oldukları harçların iadesine,

**5-**Karar kesinleştiğinde 6100 Sayılı HMK' nın 333. maddesi gereğince yatırılan gider avansının kullanılmayan kısmı varsa yatıran tarafa iadesine.

**6-**Dosyanın 3402 sayılı kanunun 32/2 maddesi gereğince kesinleştiğinde tüm dayanakları ile birlikte Tapu Sicil Müdürlüğüne devrine.

7-Gerekçeli kararın taraflara tebliğine.

Dair verilen kararAsli müdahil Süleyman Çiçek vekili Av. NAFİZ AYDIN. Asli Müdahil Emine Merih Ekşi vd vekili Av. YUNUS AKTÜRK. Asli Müdahil Yavuz Cengiz vekili Av. RAŞİT SARIKAYA. Asli Müdahil Sevinç kaya vekili Av. HİLAL OKUTAN SOYSAL. Asli Müdahil Ali Çepni Yaşar vd vekili Av. HAKAN KAYAASLAN Talep eden Müdahil Mensur Kandemir vekili yetki belgesiyle giren Av. Ahmet Ünlü, Asli Müdahil Necmi Salihoğlu vd vekili Av. Pınar Derince Gülçin ile

UYAP Bilişim Sistemindeki bu dokümana http://vatandas.uyap.gov.tr adresinden wLdw3Hk - V2I1lw5 - UrX7svf - jajlpQ= ile erişebilirsiniz

Talep Eden CAFER ÖKSÜZ'ün vasisi AYŞE ÖKSÜZ, Talep Eden DURSUNALİ ŞEN, Asli Müdahil MEHMET ÖZKAN , Dahili Davalı SERPİL KARAOSMANOĞLU , Talep Eden ŞABAN KAMBUR, Dahili Davalı ŞABAN KURTULUŞ, Dahili Davalı ŞENOL SAKARYA yüzüne karşı, diğer tarafların yokluğunda, gerekçeli kararın taraflara tebliğinden itibaren 15 (onbeş) gün içerisinde Yargıtay temyiz yasa yolu açık olmak üzere verilen karar açıkca okunup usulen anlatıldı. 31/03/2023

Katip 103286
*e-imzalıdır*

Hakim 195899
*e-imzalıdır*



T.C.
YARGITAY
**20. Hukuk Dairesi**

ANNEX - 3

**ESAS NO** : 2010/9928
**KARAR NO:** 2010/11718

YARGITAY İLAMI

İNCELENEN KARARIN
MAHKEMESİ : Beykoz 1. Asliye Hukuk Mahkemesi
TARİHİ : 17/07/2009
NUMARASI : 2006/420-2009/182
DAVACI : ORMAN YÖNETİMİ
DAVALI : DOST İNŞAAT A.Ş.-MACİT KUTLU SEZAL-MEHMET EYÜP KIZILOT VE 2496 ARK

Taraflar arasındaki özel ormanda izin sahası dışında kalan inşaatların yıkılıp kaldırılması, elatmanın önlenmesi, dava konusu parselin özel orman olarak yeniden tevhidi ile şerhlerin kaldırılması davalarının yapılan duruşması sonunda kurulan hükmün Yargıtayca incelenmesi davacı Orman Yönetimi ile davalı Dost İnşaat A.Ş. ve arkadaşları tarafından; ayrıca, davalı Kazım Berzeg, Davalı Hayati Kaya ve diğer 156 davalının vekili Avukat Cevdet Yavuz ve Avukat Mustafa Şıvgın tarafından duruşmalı istenmişse de, duruşma isteminin masraf yatırılmadığından giderden REDDİNE karar verildikten sonra dosya incelendi, gereği düşünüldü:

**KARAR**

**I- DAVA:**

Davacı Orman Yönetimi 18.12.2006 tarihli Dost İnşaat A.Ş. Mehmet Eyüp Kızılok ve1823 kişi aleyhine Beykoz Asliye (1) Hukuk Mahkemesinin 2006/420 sayılı dava dosyasında, Çavuşbaşı Köyü 1-2 Pafta, 6 parsel sayılı bölüme, 229 Hektar 2187 m2 yüzölçümlü Saip Molla (I) Özel Ormanının % 6'sına karşılık olan 137571 m2, 6831 Sayılı Yasanın 52. maddesi özel orman maliki Modaköy Şehircilik İşlemesi A. Ş. Ne, hiçbir ifraz yapmamak ve yatay alanın % 6'sından fazla yer işgal etmemek kaydıyla, Orman Genel Müdürlüğünün **30.03.1987 gün ve 698 sayılı** oluruyla, **8 ay süreli ön izin ve 22.12.1987 tarih ve 21 sayılı** oluruyla da, bu alanda 117 adet A tipi Villa, 835 adet B tipi Villa, 500 adet de C tipi villa ile diğer sosyal tesislerin yapımı için kesin izin verildiği, Beykoz belediyesince 21.04.1988 gün ve 000149 sayılı yazı ile verilen Yapı Ruhsatlarının beş yıllık süre dolması nedeniyle, 21.04.1993 gün ve 443 sayılı yazı ile yenilendiği, ılk ruhsatta sosyal tesisler için ayrılan 60968 m2 alanın ruhsat yenilenmesi sırasında 188479,97 m2'ye çıkartılarak ruhsatlandırıldığı, 3194 Sayılı Yasa ve ilgili yönetmelik hükümlerine göre yapılan bir mevzii imar planı bulunmadığı gibi, bu bölgeyle ilgili olarak hazırlanan 1/25000 lik Nazım İmar planının 2.10.cu maddesinde, özel orman alanlarında Orman Bakanlığının kesin izni alınmak kaydıyla 1/1000 ölçekli yerleşim planı ile avan projesinin Büyükşehir Belediyesince onanmasından sonra uygulama yapılacağı notunun bulunduğu, nazım imar planının mecliste görüşülmesi sırasında, söz konusu taşınmazda 1/1000 ve 1/5000 ölçekli mevzii imar planı yapılması şartının konulup plana işlendiği halde, plana daktilo ile **"Özel ormanlarda, Orman Bakanlığından kesin izin alınması şartıyla 1/1000 ölçekli yerleşim planı ile avan projesinin Büyükşehir Belediyesince yapılacağı"** konusundaki şerhin plana yapıştırıldığı, Bayındırlık ve İmar İskan Bakanlığı tarafından hazırlanan 02.11.1985 gün ve 18916 sayılı Resmi Gazetede yayınlanan **Özel Ormanlarda İmar Planı Yapılması ve Değişikliklerine Ait Esaslara Dair Yönetmeliğin** 14. Maddesi hükümlerine göre, bu Vaziyet planı ve Mimari Projelerin Büyükşehir Belediye Başkanınca Onaylandığı, bu şekilde İmar Yasasının yapılmasını öngördüğü ve Orman Bakanlığınca verilen ön izinde yapılması istenen mevzii imar Planının hazırlanmadığı, bu nedenle 6831 Sayılı Yasanın 52. Maddesindeki imar planına uygun inşaat yapılması hakkındaki şart yerine getirilmediği, ön izinde yapılması gereken mevzii imar planları yapılmadığı gibi % 6'lık

Kapandı 31.01.2011

1001

yapılaşma şartına da uyulmadığı, Beykoz, Çavuşbaşı 1-2 pafta 6 sayılı parsel ile bunun bitişiğindeki Paşabahçe Mahallesi, Saip Molla (II) Özel Ormanı olan 238 ada 1 sayılı özel orman parselinde yasa ve yönetmeliğe aykırı olarak yapılan usulsüz planı onaylayıp imara açmak suçundan, Beykoz ve Büyükşehir Belediyesi görevlileri aleyhine soruşturma açıldığı, aslında 229 Hektar 1280 m2 yüzölçümlü özel orman için verilen %6 lık yapılaşma izni miktarının **137531 m2 olduğu, bu alana sosyal tesisler ve ticari tesislerin dahil olduğu halde, düzenlenen vaziyet planında Sosyal ve Ticari Tesisler Taks'a tabi olmadığı notunun konulduğu,** her ne kadar Vaziyet planları ve Mimari Avan Projeleri kadastro ve Mülkiyet Daire Başkanlığı Mülkiyet Şube müdürlükleri tarafından Tatbiki uygundur şeklinde onaylanmışsa da, bu işlemi yapan kişilerin Kırıkkale 2. Asliye Ceza Mahkemesinde yargılandığı, İstanbul Büyükşehir Belediyesinin 20.10.1993 gün ve 93/1992 sayılı olurlarında Saip molla Özel Ormanındaki % 6 yapılaşma payının aşıldığı, Orman Bakanlığı Teftiş kurulu Başkanlığının 23.08.1993 günlü ve 495 sayılı yazı ekinde yer alan inceleme raporu doğrultusunda Vaziyet Planı iptal edilerek, planın Orman Yasasının 52. Maddesine uygun hale getirilmesinin onaylandığı, yine Belediye İmar Müdürlüğünün isteğine uygun olarak, avan projenin de iptal edildiği, iptal işleminin halen geçerliliğini koruduğu halde, Beykoz Belediyesince Yapı Ruhsatlarının iptal edilmediği, bu yapı ruhsatlarına dayanılarak inşaata devam edilip bitirildiği, yapılara iskan ruhsatı verildiği, 06.05.1988 gün ve 840 yevmiye ile kat irtifakı kurulduğu, daha sonra 634 sayılı Kat Mülkiyeti Yasasının 5. Maddesi gereğince, özel orman niteliğindeki 6 sayılı parselin tamamının kat mülkiyeti tesis edilen bağımsız bölümlerle birlikte arsa payı olarak tasarruf edilmesi durumunu yaratacağı, özel ormanın ortadan kalacağı gözetilmeden bu kez 21.07.1998 gün ve 1744 yevmiye ile kat irtifakı terkini ve yeniden tesis edilmek suretiyle, 229 hektar 2187 m2 yüzölçümündeki 6 parsel sayılı parselin tamamı toplam 615750 payda kabul edilerek, verilen arsa paylarıyla parselin tamamı üzerine kat mülkiyeti kurulduğu, T.M.M.O.B. Mimarlar Odası İstanbul Büyükkent Şubesi tarafından, Beykoz Belediye Başkanlığı aleyhine Beykoz,Çavuşbaşı köyü 6 sayılı Saip Molla I Özel Ormanı için daha önce verilen ruhsatların yenilenmemesi istemiyle İstanbul 4. İdare Mahkemesine açılan davanın aktif dava ehliyeti yönünden red edildiği, kararın davacı tarafından temyiz üzerine Danıştay 6. Dairesinin 2006/3763esas ve 08.08.2006 günlü kararı ile temyiz istemi sonuçlanana kadar yürütmenin durdurulmasına karar verildiğini bildirerek, (Bu dosya daha sonra Danıştay 6. Dairesinin 09.02.2007 gün 2006/3763-702 sayılı kararı ile "Mimarlar Odasının **imar ruhsatlarının iptal davası açması, aktif husumet ehliyetinin bulunduğu**" gerekçesiyle bozulmuş, mahkemenin direnme kararı da yine aynı gerekçe ile Danıştay İdari Dava Daireleri Kurulunun 18.06.2009 gün 2008/347-1684 sayılı kararı ile **bozulduğu** anlaşılmaktadır.)

1) Çavuş Başı Köyü 6 sayılı parsel üzerinde kurulan Kat mülkiyeti tapularının tamamının iptalini,

2) % 6'lık izin sahası dışındaki kısımların özel orman vasfı ile tevhit ve tescilini,

3) % 6'lık kısım için arsa paylarının, özel orman olduğu belirtilerek yeniden tashihen tescilini,

4) Ruhsatlı olmayan yapıların tümünün kal'ini ve davalıların elatmasının önlenmesini,

5) Tapu kaydında, beyanlar ve şerhler hanesinde yer alan tüm ayni haklar ile şerhlerin kaldırılmasını istemiş, yargılama sırasında tapuda bir kısım bağımsız bölümleri satın alan kişileri de davaya katmıştır.

Bir kısım davalılar davalarını Tapu Sicil Müdürlüğüne, Beykoz Belediye Başkanlığına ve İstanbul Büyükşehir Belediyesine ihbar etmiştir. (Fırtis Bank A. Ş. Savaş İçten vs.)

**II- SAVUNMA:**

Tüm Cevap ve savunma dilekçeleri bir arada değerlendirilerek özetle:

1) Dava dilekçesinin eki olan 4 klasörlük müfettiş raporu ve eklerinin dava dilekçesiyle kendilerine tebliğ edilmediği, bu nedenle savunma için yeterli olanak verilmediği,

2) Dava değerinin ve dolayısıyla dava harcının eksik belirlendiği,

3) Tapu kaydı oluştuktan sonra, üçüncü kişilere devir ve üçüncü kişilerin iyi niyetli iktisabının söz konusu olduğu, tapuya güven ilkesi gereği 3. kişilerin korunduklarının kazanılması gerektiği,

XK

4) Öne izin ve kesin izin verildikten sonra İdari işlemler için öngörülen dava zamanaşımlarının geçtiği,

5) İdari işlemin iptali istemi içeren davada idari yargının görevli olduğu,

6) Orman Yönetimin aktif dava ehliyetinin bulunmadığı,

7) Özel orman niteliğindeki taşınmazın idaresi ve temsilinin tayin edilecek özel orman mümessili vasıtasıyla yapılacağı, parselden bağımsız bölüm alan davalıların davalı sıfatlarının bulunmadığı,

8) İmar hukuku açısından, dayanak idari işlem iptal edilmediği sürece, bu işleme dayanılarak yapılan bina ve tesislerin yıkılamayacağı,

9) İdarenin kendi kusuruna dayanarak hak iddia edemeyeceği,

10) İdarenin devamlılığı ve idareye güven ilkesinin sarsıldığı,

11) Orman Yönetiminin istemlerinin Avrupa İnsan Hakları Sezleşmesinin Ek 1 nolu protokolüne aykırı olduğundan davanın reddini istemişlerdir.

**III-MAHKEMENİN GEREKÇESİ :**

Çekişmeli 6 sayılı parsel Saip Molla I Özel Ormanı CİNSİYLE tapuda kayıtlı olduğu halde, yasa yönetmelik hükümlerine göre yetkisi bulunmayan Alemdağ Orman İşletme Müdürünün 28.03.1996 gün ve 2974/2186 sayılı yazısı ile, özel orman şerhinin kaldırılmasının istendiği ve tapu sicil müdürlüğünce bu yazı dayanak gösterilerek 15.05.1996 gün ve 778 yevmiye numarasıyla **tapu kaydı üzerindeki özel orman şerhi kaldırılmışsa da,** Orman İşletme Müdürlüğünün bu konuda yetkisiz olması nedeniyle, bu işlemin yok sayılması ve tapu kaydına yeniden özel orman şerhinin konularak cinsinin özel orman olarak belirlenip, bu şekilde tapuya tescilinin gerektiğinden davanın bu bölümünün KABULÜNE, Kat Mülkiyeti Yasasının 10. maddesine göre ana gayrimenkulün tümünün kat mülkiyetine çevrilmesi gerektiği, 6 sayılı parselin halen ve fiilen tek parsel olduğu ve tamamı üzerinde yatay kat mülkiyetinin kurulduğu, kat mülkiyeti kurulmasının parselin bölünüp parçalanması anlamına gelmeyeceği, 6831 Yasanın 52. maddesinin özel orman nitelikli taşınmazlar üzerinde kat mülkiyeti kurulmasını yasaklayan bir hüküm bulunmadığı, 6831 Sayılı Yasa özel ormanlarda diğer bazı işlem ve tasarrufları yasakladığından, dava konusu **parselin tamamı üzerinde kurulan kat mülkiyeti tapularının iptali konusundaki davanın REDDİNE,**

Diğer isteklere gelince; 6 sayılı parselin tapu kaydı üzerinde Saip Molla I Özel Ormanı şerhiyle ve cinsiyle kayıtlı bulunan taşınmazla ilgili Orman Yasasının 52. maddesi hükmüne göre **30.03.1987** gün ve 698 sayılı yazi ile **"hiçbir ifraz yapmamak, yatay alanın % 6'sından fazla yer işgal etmemek şartıyla ön izin"** verildiği, 1/1000 ölçekli vaziyet planında ve bu plana göre hazırlanan avan projelerin tatbiki, Orman Yönetimince uygun görülürek, **117 adet A** tipi **835 adet B** tipi ve **500 adet C tipi** olmak üzere toplam **1452 adet villa** ile vaziyet planında yer alan diğer sosyal ve ticari tesisler için Orman Bakanlığınca **22.12.1987 tarihinde 21 sayılı olur** ile kesin izin verildiği, bunu takiben İstanbul Büyükşehir Belediye Başkanlağınca 22.04.1988 tarihinde tatbiki uygun görülen 1/1000 ölçekli vaziyet plan, ve mimari avan projesinin onaylandığı, Beykoz Belediyesince 21.04.1988 tarihinde verilen yapı ruhsatlarının 3194 Sayılı Yasanın 29. Maddesi gereğince beş yılık süreler sonunda yenilendiği, **Orman Bakanlığınca kesin izin verilmekle yapılaşma konusunda başkaca yetkisinin kalmadığı,** Orman Yönetimin % 6'lık yapılaşma sınırının aşıldığının belirlemesi halinde, Orman Yönetiminin yapması gereken işin, 25.04.2002 tarihli yönetmeliğin 15/2. maddesi gereğince imar planlaması ve uygulaması ile ilgili görev ve sorumluluğun, imar mevzuatı çerçevesinde ilgili mercilere ait olması nedeniyle, yasa ve yönetmeliğe aykırı durumun ilgili Belediyeye bildirmekten ibaret olduğu, elatmanın önlenmesi ve kal davası yönünden, Orman Bakanlığı ve **Orman Genel Müdürlüğünün aktif dava ehliyeti bulunmadığından, % 6'lık izin sahası dışında kalan kısma yönelik olarak elatmanın önlenmesi** ve **kal davası** ile diğer taleplerin reddine karar verilmesi gerektiği gerekçesiyle,

**IV- MAHKEME KARARI:**

Mahkemece, Beykoz İlçesi Çavuşbaşı Beldesi 1-2 pafta 6 parsel sayılı Saip Molla Çiftliğine ait tapu kaydı üzerindeki özel orman şerhinin kaldırılması işleminin YOK SAYILMASINA ve yeniden niteliğinin "ÖZEL ORMAN OLARAK" BELİRTİLMESİNE, **bu**

100 17

**şekilde tapuya tesciline**, % 6'lık izin sahası dışında kalan kısma yönelik olarak **men i müdahale, kal ve diğer talepler için açılan davanın Orman Yönetiminin bu konuda dava açmasında aktif husumet ehliyeti bulunmaması nedeniyle REDDİNE**, 6831 Sayılı Yasanın 52. Maddesine aykırı olarak tapu sicil kayıtlarında özel ormanın tamamı üzerinde kurulan kat mülkiyetine yönelik işlemin iptali için açılan davanın da REDDİNE karar verilmiş,

**V- TEMYİZ EDENLER:**

**Hüküm Davacı Orman Yönetimi,**

**Davalı Melis Aklın vekili Avukat Hüseyin Aldemir, Mehmet Kahveci vekili Avukat Sedat İlhan, Erhan adalı vekili Avukat Ali Kamburoğlu,**

**Belkıs Filiz Poyraz, Cengiz Poyraz, Alican Poyraz vekili Avukat Nilgün Başaran,**

**İskender Mehmet Nuri Battal vekili Avukat Ufuk Özkap,**

**Aykut Turan ve Ayperi Turan vekil Avukat Tülin Kandemir,**

**AlbarakaTürk Katılım Bankası vekili Avukat İbrahim Aktaş,**

**Nuray Arzu Selimoğlu vekil Avukat Hasan Uzun,**

**Berleşik Fon Bankası A.Ş. vekili Avukat M.Faruk Aytekin**

**Ahmet Ömer Öktener vekili Avukat Halil Tek**

**Ayla Onucan (Tutum), Tuncay Yıldız, Ulaş kaya, Zekeriya kara, Finet Asuman Etesan, Kemal Ediz Aytaç, Ümit Sefakara vekaleten kendine asaleten Avukat Kayhan Okan Özyurt**

**Mehmet Faruk Bayrak ve diğerleri vekili Avukat Mehmet Aba,**

**Esat Can Özoğuz ve Györgyi Özoğuz vekili Avukat Kazım Sancak**

**N. Serhat Akın vekili Avukat Latife Yaman,**

**Hızır Yılmazer vekili Avukat Özgün Öztunç,**

**HSBC Bank A. Ş. Vekili Avukat Songül Dinçel (tehiri icra talepli),**

**Hayati Kaya ve diğer 156 davalının vekili Avukat Cevdet Yavuz ve Avukat Mustafa Şıvgın, (duruşmalı ve Tehiri İcra talepli)**

**Türkiye Halk Bankası A.Ş. vekili Avukat Mehmet Sevimli,**

**Samet Erensoy vekili Avukat Şengül Alemdar,**

**Mehmet Çağrı Bağatur vekili Avukat J. Işıl Bağatur**

**Cemalettin Kesikbaş ve diğer dört davalı vekili Avukat Gönül Korkmaz,**

**İsmet Hakan Erdal vekili Avukat Mecit Kara,**

**Fortis Bank A.Ş. vekili Avukat Barış Laleoğlu,**

**Türkiye Vakıflar Bankası T. A.O. vekili Avukat Ahmet Melik Şener**

**Beykoz Belediye Başkanlığı vekili Avukat Serpil Kaya,**

**Davalı Volkan Ertaş vekili Avukat İsmail Göktoprak,**

**T.Garanti Bankası Vekili Avukat Fuat Öztürk**

**Davalılar Neşe Doğan ve Esra Acar vekili Avukat Kemal Koç,**

**Ayşe Tülin Şekerci Avukat Kemal Mürtezaoğlu**

**Kazım Berzeg, (Duruşmalı)**

**Tasarruf Mevduat Sigorta Fonu vekili Avukat Nazmiye Kınalı,**

**Sezen Harracı vekili Avukat Yıldız Erginer ve Ülkü Özkarakaşoğlu**

**Cafer Sertan Berköz ve Serkan Behçet Berköz vekili Avukat Buket Altufan**

**Sabri Haman Ölçer ve Aynur Ölçer vekile Avukat Ahmet Sert**

**Mehmet Ertuğrul Gözen, Engin Yıkılmazoğlu ve Zeynep turan vekili Avukat Yasemin Merçil,**

**Şifa Nermin Gedizşener ve Yaman Gazioğlu vekili Avukat Ümit Karaca, Figen Çetiner,**

**Zümrüt Ağırbaş vekil Avukat Mücahit Demir,**

**Millennium Bank A.Ş. Hüsamettin Dinçer,**

**Şevket Sami Nacaroğlu vekili Avukat Cevdet Yavuz tarafından temyiz edilmiştir.**

**KARARI TEMYİZ ETMEYEN DAVALILAR:**

**Kazım Berzeg, (Duruşmalı)**

**Davalılar Zeynep Hayırlı Kazan ve Elif Dağlı vekili Avukat Turgut Kazan,**

10016

**Finansbank A.Ş. vekili Av Nilüfer Kuden Arısoy**

**M. Derya Feyzioğlu, Selin C. Feyzioğluve Zeynep Hande Paker Uncu vekil Avukat Mustafa İnanç**

**Mustafa Cem Öztürk vekili avukat İ. Hakk Gülhan**

**Selma Bender Aydın, Seyfettin Engin Aydın vekili Avukat Av Serpil S. Öktem**

**Mehmet Tiryakioğlu ve Aydan Genç vekili Avukat Mehmet Danışman,**

**Aslan Uğur Tezman vekili Avukat Nedim Karako ve Cem Karako**

**Muharrem Usta vekili Avukat Mutlu Halalçoğlu ve Yalçın Ayaz**

**Cüneyt Paksoylu vekili Avukat Şeyh Şamil Çağlar ve Av Tuncer Peker**

**Kemal Yaz vekili Avukat Turhan Yıldız**

**Doğa Koleji Eğitim kurumları A.Ş. vekil Avukat Esat Öznur**

**Yalçın Çakalır ve Taşkın Bekar vekili Avukat Ümmühan Pınar Ataberk**

**Hülya Yıldırım vekili Avukat Kaya Tunç**

**F. Yıldız Güriş vekili Avukat H. Umur Güriş**

**Zeynep Tijen Kutbay, Coşkun Kutbaş, Kadri Soygül ve Ebru Soygil vekili Avukat Uğur Koçlu**

**Akbank T.A.Ş., Alpaslan Özlü ve Ziya Akkurt vekil iAVukat Şengül Ceyhan**

**Dost İnşaat ve Taahhüt Sanayi ve Ticaret A. Ş. ve 1434 arkadaşı vekili Avukat Haluk Öztürk ve Alev Ulaş Gönenç**

**Ali Fahri Dural vekili Avukat M. Gencel Ergül ve Koray Özyurt**

**Türkiye İş Bankası vekili Avukat Yalçın Pekdemir**

**Şevket Fuat Keçeci, Melek Emine Kepekli, Ayşe Şen Keçeci ve Cüneyt Uygun vekili Avukat Bülent Yarol,**

**Mehmet Emre Çamlıbel**

**Denizbank A.Ş. vekili Avukat Tuba Aydemir**

**Arzu Atik ve Şerafettin Atik vekili Avukat Esat Çelik**

**Cengiz Yüksek vekili Avukat Mehmet Dedelioğlu**

**Bener Akın vekili avukat Zeycan Güzelsoy**

**FFK Fon Finansal Kiralama A. Ş. vekili Avukat Fatih Çalışkan**

**Esra Merve Erdikler vekili avukat Dr Fatoş Kılıç ve Av. Işıl Yener,**

**Refik Sarpel, Nedim Hakan Sarpel, Burak Göreli, Arif Sankur ve Aşe Nurseda Sankur ve ikil Avukat Şeref Dede, Avukat Kadir Akyüz ve Avukat İbrahim Şahinkaya**

**Birben Başeskioğlu vekili Avukat Füsun Kimiran**

**Fatma Perihan Yazıcı vekili Avukat Ahmet Faik Gülfidan**

**Safit karamancı vekili Avukat Ayfr Dikmen**

**Ahmet İyimaya vekili Avukat Habibe İyimaya Kayaaslan**

**Mehmet Nadir Köseer vekili Avukat Zülküf Cansever**

**Sevinç Emre ve Ali Sami Emre vekil Avukat F. Nihan Nişancı Aksoy,**

**İse mahkeme kararının onanmasını istemişler,**

**Diğer davalılar ise mahkeme kararını temyiz etmemiştir.**

Dava dilekçesindeki açıklamaya ve dosya kapsamına göre dava, özel orman olan taşınmazda 6831 Sayılı Yasanın 52. maddesi gereğince % 6'lık inşaatın sahası dışında verilen izinlerin kalan bölümlerinin özel orman vasfı ile tevhit ve tescili ve yolsuz olarak oluşturulan kat mülkiyeti tapularının iptali, Çavuşbaşı Köyü 6 sayılı parselin tapu kaydı üzerinde bulunan "özel orman şerhinin" yetkisiz kişilerin yasaya aykırı talimatı ile kaldırıldığının tespiti ile yok sayılmış ve 6 sayılı parselin özel orman olduğu konusunda yeniden tapu kaydı üzerine şerh konulması ve izin kapsamını dışındaki bölümlere yapılan yapıların kal-i ve elatmanın önlenmesi, tevhit edilecek taşınmazların tapu kaydının beyanlar ve şerhler hanesinde yer alan tüm ayni ve şahsi şerhlerin kaldırılmasına ilişkindir.

Çekişmeli taşınmazın bulunduğu yerde 1981 yılında yapılıp kesinleşen orman kadastrosunda, çekişmeli taşınmaz "Saip Molla Özel Ormanı I" olarak sınırlandırılmıştır.

MF

**VI- ÇAVUŞBAŞI KÖYÜ 6 PARSEL SAYILI SAİP MOLLA ÖZEL ORMANININ TAPU KAYDININ OLUŞUMU**

1- Çavuşbaşı Köyü 1 parsel sayılı 2.292.187.50 m2 yüzölçümündeki taşınmazın, Eylül 1977 tarih 1 numaralı tapu kaydı revizyon gösterilerek, bir kıt'a çalılık (Özel Orman) niteliğinde olan taşınmazın 30.09.1981 tarihinde yapılan kadastro çalışmasında, tutanağın edinme sütununa "Taşınmaz Eylül 1972 tarih 1 numarada kayıtlı olup, 28.06.1972 tarihinde taşınmazın bulunduğu Çavuşbaşı Köyünde tapulamanın başlanacağı ilan edildiği halde sair sebeplerle başlanamadığı, bu kere tapu kaydı maliklerinin özel tapulama taleplerinin Tapu ve Kadastro Müdürlüğünc bildirildiği, Genel Müdürlüğün 04.06.1981 ve 29.06.1981 tarihli yazıları üzerine, tapulama çalışmalarına başlanıldığı, İstanbul Orman İşletme Müdürlüğünce gönderilen Aralık 1980 tarihli ve İstanbul f-22-d-13-c ve f-22-d-13-d nolu orman tahdit haritalarından Devlet Ormanları ile olan sınırların aynen tatbik edildiği, güney batıdaki Dedeoğlu Özel Ormanı ile olan sınırda ise tapu kaydı hudutları ile orman haritasında gösterilen hudut arasında çelişki bulunduğundan, bu yolda yapılan araştırmada muhtar ve bilirkişilerin gösterme ve beyanları ile bu köyün en yaşlı kişisi olan Şevket Karatop'un bu konudaki ifadesi de gözetilerek ve (1) nolu orman kadastro komisyonunun orman kadastro dosyasındaki tutanaklar üzerinde yapılan inceleme sonucunda bu sınır tapu kaydına göre işlenerek, özel orman niteliği ile **Moda Köyü Şehircilik İşletmeleri Anonim Şirketi adına tesbiti yapıldı"** şeklinde açıklama yapılarak Modaköy Şehircilik işletmeleri A.Ş. adına tesbit tutanağı düzenlenmiş, itirazı komisyonca reddedilen davacı Hazinenin Beykoz Tapulama Mahkemesinde açtığı dava sonunda, mahkemenin 05.04.1983 gün ve 1983/11 sayılı kararı ile "çekişmeli 1 sayılı parsele revizyon gören tapu kaydı 4785 Sayılı Yasa ile Devletleştirilmiş ise de önceki maliklerinin itirazı üzerine Danıştay 6. Dairesinin 25.06.1948 tarih ve 3425/1524 sayılı kararı ile Devletleştirme işleminin iptal edildiği ve özel orman sınırları içinde bulunduğundan davanın reddine, dava konusu taşınmazın tesbit gibi Modaköy Şehircilik İşletmeleri Anonim Şirketi adına tapuya tesciline" dair verilen kararın, Hazinenin temyizi üzerine Yargıtay 7. Hukuk Dairesinin 29.02.1984 gün ve 1984/2446-2754 sayılı kararı ile "taşınmazın 2613 Sayılı Yasaya göre yapılan kadastro çalışmalarına konu edilip edilmediğinin belirlenmesi, konu edilmiş ise, Tapulama Yasasının 46/2 madde hükmünce ikinci kez yapılan tapulamanın iptali yoluna gidilmesi, aksi takdirde 1935 tarih 9 sayılı tapu kaydının uygulanması, 4785 Sayılı Yasaya göre yapılan Devletleştirme işleminin iptalini öngören Danıştay kararına ait dava dosyası ve oradaki belgelerden yararlanılması gereğine değinilerek" bozulması üzerine, bozmaya uyulduktan sonra Mahkemece "12.03.1986 tarih ve 1984/5-7 sayılı "teknik bilirkişi Kubilay Aral'ın raporuna ekli 21 Ekim 1985 tarihli krokide hudutları gösterilen tapunun, çekişmeli 1 sayılı parsele uyduğu ve dava konusu parselin de tapu kaydı hudutları içerisinde kaldığı" gerekçesiyle davanın reddine, dava konusu Çavuşbaşı Köyü 1 sayılı parselin tapulama tutanağı ve komisyon kararı gibi bir kıt'a çalılık (özel orman) niteliği ile aynı miktar üzerinden davalı Modaköy Şehircilik İşletmesi Anonim Şirketi adına tapuya tesciline ilişkin kararın Hazine temyizi üzerine, Yargıtay 7. Hukuk Dairesinin 14.07.1986 gün ve 1986/11640-7230 sayılı kararı ile onandıktan sonra kesinleşmiştir. Çavuşbaşı 1 sayılı parsel cinsi Saip Molla Özel Ormanı olarak tapuda kayıtlı iken, 1986 yılında TEK plon yeri kamulaştırması nedeniyle 2, 3, 4, 5 ve 6 sayılı parsellere ifraz edilerek, 2, 3,4 ve 5 sayılı parseller TEK Genel Müdürlüğü adına, 6 sayılı parselde 2.291.280 m2 yüzölçümünde yine özel orman olarak **Modaköy Şehircilik İşletmeleri A.Ş.** adına tescil edilmiş, **24.06.1987** tarihinde 18/100 payı **Faik Yeğenoğlu**, 38/100 payı **Zeki Duşi** 11/100 payı **Hasan Ekinci**, 18/100 payı **Kadri Ustertuna** ve 15/100 payı da **David Nahmiyas**'a satılarak adlarına tescil edilmiş, bunlar da paylarının tamamını 06.04.1988 tarihinde **Yaşar Keskin**'e satmışlardır.

2- Çavuşbaşı Köyü I sayılı (ifrazen 6) parselin kadastro tesbitine esas alınan Eylül 1977 tarih 1 sayılı bir kıta çalılık cinsli ve 2.755.200 m2 yüzölçümlü tapu kaydının geldisinin Eylül 1972 tarih 1 numarada Fuat Devecioğlu ve Nihat Ülucak adına kayıtlı bulunduğu ve bu kaydın geldisinin de General Kamil oğlu Cemil Kemal adına kayıtlı tahmini 3000 dönüm (2.755.200 m2) yüzölçümündeki, 19 K.Sani 935 tarih 9 numaralı tapu olduğu, bu tapu kapsamının orman olması nedeniyle 13.07.1945 tarihinde yürürlüğe giren 4785 Sayılı Yasanın 1. maddesi gereğince Devletleştirildiği, Devletleştirmeye esas olan,

NG

Ömerli Orman İşletmesi Mühendis Muavini **Naci Korlatan** ve Bozhane Bölge şefi Mühendis Muavini **Orhan Özer** tarafından 22.05.1946 tarihinde yerinde düzenlendiği ve bu raporda; Cemil Kemal Muhayyeşe ait Saip Molla Özel ormanın aşısız kestane ormanı olduğu ve devletleştirme dışı kalması iddia edilmesi nedeniyle yerinde yapılan incelemede, bu ormanın % 60 kestane, % 30 fındık ve % 10 da meşe ve gürgenden oluşan şah ve filizden yetişmiş karışık baltalık ormanı olduğu, 50x10 ebadındaki tecrübe şeridinde toplam ağaç sayısının 711, ormanın sıklık derecesinin 0.8 ve ortalama yaşının da 8 yıl olması nedeniyle **4785 Sayılı Yasanın 2. maddesinin B bendi kapsamına girmediği,** 4785 Sayılı Yasanın 2. maddesinin tatbikatı ile ilgili Orman Genel Müdürlüğünün 10.07.1945 tarih ve 2563/54874-176 Ş.2 sayılı izahnamesi gereğince bu izahnamenin 5, 6, 7 ve 8. Maddeler gözönünde tutularak, bu ormanın mezkur kanunla kamulaştırılan ormanlara bitişik olması ve emekle yetiştirilmiş ormanlardan olmaması nedeniyle, bu ormanın kamulaştırma dışında kalmayacağı" yönündeki raporun o tarihteki tapu maliki Cemil Kemal Muhayyes'e 01.08.1946 tarihinde tebliğ edilmesi üzerine **Cemil Kemal Muhayyeş tarafından Orman Yönetimi aleyhine Salip Molla Çiftliği namıyla maruf aşısız kestane ormanının, 4785 Sayılı Yasanın 2/B maddesindeki istisna kapsamında olduğu" iddiası ile devletleştirilme işlemin iptali için Danıştada dava açıldığı"** Danıştay tarafından 11.04.1948 tarihinde yerinde yapılan keşiften bir gün sonra verilen bilirkişinin 12.04.1948 tarihli raporunda "bu orman % 80 oranında aşılı kestane ağacı bulunduğu" konusundaki raporu **esas alınarak "davanın kabulüne ve devletleştirme işleminin işlemin bozulmasına"** ilişkin, Danıştay 6. Dairesinin 25.06.1948 gün ve 1946/3425-1524 sayılı kararının, düzeltme yolu kullanılmadığı için 27.05.1949 tarihinde kesinleştiği anlaşılmaktadır.

Bu durumda, çekişmeli Çavuşbaşı Köyü 6 parsel sayılı "Saip Molla Özel Ormanı" isimli taşınmazın **özel orman olduğu hükmen kesinleşmiştir**. Bu konuda taraflar arasında da uyuşmazlık bulunmamaktadır.

Üsküdar İşletmesi, Alemdağ İşletmesi Alemdağ Orman Bölge Şefi İ. Galip Tuncer tarafından düzenlenmiş olan 14.10.1949 tarihli kesim izninden, Saip Molla I Özel Ormanında kesim yapıldığı, anlaşılmaktadır.

**VII- DELİLLER:**

**A) YAPILAŞMA İZNİ VE SONRAKI İDARİ İŞLEMLER;**

6831 Sayılı Orman Yasasının 52. maddesine 05.06.1986 gün 3302 Sayılı Yasa ile **"Şehir, kasaba ve köy yapılarının toplu olarak bulunduğu yerlerdeki özel orman alanlarında ifraz yapılmamak ve yatay alanın % 6'sını geçmemek kaydıyla inşaat yapılabilir. İnşaatların yapılmasında orman alanlarının tabii vasıflarının korunmasına özen gösterilir."** şeklinde fıkra eklenince, Modaköy Şehircilik İşletmeleri A.Ş. bu yasanın yürürlüğe girmesinden 8 ay sonra **27.02.1987 tarihli** dilekçe ile Orman Genel Müdürlüğüne başvurarak 05.06.1986 ve 3302 Sayılı Yasa ile değişik 52. maddesi gereğince, Saip Molla Özel Ormanı I adlı Çavuşbaşı Köyü 1-2 Pafta 6 sayılı parsel üzerine inşaat izni verilmesini istemiş, Orman Genel Müdürü **Mehmet Ali Karadeniz** imzası ile ve **30.03.1987 gün 0698 sayılı yazı ile "229.2187.00 Hektar alanlı özel ormanın yatay alanının % 6'sından fazla yeri işgal etmemek, inşaat alanı kat sayısı % 50'yi geçmemek, 2. katta saçak seviyelerinin tabi zeminden yüksekliği h:6.50 m.'yi aşmamak % 6 dışında kalan ormana ve yola 10 m.'den fazla yaklaşmamak şartı ile bir ailenin oturmasına mahsus bağ veya sayfiye evleri veya eğlence turizm tesisleri ile bu gibi tesislerin müştemilat binalarının yapılması maksadıyla (8) ay süreli ön izin verilmiştir."**

Bu ön izin tarihinden iki ay sonra 28.05.1987 tarihli Resmi Gazetede yayınlanarak yürürlüğe giren 3373 Sayılı Yasa ile 6831 Sayılı Orman Yasasının 52. maddesi yine değiştirilerek önceki hükme **"bu yasanın 17. maddesi gereğince izin alarak, imar planlamasına uygun"** tümcesi eklenmiş ve o tarihte Modaköy Şehircilik A.Ş. adına kayıtlı olan 6 nolu özel orman parseli 3373 Sayılı Yasanın 28.05.1987 tarihinde yürürlüğe girmesinden 26 gün sonra 24.06.1987 tarihinde şirket tarafından 18/100 payı **Faik Yeğenoğlu,** 38/100 payı **Zeki Duşi,** 11/100 payı **Hasan Ekinci,** 18/100 payı **Kadri Ustertuna,** 15/100 payı **David Nahmiyas**'a satılmıştır.

6613

Orman Yönetimince **30.03.1987 tarihli ön izine** esas olmak üzere Orman Genel Müdürlüğünün 03.03.1987 gün ve Kd.5.1704-255/745 sayılı emirlerine istinaden, Orman Bölge Müdürlüğünün 23.03.1987 tarih ve 17 Kd 29-341/3202 sayılı emirleri gereği, Çevre ve Orman Bakanlığı Kadastro Mülkiyet Şube Müdürü **Güngör Teber** ve Alemdağ Orman İşletme Müdür Yardımcısı **Nazım Öztürk** tarafından düzenlenen **23.03.1987 tarihli ön izin raporunda;**

"Taşınmaz orman niteliğiyle tapuluyken, 4785 sayılı Yasa hükümlerine göre devletleştirildiği, Danıştay'ın 25.06.1948 gün ve 3425-1524 sayılı kararı ile sahiplerine iade edilen özel orman olduğu, Tapulama Mahkemesinin 27.08.1986 gün ve 1984/5 sayılı kesinleşmiş kararı gereğince Beykoz Tapu sicil Müdürlüğünce, Çavuşbaşı Köyü 28.08.1986 tarih 1735,1-2 pafta 1 parsel sayısı ve 2292187 m2 olarak Modaköy Şehircilik İşletmeleri A.Ş. adına özel orman olarak hükmen tescil edildiği, amenajmanda niteliğinin orman olduğu, arazide bulunan BTİ, BBT, BBT-MA meşçere tiplerinin koruya tahvilli olduğu, ağaç cinslerinin kestane, gürgen, ıhlamur niteliğinde olduğu, yapılaşma izni nedeni ile **bir miktar ağaç kesilebileceği**, taşınmazın bulunduğu Çavuşbaşı Köyünde orman kadastrosunun 1981 yılında yapılıp ilan edilerek itirazsız yerlerde kesinleştiği, bu kadastroda taşınmazın **özel orman olarak sınırlandırıldığı**, arazi kadastrosunun yapılmadığı, ağaçlandırma, milli park sahası ve muhafaza ormanı ile ilgisi bulunmadığı, koruma, istihsal ve ağaçlandırma ormanı çalışmaları yönünden sakınca bulunmadığı, orman bütünlüğünün bozulmadığı, Saip molla Özel ormanının üç parçadan oluştuğu iki parçası Beykoz Merkez Belde sınırları içinde 238 adada kaldığı, bir parçanın ise, Çavuşbaşı Köyü sınırları içinde bulunduğu, bu parçalar bir bütün olarak düşünüldüğünde, batı yönden yerleşim alanına sınırı olup, batıdaki bir bölümünün orman dışına çıkarıldığı, diğer yönlerden ise orman alanlarına sınır olduğu, sonuç olarak Modaköy Şehircilik hizmetlerinin istemi incelendiğinde, yapılacak bina ve tesislerin usulüne uygun ve ilgili belediye onanlı proje ve keşif evrakı verilmesi usulüne uygun taahhüt senedi verilmesi ve hiçbir şekilde ifraz yapılmaması, yatay alanın **% 6 miktarından fazla yer işgal etmemesi,** inşaat alanı kat sayısının % 50 yi geçmemesi ve 2 katta saçak seviyesinin tabii zeminden yüksekliği 6.50 metreyi geçmemek, % 6 dışındaki orman ve yola 10 metre den fazla yaklaşmamak, orman alanın tabii vasıflarının korunmasına özen göstermek şartıyla ile, talep sahibine 1 sayılı özel orman parseline, Orman Yasasının değişik 52. maddesi ve 17 maddesi gereğince **ön izin verilmesinde** sakınca görülmediği" belirtilmiştir.

3- Orman Genel Müdürlüğü Kadastro ve Mülkiyet Daire Başkanlığı **30.03.1987 günlü ve 698** sayılı Orman Genel Müdürü Mehmet Ali Karadeniz imzası ile, **"yapılaşma izni için istem konusu 137531 m2 alan üzerinde hiçbir ifraz yapmamak, yatay alanın % 6'sından fazla yer işgal etmemek, inşaat alanı katı sayısı % 50 yi geçmemek, 2. kat saçak seviyesinin tabi zeminden yüksekliği (H) 6.50 m. geçmemek, % 6 dışındaki ormana ve yola 10 metreden fazla yaklaşmamak, şartı ile bir ailenin oturmasına mahsus bağ ve sayfiye evleri veya eğlence turizm tesisleri ile bu gibi tesislerin müştemilatı sayılan binalarının yapılması maksadıyla 8 ay süreli ön izin verilmiş**, Modaköy Şehircilik İşletmeleri A. Ş.'ne, bu iznin zaruret halinde ikişer aylık devreler halinde dört ay daha uzatılabileceği, bu ön izin süresi içinde, Mevzi İmar planlarının hazırlanarak yetkili mercilere onaylattırılması, 1/1000 ölçekli yerleşim planları ve mimari projenin hazırlanarak yet mercilere onaylattırılması, 1/1000 ölçekli ağaç röle ve plan ve ağaç çap listesi hazırlattırılması ve bölge müdürlüğüne onaylattırılması, Mimari projeye uygun olarak Bayındırlık ve İskan bakanlığı 1987 yılı birim fiyatlarına göre maliyet ve fizibilite raporlarının hazırlattırılarak belediyeye onaylattırılması, bu projelerini 3'er takim halinde Orman Genel Müdürlüğüne verilmesi halinde, söz konusu inşaatların yapılması için kesin izin verileceği" şirkete bildirilmiştir.

4- Orman Bakanlığı, Orman Genel Müdürlüğü Kadastro ve Mülkiyet Daire Başkanlığından çıkan ve Orman Genel Müdür Yardımcısı **Osman Çelik** tarafından imzalanan yazı ile **"Saip Molla Özel ormanında A tipi 117 adet, B tipi 835 adet ve C tipi 500 adet villa ile diğer sosyal ve ticari tesisler için 137531 m2 lik ormanlık alanda 6831 Sayılı Orman Yasasının 52 ve 17. maddesinin 4. fıkrası gereğince kullanma bedeli, izin süresi, yapılan bina ve tesislerin devri gibi hususlar genel hükümlere uygun olarak taraflarca tesbit olunmak kaydıyla"**, mal sahipleri adına **İsmet Acara** izin verilmesi isteği ile Bakanlık oluruna

NF

sunulmuş, Orman Bakanı yerine Orman Genel Müdürü vekili Cemal Akın'ın imzasını taşıyan **22.12.1987 tarihli 21 sayılı olurla izin verilerek ve** bu olur 23.12.1987 tarih ve 2573 sayılı yazı ile İstanbul Orman Bölge Müdürlüğüne bildirilmiştir.

5- Büyükşehir Belediye Başkanlığı Danışma Kurulunun **24.11.1987** gün ve 579 sayılı karar ile görülen ve Orman Teşkilatınca 26.11.1987 tarihinde tatbiki uygun bulunan "blokların şekli ve yerleri ile yolları şematik olup, yerleşim planı ilçe belediyesince tastik edilecektir." Şerhi ile 12.04.1988 tarihinde İstanbul Büyükşehir Belediye Başkanlığınca onaylanan 1/1000 ölçekli vaziyet planı şartalarına uygun bazı blok yerlerinin değiştirilmesi, alt yapı ile ilgili zorunlu tadilat nedeniyle Raportör **Ayla Oflu**, Ruhsat ve İskan Şefi **Ekrem Demir** tarafından yeniden düzenlenen vaziyet planı İmar Müdürü **Fikret Ergin** tarafından tadilen onaylanmıştır.

6- Alemdağ Orman İşletme Müdürlüğünün **07.05.1990** tarih ve 07.Kd 29-118/2543, 06.06.1990 gün ve 07 Kd 1-118/3568 sayılı yazısı ve Bakanlığın **22.12.1987 gün ve 21 sayılı oluruyla**, Saip Molla I Özel Ormanında verilen %6 yapılaşma izninin tetkiki istenmiş, Orman İşletme Müdürlüğünde görevli Şükrü Çelik ve Ahmet Özcan tarafından düzenlenen **25.06.1990** tarihli raporda,

"Projenin araziye aplikesi ve kayıtların tetkikinde;

A tipi villanın 117 adet x148 m2 =17316 m2

B tipi villanın 835 adet x96 m2 den 80160 m2

C tipi villa 500 adet x80 m2 den 40000 m2 olmak üzere toplam 137436 m2

Spor alanları 11616 m2

Ticaret sahası 2904 m2,

İdari ve kentsel hizmet servisi 1742.4 m2,

Sosyal ve Kültürel yapılar 1742.4 m2,

Dini yapılar 2592 m2,

Yeşil alan ve parklar 58080 m2 olmak üzere **toplam 216112.8 m2 alanı kapsadığı**, bu hesaba projedeki **yolların dahil olmadığı**, halen inşaat halinde 139 binanın bulunduğu, projedeki diğer inşaatların henüz başlamadığı, verilen izinden **78581.8 m2 fazla bir yapılaşmanın bulunduğu**, ayrıca bakanlık olurunda, saha içinde yapılacak **yollar ile ilgili bir** açıklama bulunmadığı, kontrol sırasında şirket yetkililerince kendilerine sunulan yerleşim planının plan notları bölümünde, sosyal tesisler, **kültürel tesisler, kentsel hizmet alanları, dinsel yapılar sağlık yapıları, kapalı spor salonları ve ticaret mahallerinin TAKS'a dahil olmadığı**, % 6 yapılaşma izin sahasının projelere göre düzenleneceği, oysa Bakanlık Makamının **22.12.1987 tarih ve 21** sayılı olurlarında ise, 30.03.1987 tarihli ön izinde olduğu gibi **izin sahası 137531 m2** olup, villalar ve diğer sosyal tesisler ve ticari tesisler için izin verilmekle, projedeki yapılaşma alanı ile 22.12.1987 tarihli izinde öngörülen **yapılaşma alanı arasında çelişki bulunduğu"** belirlenmiştir.

7- Orman Bölge Müdürlüğü **27.07.1990** gün ve 10140 sayılı yazıyla Orman Genel Müdürlüğünden, sözü edilen 25.06.1990 **tarihli** inceleme raporuna göndermede **bulunularak**, **22.12.1987 gün ve 21 sayılı olurla** verilen 137531 m2'lik yapılaşma izin alanına, sadece villaların sığdığı, projede yapılması öngörülen sosyal tesis ve ticari yapıların 78676 m2 alanı kapladığı, **bu alanların izin sahasına sığmadığı**, bu konuda yapılacak işlemin kendilerine bildirilmesini istemiş, Orman Genel Müdürlüğü Kadastro ve Mülkiyet Daire Başkanlığı **11.10.1990** gün ve 1436 sayılı yasıyla verdiği cevapta, yapılaşma izninin yatay alanın % 6'lık kısmı olan 137531 m2 bölümü olduğu, **bu alana villa sosyal alan ve ticari tesisler ile yollar dahil tüm yapılaşmanın sığdırılması, bu alanın dışında yapılaşmaya izin verilmemesi, gerektiğinde plan değişikliğine gidilmesi**, bölge müdürlüğü nezdinde % 6 yapılaşma izni verilen diğer özel ormanlarındaki yapılaşma durumlarının da yerinde incelenerek, izin sahası dışına taşmalara meydan verilmemesini istemiştir.

8- Alemdağ Orman İşletme Müdürlüğü tarafından Orman Bölge Müdürlüğüne yazılan **19.11.1990** gün ve 07.Kd.29-118 -6161 sayılı yazıda, izne konu 137531 m2 yüzölçümündeki % 6'lık yapılaşma izin alanı için, hazırlanan imar ve yerleşim planlarında **yolların hiç dikkate alınmadığı**, sosyal, dini, kültürel ve idari binaların 29596,8 m2 yer kapladığı, konut ve sosyal tesisler için öngörülen alanın, **% 6'lık yapılaşma izin alanını geçtiği**, Bakanlık oluru ile, **olur**

XLG

**ekindeki projeler arasında çelişki bulunduğu** bildirilmiş, Orman Bölge Müdürlüğü de bu yazıyı dayanarak, **20.11.1990** gün ve 16034 sayılı yazısıyla, kesin izin oluru ve ekindeki uygulama projelerinde, yolların genel alanının % 24, konut ve sosyal tesislerin % 8 olmak üzere toplam izin alanın parselin % 32 sini oluşturduğu, bu durumda **imar planını konutların haricindeki tesisler için uygulama yeteneğinin bulunmadığı** açıklanarak, uygun görüldüğü taktirde hem izin olurunun, hem de imar planını tadili için, Orman Genel Müdürlüğünden izin istenmiştir.

9- **Orman Genel Müdürlüğü Hukuk Müşaviri, Erkal Kızılay** imzalı 10.01.1991 gün ve HM.Kdm.3-156/42 sayılı görüşünde, 137531 m2 izin alanı **dışında her türlü yapılaşmanın 17/1 maddeye aykırı olduğu, izne konu alanın hem konut hem de ana binalar, sosyal tesis ve alt yapı tesisleri için geçerli olduğu, alan dışında yol ve bina yapımının söz konusu olamayacağı,** 6831 Sayılı Yasanın 52. madde gereği verilecek izinin tek parça halinde ve mutlaka orman bütünlüğünü bozmayacak biçimde olacağı, olanaklı ise yapılaşmanın binalar iki katı aşmayacak biçimde sınırlandırılması gerektiği, 52. madde içinde izin alanının dışına taşan **yapılar için suç zaptı düzenlenmesi ve bu binaların kal-i yoluna gidilmesi**, yürütülmekte olan inşaatların engellenmesi" istenmiştir. Genel Müdürlük Hukuk Müşaviri Erkal Kızılay'ın bu görüşü Orman Bakanlığı Kadastro ve Mülkiyet Dairesi Başkanlığının 03.02.1991 gün ve 379 sayılı yazısı ile **Nevzat Özer** imzası ile İstanbul Orman Bölge Müdürlüğüne bildirilmiş,

10- **İsmet Acar tarafından verilen 07.12.1990** tarihli dilekçeyle, Çavuşbaşı Köyü 6 sayılı parselde; yapılan inşaatların verilen izin ve ruhsatlara uygun yapılıp yapılmadığının belirlenmesi amacıyla mahkemeden delil tesbiti istenmesi üzerine, Beykoz **Sulh Hukuk Mahkemesinin 1990/231 D. iş** sayılı dosyasında, bilirkişiler Abdullah Tuna, Mustafa Kabalak ve Nazım Kabakçı tarafından düzenlenen **30.11.1990** tarihli müşterek raporda; [6 parsel sayılı Saip Molla I Özel Ormanında, 1452 villa için 06.05.1988 tarihinde 840 yevmiye ile **Yaşar Keskin adına kat irtifakı oluşturulduğu**, tesbit tarihine kadar geçen sürede 116 adet (A) tipi, 699 adet B tipi villa 500 adet C tipi villa ve 485 adet de bağımsız bölümden oluşan ticari ve sosyal tesislerin **üçüncü şahıs durumundaki özel ve tüzel kişilere tapudan devir ve ferağının yapıldığı**, A, B ve C tipi toplam 1452 adet villa % 6 TAKS içinde olarak ve geri kalan sosyal tesisler ve **Ticaret alanlarda TAKS'a dahil edilmeden,** Tarım ve Köyişleri Bakanlığının **27.11.1987 tarih** ve KOM.3-ÖZO 17-04-30/2393 sayılı Genel Müdür Yardımcısı **Osman Çelik** imzası ile **İsmet Acar**'a gönderilen yazıda **hak sahipleri adına kesin izin verildiği**, kesin izinden sonra **İstanbul Büyükşehir Beledi Başkanlığının "Blokların şekli ve yerleri ile yollar şematik olup, yerleşim planı ilçe belediyesince tastik edilecektir"** şerhi ile daha önce Danışma Kurulundan geçen ve orman teşkilatınca da tatbiki uygun bulunan 1/1000 ölçekli imar planın 12.04.1988 tarihinde imzalanmak suretiyle onayladığı, Beykoz Belediyesince A, B ve C tipi **villara için üç adet sosyal ve ticari tesisler içinde bir adet inşaat ruhsatı verildiği**, daha sonra Orman Genel Müdürlüğünce, İstanbul Orman İşletme Müdürlüğüne gönderilen 11.10.1990 gün ve 1436 sayılı yazıda, yollar ile sosyal ve ticari tesislerin de % 6 TAKS alanına dahil edilerek uygulamanın buna göre yapılması istenmişse de, daha önce **Sosyal ve Ticaret tesislerinin % 6'lık taban alanına dahil edilmediğinin,** hem ilgili belediyelerce hem de orman teşkilatınca onaylanan ölçekli imar plan notunun 7. maddesinde ifade edilmesi nedeniyle, bu notun bağlayıcı olduğu, ayrıca **tastikli planlara uygun olarak verilen ruhsatların, hak sahipleri yönünden kazanılmış hak oluşturacağı,** yeniden plan tadilatı yapılmış olsa bile, daha önce verilmiş olan ruhsatlarla **kazanılmış hakların ortadan kaldırılamayacağı**] açıklanmıştır. Mahkemenin tespit dosyasına verilen bu raporun bir örneği, İsmet Acar tarafından Orman Yönetimine dilekçe ekinde gönderilmiştir.

11- Orman Genel Müdürlüğü Kadastro ve Mülkiyet Daire Başkanlığı **21.02.1991** gün ve 418 sayılı yazısıyla, 137531 m2 izin alanının hem ana binalar hem de sosyal ve alt yapı tesisleri için geçerli olduğu, **izne konu alan dışında yol ve bina yapımı söz konusu olamayacağı, bu alanı aşan her türlü imar planlaması ve yapılaşma** Orman Yasasının 17/1. maddeye aykırı olduğunu, Şirket Yönetim Kurulu Başkanı İsmet Acara bildirmiştir.

12- Orman Genel Müdürlüğünün [illegible].04.1991 gün ve 644 sayılı yazıyla, İsmet Acar tarafından verilen 07.12.1990 tarihli dilekçede Beykoz Sulh Hukuk Mahkemesinden alınan

tesbit kararı ve bilirkişi raporu ile tüm detayların rapora bağlandığı, buna göre alınan ruhsatname ile kazanılmış hakların ortadan kaldırılamayacağı, mahkeme kararı ile yapılan tesbit raporu çerçevesinde işlem yapılmasının istendiği, ekli Bilirkişi raporunda 1/1000 ölçekli imar planını hem belediye hem de Orman yönetimince onaylandığı, onaylanan iman planı notunda 7. madde olarak sosyal ve ticari tesislerin dahil edilmediğinin belirtildiği, imar planın plan notlarının bağlayıcı nitelikte olup uygulanması gerektiği, ayrıca tasdikli planlara uygun olarak verilen ruhsatların müktesep hak teşkil ettiği, **ruhsatlarla kazınılmış hakların** ortadan kaldırılamayacağı, idareleri tarafından onaylanan plana göre inşaatların büyük ölçüde tamamlandığı, inşaatların bitmek üzere olduğunun rapor edildiği bildirilerek, **hukuk müşavirliğinden yeni bir görüş istenmiş,**

13- Orman Genel Müdürlüğü Hukuk Müşavirliği **Erkal Kızılay imzalı 11.04.1991** gün ve HM.Kdm.3-178/561 sayılı yazısında, "izne müteakip **imar planları yapılıp bu planların idare tarafından onaylandığına göre, kişilerin kötü niyetinden bahsedilemeyeceği,** bir anlamda bu binaların idarenin muafakatıyla ile yapıldığının kabul edileceği, nitekim mahkemece yapılan inceleme ve bilirkişiler bu işlemlerin müktesep hak olması gerektiğini belirttikleri, idarenin imar planlarını onayladığına ve inşaatlar büyük bölümü yapıldığına göre, uygulamanın kişiler açısından müktesep hak olarak düşünülmesi ve kabulüne yarar olacağı" şeklinde görüş bildirmiştir.

14- Orman Genel Müdürlüğü Müfettişleri Hayiş Öget ve Zeki Turgut Ece tarafından, bilirkişi olarak görevlendirilen Makine İkmal Şubesinde görevli **Mimar Necip Mergen, Mimar Nihal Kılıç,** Kadastro Mülkiyet Daire Başkanlığında görevli **Orman Yüksek Mühendisi Mustafa Tulgar**, 59 Numaralı Orman kadastro Komisyonu **Başkanı Seyfullah İnan**, ormancı üyesi Orman Yüksek Mühendisi **Neptün Tıkmaz**, 94 Numaralı Orman kadastro Komisyonu Başkanı **Kazım Şahin**, ormancı üyesi **Hüseyin Özkan** tarafından düzenlenen **14.07.1993** tarihli rapor esas alınarak, düzenlenen inceleme raporunda; "20.05.1993 tarihli Günaydın Gazetesinin 1. sayfasında 1. sütunda yayınlanan habere atfen yapılan araştırma ve incelemede; Kirazlı Özel Ormanı ile ilgili % 6'lık yapılaşma TAKS ının aşıldığına ilişkin deliller bulunmadığından soruşturma açılmasına mahal bulunmadığına, Çavuşbaşı Köyü 28.08.1986 tarih ve 1 parsel nosunda kayıtlı 229 Hektar 2187 m2 genişliğindeki **Saip Molla Özel Ormanına ilişkin olarak, 6831 Sayılı Yasasının 52. maddesine** aykırı olarak 1/1000 ölçekli yerleşim planların düzenlenmesine ve 22.12.1987 tarih ve 21 sayılı Bakanlık oluruna dayanak oluşturmak üzere bu planın uygulamaya sokulmasına ve **orman örtüsünün kaldırılmasına sebebiyet verdikleri** ve dolayısıyla TCK nun 240 maddesinde öngörülen görevi kötüye kullanma suçunu işledikleri konusunda **Orman Genel Müdürü Nevzat Özer, Orman Genel Müdür Yardımcısı Osman Çelik,** Kadastro Mülkiyet Daire Başkanı **Mehmet Yılmaz**, Orman Genel Müdürü **1. Hukuk Müşaviri Erkal Kızılay**, Orman Genel Müdürlüğü Mülkiyet Şube Müdürü **Selahattin Kutlay**, İstanbul Büyükşehir Belediye Başkanlığı ilgili ve yetkili elemanları hakkında aleyhte yeterli ve gerekli deliller elde edilmişse de suç teşkil eden fiili işleyen sanıklardan bir bölümü 2451 Sayılı Kanuna göre müşterek kararname ile atandığı, ast memurların soruşturma usulü konusunda üst memurların tabi olduğu yargılama usulüne tabi olduğu, bu nedenle belediye elemanları müfettişliğin görev alanı dışında kaldığından, suç duyurusunda bulunulması gerektiği" belirtilerek, 1/1000 ölçekli mevzii imar planında **1452 villanın kapladığı alanın 137476 m2, Sosyal ve Kültürel tesislerin kapladığı alanın 32825.02 m2, yolların kapladığı alanın 275.340 m2 olmak üzere toplam yapılaşma alanının 445.641,02 m2 olduğu,** yapılaşma alanın genel orman alanına oranının **TAKS % 19 olduğu,** mevcut mevzii imar planları incelendiğinde binaların ve sosyal tesislerin yol bağlantılarına göre çevre düzenlemelerinin yapıldığı, sahanın genelinin bilhassa **villalara göre ifraz edildiği dikkate alınarak buna göre** değerlendirme yapıldığından proje üzerinde konut alanlarının kapladığı alanın 1.112.674 m2 alanda da yukarıdaki alana dahil edilmesi halinde **tüm inşaat alanının 1.558.315,02 m2'yi** bulduğu, buna göre inşaat alanının taşınmazın **yüzölçümüne oranının % 68 olduğu,** bu yüzdeye projede görülen çocuk bahçeleri, kır bahçeleri, kır kahveleri, parklar ile sosyal ve kültürel tesislerin çevre düzenlemelerinin dahil edilmediği, yerleşim planını uygulanmasının inceleme tarihi itibariyle arazideki fiili durumu, biten 55 adet villanın 48.432,00 m2 alanı

kapsadığı, genel orman alanına oranının (TAKS) ise % 2,11 olduğu bu alana 240.660,00 olan yollarında dahil edilmesi halinde TAKS alanının % 12,6 olduğu, bu alana bahçe düzenlemesi için binaların çevresinde açılan alanlar dahil edildiğinde TAKS ın % 30,6'yı bulduğu, yollar hariç tutulursa villalar ile çevre düzenlemeleri ile açılan alanın genel orman alanın oranının % 20 olduğu, proje dışı her hangi bir uygulama olmadığı, Orman Bakanlığınca onaylanan 1/1000 ölçekli imar planının, plan notunda sosyal ve ticari tesislerin % 6 taban alanına dahil edilmediği şeklinde bir ifade yer aldığı, Beykoz Belediyesince onaylanan 12.04.1988 tarihli yerleşim planı ile tadilatı muhtevi olarak bilahare düzenlenerek 27.12.1991 tarihinde onaylanan yerleşim planı arasında esas itibariyle her hangi bir farklılık bulunmadığı, ancak 27.12.1991 tarihli tadilat imar planında farklı olarak villa- konut yerleri ve bahçeleri ile arsa alanlarının ifraz edildiği, tüm orman alanının % 30,6'lık bölümünün fiilen kullanıldığı, % 6'lık izin sahasının **düşülmesi sonucu % 24,6 fazla kullanım alanı esas alındığında muhtelif** cins ve türde olmak üzere açılan bu sahadan 131 ster odun elde edilebileceği, kesin izne konu yerler için **ağaç kesimi konusunda verilmiş bir izin bulunmadığı**, sonuç olarak Orman Yönetimi Mülkiyet İşleri Daire Başkanı Selahattin Kutluay tarafından 26.11.1987 tarihinde imzalanan 1/1000 ölçekli planın şematik olduğu gerekçesiyle tadilata uğradığı, **özel ormandaki inşaat alanlarının daha da genişletilerek 1/1000 ölçekli bir tadilat planı hazırlandığı**, 27.02.1991 tarihinde Beykoz Belediye Başkanlığının ilgili ve yetkili elemanlarınca imzalanarak **mevzuata aykırı olarak uygulamaya sokulan bu tadilat planıyla**, 18.09.1988 tarihli planda inşaat alanının 445.641,02 m2 ve TAKS %19.4 iken, tadilattan sonra **1558315,02 m2 ye yani % 68'e yükseltildiği, Orman Genel Müdürlüğünün inşaat alanın %32 ye çıktığının belirlenmesine rağmen kazanılmış haklara dokunulamayacağına ilişkin 30.04.1991 tarih** ve 669 sayılı emri ve bu emrin dayanağı olan **Orman Genel Müdürlüğü 1. Hukuk Müşaviri Erkal Kızılay** tarafından hazırlanan **11.04.1991 tarihli 561 sayılı emrinin, meri usul ve mevzuata tamamen ters düştüğü, Saip Molla I Devlet Ormanın yapılaşması 1.558.315,02 m2 olarak % 68 bulduğu villalar** dışındaki sosyal ve **kültürel tesislerin bahçe düzenlemesi ve sair çalışmalar sırasında bu rakamın daha da büyüyeceği, ormancılık tekniği açısından orman alanı kalmayacağının tesbit edildiği, Bu nedenlerle, yukarıda ismi geçen şahısların görevlerini kötüye kullandıkları belirtilerek** üçlü kararname ile atanan sanıklar nedeniyle suç duyurusunda bulunulması gerektiği bildirilip, Saip Molla Özel Ormanı 1 de ilerde doğması muhtemel zararların önlenmesi bakımından, **% 6'lık alan dışındaki yapılaşmalar için suç zaptı düzenlenmesi, üzerindeki binaların kal ine ilişkin karar alınması,** ayrıca mevzuat aykırı olarak uygulamaya sokulan 1/1000 lık yerleşim planların tadilatının sağlanması için özel orman maliklerini uyarılması, konusunda gerekli idari ve hukuki tedbirlerin alınması" önerilmiştir.

15- İstanbul Büyükşehir Belediye meclisinin **14.05.1991** tarihli kararıyla, Beykoz ve köyleri ile çevresine ait 04.03.1988 tarihinde onaylanmış olan 1/25000 ölçekli çevre düzeni nazım imar planının plan notları bölümünde yer alan 2.10 uncu maddesinin iptali ile ilgili plan değişiklik teklifi kabul edilerek, "Özel orman alanlarında 1/1000 ve 1/5000 ölçekli imar uygulama planlarının belediyelerce yapılmasına ilişkin hüküm, imar uygulamalarında Büyükşehir Belediye Başkanlığının Avan Projesine göre uygulama yapılır, buna bağlı olarak Orman Bakanlığından kesin inşaat yapılır görüşü alındıktan sonra uygulama yapılır" şekline dönüştürülmüştür.

16- Orman Genel Müdürlüğü Kadastro ve Mülkiyet Daire Başkanı **M. Necmi İlhan** tarafından Genel Müdürlük makamına izafeten imzalanan **27.09.1992** tarihli olurla, **"yapılaşma izni için verilen oranın aşıldığı yönündeki iddiaların araştırılmasının"** istenmesi üzerine, Kadastro ve Mülkiyet Daire Başkanı **M. Necmi İlhan,** Mülkiyet İşleri Şube Müdürü **Hüseyin Yurttaş,** Kadastro ve Mülkiyet Şube Müdürü **Güngör Teber,** 94 nolu Komisyon Başkanı **Kazım Şahin** tarafından düzenlenen **10.09.1992** tarihli inceleme raporunda; "geçici izin ve kesin izine göre yapılaşma alanın (TAKS) % 6 olarak 137476 m2 olarak belirlendiği, fiilen villalardan 1330 adedinin bir kısmının temel çukurunun kazıldığı, bir kısmının temelinin atılıp, su basmanı seviyesinde olduğu, bir kısmının kaba inşaatının bittiği, bir kısmının ise tamamen bittiği, villalar ve **villa arsalarının büyük bölümünün üçüncü kişilere**

N(—

10008

**satıldığı**, 122 adet villa arsasısın ise henüz satılmadığı, Ticaret Merkezi ve Sosyal tesisler için kullanılan inşaat alanının toplam 33825,02 m2 olduğu, bunun ise TAKS oranının % 1.47 olduğu, yolların genelde, parselin %20 sini kapladığı, Sosyal ve ticari tesisler ile yolların TAKS'a dahil olmadığı, % 6'lık TAKS oranının aşılmadığı, yapılaşmanın yerleşim planına uygun olduğunu" bildirmişlerdir.

17- Harita şefi **Ali Uslu**, Raportör **Sema Aldemir** ve Ruhsat Şefi **Hüseyin Tuncer**'in düzenlediği **28.02.1991** tarihli Rapor esas alınarak, **Mülkiye Müfettişi Özer Öner Tarafından düzenlenen 25.06.1993 tarihli inceleme raporunda**; "İç İşleri Bakanlığının 18.08.1993 günlü oluru ve İç İşleri Bakanlığı Teftiş Kurulu Başkanlığının 25.06.1993 gün ve 34-15/1444-7 sayılı emirleriyle, **Çavuşbaşı Köyü 6 parsel sayılı** Saip Molla I Özel Ormanıyla, **Paşabahçe 238 ada 1 parsel** sayılı Saip Molla II Özel Ormanının Yasalara aykırı olarak imar açılmasına neden oldukları iddiasıyla, Beykoz Belediyesi görevlileri ile Büyükşehir Belediyesi görevlileri hakkında soruşturma yapmak üzere görevlendirildiğini, **Bedrettin Dalan** hakkına soruşturma sonunda düzenlenen fezlekenin, 08.11.1993 gün ve 17/36 sayı ile merciye sunulduğu, Yerleşim Planları ve Avan projelerinin 12.04.1988 ve 20.03.1988 tarihlerinde Büyükşehir belediyesince onandığı, Beykoz Çevre Düzeni Nazım İmar planı 04.03.1988 tarihinde eski belediye başkanı, 1991 yılında da yeni belediye başkanı tarafından tadilata tabi tutulduğu, 21.04.1988 tarihinde verilen projelere göre 5 yıl boyunca inşaatların sürdürüldüğü, projelere uygunluğu Beykoz Belediyesince kontrol ve rapor edildiği, inşaatların sürdürüldüğü, 21.04.1993 tarihinde ikinci 5 yıl için yenilendiği halde, %6 lık izin kapsamının açıklanmasına ilişkin bilirkişi raporları ile **bu konunun yönetmelikle belirlenmesi gereğine değinen görüş ve tekliflerin yanlış yorumlanmak suretiyle, imar planı ve inşaat ruhsatının Büyük Şehir Belediyesi tarafından 27.09.1993 tarihli onayla iptal edildiği**, bunun üzerine Beykoz Belediyesince ne gibi işlem yapılması gerektiğinin sorulması üzerine, İç İşleri Bakanlığı Teftiş Kurulu Yönetmeliğinin 81 ve 83 maddeleri gereğince idarenin yapacağı hukuki işlem konusunda inceleme raporunun düzenlendiği de açıklandıktan sonra; özet olarak, "İmar Planları ve Avan Projelerinin 6 yıl boyunca itirazsız kullanılırken, Büyükşehir Belediyesi tarafından sebepsiz yere iptal edildiği. Büyükşehir Belediye Başkanlığı'nca 12.04.1988 de onaylanan yerleşim planları üzerinde blokların şekli ve yerleriyle, yolların şematik olup, yerleşim planının ilçe belediyesince onaylanacağına ilişkin şerhi üzerine, söz konusu planın 18.04.1988 tarihinde, uygulama projelerinin de 19.04.1988 tarihinde Beykoz Belediyesince onaylandığı, istem üzerine yeniden ele alınarak Beykoz Belediyesince tadilen onaylandığı, inşaat sahibinin istemiyle **Sulh Hukuk Mahkemesindeki delil tespit dosasında alınan bilirkişi raporunda, onaylanmış planlara göre verilen ruhsatların kazanılmış hak oluşturacağı**, yeniden plan değişikliği yapılsa bile verilmiş olan **ruhsatlarla kazanılmış hakların ortadan kaldırılamayacağının** dile getirildiği, **Orman Genel Müdürlü Hukuk Müşavirliğinin** de aynı yönde görüşünü bildirdiği, görevlendirilen üç kişilik bilirkişi heyeti tarafından düzenlenen 22.10.1993 tarihli raporda; villaların, ön izin ve kesin izinle belirlenen % 6'lık Taks alanı içinde kaldığı ancak, sosyal ve ticari alanların % 6'lık Taks dışında % 1.5'lik yer tuttuğu, **350000 m2 yol ağının genel arsaya oranının % 15 olduğu** ve **% 6'lık taksa yolların dahil edilmesinin mümkün olmadığı**, yatay kat irtifakının kurulduğu, her hangi bir ifrazın bulunmadığı, şu ana kadar yapılan 555 adet villa için kullanılan taksın % 2.11 olduğu, PTT santralı ve idare binası için kullanılan taksın ise % 0,02 olduğu 22.2.1991 tarihinde tadilen onaylanan 12.4.1988 tarihli yerleşim planı arasındaki farkın sadece 2 adet satış birimi ile bir adet trafonun yer değiştirmesinden kaynaklandığı, **mümkün olduğu halde**, şu ana kadar ifraz işleminin de yapılmadığı, yine Paşabahçe Mahallesi **238 ada 1 sayılı parselin de durumun aynı olduğu**, buradaki inşanın da imar planlarına uygun olduğu, **Şirket adına İsmet Acar tarafından da**, (villaların % 6 yapılaşma alanı içinde kaldığı, yolların bu alan dahil olmadığı, yine sosyal ve ticari alanın arazinin % 1.5 ni kapladığı, Büyükşehir Belediyesi tarafından 1/25000 ölçekli Nazım imar planının 29.9.1987 tarihinde kabul edildiği, daha sonra uygulama imar planının Büyük Şehir Belediye **Başkanı Bedrettin Dalan tarafından 12.04.1988 tarihinde** "blokların şekil ve yerleriyle yollar şematik olup yerleşim planı ilçe belediyesince tastik edilecektir" şerhi verilerek onaylandığı, uygulanan bu planın uygulamalı imar planı olduğu, yerleşim vaziyet planlarının ise ilçe belediyesi teknik

elemanlarınca yapılıp değiştirilebileceğinin) savunulduğu, Bedrettin Dalan Hakkında düzenlenen fezlekede planları usule ve mevzuata aykırı onaylayarak bu arazilerin imara açılmasına neden olduğu iddiasına dayandığı, planın onaylanması fiili ile bunların uygulanması fiili bir birinden ayrılması gerektiği, **zira planlar usule uygun yada aykırı olarak onaylanmış bulunsa dahi, bunların yasallıkları kabul edilerek Beykoz Belediyesince inşaat ruhsatı verildiği**, uygulama projelerinin onaylandığı, inşaatların devam ettiği, beş yıllık süreler sonunda yenilendiği, inşaatların projelere uygunluğunun belediye görevlilerince denetlendiği, **bu şekilde inşaat sahipleri yararına kazanılmış hak oluştuğu**, İmar Planlarının, 1/25000 ölçekli Çevre Düzeni Nazım İmar Planı ve 1/5000 ölçekli Nazım İmar Planı olmak üzere, konut sanayi turizm ulaşım yerleşme ve arazi kullanımı oranlarını içeren ve Büyükşehir belediye meclisi kararı ve başkanın onayı ile yürürlüğe giren planlar olup, bölgenin yapı adaları yoğunluk ve düzen, yollar, uygulama etaplarını ayrıntılı olarak gösteren ve ilçe belediye meclisince yapılıp bir aylık askı ilanından sonra Büyükşehir belediye Meclisi ve Başkanın onayı ile yürürlüğe giren 1/1000 ölçekli uygulama imar planı ile kaynağını imar affı denen 2981 ve 3290 ve 3360 sayılı yasalardan olan sağlıksız yerleşim alanlarıyla yapı bozukluklarının sınırları belirlenerek ve mevcut oluşum dikkate alınarak bunun düzenli hale getirilmesi amacıyla yapılanma şartlarını belirleyen, İlçe Belediye Meclislerince hazırlanarak Belediye başkanının onayı ile yürürlüğe girip askıya çıkarılma zorunluluğu bulunmayan 1/1000 ölçekli ıslah imar planı olmak üzere diğer iki tür planı oluşturduğu, alt düzeydeki planın üst düzeye uygun olma zorunluluğu bulunduğu, incelenen dosyada 04.03.1988 tarihinde Beykoz ve Köyleri Çevre Düzeni Nazım İmar Planına, Yerleşim Planı denildiği, 12.04.1988 ve 24.3.1989 onaylı uygulama imar planlarından hareket edilerek işe başlandığı, burada ayırt edilmesi gereken hususun, uygulama imar planı ile yerleşim veya vaziyet planı kavramları olduğu, **Saip Molla Özel ormanının, özel ormanların imara açılması ile ilgili ilk uygulama olduğu, 52. Maddeye açıklık getirecek her hangi bir yönetmelik ve genelge gibi bir düzenleme bulunmadığı, sadece Kanunda yapılan son değişiklik ve Orman Bakanlığının 22.05.1987 tarihli açıklamalı** ve yorumlu bir kitapçığı bulunduğu, 6831 Sayılı Yasanın 16, 17, 18 ve 115 maddeleri gereğince yapılacak arazi tahsisleri ve verilecek izinlere ait 07.02.1988 tarihli Yönetmeliğin ise **Devlet Ormanları** ile ilgili olduğu, **özel ormanları kapsamadığı**, bununla birlikte Orman Bakanlığının 52. Maddeye göre Saip Molla Özel Ormanına izin verirken bu yönetmelikteki normlardan yaralanıldığı, olaya bu açıdan bakıldığında, **12.04.1988** ve **24.03.1989** tarihinde Büyükşehir belediyesi Eski Başkanı **Bedrettin Dalan** tarafından onaylanan ve üzerinde **"blokların şekli ve yerleri ile yolların şematik olduğu, yerleşim planı ilçe belediyesince tastik edilecektir"** şerhi bulunan planların uygulama imar planı olduğu, bu plan **şartları çerçevesinde belediye meclislerinden geçmesine gerek kalmadan Beykoz Belediyesi teknik elemanlarınca onaylanan planların ise yerleşim planları yada vaziyet planı olarak adlandırılan ve kabul olunan planlar olduğu**, uygulama imar planlarının teknik elemanların onayı ile yürürlüğe gireceği, yöreye ait 1/25000 ölçekli Beykoz ve Köyleri Çevre Düzeni Nazım İmar Planının 29.09.1987 tarihinde Büyük Şehir belediye Meclisi tarafından kabul edilip, 04.03.1988 de belediye başkanınca onaylandığı, plan notunda 2.10 Madde **"özel ormanlarda Orman Bakanlığından kesin izin alınmak şartıyla 1/1000 ölçekli yerleşim planı ile avan projesinin Büyükşeir Belediye meclisince onaylanması kaydıyla uygulama yapılacaktır"** şeklindeki ilavenin belediye başkanı **Bedrettin Dalan tarafından** yapıldığı, kesin izne bağlanan 1/1000 ölçekli uygulama imar planı ve avan projesi Büyükşehir Belediye başkanı tarafından **12.04.1988 ve 24.02.1989** tarihide onaylandığı, Çevre Düzeni Nazım İmar Planın **14.05.1991** tarihinde tadilen değiştirilerek "özel orman alanlarında 1/1000 ve 1/5000 ölçekli imar uygulama planlarının belediyelerce yapılması ve imar uygulamalarında Büyükşehir Belediye başkanlığının Avan Projesine göre uygulama yapılması ve buna bağlı olarak **Orman Bakanlığından kesin inşaat yapılır görüşü alındıktan sonra uygulama yapılır"** haline dönüştürüldüğü, bu **değişikliğin daha önce kesin izin alınmış ve plan ve projeleri onaylatılarak, inşaata geçmiş bulunan Saip Molla Özel Ormanına şamil olmadığı**, 21.04.1988 tarihinde verilen inşaat ruhsatına göre 5 yıl boyunca inşaatın devam ettiği, konunun bazı basın yayın ormanlarında yer alması nedeniyle, Orman Yönetimince inşaat alanının %6 sınırı içinde kalıp, kalmadığı yönünde araştırma başlatıldığı,

NF

Orman Genel Müdürlüğünce yayınlanan bir kitapçıkta özel orman alanlarında yatay alanın % 6'sını geçmemek üzere yapılaşmaya imkan verildiği, hatta ifraza imkan verildiğinin bildirildiği, **Nurettin Sözen tarafından 1/25000 ölçekli planda yapılan değişikliklerin ancak onay tarihinden sonra yürürlüğe gireceği**, objektif ölçüler dikkate alındığında, plansız yapılaşma mahzurlarını önlemeye yönelik olarak, **özel orman sahiplerinin planlı bir kent kurma çabalarının taktire şayan olduğu**, subjektif olarak da arazideki yollar ve dikilen binalar yeşil alan ve **ormanların bütünlüğünü bozar gibi görünse de**, planlamaya göre ağaçlandırma tamamlandığında esasen orman idaresinin bu bodur ağaçlardan oluşmuş makilik olarak baktığı bu alanda, 52. maddenin orman alanlarının tabi vasıflarını korumasına özen gösterilmesi şartını da yerine getirmiş olacağı, bütün bunlardan özel orman sahiplerinin kanunun öngördüğü şartları gerçekleştirdikleri, Beykoz Belediyesince verilen inşaat ruhsatlarının iptali için makul bir gerekçe bulunmadığı, somut olayı diğer bir kısım benzer olaylar ile karıştırmamak gerekeceği, **somut olayda inşaat ruhsatı ve planların yargı kararlarına konu edilmediği**, açıklanan nedenlerle İstanbul Büyükşehir Belediye Başkanlığının **12.04.1988 ve 24.03.1989** onaylı yerleşim planlarının ve avam **projelerinin iptaline ilişkin almış olduğu 27.09.1993 tarihli kararlarıyla** bunlara dayanılarak, Beykoz Belediyesince verilmiş inşaat ruhsatlarının iptal edilerek inşaat sahiplerine yeniden plan ve projeler hazırlanması yolundaki Beykoz Belediye **Başkanlığına verdiği 13.10.1993 günlü talimat kararlarının kaldırılması"** gerektiği sonucuna varıldığını bildirmiştir.

18- Yine aynı **Mülkiye Baş Müfettişi Özer Öner** tarafından düzenlenen **18.03.1996** tarihli diğer bir raporda da **önceki 25.06.1993 tarihli rapordaki bilgiler tekrar edildikten sonra,** sonuç olarak; "Eski İstanbul Büyükşehir **Belediye Başkanı Bedrettin Dalanın** memuriyet görevini ihmal ettiğine ilişkin yeterli delil bulunmadığı, aksine, Büyükşehir Belediyesinin 1/1000 ölçekli yerleşim planları ve avam projelerini iptali yönündeki 27.09.1993 tarihli kararlarının hukuki dayanağı olmadığı" bildirilmiştir.

19- Büyükşehir Belediyesi, **Mülkiye Baş Müfettişi Özer Öner**'in sorularına cevaben, 10.09.1993 93/1993 sayılı yazısın da: "1/25000 ölçekli plana uygun olarak çıkarılan 1/1000 ölçekli Yerleşim planda, (Orman Bakanlığından izin almak kaydıyla) notu ile (yerleşim planı üzerinde tatbiki uygundur) notu bulunduğunu ve bu notlarla planın Orman Bakanlığı Mülkiyet Şube Müdürü Hüseyin Yurtaş tarafından kaşelenip imzalandığını, bu planlarda "TAKS" ın maksimum % 6 olarak belirlendiğini, 1/25000 ölçekli Beykoz ilçesi Çevre Düzeni İmar planının, plan müdürlüğü tarafından incelenmek üzere 05.06.1987 tarihinde 734 sayılı yazı ile Büyükşehir Belediyesi Meclisine gönderildiğini, meclisin incelemesi sırasında, plan önerisine ait plan notlarında yapılan, toplam 7 maddeden ibaret kısmi değişiklik, kısmen de ilaveler içeren imar komisyonu raporunun, Belediye Meclisin 6. olağanüstü toplantısının 29.09.1987 tarihli 5. birleşiminde okunarak aynen ve oy çokluğu ile kabul edildiğini, **ancak asıl meclis kararında, paraf ve not bulunmadığı**, planlama müdürlüğü dosyasında da aynı şekilde her hangi bir tadilat notu ve parafı bulunmadığı ve başkan tarafından not yazılmadan onaylandığını, ancak 1/25000 ölçekli Çevre Düzeni Nazım İmar planı Paftaları incelendiğinde, 1/25000 ölçekli plan notlarındaki 2.10 maddesine meclis tarafından getirtilen **"özel orman yasası ile belirlenen şartları aşmamak üzere 1/5000 ve 1/1000 ölçekli mevzii imar planı yapılması "şartının "özel ormanlarda Orman Bakanlığından kesin izin almak şartıyla, 1/1000 ölçekli yerleşim planı ile avan projesinin Büyükşehir Belediye Başkanlığınca onanmasından sonra uygulama yapılacaktır"** şeklinde değiştirildiğini, bu notun daktilo ile bir kağıda yazılarak plan üzerine yapıştırıldığını ve notlara ait Büyük Şehir Belediye Başkanın paraf ve mührünün bulunduğunu, 3.18 konut alanları başlığı altında toplanan, 1-2-3-4 madde olarak belirlenen ve meclis tarafından tadil edilen yoğunlukların, Belediye başkanı tarafından azaltılarak tadil edildiğini ve tadilatlara ait Büyük Şehir Belediye Başkanın mühür ve paraflarının bulunduğunu, 04.03.1988 tarihinde onaylananı planın, Büyük Şehir Belediye Meclisinin 14.05.1991 tarih ve 91/603 sayılı kararı ile tadil edilerek 2.10 maddesindeki **"özel orman yasası ile belirlenen şartları aşmamak üzere 1/5000 ve 1/1000 ölçekli mevzii imar planı yapılması "şartının "özel ormanlarda Orman bakanlığından kesin izin almak şartıyla 1/1000 ölçekli yerleşim planı ile avan projesinin Büyükşehir Belediye Başkanlığınca onanması ile uygulama**

XU

10005

**yapılacaktır" hükmünün iptal edildiğini, "1/1000 ve 1/5000 ölçekli özel orman olanlarında 1/1000 ve 1/5000 ölçekli imar planlarının belediyelerce yapılması ve burada imar uygulamalarında Büyükşehir Belediye Başkanlığının kesin inşaat yapılır şeklindeki görüşünün alınması ile uygulama yapılır"** notunun ilave edildiğini ve bu haliyle Belediye Başkanlığı tarafından 30.10.1991 tarihinde aynen onaylandığını, 12.04.1988 tarihinde onaylanan 1/1000 ölçekli yerleşim planında Orman Yasasının 52. maddesinin ihlal edildiği, (hem yükseklik, hem yapılaşma oranı hemde yapı şekli bakımından), **ön izin yazısında ifraz yasağı şartı getirtilmişken, plan notlarında adaların imar parseli şeklinde ifraz edilebileceği notu konulduğunu**, Meclisteki aslından 04.03.1988 onaylı 1/25000 ölçekli Beykoz Yöresi Çevre düzeni Nazım İmar Planı onama aşamasında 29.09.1987 tarihin ve 572 sayılı meclis kararının 27.10.1987 tarihinde belediye başkanınca görülüp imzalandığını, meclis kararının belediye başkanınca tadil edilmediğini ve her hangi bir not konulmadığının, Meclis Muamelat Müdürlüğündeki aslından anlaşıldığını, Planlama Müdürlüğü dosyasındaki meclis kararı nüshasında her hangi bir not ve bu kararı tadil eden işlem bulunmadığını, Harita Müdürlüğünde bulunan aynı meclis kararı nüshasında da her hangi bir tadil notu bulunmadığını, ancak imzanın dışında ayrıca bir paraf bulunduğunu, meclis kararı her hangi bir şekilde tadil edilmemesine rağmen plan paftaları üzerindeki **meclis kararında bulunan özel ormanlarda 1/5000 ölçekli nazın imar planı ve 1/1000 ölçekli uygulama imar planı onayını zorunlu kılan plan notu iptal edilerek, 1/1000 ölçekli yerleşim planı ve avan projesini belediye başkanın onaylamasını ve buna göre uygulama yapılabileceğine ilişkin bir plan notu konulduğunu, bu notun meclis kararına aykırı olarak pafta üzerine işlendiği" bildirilmiştir.**

20- Orman Bakanlığı Teftiş Kurulu Başkanlığının **30.07.1993** gün ve Tefki: İ.S.93.12.38 sayılı **Bakanlık olurunu** taşıyan yazısında: Mevzuata aykırı kesin izin ve buna bağlı yerleşim planları hazırlanmasına neden olmak suretiyle görevlerini kötüye kullandıkları yönünde güçlü deliller bulunan **Orman Genel Müdürlüğü görevlileri, Büyükşehir Belediyesi görevlileri ve Beykoz Belediyesi görevlileri** hakkında suç delilerine rastlanmasına karşın, bunlardan bir kısmının üçlü kararname ile atanması ve soruşturma görev yetkisinin, Genel Müdürlüklerinin yetkisi dışında kaldığından, ast görevlilerin üst görevlilerin soruşturma usulüne tabi olması nedeniyle soruşturmanın İç işleri Bakanlığı ve Orman bakanlığı Müfettişlerince yapılması nedeniyle, Bakanlık Teftiş Kurulu Başkanı **Şuayip Balta**, İç İşleri Bakanlığı Teşfiş Kurulu Başkanlının 29.07.1993 tarihli yazısına göre mülkiye Baş müfettişi **Özer Öner**, Orman Genel Müdürlüğü Teftiş Kurulu Başkanı **Hüsamettin Ata** ile Bakanlık müfettişi **Enver Palaşoğlu** tarafından yapılmasına **Orman Bakanı Hasan Ekinci tarafından 30.07.1993 tarihinde olur verilmiştir.**

Orman Bakanlığı Teftiş Kurulunda görevli **Şuayip Balta, Hüsamettin Ata** ve **Enver Palaşoğlu** tarafından düzenlenen **18.08.1993** tarihli raporda; "Yönetimce düzenlenen **26.07.1987** tarihli ön izin raporunda, onaylı proje ve keşif evrakı, usulüne uygun taahhüt senedi verilmesi, hiçbir şekilde ifraz yapılmamak, yatay alanın % 6 miktarında fazla yer işgal etmemek, inşaat alanı katsayısı % 50 geçmemek, iki katta saçak seviyesi 6.50 metreyi aşmamak, % 6 dışındaki orman ve yola 10 metreden fazla yaklaşmamak, **orman alanlarının tabi vasıflarının korunmasına özen gösterilmesi** kaydıyla kesin izin verilebileceği" belirtildiği halde, **"22.12.1987 tarihli kesin izin olurunda ise, ön izin raporundaki şartlara yer verilmeden, mimari proje sahası dışında kalan kısmın ağaçlandırılmasının sahibi tarafından kabul ve taahhüt edilmesinin istendiği, kesin izne mesnet yerleşim planında 21.6112 Hektar alanda yapılaşma öngörüldüğü, 1. HKUK Müşavirliğinin fazla yapılaşma için önlem alınmasını istediği, sonradan verilen ikinci görüşte ise yapılaşmanın idarenin izni ve onayı ile yapıldığı** ve bunun kişiler açısından müktesep hak olduğu, durumu anlatan ve % 6 TAKS alanın çıkarılacak yönetmelikle yorumlanması gerektiği, halen Saip Molla Özel ormanında % 2.12 yapılaşmanın bulunduğu, bu bitmiş 555 adet villanın yanı sıra yollar dahil edilirse yapılaşma oranının **% 12.6**, bahçeler dahil edilirse **% 30.6** olacağı, bu yapılaşmanın % 6 da kalacak biçimde tutulması gereği, Yasanın 17 ve 52. Maddeler gereğince bakanlıkça verilen ön izin ve kesin izinlerden sonra Beykoz Belediyesince onaylanan 12.04.1988 tarihli

yerleşim planı ile değişikliği içeren ve daha sonra düzenlenerek, **27.12.1991 tarihinde onaylanan** yerleşim planı arasında esas olarak her hangi bir farklılığı bulunmadığı, ancak 27.12.1991 tarihli tadilat imar planında farklı olarak villa konut yerleri ve **arsa alanlarının ifraz edildiğinin görüldüğü**, adı geçen yerde ağaç bulunmayıp çalılar bulunduğundan ağaç röleve planlarının yapılmadığı, ancak ekli belgelerde taşınmazlar baltalık olup çok sayıda ince çaplı sürgünden yetişmiş ve kısmen makilik olduğundan ağaç çap listesi hazırlanmasına gerek duyulmadığı bildirilmiştir.

21- **Şuayip Balta, Hüsamettin Ata ve Enver Palaşoğlu** tarafından "18.03.1993 tarihinde düzenlenen bu rapor genel müdürlüğe 23.8.1993 tarih ve 495 sayılı yazı ile gönderilmiş, aynı rapor Genel Müdürlük Kadastro ve Mülkiyet Daire başkanlığınca 31.8.1993 gün ve 1249 sayılı yazı ile İstanbul Bölge Müdürlüğüne gönderilmiş ve bu rapor esas alınarak Büyükşehir Belediyesinin **29.7.1993 günlü olur**, tarihini taşıyan 93/1992 sayılı yazı ile **Çavuşbaşı Köyü 6 parsel sayılı Saip Paşa I Özel Ormanı ve Beykoz Paşabahçe 238 ada 1 parsel sayılı Saip Molla II özel** ormanıyla ilgili **12.04.1988** tarihli 1/1000 ölçekli **yerleşim planlarının ve avam projenin iptaline karar verilmiş, yine aynı karar ile 238 ada 1 sayılı parselle ilgili imar planları da iptal edilmiştir.**

22- Büyükşehir Belediye Başkanlığı 1993/1992 sayılı Başkanlık Makamına yazılan ve Başkanlık Makamınca onaylanan yazıda; Orman Bakanlığı Teftiş Kurulunun 23.08.1993 gün ve TEFKU:İ.S.9312(OGM) 38/495 sayılı yazısı ve ekleri gereğince, 6 parsel sayılı, Saip Molla 1 Özel Ormanının 1/1000 ölçekli **12.04.1988** tarihinde imzalanan yine ve Beykoz Paşabahçe-Polenez Köyü yolu mevkiinde 40 pafta **238 ada 1 sayılı** yere ait 1/1000 ölçekli **20.03.1989** tarihinde imzalanan planların Orman Bakanlığının İlgi (d- sayılı) yazısı gereği iptal edilerek planın Orman Yasasının 52. Maddeye uygun hale getirilmesi onaylanmıştır.

23- Bayındırlık Bakanlığı: **17.09.1993** gün ve 18814 sayılı yazısıyla, yeşil alan, çocuk bahçesi otopark gibi kamunun yararlanmasına ayrılması, gereken alanların, kamuya terkinden sonra geri kalan net alan üzerinden emsal, yani KAKS % 67'yi geçmemek koşuyla yapılacak inşaat ile idare tarafından ruhsat düzenlenmesi gerekeceğini, bu alanların "TAKS' a dahil olmadığını, 28.12.1993 tarih ve 26610 sayılı yazıda ise, **% 6 TAKS dan kastın umumi alanlar (yol, otopark, yeşil alan gibi kamuya terk edilen alanlar) çıktıktan sonra yapılaşmaya açılan kısmı ifade ettiğini** bildirmiştir.

24- Büyükşehir Belediyesi, **13.10.1993** gün ve 93/2181 sayılı yazıyla, Beykoz Belediyesinden, yerleşim planları ve avam projelerin iptal edilmesi nedeniyle, yasal dayanağı kalmayan ve Beykoz Belediye Başkanlığınca verilmiş olan **inşaat ruhsatlarının iptalini istenmiştir.**

25- Beykoz Belediyesi Hukuk İşler Müdürlüğünün **08.11.1993** gün ve 959 sayılı yazısıyla, inşaat ruhsatlarının dayanağı yerleşim planı ve avan proje iptal edildiğine göre **inşaat ruhsatlarının iptalinde bir sakınca bulunmadığı**, Beykoz Belediyesi İmar ve Planlama müdürlüğüne bildirilmiştir.

26- Beykoz Belediyesi 21.10.1993 gün ve 2456 sayılı yazıyla, Orman Bakanlığının 26.10.1993 gün ve 1579 sayılı yazıları ile kendilerinden, yerleşim planları ve avan projelerin iptalinin istemediği, rapor doğrultusunda imar planlarının **tadil edilerek düzenlenmesini istendiği**, Saip Molla I özel Ormanı ile ilgili tüm işlemlerin İç İşleri Bakanlığı Teftiş kurulunca da incelemeye alındığı, bu inceleme sonucuna göre Beykoz Belediyesi tarafından işlem yapılmasının uygun olacağının düşünüldüğü, Büyük Şehir Belediyesine bildirmiştir.

27- Büyükşehir Belediyesi, Beykoz Belediyesine gönderdiği, 10.11.1993 tarih ve 93/3549-Gn36723 sayılı yazı ile; **"Daha önce bildirildiği gibi, Orman Yasasının 52. Maddesine aykırı olan imar planları iptal edildiğine göre, buna dayanan inşaat ruhsatlarının da iptali gerektiğini, bu nedenle inşaat ruhsatlarının da iptali konusundaki yazılarının gereğinin yerine getirilmesi"** istenmiştir.

28- Orman Bakanlığı Orman Genel Müdürlüğü Kadastro Mülkiyet Daire başkanlığı ise **26.10.1993** gün ve 1579 sayılı, Beykoz Belediyesine gönderdiği yazıda, "Beykoz Belediyesinin 21.10.1993 gün ve 2456 sayılı yazısıyla İstanbul Büyükşehir Belediyesine yazılan yazı ilgi olarak gösterilerek, 6 parsel sayılı Saip Molla I Özel Ormanı ve 238 ada 1 parsel sayılı Saip

10003

Molla II özel ormanı ile ilgili planların ve avam **projelerinin iptalinin istenmediği**, Orman Yönetimi inceleme raporuna göre sadece tadil edilerek düzenlenmesinin istendiği, imar planlaması ile ilgili görev ve sorumluluğun Belediyelere ait olduğu, Bakanlıklarının bu konuda yetkilerinin bulunmadığı,Beykoz Belediyesince, İç İşleri Bakanlığınca yapılan inceleme sonunda oluşacak duruma göre işlem yapılması" önerilmiştir.

29- Orman Bölge Müdürlüğü **29.03.1994** gün ve Kd 17 Kd29-578/4623 sayılı Alemdağ Orman İşletme Müdürlüğüne gönderdiği yazıda, Alemdağ İşletme Müdürlüğünün 18.03.1994 gün ve 07.Kd.29-474/2116 sayılı yazıları ilgi tutularak, "ilgi yazıya **konu** yer için **verilen yapılaşma izninin, Orman Genel Müdürlüğünün 10 Kasım 1993 gün ve 1671 sayılı emirleri ile kaldırıldığı** için ilişikte iade edildiğini bildirilmiştir.

30- Beykoz Belediyesinin İstanbul Büyükşehir Belediye Başkanlığına gönderdiği **30.11.1993** gün ve 2753 sayılı yazıda, İçişleri Bakanlığı Teftiş Kurulunda Müfettiş Özer Öner tarafından düzenlenen raporda öngörüldüğü gibi, tatbikat projeleri ve yapı **ruhsatlarının iptal edilemeyeceğini** bildirmiştir.

31- İnceleme ve soruşturma raporu ile ilgili Beykoz Belediyesi **14.06.1994** tarihinde 1589 sayılı yazıyla inşaat ruhsatlarını iptaline ilişkin Büyükşehir Belediyesinin yazısına cevaben "İçişleri Bakanlığı Müfettişinin raporuna göre ruhsatların iptali gerekmediğini" bildirmiştir.

32- **Orman Bakanı Hasan Ekinci** imzası ile **"Orman Bakanlığının imar planlaması ve uygulaması ile ilgili görev ve sorumluluklarının bulunmadığını bu soruluğun belediyelere ait olduğunu"** Beykoz Belediye Başkanlığı ve İstanbul Büyükşehir Belediye Başkanlığına gönderdiği 07.10.1994 gün 617 sayılı yazı ile bildirmiştir.

33- İstanbul Büyükşehir Belediyesi, Belediye İmar Müdürlüğüne gönderdiği **01.05.1995** tarihli ve V/84-04 sayılı yazısında, "İçişleri Bakanlığı Müfettişi Özer Öner'in, yerleşim planları ve avan projenin iptal işlemlerinin geri alınmasını isteyen yazıları karşısında; hukuk müşavirliğinden görüş istendiği, müşavirliğin de **idarece işlemlerin aynı prosedüre göre geri alınabileceği**, imar planı ve avan projelerin ilçe meclisince onaylanmadan direk Büyükşehir Belediye Başkanlığınca onaylanması nedeniyle, Halihazır Haritaların ve İmar Planlarının yapılması ve Değişikliklerine ilişkin yönetmeliğin IV bölüm 601 Maddesine aykırı olduğu, Orman Yasasının 52. maddesine uygun olarak, inşaat alanının % 6 onanını geçmeyecek biçimde, yönetmelik hükümlerine uygun olarak Beykoz Belediyesince yeniden ve ivedilikle imar planlarına göre tatbikat projelerinin yapılması ve ruhsat verilmesi gerektiği bildirilmiştir.

34- İstanbul Büyük Şehir Belediyesinin **10.06.1995** gün ve 96/1250 sayılı yazısıyla, İçişleri Bakanlığı Teftiş kurulu Başkanlığınca, Saip Molla I Özel Ormanının 1/50000 ölçekli İstanbul Metropolitan Alan Alt Bölge Nazım İmar Planına işlenmesi istenmişse de, harita tekniği nedeniyle işlenemediği, ancak bu planın üzerinde yaklaşık olarak işaretlendiği, planda işaretlenen taşınmazın özel orman alanına denk geldiği ve 1/50000 ölçekli nazım imar planında bu yerin % 6'lık yapılaşma sınırı bulunan özel orman alanında yer aldığı, bu % 6'lık dilime teknik ve sosyal alt yapının da dahil olduğu, yapılanma koşullarının ormanın doğal ve peyzaj nitelikleri korunacak şekilde alt ölçekli planla belirleneceği notunun bulunduğu, Çavuşbaşı Köyü 6 parsel sayılı Saip Molla I Özel Ormanının, 04.03.1988 tanzim tarihli 1/25000 ölçekli Beykoz Çevre Düzeni Nazım İmar Planında, **orman alanında kaldığı**, bu planın Büyükşehir Belediyi Meclisinin **14.05.1991** tarih ve 91/603 sayılı kararı ile tadil edilerek, (/1 maddesindeki özel ormanlarda Orman Bakanlığının kesin izin almak şartıyla 1/1000 ölçekli ve 1/5000 ölçekli özel orman alanlarında 1/1000 ölçekli ve 1/5000 ölçekli imar planlarının belediyelerce yapılması ve burada imar uygulamalarında Büyükşehir Belediye Başkanlığının Avan Projesine göre uygulama yapılması, buna bağlı olarak Orman Bakanlığının kesin inşaat yapılır)şeklindeki görüşünün alınması ile uygulama yapılır notunun ilave edildiği ve Büyükşehir Belediye Başkanlığınca da 30.10.1991 tarihide aynen onandığı, söz konusu alanın, İstanbul III nolu Kültür ve Tabiat Varlıkları Koruma Kurulu Müdürlüğünün 15.11.1995 tarih ve 7755 sayılı kararıyla, **1 nolu Doğal sit alanı olarak** tespit ve tescil edildiği, bu karar ile Beykoz ilçesindeki 1 nolu Doğal Sit Alanı Sınırları İçerisinde kalan Kavacık, Baklacı, Çavuşbaşı, Dereseki... Soğuksu köyleri ve yerleşmelerindeki her türlü imar uygulamalarının ilgili kurumlarca durdurulması ve sit kararı ile ilgili geçiş dönemi yapılanma koşullarının belirlenmesi, koruma

NF

amaçlı planlamaların yapılmasıyla ilgili yasal süreçlerin başlatılmasına karar verildiği, bu nedenle söz konusu parsellere ilişkin her hangi bir plan çalışması yapılmadığı"bildirilmiştir.

35- Çavuşbaşı 6 sayılı parsel üzerine tapu maliki ile yaptığı sözleşme gereği inşaat yapmakta olan Dost İnşaat A.Ş.'nin 15.03.1996 gün 46 sayılı yazısı ile ve Paşabahçe 238 ada 1 sayılı parsel tapu maliki vekili **Avukat Ahmet Metin** 24.12.1996 tarihli dilekçesi üzerine Saip Molla I Özel Oranı için kesin izin verildiği, bundan sonra imara ilişkin sorumluluğun belediyelere ait olduğu ve bakanlığın talimatı gereğince, **Çavuşbaşı Köyü 6 parsel sayılı özel ormanın tapu kaydındaki özel orman şerhinin** silinmesi, Alemdağ Orman İşletme Müdürü Yaşar Baran'ın 28.03.1996 gün ve 2186 sayılı yazısı ve Paşabahçe 238 ada 2 sayılı parsel üzerindeki özel orman şerhi de aynı müdürlüğün 25.12.1996 gün 1-1969 sayılı yazısı ile istenmiş, bu yazıya **dayanılarak, tapu kayıtlarındaki özel orman şerhi silinmiştir.**

36- İstanbul III Numaralı Kültür ve Tabiat Varlıklarını Koruma Kurulunun 06.06.1996 gün ve 8287 sayılı kararı ile "Kurulun **15.11.1995** tarihli doğal sit alanı ilan edilmesine ilişkin kararından önce ruhsatı alınmış inşaatların ruhsat eki onaylı projeye göre tamamlanabileceği, tevhit ve ifraz işlemlerinin yapılabileceği, ruhsat sürelerinin uzatılabileceği ve yine onaylı ruhsat ve eklerine göre tamamlanmış yapılara iskan ruhsatı verilebileceği, (tamamlanmayan mevzii imar planlarının ilgili belediye ve Bayındırlık müdürlüğünce uygun görülmesi halinde koruma ilkeleri açısından kurullarına sunulabileceğinin hükme bağlandığı, geçiş dönemi yapı Şartlarına esas olmak üzere tüm yerleşik alanlardaki onanlı ıslah, imar ve mevzii imar planları ile köy ve belde yerleşik alanlardaki planların ilgili belediyelerce yoğunlukları ve yapılaşma koşullarıyla birlikte 1/1000 ölçekli tesbitlerin hazırlanarak kurullarına sunulmasından sonra geçiş dönemi yapı şartlarının saptanabileceği ve mevcut onaylı planların 1/25000 ölçekli bir harita üzerine plan koşulları ile birlikte işlenmesine, 14.11.1995 tarih ve 775 sayılı kararla, doğal sit kapsamında kalan taş, kum ve maden ocakları için Orman Yönetimince verilmiş olan işletme izinlerinin bitiminde, izin sürelerinin uzatılmaması" kararlaştırılmıştır.

37- Bu hükme dayanılarak **03.04.1998, 21.04.1993 ve 31.03.2003** tarihinde beşer yıllık süreler ile yapı ruhsatların yenilenmesine ilişkin belgeler ile **31.08.2006 tarihli tadilat ruhsatı** dosya içine getirtilmiş, bu ruhsatta toplam inşaat alanı değişmediğine ilişkin kayıt düşüldüğü görülmüştür.

38- Kapalı Spor salonu, Kültür Merkezi, Hastane, Ticari Depolama tesisleri, Kırkahvesi, 1-2-14-33 nolu (T) tipi apartmanlar, (A-6) işyeri-Kafeterya, Ticaret merkezi, Anaokulu, ilkokul, spor salonu, vaziyet planlarındaki yerleri değişmeden ve fonksiyon değişikliği yapılmadan, tadilen projeleri **06.03.2006** tarihinde onaylanmıştır. **31.08.2006 tarihinde de tadilat nedeniyle yapı ruhsatları verilmiştir.**

39- **21.04.1988** tarihinde 1452 villa için verilen yapı ruhsatında toplam inşaat alanı eksik gösterilmiş, noksan harç alınmıştır. Eksik harçlar faizleri ile birlikte ödenmiştir.

40- 1452 villadan 1326 villa, kulüp binası, idari hizmet banası (T) tipi ticari bilinenler, **akaryakıt istasyonu,** (L) tipi **apartman blokları, çarşı binası, kır kahvesi, olmak üzere toplam 1730 bağımsız bölüm için yapı kullanım izin belgesi alınmış,** kat mülkiyeti tapusu oluşmuş, 73 adet villa için ve ticari ve **depolama** tesisleri için **05.09.2006** tarihi itibariyle yapı kulanım izin belgesi verilmesi için işlemlerin devam ettiği anlaşılmaktadır.

41- Beykoz Belediye Başkanlığının Hesap İşleri Müdürlüğüne gönderdiği 23.08.2000 gün ve 818 sayılı yazıda, "6 numaralı parselde verilen 21.04.1988 tarihli ruhsatta A, B, C tipi villaların tek bodrumlu tipleri gözetilerek yapı ruhsatları tamzim edilip harç alındığını, yerleşim planı ortaya çıktıktan sonra yapı ruhsatında belirtilen miktardan 194645,32 m2 fazla olduğu belirtilerek bu miktara göre hesap edilen 589.869.775,00 TL harcın tahsili" istenmiştir. Gecikme zammı ile birlikte bu harç 9.494.105.993 TL olarak 25.08.2000 gün ve 040165 sayılı makbuz ile ödenmiştir.

42- İstanbul Büyükşehir Belediyesi Planlama ve İmar Daire Başkanlığı, İmar Müdürlüğünün, Beykoz Belediye Başkanlığına gönderdiği **15.09.1998** gün ve 3137 sayılı yazıda "**Büyükşehir Belediyesinin yerleşim planları ve avam projeleri iptal kararlarının halen yürürlükte olduğu,** Çavuşbaşı Köyü 6 sayılı parselin, 1/25000 ölçekli **Beykoz Nazım imar planında orman alanı olarak belirlendiği** III nolu Kültür ve Tabiat Varlıklarını Koruma

Kurulunun15.11.1995 gün ve 7755 sayılı kararıyla, 1 nolu doğal sit alanı olarak belirlendiği, bu duruma göre koruma planlarını yapılması gerektiği de gözetilerek, devam eden inşaatların ve projelerin bu duruma uygun yürütülüp yürütülmediği denetlenerek, gereğinin yapılması" istenmiştir.

43- Haklarında ceza mahkemesinde dava bulunan sanıklar Ali Rıza Tuncer ve Arkadaşlarının hasımsız olarak Sulh Hukuk Mahkemesinde açtığı delil tesbiti davasında verilen 30.06.1997 tarihli bilirkişi raporunda, davanın seyri ve olaylar diğer bilirkişi raporları ile inceleme raporlarında olduğu gibi anlatıldıktan sonra, farklı olarak; "yapılması gereken villalar için belirlenen TAKS oranın 137.476 m2 olduğu sosyal tesis ve ticari tessilerin ise 35281,38 m2 olup, TAKS oranının % 1.5 olduğu, inşaatı devam eden yada tamamlanmış 1224 villanın 111.856 m2 yer kapladığı, bununda % 4.8 karşılık olduğu, sosyal ve ticaret tesislerinin de 7.725,16 m21 olduğu, fiilen zeminde mevcut olan TAKS alanının % 03.4 tekabül ettiği" bildirilmiştir.

44- Davacı Dost İnşaat A.Ş. tarafından **13.02.2002** tarihli dilekçeyle davalı Orman Genel Müdürlüğü aleyhine açılan davada "verilen" kesin izin ve mevzuata uygun olarak verilen inşaat ruhsatlarına rağmen davalı Orman Yönetiminin, % 6 inşaat alanına uyulmadığı iddiası ile Saip molla I ve II özel ormanlarında yasaya aykırı olarak inceleme ve araştırmalar yapmak suretiyle yarattığı sataşmanın giderilmesi ve tedbir kararı verilmesi istemiyle, Beykoz 2. Asliye Hukuk Mahkemesinde açtığı dava 18.11.2002 gün ve 2002/203-631 sayılı kararla red edilmiştir.

**B) YASAL OLMAYAN YAPILAŞMA İZNİNİN İPTALİ İSTEMİYLE İDARİ YARGIDA AÇILAN DAVALAR;**

45- Davacı T.M.M.O.B. Mimarlar Odası İstanbul Büyükkent Şubesi Beykoz Belediye Başkanlığı aleyhine İstanbul 4. İdare Mahkemesinde açtığı davada, "Çavuşbaşı Köyü 6 parsel sayılı Saip Molla I Özel Ormanı niteliğiyle tapuda kayıtlı taşınmaz üzerinde, sosyal ve ticari tesislere ilişkin olarak verilen **İnşaat Ruhsatlarının, yasal dayanağı olmadığından geri alınması** için idareye başvurduklarını, davalı idarece istemlerinin reddi yolunda tesis olunan 16.03.2004 tarih ve 317/Gd-2331 sayılı işlem ile ve bu işlemin konusu olan 21.04.1988 tarih ve 3000149 sayılı **yapı ruhsatları** ve 21.04.1993 03.04.1998 ve **daha sonraki tarihli yapı ruhsatlarının yenilenmesine ilişkin, hukuka aykırı işlemlerin iptali** ve yürütmenin durdurulmasını" istemiş, Orman Yönetimi davacı yanında Dost İnşaat Taahhüt ve Tic A. Ş. de davalı Beykoz Belediyesi yanında davaya katılmış, mahkemenin, **"sivil Toplum Örgütlerinin, toplumu ve çevreyi ilgilendirilen imar planları hakkında dava açma yetkileri bulunduğu bilinmekle birlikte, inşaat ruhsatları ile doğrudan bir ilişkileri bulunmadığı, bu nedenle davacı Sivil Toplum Örgütünün dava açma ehliyetinin bulunmadığı"** gerekçesiyle davanın reddine ilişkin, İstanbul 4. İdare Mahkemesinin 30.12.2005 gün ve 2004/1118-2408 sayılı, kararı davacı mimarlar odasının temyizi üzerine **Danıştay 6. Dairesinin 08.08.2006 ün ve 2006/3763 sayılı** kararıyla, "dava, İstanbul, Beykoz ilçesi, Çavuşbaşı köyü, Saip Molla özel ormanı, 1-2 pafta, 6 sayılı parsel üzerinde yapılan sosyal ve ticari tesislere yönelik olarak verilen yapı ruhsatlarının yasal dayanağı olmadığından bahisle yapılan başvuru üzerine tesis edilen Beykoz Belediye Başkanlığı'nın 16.3.2004 günlü, (11)317 Gd 2331 sayılı işlemi ile bu işlemde bahsi geçen 21.4.1988 günlü, 3000149 sayılı yapı ruhsatının, 21.04.1993 günlü, 3001007 sayılı yapı ruhsatının, 03.04.1998 günlü, 30001007 sayılı yapı ruhsatının ve ruhsat yenileme işlemlerinin iptali istemiyle açıldığı, İdare Mahkemesince, yapı ruhsatlarının şahsa yönelik işlemler niteliğinde olduğu, bu işlemlerle doğrudan ilgisi bulunmayan ve söz konusu yapı ruhsatları nedeniyle güncel ve meşru bir menfaati olumsuz yönde etkilendiği ispatlanamayan sivil toplum örgütlerinin, bu vasıfları nedeniyle şahsa yönelik işlem halini almış olan yapı ruhsatlarının iptali istemiyle dava açma konusunda ehliyeti bulunmadığı, olayda da davacı tarafından yapılan 08.3.2004 günlü başvuru ile Saip Molla Ormanı olarak bilinen taşınmaz üzerinde **"Acarkent"** adıyla sürdürülen inşaatlarda, sosyal ve ticari tesislere ilişkin ruhsatların yasal olmadığının ve gereğinin yapılmasının istenildiği, davacının bu başvurusuna verilen 16.3.2004 günlü, 317 sayılı cevapta 1452 adet villadan 1132 adet villanın, sosyal ve ticari tesislerden de 292 adet bağımsız bölümün tamamlanarak toplam 1428 adet bağımsız bölüm için yapı kullanma izni alındığının ve tapuda kat mülkiyetine dönüştürüldüğünün bildirilmesi

NF

üzerine, büyük bir bölümünün inşaatı tamamlanarak tapuda kat mülkiyetine dönüştürülen yapılara ilişkin olarak verilen yapı ruhsatlarının iptali istemiyle bu davanın açıldığı anlaşıldığından, söz konusu ruhsatlar ile doğrudan bir ilgisi bulunmayan ve bu ruhsatlar nedeniyle kişisel, güncel ve meşru bir menfaati etkilendiği tespit olunamayan davacının bu davayı açma konusunda ehliyeti bulunmadığı gerekçesiyle 2577 sayılı Yasanın 15/1-b maddesi uyarınca davanın ehliyet yönünden reddine karar verildiği, bu kararın davacı tarafından temyiz edildiği anlatıldıktan sonra, T.C. Anayasanın 2. maddesinde, Türkiye Cumhuriyetinin Hukuk Devleti olduğu belirtildiği, Hukuk Devletinde idarenin eylem ve işlemlerinin hukuka uygunluğu ve sonuçta idarenin hukuka bağlılığının yargısal denetimi iptal davaları yoluyla sağlanacağı, 2577 sayılı İdari Yargılama Usulü Kanunu'nun 2. maddesinin birinci fıkrasının (a) bendinde iptal davaları idari işlemler hakkında yetki, şekil, sebep, konu ve maksat yönlerinden biri ile hukuka aykırı olduklarından dolayı iptalleri için **menfaatleri ihlal edilenler tarafından açılan davalar olarak** tanımlandığı, İdarenin eylem ve işlemlerinin hukuka uygunluğunun yargısal denetim yoluyla sağlanmasının en etkin araçlarından biri iptal davaları olduğundan, iptal davalarında "menfaat ihlali" olarak tanımlanan subjektif ehliyet koşulunun kişiye bağlı subjektif hak ihlallerinin giderilmesinin yanı sıra idari işlemlerin hukuka uygunluğunun denetlenebilmesi kapsamında da belirlenmesi gerektiği, **davacı ile iptali istenilen idari işlem arasında kurulabilecek bir ilişki veya ilginin, menfaat ihlali koşulunun varlığı için yeterli olduğu,** bu itibarla yargısal kararlarda menfaat ihlali koşulunun, davacının idari işlemle meşru, kişisel ve güncel bir menfaat ilgisinin kurulması gerektiği şeklinde tanımlandığı, ayrıca; bir menfaatin kişisel menfaat sayılabilmesi iptali istenilen işlemin doğrudan doğruya davacı hakkında alınmasını gerektirmediği, **çevre, tarihi ve kültürel değerlerin korunması imar uygulamaları gibi kamu yararını ilgilendiren konularda dava açma ehliyetinin bu durum göz önünde bulundurularak geniş yorumlanmak suretiyle saptanacağının,** Danıştay içtihatlarıyla kabul edildiği, dosyanın incelenmesinden, Saip Molla Özel Ormanında, başta Anayasa olmak üzere, Orman Kanunu'na, bu kanun uyarınca çıkarılan "Özel Ormanlarda ve Hükmi Şahsiyete Haiz Amme Müesseselerine Ait Ormanlarda yapılacak İş ve İşlemler Hakkında Yönetmelik"e, ilgili mevzuata, yerleşik yargı kararlarına ve kamu yararına aykırı olarak inşaat ruhsatı verildiğinden bahisle bu davanın açıldığı, bu itibarla, sözü edilen yasal düzenlemelerin, davanın niteliği ve davacı tarafından ileri sürülen hususlar dikkate alındığında, davacının uyuşmazlık konusu **yapı ruhsatlarının iptalini isteme konusunda dava açma ehliyetinin bulunduğu sonucuna varıldığı,** bu nedenle davanın **ehliyet yönünden reddi yolundaki idare mahkemesi kararında isabet görülmediği"** gerekçesiyle, İstanbul 4. İdare Mahkemesinin 30.12.2005 günlü, E:2004/1118; K:2005/2408 sayılı kararının **BOZULMASINA** karar verilmiş,

46- İstanbul 4. İdare Mahkemesi 24.09.2007 gün ve 2007/724-1903 sayılı kararı ile önceki kararında ısrar etmiş, davacı TMMOB Mimarlar Odası İstanbul Büyükkent Şubesi ile katılan Orman Yönetiminin temyizi üzerine, **Danıştay İdari Dava Daireleri Kurulunun 18.06.2009 gün ve 2008/397-1684 sayılı** kararında özetle ["2577 Sayılı İdari Yargılama Usul Yasası'nın 2. maddesinin birinci fıkrasının (A) bendinde iptal davaları, idari işlemler hakkında yetki, şekil, sebep, konu ve maksat yönlerinden biri ile hukuka aykırı olduklarından dolayı iptalleri için menfaatleri ihlal edilenler tarafından açılan davalar olarak tanımlandığı, Anayasanın 125. Maddesinde belirtiliği üzere idarenin her türlü eylem ve işlemlerine karşı yargı yolunun açık olduğu, Hukuk Devletinde İdarenin hukuka uygunluğunun sağlanmasında en etkin araçlardan birinin de iptal davaları olduğu, iptal davalarındaki subjektif ehliyet koşulunun doğrudan doğruya hukuk devletinin yapılandırılması ve sürdürülmesine ilişkin sorun olduğu, bu koşulun idari işlemlerin iptal davası yoluyla denetlenmesini etkilemeyecek şekilde anlaşılması gerektiği, özellikle çevre, tarih ve kültürel değerlerin korunması, imar uygulamaları gibi kamu yararını ilgilendiren konularda dava açma ehliyetinin geniş yorumlanması çevreyi geliştirmeyi çevre sağlığını korumayı ve çevre kirliliğini önlemeyi Devlete bir ödev olarak veren, ayrıca herkesin sağlıklı v edengeli bir çevrede yaşama hakkına salip olduğunu belirten anayasanın 56. Maddesinin zorunlu bir sonucu olduğu, **Anayasanın kamu kurumu niteliğindeki meslek kuruluşlarını düzenleyen** 135. Maddesinde, "... Kamu Kurumu niteliğindeki meslek kuruluşları ve üst kuruluşları; belli bir mesleğe mensup olanların müşterek ihtiyaçlarını

Alf-

karşılamak, mesleki faaliyetlerini kolaylaştırarak, **mesleğin genel mefaatlerine uygun olarak gelişmesini sağlamaz, meslek mensuplarının birbirleri ile ve halk ile olan ilişkilerinde dürüstlüğü ve güveni hakim kılmak üzere meslek disiplini ve ahlakını korumak maksadı ile kanunla konulan ve organları kendi üyeleri tarafından kanunla gösterilen usullere göre yargı gözetimi altında, gizli oyla seçilen kamu tüzel kişileridir..."** hükmünün yer aldığı, 6235 Sayılı Türk Mühendis ve Mimarlar Odaları Birliği Kanunun 2. Maddesinde ise, Birliğin Kuruluş amacının gösterildiği, bu hükme göre birliğin kuruluş amaçları arasınada, " Mühendislik ve mimarlakı mesleği mensuplarının, müşterek ihtiyaçlarını karşılamak, mesleki faaliyetlerini kolaylaştırmak, mesleğin genel menfaatlere uygun olarak gelişmesini sağlamak, meslek mensuplarımının birbirleriyle ve halk ile olan ilişkilerinde dürüstlüğü ve güveni hakim kılmak üzere meslek disiplini ve ahlakını korumak, için gerekli gördüğü bütün teşebbüs ve faaliyetlerde bulunmak" ve "Meslek ve menfaatleriyle ilgili işlerde resmi makamlarla işbirliği yaparak gerekli yardımlarda ve tekliflerde bulunmak, meslekle ilgili bütün mevzuatı normları, fenni şartnameleri incelemek ve bunlar hakkındaki görüş ve düşünceleri ilgililere bildirmek" görevlerinin yer aldığı, 6235 Sayılı Türk Mühendis ve Mimarlar Odaları Birliği Kanununa dayanılarak hazırlanan Ana Yönetmeliğin Birlik ve Bağlı Odaların Amaçlarını Düzenleyen 3. Maddesinin b) fıkrasında da; mühendislik ve mimarlık mesleği mensuplarının ortak gereksinmelerini karşılamak, mesleki etkinlikleri kolaylaştırmak, mesleğin genel yararlara uygun olarak gelişmesini sağlamak, meslek mensuplarının birbirleriyle ve halkla olan ilişkilerinde dürüstlüğü ve güveni hakim kılmak üzere meslek disiplinini ve ahlakını korumak; kamunun ve ülkenin çıkarlarının korumasında, yurdun doğal kaynaklarının bulunmasında, korunmasında ve işletilmesinde, çevre ve tarihi değerlerin ve kültürel mirasın korunmasında, tarımsal ve sınai üretimin artırılmasında, ülkenin sanatsal ve teknik kalkınmasında, gerekli gördüğü tüm girişim ve etkinliklerde bulunmak, c) fıkrasında ise; meslek ve çıkarları ile ilgili işlerde, resmi makamlar ve öteki kuruluşlar ile işbirliği yaparak gerekli yardımlarda ve önerilerde bulunmak, meslekle ilgili bütün mevzuatı, normları, bilimsel şartnameler, tip sözleşmeler ve bunlar gibi bütün bilimsel evrakı incelemek ve bunların değiştirilmesi, geliştirilmesi yada yeniden konulması yolunda önerilerde bulunmak, birliğin ve bağlı odaların amaçları arasında sayıldığı, belirtilen yasal düzenlemeler uyarınca mesleki faaliyetleri kolaylaştırmak, mesleğin genel yararlarına uygun gelişmesini sağlamak, kamunun ülkenin çıkarlarının korunmasında gerekli gördüğü tüm girişim ve etkinliklerde bulunmak konularının, amaçları arasında sayıldığı, yasal düzenlemeler karşısında uyuşmazlık konusu alanla ilgili olarak düzenlenen **imar planlarına karşı dava açma ehliyeti bulunduğu hususunda tartışma olmayan Mimarlar Odasının bunun doğal sonucu olarak planlara dayalı yapı ruhsatlarının iptalini isteme konusunda da dava açma ehliyeti bulunduğu"]** gerekçesiyle, davacı ve yanında katılanın temyiz itirazlarının kabulü ile İstanbul 4. İdare Mahkemesinin 24.09.2007 gün ve 2007/724-1903 sayılı ısrar kararı Danıştay 6. Dairesinin kararı doğrultusunda bozulmasına karar verilmiştir.

47- Dereseki Köyü 4-5 pafta 215 ve 216 parsel sayısı ile tapuda **Serdaroğlu Özel Ormanı** olarak kayıtlı taşınmaz hakkında Orman Yasasının 52. maddesi hükmüne göre **kesin izin verilmesi isteminin reddine** ilişkin Orman Genel Müdürlüğünün 09.01.2007 gün ve 22 sayılı kararının iptali istemiyle açılan davanın kabulüne ve işlemin iptaline dair İstanbul 4. İdare Mahkemesinin 26.12.2007 gün ve 2007/278-2801 sayılı kararı, Orman Genel Müdürlüğü ve Çevre ve Orman Bakanlığınca temyiz edilmesi üzerine, Danıştay 8. Dairesinin **"Serdaroğlu özel ormanında yapılaşma için verilen ön iznin bir kez uzatıldıktan sonra 13.07.2001 tarihinde iptal edildiği, ön iznin süresinin uzatılması ve kesin izin verilmesi konusunda çeşitli tarihlerde yapılan başvuruların, mevzuat çerçevesinde yaptığı inceleme sonrasında,** yine mevzuat uygun bulmayarak, Bakanlık onayına sunmadan reddeden Genel Müdürlük işleminde yetki açısından hukuka aykırılık bulunmadığı, yetkili makamlarca tesis edilen dava konusu işlemin 6831 Sayılı Yasanın, Özel Ormanlarda Yapılacak İş ve İşlemler Hakkındaki Yönetmelik ve diğer düzenlemeler karşısında hukuka uygun olup olmadığının irdelenmesi gerekirken, yazılı gerekçelerle dava konusu işlemin iptali doğrultusunda verilen yerle mahkeme kararında hukuka ve mevzuata uyarlık bulunmadığı" gerekçesiyle bozulmuş, davacı Acarlar

XK

Inşaat Taahhüt Şanayi ve Ticaret A. Ş. nin karar düzeltme istemi de 2577 Sayılı Yasanın 54. maddesindeki nedenlerden hiç birine uymadığı için red edildiği görülmüştür.

**C-YASAL OLMAYAN YAPILAŞMAYA İZİN VEREN GÖREVLİLER HAKKINDA CEZA KOVUŞTURMALARI**

48- Orman Bakanlığı Teftiş Kuruluna bağlı müfettişler **Şuayip Balta, Hüsamettin Ata ve Enver Palaşoğlu** tarafından düzenlenen fezlekede, yerleşim planlarının şematik olduğu gerekçesiyle 1/1000 lik tadilat planlarının hazırlatıldığı inşaat alanını da genişletildiği ve 27.02.1991 tarihinde Beykoz belediyesi yetkililerince onaylanarak mevzuat aykırı olarak yürürlüğe sokulduğu, tadilat planında inşaat alanını % 68 kapsayacak şekilde düzenlendiği ve Beykoz Belediyesince yürürlüğe sokulduğu, Orman Bölge müdürlüğü ve ilgili birimlerce ihtilaf mahallinde yapılan incelemede 52 madde gereği verilen yapılaşma izninin çok üzerinde bir yapılaşmaya gidilmek suretiyle inşaat sahasının genel orman alanına oranının % 32'ye vardığının, Orman Genel Müdürlüğüne bildirilmesi üzerine, Orman Genel Müdürlünün 13.02.1991 tarihinde 379 sayılı yazı ile hukuk müşavirliğinin görüşü doğrultusunda hareket edilerek, Orman Yasasının 52. maddesi hükmü gereğince maliklerin ancak orman alanının % 6'sında yapılaşma yoluna gidebilecekleri bunun dışında yapılan binalar için suç zaptı düzenlenmesi, ve kal-i yoluna gidilmesi yapılacak binaların engellenmesinin emredildiği, ancak Orman Genel Müdürlüğünün 30.04.1991 tarihli ve 669 sayılı yazıları ile bu kez görüşünü 180 derece değiştirmek suretiyle, şahısların mahkeme marifetiyle tesbitte bulundukları, idarenin imar planlarını onayladığı gibi inşaatların büyük bölümünün tamamlandığı, bu durumun şahıslar **yönünden kazanılmış hak oluşturduğu gerekçe gösterilerek** bu doğrultuda işlem yapılması gerektiğinin emredildiği, bu görüş ve dayanağı olan 11.04.1991 tarih ve 561 sayılı görüşün mer-i usul ve mevzuata tamamen ters olduğu, 6831 Sayılı Yasanın 52. maddesinin **kamu düzenine ilişkin bir madde olduğu, bu maddeye aykırı olarak kazanılmış haktan söz edilemeyeceği**, nitekim Yargıtay 9. Hukuk Dairesinin 26.11.1982 gün ve 1982/8329-9353 sayılı kararının da bu yönde olduğu, 52. madde gereği düzenlenen yerleşim planlarının tamamının gerçekleşmesi halinde **229 Hektar** 1280 m2 yüzölçümündeki Saip Mollal I özel **Ormanının 1558315.02 m2 bölümünün yapılaşmaya açılmış olacağından**, % 68'lik bölümündeki **orman örtüsü tam olarak kaldırılmış olacağı**, kaldı ki projeler incelendiğinde villalar dışındaki sosyal kültürel tesislerin bahçe düzenlemesi vesair çalışmalar yapılacağından proje gereği kesin olduğu dikkate alındığında, bu rakamların çok daha büyük meblağlara ulaşacağı, ormancılık tekniği açısından, **orman sahası sayılacak her hangi bir alanın kalmayacağı**, İstanbul Büyükşehir Belediyesi, Beykoz Belediyesi yetkilileri ile Orman Genel Müdürlüğü müşterek onayları sonucu uygulamaya sokulan 1/1000 ölçekli yerleşim planlarına göre halihazırda biten 555 adet villanın 48432 m2 alanı kapladığı, bunun parselin yüzölçümüne oranının % 2,11 olduğu, bahçe ve yolların kapladığı alanın **701.160 m2** olduğu ve parselin yüzölçümüne oranının % 30,6 olduğu, gerçekleşen yolların toplamının **240.660 m2** olduğu, bu alan düşüldüğünde ormandan kullanılan alanın % 20 olduğu, Orman Yasanını 52. Maddesine aykırı biçimde 18.04.1988 tarihli 1/1000 ölçekli yerleşim planına tatbiki uygundur şerhi vermek suretiyle tastik eden ve emirlerini yanlış şekilde yönlendiren **Mülkiyet İşleri Daire Başkanı Selahattin Kutlay**'ın, taşra teşkilatında husule gelen tereddütlerin giderilmesi için OGM hukuk müşavirliğinin görüşü paralelinde söz konusu alanda yapılaşmanın % 6 geçmeyeceği belirtilerek bunun dışındaki yapılan binalar için suç zaptı düzenlenmesi ve yapılacak binaların engellenmesi, talimatı verildiği, bu kerre ve taşradan her hangi bir istişare istenmediği halde, **hukuk müşavirliğinin 11 Nisan 1991 ün ve 561 sayılı görüş ve yazısında tamamen kendi insiyatifi ile hazırlayıp bizzat kendisi tarafından kendi el yazısı ile sayı vererek imzalayan, OGM ce 30.04.1991 tarih ve 669 sayılı yazıları ile mahalline gönderilmesini sağlayan OGM 1. Hukuk Müşaviri Erkal Kızılay'ın** görevlerini kötüye kullandıklarından 240 madde gereği cezalandırılmaları, 52. maddeye aykırı olarak Saip Molla Özel Ormanı için hazırlanan 1/1000 lik planı onaylayan kadastro ve **Mülkiyet İşleri Şube Müdürü Hüseyin Yurttaş**'ın görevini ihmal ettiği anlaşıldığından 230 madde gereği cezalandırılmaları gerektiği, O.G.M. Mülkiyet İşleri Şubesince teknik düzeyde inceleme ve kontrolü yapılabilen tastik edilmek üzere üst makamlara sunulan planın, her ne kadar **Kadastro Mülkiyet Dairesi Başkanı ile Genel Müdür**

**tarafından paraf edildiği ve imzalandığı tesbit edilmiş ise de, bu makamlara ilgili şube müdürü ve hukuk müşaviri tarafından değişik görüş ve eksik bilgi verilerek yanıltıldığı dikkate alınarak, kadastro Mülkiyet Dairesi Başkanı Mehmet Yılmaz ve Orman Genel müdür Yardımcısı Osman Çelik**'in suç işlediklerine dair kesin kanaat hasıl olmadığından cezalandırılmalarına gerek olmadığı, **Nevzat Özer in ise parlamenter oluşu nedeniyle,** Anayasa gereğince hakkında inceleme ve soruşturma yapılmadığından söz edilerek, Selahattin Kutluay ve Erkal Kızılayın eylemlerin uyan 240 maddesi gereğince cezalandırılmaları için haklarında lüzüm-u muhakeme kararı verilmesi gerektiği, Orman Genel Müdürü Nevzat Özer millet vekili olması nedeniyle Anayasa hükmü gereğince hakkında inceleme ve soruşturma yapılmadığı, Genel müdür Yardımcısı Osman Çelik ile Kadastro Mülkiyet dairesi Başkanı Mehmet Yılmaz'ın suç işlediklerine dair kesin ve inandırıcı kanaat elde edilemediğinden haklarında men-i muhakeme kararı verilmesi gerektiği rapor edilmiştir.

49- Danıştay 2. Dairesinin ilk derece inceleme yeri olarak verdiği, 02.11.1993 gün ve 1993/2694- 2408 sayılı kararıyla, sanıklar Nevzat Özer, Osman Çelik, Mehmet Yılmaz, Hüseyin Yurttaş, Selahattin Kutluay ve Erkal Kızılay hakkında, Beykoz Çavuşbaşı Beldesi Saip Molla I Özel ormanında, 6831 Sayılı Yasanın 52. Maddesine aykırı olarak 1/1000 ölçekli mevzii imar planı ve mimari proje düzenlenmesine ve uygulamaya sokulmasına bitki örtüsünün kaldırılmasına, mevzuat aykırı görüş bildirerek idarenin yanıltılmasına neden olmak ve yine Beykoz merkezde kalan Saip Molla II Özel Ormanında Orman Yasasının 52. maddesine aykırı biçimde mevzii imar planı ve mimari projeleri uygulamaya sokmak suçları nedeniyle ilk derece merci olarak karar verilmesi için soruşturma evrakının kendilerine gönderildiğinden söz edilerek, Nevzat Özer'in Millet vekili seçilmesi nedeniyle soruşturma evrakının sanığın dokunulmazlığının kaldırılıp kaldırılamayacağı konusunda gereğinin yapılabilmesi için soruşturma dosyasının onaylı bir örneğinin Adalet Bakanlığına gönderilmesi için, bu kişi hakkındaki soruşturma evrakının geri gönderilmesine, 1 bent gereğince sanıklar Selahitin Kutluay, Erkal Kızılay, Osman Çelik ve Mehmet Yılmaz'ın, 2. bent gereğince Hüseyin Yurttaş ve Mehmet Yılmazın TCK 240 madde gereğince lüzumu muhakemelerine yargılamanın Kırıkkale Asliye Ceza Mahkemesinde yapılmasına hükmedilmiş (Üyeler Muammer Oytan ve H. Mükerrem Özelçi ancak lüzumu muhakeme kararı verilmesi gerektiği halde dokunulmazlığın kaldırılmasının istendiği, beraat yada zamanaşımı gibi nedenle davanın ortadan kaldırılması istenecek ise dokunulmazlığın kaldırılmasına gerek bulunmadığı gerekçesiyle ayrık oy kullanmışlardır.), Danıştay İdari Dava Daireleri Genel Kurulu 02.06.1994 tarihli ve 1994/55-60 sayılı Kararı ile 2. Daire kararını onanmıştır.

50- Sanıklar Osman Çelik, Mehmet Yılmaz, Hüseyin Yurttaş, Selahttin Kutluay ve Erkal Kızılay Hakkında Kırıkkale 2. Asliye Ceza Mahkemesinde görülen davada, suç tarihi 22.12.1987 olarak gösterilmiş, Bir nevi diğer inceleme raporları ile müfettiş raporlarının tekrarı niteliğinde bilgiler dışında; ön izin talebinin kabulü ile 137531 m2 alan için 1452 adet villa dışında sosyal, ticari dini tesislerin ve yolların, okulların ve çevre düzenlemesinde bahçelerin gösterildiği ve plan dip notunda büyük harfler ile TAKS (Taban Alanı Kat Sayısı) minimum %35, maksimum %50 olarak gösterildiği yine "TAKS %6(sosyal ve ticari tesisler hariç) yazılı olduğu, sahiplilik sorunu olmadığı, orman kadastrosunun kesinleştiği, ağaçlandırma sahası olmadığı, imar palanlarının kadastro işleri şube müdürü Selahattin Kutluay tarafından 26.11.1987 tarihinde "tatbiki uygundur " şerhi ile onaylandığı, 22.12.1987 tarih ve 21 sayılı olurun Şube Müdürü Selahattin Kutluay ve Daire Başkanı Mehmet Yılmaz tarafından paraf edilerek, Orman Genel Müdür Yardımcısı Osman Çalık tarafından bakanlık oluruna sunulduğu, bakanlıkça da 22.12.1987 tarihinde onanarak kesin izin verildiği, inşaatlar başladığında taşra teşkilatınca kesin izin ile imar planını çeliştiğine değinilerek, ne yapılacağının merkezi idareden sorulduğu, Erkal Kızılay tarafından önce inşaatın durdurulması gerektiğinin bildirdiği, daha sonra da dönüş yapılarak, yapılaşmayı gerçekleştirenler hakkında müktesep hak doğduğu, yapılacak işlem kalmadığı yönünde görüş bildirildiği, bu değişen görüşün taşraya orman genel müdürü Nevzat Özer imzası ile emirlendiği, Belediye Başkanlığına 548.858.19 m2 villalardan başka 188.479.97 m2 alanda yapılacak sosyal, kültürel, dini tesisler ile ve okul spor salonu içinde yapı ruhsatı verildiği, 14.07.1993 tarihli bilirkişi raporuna göre imar planının tamamının

NF

uygulanması halinde yapılaşmanın % 68 olacağının tesbit edildiği, 238 adet 1 sayılı parselle ilgili de benzer durumun söz konusu olduğu, burada da yine TAKS %6 olarak belirlenmesine karşın imar planında yapılaşmaya açılan yerin bu miktarı 152780 m2 geçtiğinin anlaşıldığı, buna göre sanık Osman Çelik için suç oluştuğu, sanık Mehmet Yılmaz için görevini kötüye kullanma suçu oluştuğu, Mülkiyet İşleri Şube Müdürü Selahattin Kutluay'ın görevi kötüye kullanma suçunu işlediği, sanık Erkal Kızılay aynı şekilde üç içinde verdiği bir birine aykırı iki hukuki mütala nedeniyle görevi kötüye kullanma suçunu işlediği, bu işemler nedeniyle 1995 yılı birim fiyatlarına göre Osman Çelik, Mehmet Yılmaz, Erkal Kızılay, Nevzat Özer müştereken ve müteselsilen sorumlu olduğu, bu orman nedeniyle 11.113.931.724 TL fon bedeli ve 1667089758 TL KDV olmak üzere Hazineni gelir kaybı bulunduğu yönündeki bilirkişi raporu esas alınarak, suç tarihinden lüzumu muhakeme kararının verildiği 02.11.1993 tarihe kadar 5 yıllık asli zamanaşımı süresinin dolduğu gerekçesiyle bu sanıklar hakkındaki ceza davasının 102/4 madde gereğince zamanaşımı nedeniyle ortadan kaldırılmasına, sanıklar Mehmet Yılmaz ve Hüseyin Yurttaş hakkında açılan kamu davasının, sanık Hüseyin Yurttaşın Saip Molla II özel ormanı ile ilgili, Orman Yasasının 52. maddesin uygun olmayan 10.03.1989 tarihli Kesin İzni, tatbiki uygundur şerhi ile imzalamak suretiyle görevini kötüye kullandığı, sanık Mehmet Yılmazın ise Kadastro ve Mülkiyet daire başkanı olarak görev yaptığı, 06.11.1989 tarihli ve 1246 nolu olur ile kesin izin vermek suretiyle % 6'yı aşan yapılaşmayı öngören planı imzalayarak başkalarına menfaat temin ettiği ve görevini kötüye kullandığı gerekçesiyle TCK 240. madde gereği 1'er yıl hapis ve 20.000.TL şer hapis cezası ile cezalandırılmalarına ve 647 Sayılı Yasanın 4. maddesi gereğince cezalarının 3650000TL şer para cezasına çevrilmesine ilişkin Kırıkkale Asliye 2. Ceza Mahkemesinin 03.10.1996 gün ve 1994/417-415 sayılı kararı, Hüseyin Yurtaş ve Mehmet Yılmazın temyizi üzerine, Yargıtay 4. Ceza Dairesinin 10.03.1998 gün 1998/1255-1516 sayılı, temyiz edenlerin temyiz isteklerinin süreden reddine ilişkin kararı ile birlikte kesinleştiği görülmüştür.

51- Danıştay 2. Dairesinin 05.11.1996 gün ve 1996/1225-1886 sayılı, sanık Nevzat Öner'in atılı suçlar nedeniyle T.C.K.'nun 240. maddesi gereğince cezalandırılması için lüzumu muhakemesine ve yargılamanın Kırıkkale 2. Asiyle Ceza Mahkemesin yapılmasına ilişkin kararı, Danıştay İdari davalar Genel Kurulunun 27.02.1997 gün ve 1997/4-3 sayılı kararı ile onaylamıştır.

Sanık Nevzat Özer Hakkında görülen ceza davası sonunda, sanığın hukuk Müşavirliği tarafından hazırlanan hukuki görüşün taşraya gönderilmesinde görevi kötüye kullanma suçunun unsurlarının oluşmadığı, olayda fiili duruma meşruluk kazandırmak amaç ve düşüncesi bulunmadığı, yapılaşma ile ilgili yazısında bir usulsüzlük bulunmadığı, 1993yılında yapılaşmanın TAKS ın yani %6 nın çok altında olduğu, kamu zararı bulunmadığı gerekçesiyle BERAATİNE ilişkin Kırıkkale Asliye 2. Ceza Mahkemesinin 22.12.1997 gün ve 1997/135-256 Sayılı Kararı, Hüseyin Yurtaş ve Mehmet Yılmazın temyizi üzerine, Yargıtay 4. Ceza Dairesinin 10.03.1998 gün 1998/1255-1516 sayılı kararıyla, temyiz edenlerin temyiz istekleri **süreden RED edilerek kesinleşmiştir.**

52- İstanbul 12. Asliye Ceza Mahkemesinin 08.10.1997 gün ve 1997/ 63-1032 Sayılı, Belediyede görevli sanıklar: **Şevket Arıkan, Ali Rıza Tuncer, Ekrem Kantar, Çiğdem Melikoğlu, Mehmet Pulat, Bülent Şenol, Semih Dilben, Hüseyin Tuncer, Hasan Tekin, Emel Alper, Ali Esat Yarar ve Ali Uslu**'nun 19.04.1988 ve sonrasındaki, **yasaya aykırı olarak yapı ruhsatı verilmesine** neden olmak suretiyle görevi ihmal suçunu işlediklerinden, bu suçtan cezalandırılmaları istemiyle açılan davanın, **7.5 yıllık olağanüstü zamanaşımı süresi dolduğundan ortadan kaldırılmasına karar verilmiştir.**

53- Mülkiye Müfettişi Ayhan Altın tarafından bilirkişi olarak görevlendirilen Mülkiye Müfettişliğinin 03.07.1998 gün ve 67/8 sayılı yazıları doğrultusunda 17.07.1998 tarih ve 7723 sayılı Valilik olurları ile görevlendirilen, bilirkişiler M. Savaşer, D. Özal, B. Özer, B. Ayanoğlu, R. Asal tarafından düzenlenen raporda da yine aynı hususlara değinilip, TAKS'ın aşılmadığı bildirilmiştir.

54- Orman Genel Müdürlüğü Kadastro Mülkiyet Daire Başkanlığının hukuk müşavirliğine gönderdiği **30.04.1998** gün ve 17.07.03/615 sayılı inceleme raporu niteliğindeki,

hukuk müşavirliğine yönelik yazısına cevaben, Orman Genel Müdürlüğü Hukuk Müşavirliği 22.05.1998 gün ve 1820 sayılı yazısında **cevap:** "idare zararı konusunun, yargıya intikal ettiği ve idare zararı oluşup oluşmadığı konusunda tam bir görüş birliği oluşmadığından şu anda bir görüş bildirilemeyeceğini" bildirilmiştir.

55- Orman Genel Müdürlüğünün 21.06.2002 gün ve TK17.116/797 sayılı derkenar emri gereği, **Orman Genel Müdür Yardımcısı Vefa Altınçekiç, Teftiş kurulu Başkanı Mahmut Bayramoğlu**, Hukuk Müşaviri Metin Kökten, Şerife Kuşçuoğlu, Kadastro Mülkiyet Dairesi Başkanı **İsmet Şen**, Baş Müfettiş **İzzet Okyay, Müfettiş Hüseyin Develi** tarafından yapılan 21.06.2002 tarihli değerlendirme toplantısında, Saip Molla II Özel Ormanına yönelik 06.12.2001 ün ve TK 17.116.2290 ve 2291 sayılı emirle müfettiş görevlendirildiği, bunun üzerine Özel orman sahibi şirketin açtığı el atmanın önlenmesi davasında mahkemece tedbir kararı konulduğu, bu nedenle yapılacak işlemin görüşülmesi için bu toplantının düzenlendiği açıklandıktan sonra, mahkemece verilen ihtiyati tedbir kararına uyulmasına, görevli müfettişlerce tedbir kararına kadar olan belge ve bilgilere göre inceleme yapılması, soruşturma konusu olan, Genel Müdürlük Makamının 2291 sayılı emrinde yer alan (a, b, c, d ) Maddeleri dışındaki hususların 2, 3, 4, 5 sayılı Maddelerin ihtiyati tedbir kararından önceki bilgi ve belgelere dayandırılarak inceleme raporun hazırlanması, inceleme harici hususların daha sonra incelenmesi, mahkeme kararı sonuçlanıncaya kadar idari yönden gerekli tedbirlerin alınması açısından bilgi belgeler doğrultusunda müfettişlikçe ara rapor düzenlenmesi kararlaştırılmıştır.

56- Orman Genel Müdürlüğü Kadastro ve Mülkiyet Daire Başkanlığının **19.11.1997** günlü talimatı ile, 18.08.1993 tarihli inceleme raporunda belirtilen hususlarla ilgili rapor düzenlemesi istenen **Mehmet Polat** tarafından düzenlenen **18.12.1997** Tarihli İnceleme Raporunda; Orman Genel Müdürlüğünce Bayındırlık ve İskan Bakanlığı Teknik Araştırma ve Uygulama Genel Müdürlüğünden **13.09.1993** gün ve 1309 sayılı yazı ile görüş istendiği, bu kurumun **17.09.1993** gün ve 18811 sayılı yazı ile bu plan kapsamında kalan ve kamu eline geçmesi gereken yol, yeşil alan, çocuk bahçesi, otopark gibi alanların kamu eline geçtikten sonra geriye kalan net alan üzerinden emsal TAKS % 6'yı geçmemek üzere inşaat için ilgili idare tarafından ruhsat düzenlenmesi gerektiği, söz konusu inşaatların **Boğaziçi Kanunu** 2863 Sayılı kıyı yasasına ve imar yasası hükümlerine tabi olacağı, Kesin izinde yapılaşma oranının % 6 olduğu, bu alan sosyal ve ticari tesisler ile yolların dahil olmadığı, **Saip Molla II Ormanı için verilen izninin 27.10.1993 tarihinde bakanlığın 15 sayılı olur ile iptal edildiği, iptalin özel orman sahiplerine bildirildiği ancak tebellüğ ettirilmediği**, İptale ilişkin Sakarya İdare Mahkemesi kararının bulunduğu, Mal Sahiplerinin Beykoz Sulh Hukuk Mahkemesinde açtıkları delil tesbiti davasında İlhan Avcı, Burhan Demircan ve Fikret Ergin tarafından düzenlenen raporda Saip Molla I ormanında verilen kesin izinde TAKS alanın 137531 m2 olduğu bunun 137476 m2 bölümünün kullanıldığı, **Sosyal ve Ticari tesislerin % 6'ya dahil olmadığının planda belirtildiği**, 1204 adet villa inşa edilmiş olup, bunun 111856 m2'yi kapladığı, taşınmaza oranının % 4.88'e tekabül ettiği, 248 villaya ait taksın henüz kullanılmadığı, şeklinde tesbitte bulundukları, Kirazlı Özel ormanında sadece ön izin verildiği diğer aşamalara geçilmediği, Orman Bakanlığı APK Koordinasyon Mevzuat Daire Başkanlığının 09.12.1994 tarihinde 40861 nolu talimatı ile kesin izin verildikten sonra imar planlaması ve uygulama ile ilgili görev ve sorumlulukların **imar mevzuatı çerçevesinde Belediyelere ait olduğu**, bu konuda Orman Bakanlığının yetki ve soruluğunun bulunmadığı yolunda gerek Büyük Şehir Belediye Başkanlığının, gerekse de Beykoz Belediye Başkanlığı ve Genel Müdürlüklerine uyarıda bulunulduğu, yine 27.11.1997 tarihli inceleme raporunda aynı hususlara ve aşamalara değinildiği, kesin izinden sonra Bakanlığın imarla ilgili görev ve sorumluluğunun bulunmadığı, karışıklığın olay tarihi yani izinler ve yapılaşma aşamasında % 6 yapılaşma sınır ile ilgili belli bir görüş ve politikaları olmamasından kaynaklandığı bildirilmiştir.

57- Orman Bakanlığınca 28.09.1994 tarihli Özel ormanlarda yapılacak iş ve işlemleri gösterir talimat yürürlüğe konulmuştur.

58- 30.09.1999 gün 2/600 ve **28.09.1994** tarihli Talimata ektir, ilgilisine Orman Genel Müdürlüğüne gönderilen Orman Bakanlığı Araştırma Planlama ve Koordinasyon Kurulu Başkanlığı, Koordinasyon ve Mevzuat Daire Başkanlığı 1994 yılı (ay ve gün okunmaz)

MF

9994

KM.2.GN.2/ sayılı **"özel ormanlarda yapılacak iş ve işlemler konulu, Bakan Hasan EKİNCİ imzası ile gönderilen Orman Genel Müdürlüğüne yönelik yazısında; Bu talimatta kesin izinden sonra imarla ilgili yetki ve sorumluluğun Belediyelere ait olduğunu bildirilmiştir. Talimatın yürürlüğünden önce kesin izin verilmiş ve yapı ruhsatı alınmış yerlere uygulanamayacağı"** bildirilmiştir.

59- Alemdağ Orman İşletme Müdürlüğünün görevlendirmesi ile Kad Şb Şefi **Selahattin Bulut** tarafından düzenlenen **26.11.1997** tarihli inceleme raporda: [Kadastro Mülkiyet Şube Başkanlığında düzenlenen bir heyet tarafından hazırlanan ve **23.03.1987** tarihli rapor esas alınarak, 30.03.1987 tarihinde 0698 sayılı yazı ile 52. madde gereği ön izin verildiği, ön izinde istenen bazı belgeler tamamlandıktan sonra Orman Bakanlığının **22.12.1987 tarih ve 21 sayılı olurları** ile 117 adet (A) tipi villa ve 835 adet (B) tipi villa 560 adet C tipi villa ile diğer sosyal ve ticaret tesisleri **için kesin izin verildiği,** kesin izinden sonra da İstanbul BB. Başkanlığınca 12.04.1988 tarihinde 1/1000 ölçekli vaziyet planları ile tüm mimari ve avan prajelerinin onaylandığı, buna bağlı olarak Beykoz İlçe Belediyesince İnşaat Ruhsatının verildiği, **başlangıçta Orman Yönetimince Sosyal ve Ticari tesislerin ve yolların %6'lık TAKS alanına dahil olmadığı bildirilmesine** karşın, **Beykoz Sulh Hukuk** Mahkemesinde yaptırılan tesbit ve düzenlenen üç kişilik bilirkişi kurul raporundan sonra, Orman Genel Müdürlüğü Hukuk Müşavirliğinin 11.04.1991 gün ve 561 sayıyla, Kadastro Mülkiyet Dairesi Başkanlığına gönderdiği yazıda, "İdaremiz imar planını onayladığına ve inşaatlarında büyük bölümü yapıldığına göre, uygulamanın **kişiler açısından müktesep hak olarak** düşünülmesi ve kabulünde yarar vardır," denilerek konuya açıklık getirilmiş, bu yazıdan daha sonra **20.05.1993** tarihli **Yeni Günaydın Gazetesinde**, muhabir İhsan Yılmaz tarafından kaleme alınan **"Katliamı Durdurun** başlığı ile yayınlanan yazıdan sonra Orman Bölge müdürlüğünce kurulun üç kişilik komisyonca düzenlenen raporda, "yapılaşmanın yasal olduğunun" belirlendiği, Orman Genel müdürlüğünce görevlendirilen Zeki Turgut Erce ve Hayiş Oğet tarafından düzenlenen raporda yapılaşmanın yasal olduğu yönünde bilirkişi raporu alındığı, bu bilirkişi raporu doğrultusunda inceleme raporu düzenlendiği, daha sonra Orman Genel Müdürlüğü Teftiş kurulundan Şuyip Balta, Hüsamettin Ata ve Enver Palaşoğlu'nadn oluşan heyet tarafından düzenlenen 18.08.1993 tarihli raporunda, **"Orman Yönetimi tarafından, İmar planı konusunda Orman Yönetiminin yetkisi ve sorumluluğu bulunmadığı"** gerekçesiyle, inceleme raporunaun gereği yapılması için ilgili belediyenin bağlı olduğu İçişleri Bakanlığına gönderildiği, İçişleri Bakanlığı Teftiş Kurulunca konunun incelendiği, % 6'lık yapılaşma izninin **Orman Yönetimince iptal edildiğine ilişkin Beykoz Orman İşletme Şefliğince mal sahiplerine 10.12.1993 gün ve 1815 sayılı yazının yazıldığı,** bunun üzerine Beykoz Belediyesince 3194 Sayılı Yasanın 29. maddesi gereğince verilen yapı ruhsatlarında kazanılmış hakkın söz konusu **olduğundan bu iptal kararın uygulanamayacağını belirtilip,** yeniden görüş istendiğinde, Orman Yönetimi tarafından "bu konudaki yetkinin belediyeler ait olduğunun" bildirildiği, sonuç olarak 6831 Sayılı Yasanın 52. maddesi gereğince yapılan yapılaşma ilgili tüm idari ve teknik işlemlerin tamamlanmış olduğu, ayrıca Orman Bakanı Hasan Ekinci'nin Orman Genel Müdürlüğüne gönderdiği 28.09.1994 tarihli yazıda, **"kesin izin verildikten sonra Orman Bakanlığının imar ile ilgili görev ve yetkisinin kalmayacağı, sorumluluğun belediyelere ait olacağının" bildirmiş olduğu] konusunda düzenlediği raporu İşletme Müdürlüğüne göndermiştir.**

60- Orman Yönetimi Müfettişi İzzet Okyay ve Hüseyin Develi'ye konunun araştırılması için emir verilmiş, bunlar tarafından da, Orman Yüksek Mühendisi **Mümin Akduman,** İnşaat Mühendisi **Aynur Tümer,** Harita ve Kadastro Mühendisi **Asena Kavaklıoğlu** ve Harita Teknisyeni **Şuayyip Başar** görevlendirilmiş, bu kişiler 24.05.2002 tarihli raporlarında", 1996 çekimi 2 adet 1999 çekimi 11 adet pafta kullanılarak büro ve arazi çalışması devam ederken Asliye Hukuk Mahkemesinin 04.03.2002 tarihli 2002/204 sayılı dosyasında verilen ihtiyati tedbir kararı üzerine **arazideki incelemelerini durdurduklarını,** müfettişlerin yeniden görevlendirmeleri üzerine 1996 çekimi 2 adet 1999 çekimi 16 adet toplam 18 adet 1/1000 ölçekli halihazır harita üzerinde inceleme yaptıklarını, 229 hektar 1280 m2 alanlı Saip Molla I Özel Ormanı içerisindeki yapılaşmaların taban alanı değerleri, 1998 yılı Beykoz Belediye Başkanlığınca onaylanmış üç adet vaziyet planlarının esas alındığını, imar planına göre A tipi

XIF

117 adet villanın taban alanlarının 148 m2 olmak üzere toplam 17316 m2 geldiği, haritadaki çatısının 280 m2 olup 74 adedinin toplam alanının 20720 m2 olduğu, B tipi 835 adet villanın imar planına göre taban alnı 96 m2 olmak üzere toplam 80160 m2 alanı kapladığı, haritada taban alanı 205 m2 olan 750 adet villanın toplam 153750 m2 yer kapladığı, C tipi 500 adet villanın planda öngörülen 80 m2 taşan alanı olmak üzere toplam 40000 m2 yer kapladığı, ancak haritada, çatı alanı 185 m2 olmak üzere toplam 90835 m2 yer kapladığı, 1452 adet villanın imar planına göre taban alanı toplamı 113476 m2 iken, gerçekleşen inşaat alanına göre 1315 adet villanın haritada çatı alanı toplamının 265305 m2 olduğu, 137 adet villanın vaziyet planında görülürken 1999 uçuşlu 1/1000 ölçekli haritada görülmediği, **sosyal ve ticari tesis alanları imar planında görülmezken,** 1/1000 ölçekli haritada çatı olarak toplam 43118,37 m2 yer kapladığı, **çarşı, kültürel tesisler, sağlık tesisleri, ana okulu, ilk okul, kentsel ve bölgesel iş merkezleri, ticari depolama tesisleri, akaryakıt istasyonlarının vaziyet planında görülmesine karşın, taban oturma alanı değerleri bulunmadığı,** 1/1000 ölçekli haritalarda da görülmediği, **Acarlar İş Merkezinin Saip Molla I Özel Ormanına giren 2988 m2 bölümünün 1/1000 ölçekli hali hazır harita ve vaziyet planında bulunmadığı, yollar** ve **otopark alanlarının imar planına göre 275340 m2 olduğu halde,** 1/1000 **ölçekli haritalarda 310392 m2 yer kapladığı,** özel orman dışında kalan 2757 m2 lik duvarla çevrili Karakaldırım Sırt yolu, I Nolu Çavuşbaşı Devlet Ormanından bir bölüm yerine Saip Molla I Özel Ormanı içine alınarak site yolu olarak kullanıldığı, Park ve Bahçe alanlarının imar planında görülmediği ancak 1/1000 ölçekli haritada, 1539458 m2 yer kapladığı, ancak bahçe olarak değerlendirilen yerlere villa, sosyal ve ticari tesisler, spor tesisleri, havuz, otopark, iş merkezleri, lojman ve benzeri tesislerin çevresi durumundaki doğal yapısının değiştirilerek peyzaj, düzenlemesi yapılan yerler, şevler, 1/1000 ölçekli halihazır paftalar üzerinde açık saha olarak görülen yerler, isnat duvarları ile villa ve diğer tesisler önündeki gezinti yollarının bu kapsamda değerlendirildiği, **yapılaşmalar sonunda orman özelliğini muhafaza eden yerlerin toplam 1330006 m2 yer kapladığı,** bazı tadilat planları ve inşaatı tamamlanmamış binalar nedeniyle orman alanının **daha da azalacağı, genel olarak imar planına göre tüm bu alanlar için** 412816 m2 öngörülmüş iken, 1/1000 ölçekli haritada bu alanın 2291280 m2 geldiği" açıklanmıştır.

Bu rapor esas alınmak suretiyle, Orman Genel Müdürlüğü Müfettişi **Hüseyin Develi ve İzzet Okyay** tarafından düzenlenen 27.06.2002 tarihli ara raporda da, olayın seyri aynı şekilde anlatıldıktan sonra, Saip Molla I Ormanına ait (ifrazen 6) 1 parsel sayılı 229 Hektar 2187 m2 taşınmazın, K. Sani 1935 tarih 8 sıra numaralı sicilde General Kemal oğlu Cemil Kemal adına kayıtlı olduğu, mülkiyetin değişik tarihlerde el değiştirdiği, kadastroda 1 parsel sayısı ile tesbit gördüğü, 02.12.1986 tarihinde 2 ila 6 parsellere ifraz edildiği, 2 ila 5 parselerde TEK kurumuna irtiak verildiği, 6 parselin 2291280 m2 olarak tapu sahipleri adına kayıt edildiği daha sonra **24.06.1987** tarihinde 1376 yevmiye ile 18/100 payın **Faik Yeğenoğlu,** 38/100 payın **Zeki Duşi,** 11/100 payın **Hasan Ekinci** 18/100 payın **Kadri Üster Tuna,** 15/100 payın ise **Davit Nahmiyas**'a satıldığı, daha sonra Hasan Ekincinin de içinde bulunduğu paydaşların paylarını **06.04.1988** gün ve 639 yevmiye ile Nusret Oğlu **Yaşar Keskin'e** sattıkları, Yaşar Kesni adına kayıt iken **06.05.1988** tarih ve 840 yevmiye ile 117 adet A tipi villanın 560/561750 payı, 835 adet B tipi villanın 380/615750 payı, 500 adet C tipi villanın 320/615750 payı 368 adet Ticaret Merkezi Blok 1 ve 286 adet mesken, 25 adet iş yeri olmak üzere değişik arsa paylı olarak **diğer sosyal tesisler için irtifak hakkı tesis edildiği,** Z. Turgut Erce ve Hayiş Öget tarafından düzenlenen raporda, 1452 adet villanın %5.99, **(137476 m2)** Sosyal ve Kültürel Tesislerin **32825** m2 % 1.43, Yolların 275340 m2 %12.01 m2 yer kapladığı, planın bu haliyle onaylandığı, planda **yapılan tadilat ile bu oranın % 68'e çıkarıldığı,** fiilen; biten 555 adet villanın % 2.11, 240660 m2 yolun % 10.50, Villa Bahçelerinin 460500 m2 % 20.09, villa ve bahçeleri ile yolun 701160 m2 yani % 30,60 yer kapladığı,

**Saip Molla II Özel Ormanında yapılaşma oranının 965120 m2** yani % 18 olarak belirlendiği, Orman Kadastro Komisyonunca Saip Molla II ormanında 6.5 Hektarlık yer çıkarıldığı, Orman Yasasının **52. maddesinin Anayasanın 169. Maddesine aykırı olduğu,** 52. madde ile özel ormanın % 6'lık bölümünden yapılaşmaya izin verilebileceğini kalan % 94

Nf

bölüm ise amenajman planı doğrultusunda orman olarak korunması ve işletilmesine devam edilmesi gerektiği, % 6'lık TAKS oranının aslında taşınmazın bir bölümünü kapsaması gerektiği, ancak taşınmazın **tamamını kapsar gibi anlam verildiği**, halbuki % 6'lık bölümün taşınmaz üzerinde belirlenmesinden sonra, imar uygulamasının bu % 6'lık bölümde belediye tarafından yapılması gerektiği, işte bu bölümü için sorumluluğun belediyeye ait olduğu, diğer **% 94'lük bölümde ise sorumluluğun Orman Yönetimine ait olduğu**, bu yönde belediye başkanlığına yazılan yazıda amaç bu olmakla birlikte, Orman Bakanı Hasan Ekinci tarafından gönderilen emrin Beykoz Belediyesi ve Mülkiye müfettişince farklı yorumlandığı, oysa orman yönetimince görevlendirilen müfettişlerce düzenlenen inceleme raporlarında, iznin % 6'lık alan için verildiği, villaların yanı sıra ormanı tahrip eden diğer inşaatlarında % 6 kapsamında değerlendirilmesi gerektiği, bu konuda 07.02.1988 Resmi Gazetede yayınlanan "6831 Sayılı Orman Yasasının 16, 17, 18, 115 Maddeleri Gereğince Yapılacak Arazi Tahsisleri ve Verilecek İzinlere Ait Yönetmeliğin 48 maddesinin orman yasasının 52. maddesinden farklı bir hüküm getirmediği, Orman Bakanlığı Araştırma, Planlama ve Koordinasyon Kurulu Başkanlığı, Koordinasyon Daire Başkanlığının 30.09.1994 tarihli emirleri ile yürürlüğe giren Özel Ormanlarda Yapılacak İş İşlemleri gösteren Talimat'ın 9. maddesi 2. fıkrasında, **ormanın kapalılık durumu, arazinin topografik yapısı göz önün alınarak ormanın en zayıf olduğu ve alt yapı hizmetlerinin en uygun bulunduğu yerlere izin verileceği, yapılacak her türlü alt yapı ve sosyal tesislerle, bunlar arasındaki bağlantı yolları dahil yapılaşma alanının % 6'yı geçemeyeceği**, Resmi Gazetenin 25.04.2002 tarihli ve 24736 sayısında yayınlanan Özel Ormanlarda ve Hükmü Şahsiyeti Haiz Amme Müesseselerine Ait Ormanlarda Yapılacak İş ve İşlemler Hakkında Yönetmeliğin 10. maddesinde de benzer şekilde açıklama getirildiği, izinler **% 6'lık bölüm için verildiğinden, bu miktarı aşan har türlü faaliyetin 52. maddeye aykırı olduğu, kanuna aykırı olarak konulan plan notlarına dayanılarak yapılan inşaatlarla kazanılmış hak oluşacağından söz edilemeyeceği**, Danıştay İçtihatları Birleştirme kurulunun 02.10.1971 tarih 1966/14-40 ve 1971/36 sayılı kararlarında gerekli inceleme ve değerlendirmeler yapılarak, sonuç olarak **"Türk ve Yabancı idare Hukuku yazarlarının sakat ve kanuna aykırı idari işlemlerin idare tarından geri alınabileceği konusunda tam bir görüş birliğinin bulunduğu, İdarenin iğfal edilmiş olması halinde durumun daha da ağırlaşacağı, bu halde işlemlerin geriye dönük olarak idarece geri alınabileceği**, Yargıtay 9. Hukuk Dairesinin 26.11.1982 gün ve 1982/8329-9353 sayılı kararında da belirtildiği gibi, **kazanılmış hakkın usul ve yasaya uygun olarak gerçekleşen hak olduğu, usul ve yasaya aykırı olarak gerçekleşen hakkın idare tarafından her zaman geri alınabileceği**, 3302 Sayılı Yasa ile değişik 52. madde özel ormanlarda ifrazı yasaklandığı halde 3373 Sayılı Yasa ile değişik 52 maddede bu hükmün yasadan çıkarılıp, ifraz imkanı getirildiğini, (1958 tarihli 6831 Sayılı Yasanın 52. md. ve bu maddeyi değiştiren 3302 ve 3373 Sayılı Yasalarda özel ormanların 1500 Hektardan küçük parçalar teşkil edecek şekilde parçalanamayacağı" konusunda hüküm vardır.) Orman Bakanlığı broşüründe kat tahditi kaldırılmıştır denmişse de, bunun yönetimi ilgilendirmeyip, imar planı ile ilgili olması nedeniyle belediyeyi ilgilendirdiğini, her ne kadar 52. maddede ifraz yasağı kaldırılmışsa da, özel ormanlar 500 hektardan küçük parçalara bölünemeyeceğinden, bu hükmün kaldırılmasının bir öneminin bulunmadığını, Saip Molla I Özel Ormanına **22.12.1987** tarihinde, II nolu Özel Ormana da **06.11.1989** tarihinde kesin inşaat izninin verildiğini aradan 11-12 sene geçtiğinden, zaman aşımı nedeniyle, haklarında fezleke düzenlenip dava açılanlarla ilgili davadan Hukuk Müşavirliği haberdar olmadığından, davanın takip etmediğini, fon bedelinin hesaplanmasına esas olarak villaların maliyetlerinin düşük tutulduğunu, asıl değerleri toplamının 93.827.370.TL ve Fon 2.814.821.100,00 TL olması ve ayrıca bu bedele % 12'den 337.778.532 TL KDV eklenmesi gerekirken, toplam 146.658.057 TL tahsil edildiği, eksik ödenen 2.668.163.043,00TL fon bedeli ile 320.179.565 TL KDV nin yasal faiziyle birlikte ilgillerden tahsili gerektiğini, Saip mola II özel ormanı ile ilgili olarak, yine fon bedeli ve KDV kaybı bulunduğunu, **Çavuşbaşı Devlet ormanının 2757 m2 bölümünün duvar ile çevrilerek özel ormanı içine alındığını**, bu bölümün özel orman sahiplerinin rızası ile **yada hükmen geri alınması gerektiğini**, Saip Molla II özel Ormanında yapılan inşaatların Güneybatı ucundaki 3,5 hektarlık alana da taşma yapıldığı belirlenerek açılan

NF

9991

elatmanın önlenmesi davasının, Beykoz Asliye 2. Hukuk Mahkemesinin 2001/383 sayılı dosyasında devam ettiğini" bildirilmiş ve bu rapor Orman Genel Müdürlüğü Teftiş Kurulu Başkanlığının 24.07.2002 gün 382 sayılı Yazısı ile İStanbul Orman işletme Müdürlüğüne bildirilmiştir.

62- Orman Yönetiminin 25.02.2003 tarih ve B.18.1 OGM.0.0021/17.116/221 Sayılı emirleri ve Kadastro Daire Başkanlığının 21.11.2001 tarih ve 6 sayılı Genel Müdürlük oluru gereği, **Tekin Bayrak** tarafından düzenlenen **27.05.2003** tarihli inceleme raporunda, Saip Molla I Ormanının geldi kayıtlı yine izah edildikten sonra Yaşar Keskin'e sattıkları,Yaşar Keskin adına kayıtlı iken 06.05.1988 tarih ve 840 yevmiye ile kat irtifakı tesis edildiği ve Saip Molla I Özel ormanında % 6'lık yapılaşma izni verildiği, 52. madde gereğince verilecek iznin %6 yı aşmamak ve **tek parça halinde orman bütünlüğünü bozmayacak biçimde olması gerektiği**, izin alanı dışına taşan yapılar için **suç zaptı düzenlenerek binaların kal-i** cihetine gidilmesi, yürütülmekte olan inşaatların engellenmesi gerektiği yolundaki 10.01.1991 tarih ve 42 sayılı görüşlerini müteakip bu görüş doğrultusunda işlem yapılması için ilgili Orman Bölge Müdürlüğüne talimat verildiği, ayrıca yapılaşmanın verilen %6 izni aşmaması konusunda, **İsmet Acarın uyarıldığı**, İsmet Acar tarafından Beykoz Sulh Hukuk Mahkemesinden, delil tesbiti yoluyla alınan bilirkişi raporları kazanılmış haklara dokunulmaması gerektiğinin bildirilmesi üzerine yeniden Hukuk müşavirliğinden görüş istendiği ve 11.04.1991 tarih ve 561 sayılı görüşte "idarenin imar planını onaylanması ve inşaatların büyük bölümünün tamamlanması nedeniyle, uygulamanın kişiler açısından müktesep hak oluşturduğunun düşünülmesinde yarar olduğu", şeklinde bir önceki görüşe ters düşen farklı bir görüş ileri sürüldüğü, bu görüşün bölge müdürlüğüne talimatlandırıldığı, Saip Molla I Özel Ormanından **İsmet Acar adına 22.12.1987** tarihli ve 21 sayılı, Saip Molla II Özel Ormanı içinde 06.11.1989 tarihinde **kesin izin** verildiği, yapılan değişik yazışmalar sonunda Büyükşehir Belediyesinin 27.09.1993 tarih ve 93/1992 sayılı onaylarıyla, Saip Molla I ve II Özel Ormanları için düzenlenen ve onaylanan avan projelerin plan notlarında **"Sosyal Donatı ve turizm tesisleri rekreasyon alanları, TAKS'a dahil olmayıp, avan projelerine göre uygulanacaktır"** ibaresiyle orman Yasasınca yatayda %6 ile sınırlanan alanın aşılması neniyle Orman Bakanlığının yazıları da **dayanak gösterilerek planların yasanın 52. Maddesine uygun hale getirilmesi maksadıyla iptal edildiği**, ayrıca II. Kısım için kesin izinden sonra bir yıl içinde inşaatlara başlanmamış olması nedeniyle **Orman Bakanlığınca daha önce verilen kesin iznin 26.10.1993 tarih ve 15 nolu olurla iptal edildiği**, Büyükşehir Belediyesince 1999 yılında çekilmiş hava fotoğraflarından elde edilen 1/1000 ölçekli haritaların incelenmesi ve değerlendirilmesi sonucu yapıan alan hesaplarında; A, B, C tipi villaların kapladığı **265305** m2 alanın parselin %11.60, sosyal ve ticari tesislerin kapsadı **43118,37** m2 alanın %1.86, yollar ve otoparkların kapsadığı **310392.63** m2 alanın %13.55 ini kapladığı, bahçe ve parkların kapsadığı **alanın 133006** m2 olduğu, **toplam 2,291,280 m2 yapılaşma alanının parselin %67.18 bölümünü kapladığı, orman alanının ise %5.81 olduğu,** 6831 Sayılı Yasanın 52 ve 17. maddesi gereğince verilen izinlerle ilgili olarak, İstanbul Büyükşehir Belediye Başkanlığınca yerleşim planlarının iptali işleminin İçişleri Bakanlığınca yaptırılan inceleme sonucunda geçersiz olduğu ve ilk onaylanan yerleşim (imar) planlarının uygulanması gerektiği, Orman Bakanlığınca yapılan yada muhtelif tarihlerde yaptırılan, incelemelerde yapılaşmanın genel sahanın % 6'sı içerisinde kalması ve bu oran içerisinde villalar sosyal ve ticari tesisler park ve bahçeler yollar) vs unsurların dahil edilmesi gerektiği görüşlerinin **imar mevzuatı çerçevesinde mümkün olmadığı,** yönünde konunun uzmanı bilirkişi raporları ve Bayındırlık ve İskan Bakanlığının yazılarından anlaşıldığı, bu görüşlere uymak gerekeceği, % 3 fon usulsüz alındığı, bu fonların hesabında öngörülen inşaat alanlarının aşıldığı, işgal edilen **2752 m2 devlet ormanının Acarkent lehine bedelli izne konu edilebileceği**, Saip Molla I Özel Ormanı içinden geçen 92482 m2 enerji nakil hattı için Acarkent adına bedelli izne konu edilmesi, Yerleşim **Planına konulan tatbiki uygundur ibaresinin anlamsız olduğu, her iki ormanda dava açılacak ise kat mülkiyetinin oluştuğunun dikkate alınması ve buna göre kat maliklerinin davada yeralması gerektiği**, Saip Molla II Özel Ormanının Güneybatı ucundaki 3.5 hektarlık alanın Karlıtepe Devlet Ormanı içinde kaldığı ve Asliye 2. Hukuk Mahkemesinin 2001/383 esaslı dosyasında görülmekte olan

AK

dava sonucuna göre işlem yapılacağı, özel ormanlardaki yapılaşma oranın neyi ifade ettiği konusunda bilimsel tartışmalar yapılması gerektiği" bildirilmiştir.

63- Kadastro ve Mülkiyet Daire Başkanlığının 18.07.2003 tarih ve 1189 sayılı yazısı ve bu yazı ile içeriği aynı olan, Orman Bakanlığı Hukuk Müşavirliğinin, Teftiş Kuruluna gönderdiği **21.07.2003** tarihli yazıda, "Saip Molla II Özel Ormanında, **avan proje ve yapı ruhsatları iptal edilmesine karşın, inşaatlara devam edildiği**, söz konusu inceleme raporlarında % 6'lık yapılaşma izninin aşıldığı hususundaki değerlendirmelere, Hukuk Müşavirliğinin de katıldığı, **24.07.2002 tarihinde 9053 sayılı yazı ile dava açma talimatı verildiği, müfettişler Hüseyin Develi ve İzzet Okyay'ın arazide inceleme yapmalarını önleyen Beykoz 2. asliye Hukuk Mahkemesindeki 2002/204 sayılı davanın feragat nedeniyle red edildiği**, bu kararın dava açılmasın önleyip önlemediğinin tartışıldığı, yönetimin Dava açılması konusundaki talimatlarını **24.03.2003** tarih ve 1905 sayılı yazıları ile yenilediği, Müşavirliklerince % 6'lık yapılaşmanın aşılmadığı yönündeki 27.05.2003 tarihli değerlendirmelere katılmanın mümkün olmadığı, **1994 yılı** Talimatnamesinin 4. **bölümün 9.** maddesinde %6 nın neyi ifade ettiğinin detaylı olarak açıklandığı, bu madde hükmüne göre, "ormanların kapalılık durumu, arazinin topografik yapısı göz önüne alınarak, ormanın en zayıf olduğu ve alt yapı hizmetlerinin en uygun bulunduğu yerlerde izin verileceği, yapılacak her türlü alt yapı ve sosyal tesislerle, bunlar arasındaki bağlantı yolları dahil yapılaşma alanının % 6'yı geçemeyeceği", yine **25.04.2002** tarih ve 24736 sayılı Resmi Gazetede yayınlanarak yürürlüğe giren **Özel Ormanlarda ve Hükmü Şahsiyete Haiz Amme Müesseselerine Ait Ormanlarda Yapılacak İş ve İşlemler Hakkındaki Yönetmeliğin 4. bölümünün 10.** maddesinde % 6 yapılaşmadan neyin ifade edildiği hususunun tereddüte yer vermeyecek biçimde açıklandığı, buna göre, **yapılaşmanın bağlantı yolları ve her türlü alt yapı, diğer sosyal ve ticari amaçlı tesisler ve bunlar arasındaki bağlantı yolları dahil imar planı genel ve özel orman alanlarının maksimum %6 sını geçemeyeceği, izin verilirken özel yasalarının gözetileceğinin öngörüldüğü,** Genel Müdürlüğün 202 sayılı Orman Yolları Planlaması ve İnşaat İşlerinin Yönetilmesi Hakkındaki Tebliğ esaslarına göre Ormanın devamlılığı ve işletilmesine yönelik yol şebeke planlarının tanzim edileceği, bu planların Genel Müdürlük İnşaat ve İkmal Dairesi Başkanlığınca onaylanacağı, onaylanan bu planlar dahilinde yapılan yollardan bu maddenin 2. fıkrasında belirtilen **imar planı dışında kalan yolların,** Orman yasasının 52. maddesine göre verilen % 6'lık yapılaşma kapsamına dahil olmadığı, Yönetima bağlı müfettişlerin raporları ile çelişen Tekin Bayrak'ın 27.05.2003 tarihli 2 sayılı inceleme raporunun esas alınarak, işlem yapılmasının uygun olmadığı bildirilmiştir.

64- Türkiye Mimarlar, Mühendisler Odası Birliği İstanbul Büyükkent Şubesi Anadolu 1. Bölge Temsilciliği tarafından, Orman Yönetimine gönderilen yazıya cevaben, Orman İşletme Müdür Yardımcısı **Rıfat Güven**, İşletme Avukatı **Elmas Erdem**, Kadastro Mülkeyit Şefi **Deniz Kutlu,** Kanlıca Orman İşlete Şefi **Abdullah Duman,** tarafından düzenlenen ve Orman İşleme Müdürü **Rahmi Demir** tarafından onaylanan ve aynı zamanda Orman İşletme Müdürlüğünün görüşü olduğu da bildirilen **10.06.2004** tarihli raporda, davanın ve olayların seyri konusunda daha önce sözü edilen raporlar tekrar edildikten sonra, "Devlet ormanı içinde kalıp ve Dost İnşaat A.Ş.'nin kullandığı 2757 m2 alan için İstanbul bölge Müdürlüğü ile Dost inşaat Taahhüt Sanayi ve Ticaret A.Ş. arasında 28.07.1992 tarihinde imzalanan protokol bulunduğu, ancak 27.06.2002 tarihli 2-4 sayılı ara müfettiş raporunda da bu protokolün geçersiz olduğunun bildirilmesi üzerine Orman İşletme Şefliği tarafından konu ile ilgili tebligatın Dost İnşaata yapıldığı, şirket tarafından bu protokolün geçersiz sayılmasına itiraz edildiği, Orman Bölge Müdürlüğünce de protokolün geçersiz olduğunun bildirildiği, şirket tarafından 28.07.1992 tarihinde protokolün geçersiz sayılmasına itiraz edilerek bu yerle ilgili izin irtifak işlerinin tamamlanmasını istendiği, ancak Anayasa Mahkemesinin 2000/75-200 sayılı kararıyla, 6831 Sayılı Yasanın 17. Maddesinin 3 ve 4 fıkralarının iptali edilmesi nedeniyle izin irtifak işlerinin yapılamayacağı, Karakaldırım sırt yolu rızaen geri alınmayacağına göre hükmen geri alınmazı için dava açılmasının düşünülmesi" bildirilmiştir.

65- Beykoz Belediyesince, Orman Genel Müdürlüğüne sunulan 17.11.2004 günlü ve 7445 sayılı yazıda 6 sayılı parselin 3. derece doğal sit alanı içinde olduğu, III numaralı Kültür

AK

ve Tabiat Varlıklarını Koruma Kurulunun yazı ekinde sunulan 06.06.1996 gün ve 8287 sayılı kararının birinci maddesinde belirtildiği gibi, sit kararından önce verilen ruhsatlara göre verilen inşaatların tamamlanabileceği, tevhit ve ifraz işleminin yapılabileceği, ruhsat süresinin uzatılabileceğ, tamamlanmış yapılara iskan ruhsatı verilebileceği, buna göre daha önce verilen yapı ruhsatlarının 3194 sayılı yasının 29. Maddesine göre yenilendiği bildirilmiştir.

66- Orman Genel Müdürlüğü Mülkiyet Daire Başkanlığı 02.12.2005 tarih ve 1789 sayılı emirlerinde bahsedilen, Saip Molla Ormanı ile ilgili Kanlıca Orman İşletme Müdürlüğünce düzenlenen **26.07.2004 tarihli inceleme** raporunda işgal edilen devlet ormanlarının tel ihata ile çevrildiği, bu yerin fiilen ortak yol olarak kullanıldığı, 13.07.2005 tarihli Gıyasettin Baki ve arkadaşları tarafından düzenlenen raporda belirtilen 7963 m2 alanın rızaen terk edilmesi için Dost inşaat A.Ş.'ye tebligat yapıldığı ancak, rızaen terk edilmediği için meni müdahale davası açıldığı bildirilmiştir.

67- İnşaat bilirkişisi Ramazan Yılmaz ile mimar İskender Alemdar'dan 17.08.2006 tarihli yazı ile Çavuşbaşı 6 parsel sayısı ile tapuda kayıtlı Saip Molla I Özel Ormanı ve Beykoz Paşabahçe Mahallesi 238 ada 1 parsel sayılı Saip Molla II Özel ormanında, Avan projesinde gerekli inceleme yapılarak, bu projelerde villa ve sosyal tesisler olarak projelendirilmiş, yapıların zemin kat ve mevcut diğer katlar kapalı ve açık alanların ayrı ayrı tesbiti ile vaziyet planında yer alan sosyal tesislerin mimar avan projede yer alıp almadığının tesbiti istenmiş, bu kişiler tarafından düzenlenen **25.08.2006** tarihli inceleme raporunda, Saip Molla I Özel ormanıyla ilgili 12.04.1988 tarihli avan projenin incelendiği, söz konusu mimari avan projedeki A , B ve C tipi villaların bulunduğu, sosyal tesislere ait çitlik evi, su deposu, hamam garaj, kır kahvesi sağlık tesislerinde H= 12.50 metre, ana okul ilk okul kolej, kapalı spor salonu, lojmanlar için H=12.50 metre, akaryakıt istasyonu, bekçi kulubesi, ticari iş merkezi TAKS'ın %35-50 KAKS ın 3., havuz, çocuk parkları, kentsel hizmet evi için H= 12.50, trafo ve kültür tesisi için H= 9.50 metre olduğu bu yapıların avan projelerinin bulunmadığı, avan projede mevcut olan A, B, C tipi villaların zemin kat ve mevcut diğer katlarının kapalı ve açık alanlarına ait hesapların ayrı ayrı yapılarak ekte sunulduğu, sosyal ve ticari tesislerin, yapıya düşen arsa metrekaresi 271293 m2. Arsa paydasının ise 72930 olduğu, villalarda tapu iptaline konu olacak alanın 1.882,542 m2 olduğu, tapu iptaline konu toplam alanın 2.153.835 m2 olduğu" bildirilmiş,

68- **Mehmet Yener** tarafından sözü edilen **17.08.2006** (25.08.2006) tarihli bilirkişi raporu da esas alınarak düzenlenen **20.09.2006** gün ve 5 sayılı inceleme raporu; Orman Genel Müdürlüğünün 25.01.2006 gün ve B.18.1.OGM.0.00.21-662-17.116/170 sayılı emirleri gereğince basında tekrar gündeme gelen Saip Molla I Özel Ormanı ve Saip Molla II Özel Ormanında 6831 Sayılı Yasanın 52. Maddesi gereğince verilen % 6 yapılaşma oranı geçilmiş olması dile getirildiğinden, daha önce incelemesi için Kadastro ve Mülkiyet Daire Başkanlığınca 21.11.2001 tarih ve 06 sayılı olur alınarak, bu olurun konusu özetlendikten sonra, her iki özel orman için ayrı ayrı olmak üzere %6 yapılaşma izin miktarlarına ilişkin olarak, villaların oturduğu alanın, diğer sosyal ve Ticari tesislerin oturduğu alanın, yolların kapladığı alanın, havuz, otopark, yeşil alan vb gibi sahaların oturduğu alanın ayrı ayarı hesaplanması, söz konusu tesislerin hem alan olarak belirlenmesi ve hem de vaziyet planı üstünde gösterilmesi istendiği belirtilerek, bu raporda Orman Genel Müdürlüğünce yapılması gereken işlemler ve İstanbul Büyükşehir Belediye Başkanlığınca yapılması gereken işlemler belirtilmiş, Saip Molla I ve II ormanlarından geçen yüksek gerilim hattı ile ilgili 20.09.2006 gün ve 6 sayılı, Saip Molla I ormanına bitişik devlet ormanında yapılan su deposuna ve yine devlet ormanında yapılan su deposu ile ilgili yapılması gereken işlemler konusunda 20.09.2006 gün ve 7 sayılı inceleme raporu düzenlenmiş, Saip Molla II Ormanından geçen karayoluna izin ve irtifak için 20.09.2006 ün ve 8 sayılı inceleme raporları düzenlenmiş, daha önceki raporlarda belirtilen ön izin, kesin izin ve sonrasındaki yazışmalardan bahsedildikten sonra, sonuç olarak Beykoz Tapu Sicil Müdürlüğünde 1-2 pafta 6 parselde kayıtlı Saip Moll I Özel ormanının 229 hektar 1280 m2 alandan %6 sının oluşturan 137531 m2 alanda villa ve sosyal tesisler için kesin izin verildiği, ancak vaziyet planında düşülen notla sosyal ve ticari tesislerin TAKS dışında olduğunun kayıt edildiği, bu planın kadastro Mülkiyet Şube Müdürünce tatbiki uygundur kaydıyla onaylandığı,

MF

verilen izinle vaziyet planının ve mimari avan projesinin uyumlu olmadığı, 1990 yılında bölge Müdürlüğünün istemi ile işletme müdürlüğünün yerleşim planlarının uygulama imkanı olmadığı, planla izin arasında çelişki olduğunun belirtilmesi üzerine konun merkezde dairesine bildirildiği, buna zıt şekilde 20.04.1991 tarihli emirle uygulamayı yapacak taşra birimlerinin, müktesep hak oluştuğu yönünde bilgilendirildiği, konunun basında yer alması üzerine, 28.05.1993 tarihli emirle inceleme yapmak üzere orman genel müdürlüğünce iki müfettiş görevlendirildiği, bunların düzenlediği 19.07.1993 tarihli raporda olayda kusurlu görülen orman genel müdürlüğü elemanları, İstanbul Büyükşehir ve Beykoz Belediyesi ilgilileri hakkında soruşturma yapılması, özel ormanla ilgili idari ve hukuki tedbirlerin alınmasının önerildiği, Orman Bakanlığınca Görevlendirilen Müfettişler heyetince yapılan soruşturmalar neticesinde düzenlenen fezlekelerin yetkili kurullardan geçerek mahkemeye gönderildiği, bazı görevlilerin yasaya aykırı izin vermesi nedeniyle cezalandırıldığı, bazı görevlilerin zaman aşımı nedeniyle cezalarının ortadan kaldırılmasına karar verildiği, bu davaların idarece takip edilmediği, Orman Bakanlığına bağlı müfettişlerce düzenlenen rapor, Büyük Şehir belediyesine gönderilince **Belediye Başkanlığınca Saip Molla I ve II ormanları için düzenlenen vaziyet planları ve mimari avan projelerinin Orman Yasanını 52. Maddesine aykırı düzenleme içermesi nedeniyle iptal edildiği**, Büyük Şehir Belediyesi avam proje ve yerleşme planlarının iptal edilmesi nedeniyle Beykoz Belediyesinden inşaat ruhsatlarının iptal edilmesinin istendiği, ancak yapı ruhsatlarının iptal edilmediği, İç İşleri Bakanlığına bağlı müfettişin raporu doğrultusunda Büyük Şehir Belediyesinin planların iptaline ilişkin kararın geri alınması istenmişse de, geri alınmadığı, bu rapor Orman Genel Müdürlüğüne gelmeden, Beykoz Belediyesinin hukuki görüş istediği yazısına cevaben, Kadastro ve Mülkiyet dairesi Başkanlığı çıkışlı ve müsteşar imzalı yazı ile İçişleri Bakanlığı müsteşarının yazısına göre işlem yapılmasının uygun olacağının belirtildiği, söz konusu iç işleri raporunun Orman bakanlığı teftiş kuruluna gönderilmesinden 1 yıl sonra Orman Bakanlığı Koordinasyon ve Mevzuat Dairesi Başkanlığınca İstanbul Büyükşehir ve Beykoz Belediye Başkanlıklarına gönderilen müsteşar imzalı yazıda imar planlaması ve uygulaması ile ilgili görev ve sorumluluğun imar mevzuatı çerçevesinde belediyelere ait olduğundan, Orman Bakanlığının yetki ve sorumluluğu bulunmadığı görüşüne yer verildiği, 06.05.1988 tarihinde Saip Molla Özel ormanı üzerine Orman Yasasının 52. Maddesine ve 634 sayılı Kat Mülkiyeti ile ilgili yasının 5/4 Maddesine aykırı olarak orman alanını tamamı üzerinde kat mülkiyeti kurulduğu, **21.07.1998 tarihinde kat irtifakı terkin edilerek yeniden tesis işlemi yapılıp kat mülkiyeti kurulduğu, Saip Molla I Ormanında baltalık orman bulunmadığından Ağaç Röle ve çap listesinin hazırlanmadığı**, amenjman planlarının yapılmadığı, 21.04.1988 tarihinde Beykoz Belediyesince yapı ruhsatlarını düzenlendiği, 5 yıl dolmakla ruhsatların yenilendiği, verilen izin vaziyet ve avan praojeler arasında uyum olmadığı, Özel Orman Sahibinin açtığı davada mahkemece ihtiyati tedbir kararı verildiği ancak davanın feragat nedeniyle neticelendiği, Kadastro Mülkiyet Daire Başkanlığının 02.11.2001 tarihli oluru ile iki müfettiş görevlendirildiği, 27.6.2002 tarihli ara rapor ile % 6'lık yapılaşma sahası aşılarak % 95 ve % 70 yapılaşma nedeniyle uygulamanın % 6 yasal sınıra çekilmesi ve eski hale getirilmesine yönelik ihtiyati tedbirli olarak kal davası açılmasının önerildiği, ancak davanın açılmadığı, bilahare **25.02.2003** tarihli olurla müfettiş görevlendirildiği, düzenlenen **27.05.2003** tarihli raporun uygulama imkanı olmadığı gerekçesiyle ilgili dairelerince geri iade edildiği, **25.01.2006 tarihli olurla** müfettişliğinin görevlendirilmesi üzerine yukarıda belirtilen ve detayı raporda açıklanan hususların tesbitinden sonra 2001 yılında görevlendirilen bilirkişi raporları ve eklerinin esas alındığı, MMOB İstanbul Şubesince Saip Molla 1 Ormanındaki inşaat ruhsatlarını iptali istemiyle açılan 4. İdare Mahkemesindeki davanın red edildiği, Danıştayda temyiz edildiği ancak sonucunun bilinmediği, özel ormanla ilgili 1/25000 ölçekli Çevre Nazım İmar planının, İstanbul Büyükşehir Belediyesince görüşülmesi üzerine plana 3194 sayılı imar yasasına uygun olarak eklenen 2.10 maddesindeki "1/5000, 1/10000 ölçekli mevzii imar planı yapılması" şartının değiştirilerek, "1/1000 ölçekli yerleşim planı ile avan projesinin Büyük Şehir Belediye başkanlığınca uygulama yapılacaktır" şekline dönüştürüldükten sonra özel ormanla ilgili vaziyet planları ve avan projelerinin onaylandığı, bunlarda verilen izne ve % 6'lık yapılaşma iznine

NF

uyulmadığı, bu belgelere göre Beykoz Belediyesince yapı ruhsatları verildiği, Orman Bakanlığı raporuna göre **Büyük Şehir Belediyesince bu vaziyet planları ve avan projeler iptal edilmesine rağmen, yapı ruhsatlarının iptal edilmediği, inşaatların sürdürüldüğü**, çeşitli defalar inceleme yapılmasına rağmen mimari ve avan projelerin incelenmediği, özel ormanla ilgili tesbitler 1999 uçuşuna göre oluşturulan 1/1000 ölçekli hali hazır hale getirilen sayısal haritalara göre vaziyet planlarına işlendiği, ancak yapılaşmanın tamamlanmadığı, 2005 yılı Haziran uydu çekimi de henüz sayısallaştırılmadığı için, vaziyet planlarına yerleştirme yapılmadığı, hazırlanan vaziyet planlarında inşaatların yüksekliği ve gerekli diğer bilgilerin yer aldığı, imar mevzuatından kaynaklanan bu konudaki gerekli değerlendirme ve kontrol işinin İlçe Belediyelerini denetleme yetkisi bulunan İstanbul Büyükşehir Belediye Başkanlığınca yapılacağı, her iki özel ormanla ilgili tapusu iptal edilecek alanlar, Saip Molla Özel Ormanı I de ek 93 K4 de yazıldığı üzere, A tipi villa için 1 adedi 1936 m2, B tipi villa için bir adedi 1318 m2, C tipi villa için bir adedi 1111 m2, sosyal ve ticari tesislerle ilgili L blokta 5 adet 36642 m2, kulüp binası 18600 m2, idari hizmetler binası 3887 m2, kır kahvesi 4408 m2, anaokulu ilk okul 15147 m2, Kolej 15910 m2, hastane 11532 m2, kapalı salon 1785 m2, kültür merkezi 5580 m2, satış birimleri 27989 m2, ticari depo tesisleri 8481 m2, akaryakıt İstasyonu 9288 m2, trafo 100 m2, ticaret merkezi 56692 m2, ticaret merkezi 24782 m2, ticaret merkezi 24782 m2, tescil dışı 5688 m2, alanların oluşan tapu kayıtlarını iptali ve bir parça özel orman olarak tescilinin sağlanması ve ruhsatsız binaların kal i, Saip Molla I Özel ormanı için tapu kaydındaki orman şerhinin kaldırılması ile ilgili Beykoz Tapu Sicil Müdürlüğünce düzenlenen 15.05.1996 ün ve 778 yevmiye, Saip Molla II Özel Ormanında 27.12.1996 gün ve 2519 yevmiye ile terkin işleminin iptali için dava açılması gerektiği bildirilmiştir.

**D-SAİP MOLLA I ÖZEL ORMANI İLE İLGİLİ DİĞER ADLİ YARGI KARARLARI:**

69) Beykoz 2. Asliye Hukuk Mahkemesinin 22.10.2008 gün ve 2008/3-251 Sayılı Dosyasında; Davacı Yaşar Keskin tarafından 02.04.2001 günlü dilekçeyle Çavuşbaşı Köyü sınırları içinde bulunan Saip Molla Özel Ormanının kadastro sırasında 2.292.280 m2 olarak 1 parsel numarası ile tesbit ve tescilinin yapıldığını, bu özel orman parseline revizyon gören tapu kaydı kapsamında kalan ancak kadastro sırasında tesbit dışı bırakılan 30000 m2 yüzölçümündeki taşınmazı 06.04.1988 günlü haricen düzenlenen satış senedi ile 6 sayılı parsel malikleri Faik Yeğenoğlu, Hasan Ekinci ve arkadaşlarından satın aldığını ve eski malikleriyle birlikte 20 yılı aşkın süredir zilyetliğinde bulunduğunu ileri sürerek adına tescilinin istendiği, mahkemece 32012.42 m2 yüzölçümündeki taşınmazın özel orman niteliği ile davacı Yaşar Keskin adına tapuya tesciline ilişkin 31.05.2004 gün ve 2001/182-414 sayılı kararın Orman Yönetimi ve Hazinenin temyizi üzerine, Yargıtay 20. Hukuk Dairesinin 05.12.2006 gün ve 2006/12409-16943 sayılı kararıyla "Dava konusu yerin Saip Molla I (Çavuşbaşı 1 parsel) ve Saip Molla II (Paşabahçe 238 ada 1 parsel) özel ormanına uygulanarak tapu dışında kalıp, halen eylemli Devlet Ormanı niteliğinde olması nedeniyle davanın reddine karar verilmesine" işaret edilerek bozulduğu,

Mahkemenin bozma kararına uyularak verdiği, davanın reddine ilişkin 22.10.2008 gün ve 2008/3-251 sayılı kararının davacı Yargıtay 20. Hukuk Dairesinin 11.05.2009 gün ve 2009/6259-8076 sayılı kararı ile onandığı ve kesinleştiği görülmüştür.

**E- SOMUT OLAYLA İLGİLİ YASA HÜKÜMLERİ;**

70- 1982 Anayasasının 169. Maddesi gereğince; "Devlet, ormanların korunması ve sahalarının genişletilmesi için gerekli kanunları koyar ve tedbirleri alır. Yanan ormanların yerinde yeni orman yetiştirilir, bu yerlerde başka çeşit tarım ve hayvancılık yapılamaz. Bütün ormanların gözetimi Devlete aittir.

Devlet ormanlarının mülkiyeti devrolunamaz. Devlet ormanları kanuna göre, Devletçe yönetilir ve işletilir. Bu ormanlar zamanaşımı ile mülk edinilemez ve kamu yararı dışında irtifak hakkına konu olamaz.

Ormanlara zarar verebilecek hiçbir faaliyet ve eyleme müsaade edilemez. Ormanların tahrip edilmesine yol açan siyasi propaganda yapılamaz; münhasıran orman suçları için genel ve özel af çıkarılamaz. Ormanları yakmak, ormanı yok etmek veya daraltmak amacıyla işlenen suçlar genel ve özel af kapsamına alınamaz."

NF

İster özel orman olsun, isterse Devlet Ormanı olsun, ormanlar bir ülkenin hayat kaynağıdır.

Devlet ormanları ile özel oranınlar arasında orman yetiştirilmesi, bakımı konularında hiçbir fark bulunmamaktadır. Devlet ormanları, ormancılık bilimine göre devlet işletecek, özel ormanları ise yine ormancılık bilimine göre sahipleri işletecektir.

Koyucu, ormanlara o kadar önem vermiştir ki; **özel orman Devlet Ormanı, ayırımı yapmadan "bütün ormanların gözetimi Devlete aittir"** hükmünü Anayasaya koyarak özel ormanların gözetimini, yani ormancılık bilimine göre işletip, işletilmediğini denetlenmesi görevini Devlete vermiştir.

71- 08.02.1937 tarihinde kabul edilip 01.06.1937 tarihinde yürürlüğe giren 3116 Sayılı Orman Yasasının Beşinci Kısmında-Hususi Ormanlar başlığı altında 63 ila 76 maddelerinde özel ormanlarla ilgili hükümler getirilmiştir. 63. madde özel orman sahiplerine ormanın sınırlarını belli etmeleri, 64. madede belli bir süre içinde özel orman sahiplerinin bu ormanların haritalarını yapıp Orman İdaresine vermeleri, zamanında yapmalarına, bu işin Orman İdaresi tarafından yaptırılıp masrafın sahiplerinden alınacağını, 66. maddesinde nitelikleri Orman Yönetimi tarafından bekçi, mühendis ve fen memuru aracılığı ile ormanları yönetecekleri, 67. maddesi özel orman sahipleri tarafından yaptırılıp, Orman İdaresince tasdik olunacak amenajman planlarına göre işletileceğini, süresinde bu planları yaptırıp tasdik ettirmeyenlerin masrafı kendilerinden alınarak Orman İdaresi tarafından yaptırılacağını, 68. maddeleri Devlet Ormanları hakkında uygulanacak ormanların koruma, işletme taşocağı için izin alma, orman yakınlarına fabrika yapma, kireç-kömür ocağı gibi işler yapma, ağaçların kesilmesi, nakli, damgalanması, nakliye tezkereleri düzenlenmesi, otlak ve mera işleri gibi Devlet Ormanları hakkında uygulanacak hükümlerin aynen özel ormanlarda da uygulanacağını, A3 maddesi özel orman sahiplerinin Orman İdaresinin vereceği plan dairesinde kesmi ve yangın sebebiyle seyrekleşen kısımlarını ağaçlandırmaya ve mevcut ağaçların korunması için gereken imarları yapmaya mecbur olduklarını, 74. maddesi, özel orman sahiplerinin Orman İdaresine karşı bir mesul müdür atamaya, bunun onlar tarafından yapılmaması halinde Orman İdaresinin ortaklardan birini mesul müdür atamaya hakkı olduğunu, 75. maddesi özel ormanlarda tespit edilecek haşaratın imhasını yapmaya mecbur oldukları, yapmazlarsa masrafı kendilerinden alınarak devlet tarafından yapılacağı gibi hükümler getirilerek özel ormanların Devletin gözetiminde olduğunu kabul etmiş ve Devlet ormanları hakkında uygulanacak ceza hükümlerinin ayırım yapılmadan özel ormanlarda da uygulanması benimsenmiştir.

72- Yine 01.08.1956 tarihinde kabul edilip 08.09.1956 tarihinde yürürlüğe giren 6831 Sayılı Orman Yasasının 6/2. maddesi **"Devletin başkasına ait olan bütün ormanlar, bu konunun hükümleri dairesinde Orman Genel Müdürlüğünün murakabesine tabidir"** yine aynı yasanın dördüncü faslında Hususi Ormanlar başlığı altında yukarıda yazılı 3116 Sayılı Yasaya benzer özel ormanlarda tahdit harita, işletme ve imarla ilgili hükümler yürürlüğe konulmuş, o tarihlerde halen yürürlükte olan 55. maddesi ile **"Hususi Ormanların İdare ve Mahafazaları, Devletin Kontrol ve Murakabesi altında olmak üzere bu kanun hükümlerine göre sahiplerine aittir"** hükmü ile yine halen yürürlükte olan 56. maddesi ile **"Bu konunun Devlet Ormanları hakkındaki 14;** (ormanların muhafazası), **15;** (ormanda fidan ve yaş kuru dal kesmek, sökmek, palamut, ıhlamur çiçeği toplamak, ocak açarak toprak, kum, çakıl çıkarmak ...), **17;** (ormanların korunması, istihsal ve imar ile alakalı olarak yapılacak bina ve tesisler hariç olmak üzere her çeşit bina ve ağıl inşası, tarla açılması, orman içine yerleşilmesi yasaktır), **19;** (ormana her cins hayvan sokulması), 41; (nakliye tezkeresi verilmesi), **42;** (orman içi nakliye ve nakliye tezkeresi kesilmesi...), **maddeleri hükümleri hususi ormanlarda da tatbik edilir"** hükümleri yürürlüğe konulmuş, yine 6831 Sayılı Yasada Devlet ormanları için suç oluşturan eylemlerin tümü özel ormanlarda da uygulanması kabul edilmiştir.

73- 08.09.1956 tarihinde yürürlüğe konulan 6831 Sayılı Orman Yasasının **"madde 52-** Hususi ormanlar 500 hektardan küçük parçalar teşkil edecek şekilde parçalanıp ahara temlik ve mirasçılar arasında taksim olunamaz.

NE

Ekim ve dikim suretiyle yetiştirilecek ormanlar ihtiva ettikleri ağaç cinsleri ne olursa olsun yukarıdaki fıkra hükmüne tabi tutulmaz.

Hususi ormanlar, orman idaresince mahalli tapu idarelerine bildirilir." şeklinde iken, 05.06.1986 tarihinde kabul edilip, 19.06.1986 tarihinde yürürlüğe konulan 3302 Sayılı Yasa ile şu fıkra eklenmiştir. **"Şehir, kasaba ve köy yapılarının toplu olarak bulunduğu yerlerdeki özel orman alanlarında itiraz yapılmamak ve yatay alanlarının tabi vasıflarının korunmalarına özen gösterilir"**

Yasanın 52. maddesi 22.05.1987 tarihinde kabul edilip ve 28.05.1987 tarihinde yürürlüğe giren 3373 Sayılı Yasa ile **"İmar planlamasına uygun"** ve **"bu konunun 17. maddesine göre izin almak"** tümceleri eklenerek yine değiştirilmiş ve halen yürürlükte olan "madde **52-** Ekim ve dikim suretiyle meydana getirilen husussi ormanlar hariç, husussi ormanlar 500 hektardan küçük parçalar teşkil edecek şekilde parçalanıp başkalarına temlik ve mirascılar arasında ifrazen taksim edilemez.

Ancak, şehir, kasaba ve köy yapılarının toplu olarak bulunduğu yerlerdeki husussi orman alanlarında bu Kanunun 17 nci maddesine göre izin almak ve yatay alanın yüzde altısını (% 6) geçmemek üzere imar planlamasına uygun inşaat yapılabilir. İnşaatların yapılmasında orman alanlarının tabii vasıflarının korunmasına özen gösterilir.

Husussi ormanlar orman idaresince mahalli tapu idaresine bildirilir." şeklini almıştır.

Anayasanın 169 ve 6831 Sayılı Orman Yasasının 08.09.1956 tarihinden beri yürürlükte bulunan 50, 51, 53, 54, 55 ve 56. maddelerinden de anlaşılacağı gibi **"Özel Ormanların İdare ve Mahafazaları, Devletin Kontrol ve murakabesi altında olmak üzere bu kanun hükümlerine göre sahiplerine aittir"**

Bu hükümlere göre Devlet Ormanları hakkında yasada öngörülen hukuk ve ceza hükümleri aynen özel ormanlarda da uygulanacağından yerel mahkemenin kabulünün aksine **Özel Orman alanlarında yatay alanın yüzde altısını (%6) geçmemek üzere imar planlamasına uygun inşaat yapmak üzere Orman İdaresinden ön ve kesin izin alınmasından sonra da, Anayasanın 169 ve 6831 Sayılı Orman Yasasının 50 ila 56. maddeleri hükümlerine göre Devletin Kontrol** ve murakabesi devam eder. Anayasanın ve yasaların devlete yüklediği bu şahsi görev, tüzük, yönetmelik, tamim, talimat yada somut olayda olduğu gibi o tarihte Orman Bakanı olan Hasan Ekincinin 28.05.1994 gün 617 sayılı yazısı ile de ortadan kaldırılamaz. Hukuk normlarının üstünlüğü ilkesi karşısında Yasaya aykırı olan tüzük, yönetmelik ve talimatlar uygulanamaz.

6831 Sayılı Yasanın 6. maddesi 22/05/1987 gün ve 3373 Sayılı Yasanın 3 maddesi ile değiştirilmiş ise de, 6. maddedeki **"Devletten başkasına ait olan bütün ormanlar, bu Kanunun hükümleri dairesinde Orman Genel Müdürlüğünün murakabesine tabidir"** hükmü aynen korunmuştur.

6831 Sayılı Yasa, madde 17. "Devlet ormanları içinde bu ormanların korunması, istihsal ve imarı ile alakalı olarak yapılacak her nevi bina ve tesisler müstesna olmak üzere; her çeşit bina ve ağıl inşası ve hayvanların barınmasına mahsus yerler yapılması ve tarla açılması, işlenmesi, ekilmesi ve orman içinde yerleşilmesi yasaktır.

Devlet ormanlarının herhangi bir suretle yanmasından veya açıklıklarından faydalanılarak işgal, açma veya herhangi şekilde olursa olsun kesme, sökme, budama veya boğma yollariyle elde edilecek yerlerle buralarda yapılacak her türlü yapı ve tesisler, şahıslar adına tapuya tescil olunamaz. Buralara doğrudan doğruya orman idaresince el konulur. Yanan yerlerde husule gelen enkaz hiçbir suretle eşhasa satılamaz. Bunlar resmi daire ve müesseseler ihtiyacına tahsis olunur.

(Değişik: 22/5/1987 - 3373/7 md.) Turizm alan ve merkezleri dışında kalan Devlet ormanlarında kamu yararına olan her türlü bina ve tesisler için gerçek ve tüzelkişilere, Tarım Orman ve Köyişleri Bakanlığınca bedeli karşılığı izin verilebilir. Bu izin süresi kırkdokuz yılı geçemez. Devletçe yapılan tesisler dışında kalan her türlü bina ve tesisler izin süresi sonunda eksiksiz ve bedelsiz olarak Orman Genel Müdürlüğünün tasarrufuna geçer. Ancak işletmenin maksadına uygun faaliyet gösterdiği Orman Genel Müdürlüğünce belgelenen hak sahiplerinin kullanma hakları yer, bina ve tesislerin tayin değeri üzerinden belirlenecek yıllık bedelle

Nf

doksandokuz seneye kadar uzatılabilir. Bu durumda devir işlemleri bu uzatma sonunda yapılır. Turizm amaçlı tesisler için hak sahipleri adına tapuda irtifak hakkı tesis edilir. İzin ve irtifak hakları amaç dışı kullanılamaz.

(Ek: 23/9/1983 - 2896/10 md.) Yukarıdaki fıkrada belirtilen bina ve tesislerin, hükmi şahsiyeti haiz amme müesseselerine ait ormanlarda veya hususi ormanlarda yapılmak istenmesi halinde, Maliye Bakanlığının görüşü alınmaksızın Tarım ve Orman Bakanlığınca izin verilebilir. Bu takdirde, kullanım bedeli, süresi, yapılan bina ve tesislerin devri gibi hususlar genel hükümlere uygun olarak taraflarca tespit olunur.

**Madde 50-** "Hususi orman sahipleri, bu kanunun 7 nci maddesi hükümlerine göre tayin olunan orman hudutlarına Ziraat Vekaletince tesbit edilecek işaretleri koymaya mecburdurlar."

**Madde 51-** "Hususi ormanlar, sahipleri tarafından yaptırılıp orman idaresince tasdik olunacak harita ve amenajman planlarına göre işletilir ve idare olunur. Bu plana riayeti orman idaresi kontrol eder. Tayin olunacak müddet içinde bu planları yaptırıp tasdik ettirmiyenlerin harita ve amenajman planları orman idaresince yapılır ve masrafı iki yılda ve dört müsavi taksitte kendilerinden alınır."

**Madde 52-** "Ekim ve dikim suretiyle meydana getirilen hususi ormanlar hariç, hususi ormanlar 500 hektardan küçük parçalar teşkil edecek şekilde parçalanıp başkalarına temlik ve mirascılar arasında ifrazen taksim edilemez.

Ancak, şehir, kasaba ve köy yapılarının toplu olarak bulunduğu yerlerdeki hususi orman alanlarında bu Kanunun 17 nci maddesine göre izin almak ve yatay alanın yüzde altısını (% 6) geçmemek üzere imar planlamasına uygun inşaat yapılabilir. İnşaatların yapılmasında orman alanlarının tabii vasıflarının korunmasına özen gösterilir.

Hususi ormanlar orman idaresince mahalli tapu idaresine bildirilir."

**Madde 53-** "Hususi ormanların sahipleri mütaaddit olursa bunlar içlerinden birini veya bir başkasını orman idaresine karşı mesul müdür olarak göstermek mecburiyetindedirler. Üç ay zarfında göstermedikleri takdirde, orman idaresi o yer sulh hukuk mahkemesinden bir mesul müdür seçilmesini talebeder."

**Madde 54-** "Hususi ormanlarda yapılacak plan, damga, istihsal ve murakabe işlerinde çalışan orman memurlarının kanuni harcırah ve masrafları hususi orman sahipleri tarafından ödenir.

Bu harcırah ve masrafların karşılığı, bilahare mahsubu yapılmak üzere ve avans olarak orman veznesine peşinen yatırılır."

**Madde 55-** "Hususi ormanların idare ve muhafazaları, Devletin kontrol ve murakabesi altında olmak üzere bu kanun hükümlerine göre sahiplerine aittir."

**Madde 56-** "Bu kanunun Devlet ormanları hakkındaki 14,15,17,19 uncu maddeleriyle "Orman emvalinin bedeli ödenmeden veya karşılığı banka mektubu, Devlet ve Ziraat Bankası tahvileriyle temin edilmeden" kaydı müstesna olmak üzere 41, 42 nci maddeleri hükümleri hususi ormanlarda da tatbik olunur.

Tohum ve fidandan yetiştirilecek hususi orman sahipleri bu kanunun 14 üncü maddesinin (A) ve (B) bentlerinde yazılı hükümlerden müstesnadır.

Bu ormanlarda avlanma, otlatma ve meyvaların toplanması bu kanun hükümleri dahilinde sahiplerinin iznine bağlıdır."

73- **22.03.2007** tarihli ve 26470 sayılı Resmi Gazetede Yayınlanan 22.03.2007 tarihli **Orman Sayılan Alanlarda Verilecek İzinler Hakkında Yönetmelik,**

**Madde 51-** "Gerçek ve özel hukuk tüzel kişilerine, kamu yararı ve zaruret bulunması halinde; savunma, ulaşım, enerji, haberleşme, iletişim panosu, su arama, su kuyusu, kaptaj, su isale hattı, su deposu, su dolum tesisi, atık su, petrol, doğalgaz, alt yapı ve katı atık bertaraf tesisi, sanatoryum, baraj ve gölet tesisleri için bedelli izin verilebilir."

**Madde 52-** "Gerçek ve özel hukuk tüzel kişileri; izin talep edilen yerin ilini, ilçesini, köyünü, mevkiini ve yüzölçümünü belirten yazılarına talep sahasını gösterir koordinat değerleri belli 1/25000 ölçekli harita ile yapılması planlanan tesislerin 1/1000 ölçekli vaziyet planını, talep sahasının işlendiği meşçere haritasını dört takım halinde ekleyerek bölge müdürlüğüne müracaat ederler.

Nf

9983

**Taleplerin değerlendirilmesi ve izin verilmesi**

**Madde 53-** "Talep sahibince, talep edilen sahaya ait 1/25000 ölçekli harita ile memleket nirengisine bağlı yersel ölçü yapıldığına dair ölçü ve hesap cetvellerini, talep sahasının üzerinde gösterildiği 1/1000 ölçekli vaziyet planını ve diğer kanunlar uyarınca alınması gereken görüş, belge ve muvafakatların (ÇED, sit, su tahsis ve benzeri) orman idaresine verilmesi halinde, savunma, yol, enerji nakil hattı, su isale hattı, su kuyusu, su arama, su deposu, petrol ve doğalgaz boru hattı, baraj, gölet, telefon iletim hattı, iletişim panosu, R/L tesisleri, radyo-televizyon verici istasyonları ve antenleri, GSM baz istasyonları, ölçüm istasyonları ve alt yapı gibi talepler için bölge müdürlüğünce teşkil edilecek heyetçe; gerekli incelemeler yapılarak tesislerin Devlet ormanlarında yapılmasında zaruret olup olmadığı hususunu da içeren bedelli kesin izin raporu düzenlenir.

Bunların dışındaki ulaşım, enerji, haberleşme, su dolum tesisi, atık su, katı atık bertaraf tesisi, sanatoryum talepleri için gerekli incelemeler yapılarak tesislerin Devlet ormanlarında yapılmasında zaruret olup olmadığı hususunu da içeren bedelli ön izin raporu düzenlenir.

Katı atık bertaraf tesisi izinlerinde Çevre Yönetimi Genel Müdürlüğünün uygun görüşü alınır.

Ön izin raporu düzenlenenlerden uygun görülenlere Bakanlıkça yirmi dört ay süreli ön izin verilebilir. Noter tasdikli taahhütname alınır.

Ancak, harp, deprem, sel, yangın, toprak kayması gibi mücbir sebepler veya Bakanlığın uygun göreceği zaruri hallerde, ön izin sahibine Bakan onayı ile ön izin süresinin yarısına kadar ek süre verilebilir.

Kesin izin raporu düzenlenenlerden uygun görülenlere Bakanlıkça kırk dokuz yıla kadar kesin izin verilebilir. Bedeller, teminat ve noter tasdikli taahhütname alınarak saha teslimi yapılır.

İzin sahibi, iletişim panolarında pano metre karesinin %20'lik kısmında ormancılık faaliyetlerinin tanıtımı, ormanların korunması ve orman yangınlarının önlenmesi hizmetlerine yönelik olarak orman idaresinin vereceği tanıtıcı-uyarıcı şekil ve ifadeleri kullanmak zorundadır."

**Ön izin süresi içinde yapılacak işler**

**Madde 54** "Ön izin sahibi ön izin süresi içinde;

a) Bölge müdürlüğünce onaylı, izin sahasının üzerinde gösterildiği 1/1000 ölçekli vaziyet planı,

b) İzin alanının 1/1000 ölçekli haritası ve onaylanmış uygulama imar planını,

c) İzin sahasına ait memleket nirengisine bağlı yersel ölçü yapıldığına dair ölçü ve hesap cetvellerini,

ç) Bölge müdürlüğünce onaylı 1/1000 ölçekli ağaç röleve planını,

d) Bayındırlık ve İskân Bakanlığınca belirlenen ait olduğu yılın birim fiyatlarına göre hazırlanmış metraj ve keşif özetlerini,

e) ÇED olumlu belgesini

dört takım halinde orman idaresine verir.

Ön iznin sona ermesi, başlıklı 55. Maddesi "Ön izin; talep sahibinin vazgeçmesi veya bu Yönetmeliğin 54 üncü maddesindeki belgelerin mücbir sebepler veya kendi kusuru dışındaki sebepler nedeniyle tamamlanamadığının bildirilmemesi halinde orman idaresince re'sen iptal edilir. İptal işlemi ilgiliye bildirilir."

**Kesin izin**

**Madde 56-** Ön izin sahibi, kendisinden istenilen belgeleri süresi içerisinde tamamlayıp Bölge müdürlüğüne vererek kesin izin talebinde bulunur. Bölge Müdürlüğü yapılan müracaatı evrak üzerinde inceler, istenilen belgelerin eksik ya da uygun olup olmadığını kontrol ederek eksik ya da uygun olmayan belgeler var ise müracaat sahibine bildirir. Belgeler tamamlanıncaya kadar talep değerlendirmeye alınmaz. Evrakların tamamlanması halinde bölge müdürlüğünce teşkil edilecek heyetçe; gerekli incelemeler yapılarak bedelli kesin izin raporu düzenlenir.

Uygun görülenlere Bakanlıkça kırk dokuz yıla kadar bedelli kesin izin verilebilir.

NF

9982

İzin sahibinden, yapılan tebligat tarihinden itibaren bir ay içinde bedeller, teminat ve noter tasdikli taahhütname alınarak saha teslimi yapılır. Aksi halde verilen izin re'sen iptal edilir. İptal işlemi ilgiliye bildirilir.

Verilen izinler amacı dışında kullanılamaz.

Orman sayılan yerlerde, izin verilen proje dışında tesis yapılamaz. İlave veya tadilat projelerine Bakanlıkça izin verilebilir. İzinsiz yapılan tesislere 6831 sayılı Orman Kanunu hükümlerine göre orman idaresince el konulur.

Devir işlemleri başlıklı 57. Maddesi "Ön izin devredilemez.

Kesin izin; taahhütname hükümlerine ve sürelerine bağlı kalmak ve Bakan onayı alınmak kaydıyla devir edilebilir. Devir alandan noter onaylı taahhütname alınır. Aksi halde devir edenlerin orman idaresine karşı hukuki ve mali sorumlulukları aynen devam eder.

İznin sona ermesi başlıklı 58 Madde Kesin izin; sürenin dolması, hak sahibinin vazgeçmesi, bu Yönetmelik ve taahhütname hükümlerine aykırı davranılması halinde iptal edilir. İptal işlemi ilgiliye bildirilir. İznin herhangi bir şekilde sona ermesi halinde; her türlü bina ve tesisler eksiksiz ve bedelsiz olarak en geç üç ay içinde orman idaresinin tasarrufuna geçer. Söz konusu bina ve tesisler Genel Müdürlükçe değerlendirilir."

74- Orman Yasasının 52. maddesini değiştiren ve "özel ormanlarda yatay alanın % 6'sını geçmemek kaydıyla inşaat yapılabileceği" hükmünü getiren ve 19.06.1986 tarihinde yürürlüğe giren 3302 Sayılı Yasanın uygulamasını gösterir bir yönetmelik 2002 yılına kadar yapılmamıştır.

İlk defa, **"Özel Ormanlarda Yapılacak İş ve İşlemleri Gösterir Talimat"** isimli belge hazırlanıp, kurul başkanı **Hasan Turan** imzası ile bakan onayına sunulmuş ve **Orman Bakanı Hasan Ekinci** tarafından 28.09.1994 tarihinde **"ONAY"** verilerek 30.09.1994 tarihinde teşkilata gönderilmiştir.

Bu talimatın **Amaç-Kapsam** başlıklı **1. maddesi "Bu talimatın amaç ve kapsamı özel ormanlara ait iş ve işletmelerin yürütülmesini düzenlemek, özel ormanların idare muhafazası ile özel ormanlardaki yapılaşmalarda denetimi temin etmek"** olarak açıklanmış, 2. maddede talimatın dayanağının 6831 Sayılı Yasanın 50-56. maddeleri olduğu belirtilmiştir.

**Özel ormanlarda inşaat izni** başlığı altında;

**Müracaat**

**Madde 8-** % 6 inşaat izni isteyen özel orman sahipleri bir dilekçe ile Orman Genel Müdürlüğüne müracaat ederler.

Dilekçeye, özel ormanın tapusu, özel ormanın tesisi ile ilgili belgeler (Bakanlık Oluru, Mahkeme Kararı veya Kadastro Komisyon Kararı) ile, Özel Orman oluruna esas harita eklenir. Harita üzerinde % 6 inşaat izni istenilen yer işaretlenir, köşe noktalarının koordinatları belirtilir.

**İnceleme**

**Madde 9-** Genel Müdürlükçe bu evraklar tetkik edilir. Varsa noksanları tamamlattırıldıktan sonra ilgili Bölge Müdürlüğüne incelenmek üzere gönderilir. Bölge müdür yardımcısı başkanlığında, kadastro-mülkiyet şube müdürü ilgili işletme müdürü veya işletme müdür yardımcısı ve ilgili işletme şefi ile ölçme işlerinde uzman bir eleman tarafından özel orman sahibi veya mesul müdürün de iştiraki ile izin istenilen saha arazide incelenir ve yapılaşma talebi rapora bağlanır.

Ormanın kapalılık durumu, arazinin topografik yapısı gözönüne alınarak, ormanın en zayıf olduğu ve alt yapı hizmetlerinin en uygun bulunduğu yerlerde izin verilir. **Yapılacak her türlü alt yapı ve sosyal tesislerle bunlar arasındaka bağlantı yolları dahil yapılaşma alanı % 6'yı geçemez.**

Tesislerin ana yola bağlantısı için Belediyeden tasdikli imar planına göre yapılması zorunlu olan irtibat yolu, 6831 Sayılı Yasanın 17. maddesine göre verilebilir.

**Kesin izin**

**Madde 11-** Ön izin süresi içinde istenilen belgeler özel orman sahibi veya mesul müdür tarafından bölge müdürlüğüne verilir.

NF

İlgili Bölge Müdürlüğünde, bu talimatın 9. maddesinde belirtilen heyet tarafından bu belgeler incelenir ve arz üzerinde kontrol edilir. Uygunluğu halinde tasdik edildikten sonra Genel Müdürlüğe gönderilir.

Genel Müdürlükte bu belgeler değerlendirilir. Uygun görüldüğü takdirde Bakanlık oluru ile kesin izin verilir.

**İnşaatların Kontrol İşleri**

**Madde 14-** Saha tesliminden sonra, arazideki yapılaşmalar ve inşaatın devamı sırasında ilgili İşletme Müdürlüğünce **izin sahasına uyulup uyulmadığı,** yakinen takip edilir. **Verilen izin sahası dışında herhangi bir taşma olduğunda suç zaptı tutularak** kanuni takibata geçilir ve Genel Müdürlüğe bilgi verilir.

İnşaatların kontrolünde önemli olan husus % 6 inşaat izin sahasına taşılmamış olup **izin sahası içinde imar planlamasına uygun inşaat yapılması** şarttır. Aksine bir durum tespitinde konu Orman İşletme Müdürlüğünce ilgili kurumuna bildirilir.

**Özel Ormanların Denetimi**

**Madde 19-** Özel Ormanlarda bu Talimat şartlarına göre **yapılacak bütün iş ve işlemler, mahalli Orman İdarelerince denetlenir.** Mahalli Orman İdaresi bu konularda denetlemeye yetkilidir.

**Yürürlük**

**Madde 20-** Bu Talimat Orman Bakanının onayını müteakip yürürlüğe girer. Yürürlük tarihinden itibaren, yeni verilecek izinlere bu Talimat esasları uygulanır.

75- Bu Talimattan sonra **25.04.2002** gün ve 24736 sayılı Resmi Gazetede Yayınlanan, **"Özel Ormanlarda ve Hükmi Şahsiyeti Haiz Amme Müesseselerine Ait Ormanlarda Yapılacak İş ve İşlemler Hakkında Yönetmelik"** yürürlüğe konulmuştur. Bu yönetmeliğin ilgili maddeleri şöyledir:

**İnşaat izni "**

**Madde 10-** "Şehir, kasaba, köy yapılarının toplu olarak bulunduğu yerlerdeki özel orman veya amme müesseselerine ait orman alanlarında 6831 sayılı Orman Kanununun 17 nci maddesine göre izin alınmak ve yatay alanın (% 6) **yüzde altısını geçmemek koşuluyla imar planlamasına uygun** inşaat yapılabilir.

İnşaatların yapılmasında orman alanlarının doğal özelliklerinin korunmasına özen gösterilir. Ormanın kapalılık durumu ve arazinin topoğrafik yapısı göz önünde bulundurulmak suretiyle, ormanın en zayıf olduğu ve alt yapı hizmetlerinin en uygun görülebileceği yerlerde izin verilir. Kamu eline geçecek tesisler de dahil olmak üzere yapılacak **her türlü alt yapı ile diğer sosyal, ticari ve idari amaçlı tesisler ve bunlar arasındaki bağlantı yolları dahil imar planı, genel özel orman alanının maksimum yüzde altısını (% 6) geçemez.**

İzin verilirken 6831 sayılı Orman Kanununa göre konusu itibariyle daha özel kanun konumunda olan; 2960 sayılı Boğaziçi Kanunu, 3621 sayılı Kıyı Kanunu ile 2863 sayılı Kültür ve Tabiat Varlıklarını Koruma Kanunu ve 3194 sayılı İmar Kanunu ayrıca göz önünde bulundurulur.

Genel Müdürlüğün 202 sayılı "Orman Yolları Planlaması ve İnşaat İşlerinin Yönetilmesi Hakkında Tebliğ" esaslarına göre **ormanın devamlılığı ve işletmesine yönelik yol şebeke planları tanzim edilir.** Bu planlar Genel Müdürlük İnşaat ve İkmal Dairesi Başkanlığınca onaylanır. Onaylanan bu planlar dahilinde yapılan yollardan, bu maddenin ikinci fıkrasında belirtilen imar planı dışında kalan yollar Orman Kanununun 52. maddesine göre verilen % 6'lık yapılaşma kapsamına dahil değildir."

Yukarıda yazılı 2002 tarihli Yönetmelikdeki 10. Madde 26.07.2005 günlü ve 25887 sayılı Resmi Gazetede yayınlanan Yönetmeliğin 5. maddesi ile aşağıdaki şekilde değiştirilmiştir.

**"Madde 10-** Şehir, kasaba, köy yapılarının toplu olarak bulunduğu yerlerdeki özel orman alanlarında 6831 sayılı Orman Kanununun 17 nci maddesine göre izin alınmak ve yatay alanın % 6 sını geçmemek koşuluyla imar planlamasına uygun inşaat yapılabilir.

İnşaatların yapılmasında orman alanlarının doğal özelliklerinin korunmasına özen gösterilmek kaydıyla ormanın kapalılık durumu ve arazinin topoğrafik yapısı göz önünde bulundurulmak ve orman içi açıklıklardan ve bozuk orman alanlarından azami faydalanılmak

9980

suretiyle uygun yerlerde izin verilir. Enerji nakil hattı, haberleşme, su isale hattı, doğalgaz hattı, kanalizasyon, yol ve benzerleri ile 6831 sayılı Orman Kanununun 17 nci maddesine göre genel kamu hizmetlerine yönelik verilen izinler % 6 lık alana dahil değildir. Bunların dışındaki **her türlü tesis ve müştemilat; garaj, havuz, spor tesisleri, çocuk oyun alanı, otopark, ticari ve sosyal tesisler ve benzeri yapılar % 6 lık alana dahildir.**

Yapılması zorunlu olan yollar ile yapılacak alt yapı tesisleri genel ormancılık faaliyetlerinin yerine getirilmesi için de kullanılır.

İzin verilirken 6831 sayılı Orman Kanununa göre konusu itibariyle daha özel kanun konumunda olan; 18/11/1983 tarihli ve 2960 sayılı Boğaziçi Kanunu, 4/4/1990 tarihli ve 3621 sayılı Kıyı Kanunu, 21/7/1983 tarihli ve 2863 sayılı Kültür ve Tabiat Varlıklarını Koruma Kanunu, 3/5/1985 tarihli ve 3194 sayılı İmar Kanunu ve 19/10/1989 tarihli ve 383 sayılı Özel Çevre Koruma Kurumu Başkanlığının Kurulmasına Dair Kanun Hükmünde Kararname ayrıca göz önünde bulundurulur.

Genel Müdürlüğün 202 sayılı "Orman Yolları Planlaması ve İnşaat İşlerinin Yönetilmesi Hakkında Tebliğ" esaslarına göre ormanın devamlılığı ve işletmesine yönelik yol şebeke planları tanzim edilir. Bu planlar Genel Müdürlük İnşaat ve İkmal Dairesi Başkanlığınca onaylanır. Onaylanan bu planlar dahilinde yapılan yollar Orman Kanununun 52 nci maddesine göre verilen % 6 lık alana dahil değildir."

**"Madde 11-** İnşaat yapmak üzere izini isteyen özel orman mülk sahipleri yada amme müesseselerine ait orman sahibi bir dilekçe ile ilgili bölge müdürlüğüne müracaat edeler.

Dilekçeye özel ormanın yada amme müesseselerine ait ormanın tapusu, orman tesisi ile ilgili belgeler,(Banklık oluru, Mahkeme kararı ve ya Orman Kadastrosu Komisyon Kararı,) ile özel orman alanını gösterir harita eklenir. Bu harita üzerinde ayrıca inşaat yapılması istenilen ve bu nedenle de **izin işlemine konu edilmek istenilen** saha yeri veya **alternatif saha** yerleri işaretlenir. Köşe noktalarının koordinatları belirtilir."

2002 tarihli yönetmeliğin yukarıda yazılı 11. maddesi 2005 yılında aşağıdaki gibi değiştirilmiştir.

**"Madde 11-** İzin talebinde bulunan özel orman veya amme müesseselerine ait orman sahibi bir dilekçe ile ilgili orman bölge müdürlüğüne müracaat eder.

Dilekçeye;

a) Özel ormanın veya hükmi şahsiyeti haiz amme müesseselerine ait ormanın tapusu,

b) Ormanın tesisi ile ilgili belgeler; Bakanlık oluru, mahkeme kararı veya orman kadastro komisyonu kararı,

c) Üzerinde orman alanını ve izne konu edilmek istenilen saha yerlerini koordinatlı olarak gösteren harita ve koordine özet çizelgesi,

d) İzin sahasının alanlar cetveli eklenir."

**Ön İzin İnceleme Raporu Tanzimi (2005 tarihli yönetmelik)**

**Madde 12-** "Mahallinde kadastro ve mülkiyet şube müdürü başkanlığında ilgili işletme müdürü ve ilgili işletme şefi ile ölçme işlerinde uzman bir eleman tarafından özel orman sahibi veya mesul müdürünün, amme müesseselerine ait ormanda ise müesseseden bir temsilcinin iştiraki ile izin istenilen saha incelenir ve izin talebi rapora bağlanır.

Bu raporda;

a) Özellik oluruna esas belgenin yüzölçümü,

b) Tapu belgesi,

c) Tapuya konulmuş şerhler,

ç) Sahiplilik durumu,

d) Arazi ve orman kadastrosu ile ilişkisi,

e) Mesul müdür atanmasına ait belge,

f) Amenajman planı,

g) Varsa imar planı uygulaması iznini etkileyebilecek özel konularla ilişkisi (SİT ve benzeri), hakkında bilgi verilir.

Ayrıca özel ormanlarda ormanın tabii yapısının korunmasına özen gösterilmek suretiyle **imar planlamasına açılan yüzde altı saha** yerleri, hükmi şahsiyeti haiz amme müesseselerine ait ormanlarda izne konu saha yeri köşe koordinat değerleri belirtilmek suretiyle işaretlenir.

9979

Bu şekilde hazırlanan rapor ve ekleri Genel Müdürlüğe gönderilir." şeklinde değiştirilmiştir.

**Ön İzin, Ön İzin Süresi İçinde Yapılacak İşler ve Ön İznin Sona Ermesi** (2005 tarihli Yönetmelik);

**Madde 13-** "Ön izin raporu düzenlenenlerden uygun görülenlere Bakanlıkça yirmi dört ay süreli ön izin verilebilir. İzin verilenlerden izin konusundaki yükümlülüklerini belirtir noter onaylı taahhütname alınır.Ön izin süresinde;

a) 1/1000 ölçekli onaylı mevzii imar planı,

b) 1/1000 veya 1/2000 ölçekli Orman Mühendisleri Odasınca onaylı ağaç röleve planı, (hükmi şahsiyeti haiz amme müesseselerine ait ormanlarda bölge müdürlüğü onayı yeterlidir.)

c) 1/1000 ölçekli onaylı yerleşim planı ve mimari proje,

d) Bayındırlık ve İskan Bakanlığınca belirlenen ait olduğu yılın birim fiyatlarına göre hazırlanmış, onaylı metraj ve keşif özetleri, hükmi şahsiyeti haiz amme müesseselerine ait ormanlardaki izin taleplerinde istenmez.

e) Çevresel etki değerlendirme belgesi,

f) SİT alanı içerisinde kalması halinde SİT kurulu kararının,

g) Özel çevre koruma bölgesi sınırları içersinde kalması halinde, Özel Çevre Koruma Kurumu Başkanlığı görüşü,

hazırlanması istenir.

Yirmi dört aylık süre içinde yukarıda sayılan belgelerin hazırlanamaması halinde özel orman sahibi veya mesul müdürünün ya da amme müesseselerine ait orman yetkilisinin müracaatı üzerine ve Orman İdaresince kabul olunabilecek gerekçe gösterilmek şartı ile bu süre bir defaya mahsus olmak üzere on iki ay daha uzatılır.

Bu süre içerisinde işlemlerin bitirilmemesi durumunda ön izin iptal edilir. İki yıl müddetle aynı yer için müracaat kabul edilmez."

**Kesin Izin İnceleme Raporu**

**Madde 14** - (Değişik madde: 26/07/2005-25887 S.R.G. Yön/9.mad)

Ön izin süresi içinde bu Yönetmeliğin 13 üncü maddesinde istenilen belgeler bölge müdürlüğüne verilir. Bölge müdürlüğünce bu Yönetmeliğin 12 nci maddesinde belirtilen heyet tarafından incelenir. Arazi üzerinde kontrol edilir. Uygunluğu halinde tasdik edildikten sonra bir rapora bağlanarak Genel Müdürlüğe gönderilir.

İmar ve yerleşim planlarına bu Yönetmeliğin 10 uncu maddesinin ikinci fıkrasındaki ilkeler doğrultusunda inşaat yapılacağı hususunda dipnot konulması temin edilir.

**Kesin İzin**

**Madde 15-** "Genel Müdürlükçe kesin izin inceleme raporu ve eki belgeler değerlendirilir ve uygun görülmesi halinde kesin izin verilir.

**Kesin izin verildikten sonra imar planlaması ve uygulaması ile ilgili görev ve sorumluluk imar mevzuatı çerçevesinde ilgili mercilere aittir."**

**İnşaat Süresi**

**Madde 17-** "3194 sayılı İmar Kanununun 29 uncu maddesinde belirtilen süreler içinde inşaatlara başlanılması ve tamamlanması esastır. Belirtilen sürelerde tamamlanamaması durumunda bu Kanunun 29 uncu maddesinde belirtilen şekil ve şartlara uyulur."

**İnşaatların Kontrol İşleri**

**Madde 18- "Saha tesliminden sonra arazideki yapılaşmalar ve inşaatın devamı sırasında ilgili işletme müdürlüğünce izin sahasında izin koşullarına uyulup uyulmadığı takip edilir. Verilen izin sahası dışında herhangi bir taşma olduğunda kanuni takibata geçilir. Genel Müdürlüğe bilgi verilir."**

**Özel Ormanların ve Amme Müesseselerine Ait Ormanların Denetimi**

**Madde 22-** Özel ormanlarda ve amme müesseselerine ait ormanlarda bu Yönetmelik esaslarına göre yapılacak **bütün iş ve işlemler mahalli orman idaresince denetlenir."**

**Yürürlükten kaldırılan hükümler**

**Madde 23-** Bakanlığın 30.09.1991 tarih KM.2.GN 2/600 sayılı Talimatı yürülükten kaldırılmıştır. Ancak bu Talimata göre verilmiş bulunan izin hakları saklı tutulur.

NF

**76- 3 Mayıs 1985 tarih 3194 Sayılı İmar Yasası**

**Madde 5-** "Bu Kanunda geçen terimlerden bazıları aşağıda tanımlanmıştır.

**Nazım İmar Planı;** varsa bölge veya çevre düzeni planlarına uygun olarak halihazır haritalar üzerine, yine varsa kadastral durumu işlenmiş olarak çizilen ve arazi parçalarının; genel kullanış biçimlerini, başlıca bölge tiplerini, bölgelerin gelecekteki nüfus yoğunluklarını, gerektiğinde yapı yoğunluğunu, çeşitli yerleşme alanlarının gelişme yön ve büyüklükleri ile ilkelerini, ulaşım sistemlerini ve problemlerinin çözümü gibi hususları göstermek ve uygulama imar planlarının hazırlanmasına esas olmak üzere düzenlenen, detaylı bir raporla açıklanan ve raporuyla beraber bütün olan plandır.

**Uygulama İmar Planı;** tasdikli halihazır haritalar üzerine varsa kadastral durumu işlenmiş olarak nazım imar planı esaslarına göre çizilen ve çeşitli bölgelerin yapı adalarını, bunların yoğunluk ve düzenini, yolları ve uygulama için gerekli imar uygulama programlarına esas olacak uygulama etaplarını ve diğer bilgileri ayrıntıları ile gösteren plandır.

**Yerleşme Alanı;** imar planı sınırı içindeki yerleşik ve gelişme alanlarının tümüdür.

...

**Mücavir Alan;** imar mevzuatı bakımından belediyelerin kontrol ve mesuliyeti altına verilmiş olan alanlardır.

**Çevre düzeni planı;** Ülke ve bölge plan kararlarına uygun olarak konut, sanayi, tarım, turizm, ulaşım gibi yerleşme ve arazi kullanılması kararlarını belirleyen plandır.

**İmar planları ile ilgili planlama kademeleri**

**Madde 6-** " Planlar, kapsadıkları alan ve amaçları açısından; "Bölge Planları" ve "İmar Planları", imar planları ise, "Nazım İmar Planları" ve "Uygulama İmar Planları" olarak hazırlanır. Uygulama imar planları, gerektiğinde etaplar halinde de yapılabilir."

**Halihazır harita ve imar planları;**

**Madde 7-** "Halihazır harita ve imar planlarının yapılmasında aşağıda belirtilen hususlara uyulur.

a) Halihazır haritası bulunmayan yerleşim yerlerinin halihazır haritaları belediyeler veya valiliklerce yapılır veya yaptırılır. Bu haritaların tasdik mercii belediyeler ve valilikler olup tasdikli bir nüshası Bakanlığa, diğer bir nüshası da ilgili tapu dairesine gönderilir.

b) Son nüfus sayımında, nüfusu 10.000'i aşan yerleşmelerin imar planlarının yaptırılmaları mecburidir.

Son nüfus sayımında nüfus 10.000'i aşmayan yerleşmelerde, imar planı yapılmasının gerekli olup olmadığına belediye meclisi karar verir. Mevcut imar planları yürürlüktedir.

c) Mevcut planların yerleşmiş nüfusa yetersiz olması durumunda veya yeni yerleşme alanlarının acilen kullanmaya açılmasını temin için; belediyeler veya valiliklerce yapılacak mevzi imar planlarına veya imar planı olmayan yerlerde Bakanlıkça hazırlanacak yönetmelik esaslarına göre uygulama yapılır.

Haritaların alınmasına veya imar planlarının tatbikatına memur edilen vazifeliler, vazifelerini yaparlarken 2613 sayılı Kadastro ve Tapu Tahriri Kanununun 7 nci maddesindeki selahiyeti haizdirler.

**Planların hazırlanması ve yürürlüğe konulması**

**Madde 8-** "Planların hazırlanmasında ve yürürlüğe konulmasında aşağıda belirtilen esaslara uyulur.

a) **Bölge planları;** sosyo - ekonomik gelişme eğilimlerini, yerleşmelerin gelişme potansiyelini, sektörel hedefleri, faaliyetlerin ve alt yapıların dağılımını belirlemek üzere hazırlanacak bölge planlarını, gerekli gördüğü hallerde Devlet Planlama Teşkilatı yapar veya yaptırır.

b) **İmar Planları;** Nazım İmar Planı ve Uygulama İmar Planından meydana gelir. Mevcut ise bölge planı ve çevre düzeni plan kararlarına uygunluğu sağlanarak, belediye sınırları içinde kalan yerlerin nazım ve uygulama imar planları ilgili belediyelerce yapılır veya yaptırılır. Belediye meclisince onaylanarak yürürlüğe girer. Bu planlar onay tarihinden itibaren belediye başkanlığınca tespit edilen ilan yerlerinde bir ay süre ile ilan edilir. Bir aylık ilan süresi içinde planlara itiraz edilebilir. Belediye başkanlığınca belediye meclisine gönderilen itirazlar ve planları belediye meclisi onbeş gün içinde inceleyerek kesin karara bağlar.

NK

c) (Ek bend: 03/07/2005-5403 S.K./25.mad) Tarım arazileri, Toprak Koruma ve Arazi Kullanımı Kanununda belirtilen izinler alınmadan tarımsal amaç dışında kullanılmak üzere plânlanamaz.

Belediye ve mücavir alan dışında kalan yerlerde yapılacak planlar valilik veya ilgilisince yapılır veya yaptırılır. Valilikçe uygun görüldüğü takdirde onaylanarak yürürlüğe girer. Onay tarihinden itibaren valilikçe tespit edilen ilan yerinde bir ay süre ile ilan edilir. Bir aylık ilan süresi içinde planlara itiraz edilebilir. İtirazlar valiliğe yapılır, valilik itirazları ve planları onbeş gün içerisinde inceleyerek kesin karara bağlar.

Onaylanmış planlarda yapılacak değişiklikler de yukarıdaki usullere tabidir.

Kesinleşen imar planlarının bir kopyası, Bakanlığa gönderilir.

İmar planları alenidir. Bu aleniyeti sağlamak ilgili idarelerin görevidir.

Belediye Başkanlığı ve mülki amirlikler, imar planının tamamını veya bir kısmını kopyalar veya kitapçıklar haline getirip çoğaltarak tespit edilecek ücret karşılığında isteyenlere verir.

**Arazi ve arsa düzenlemesi**

**Madde 18-** "İmar hududu içinde bulunan binalı veya binasız arsa ve arazileri malikleri veya diğer hak sahiplerinin muvafakatı aranmaksızın, birbirleri ile, yol fazlaları ile, kamu kurumlarına veya belediyelere ait bulunan yerlerle birleştirmeye, bunları yeniden imar planına uygun ada veya parsellere ayırmaya, müstakil, hisseli veya kat mülkiyeti esaslarına göre hak sahiplerine dağıtmaya ve re'sen tescil işlemlerini yaptırmaya belediyeler yetkilidir. Sözü edilen yerler belediye ve mücavir alan dışında ise yukarıda belirtilen yetkiler valilikçe kullanılır.

(Değişik: 03/12/2003 - 5006/1 md.) Belediyeler veya valiliklerce düzenlemeye tabi tutulan arazi ve arsaların dağıtımı sırasında bunların yüzölçümlerinden yeteri kadar saha, düzenleme dolayısıyla meydana gelen değer artışları karşılığında **"düzenleme ortaklık payı"** olarak düşülebilir. Ancak, bu maddeye göre alınacak düzenleme ortaklık payları, **düzenlemeye tabi tutulan arazi** ve arsaların düzenlemeden önceki yüzölçümlerinin **yüzde kırkını** geçemez.

...

Veraset yolu ile intikal eden, bu Kanun hükümlerine göre şüyulandırılan Kat Mülkiyeti Kanunu uygulaması, tarım ve hayvancılık, turizm, sanayi ve depolama amacı için yapılan hisselendirmeler ile cebri icra yolu ile satılanlar hariç imar planı olmayan yerlerde her türlü yapılaşma amacıyla arsa ve parselleri hisselere ayrılarak özel parselasyon planları, satış vaadi sözleşmeleri yapılamaz.

**23 Haziran 1965 tarihli 634 sayılı Kat Mülkiyeti Yasası**

**A) Genel kural**

**Madde 10-**"Kat mülkiyeti ve kat irtifakı resmi senetle ve tapu siciline tescil ile doğar.

Anagayrimenkulün tümünün mülkiyeti (Kat mülkiyeti) ne çevrilmeden o gayrimenkulün **yalnız bir veya birkaç bölümü üzerinde kat mülkiyeti kurulamaz."**

**VIII-EMSAL GÖSTERİLEN BAZI YARGI KARARLARI:**

77- Bu kararların tümü orman niteliğinde olmayan özel mülklerle ilgilidir.

a) Danıştay 3. Dairesinin 16.10.1980 gün ve 1980/178-191 sayılı kararı "İmar Yasasının 11 nci Maddesi kapsamına girmediği halde bu maddeye dayalı olarak verilen ruhsatın belediye başkanlığınca iptal edilmesinde yasaya aykırılık bulunmadığından, başkanlığın söz konusu iptal işlemini ortadan kaldıran belediye meclisi kararının bozulmasına"

b) Danıştay 6. Dairesinin 03.12.1998 gün ve 1997/6294-5931 sayılı kararı, "imar planına uygun olarak yapılan ve biten yapıya ait ruhsat ve yapı kullanma belgesinin anılan taşınmazda konut yapımına izin veren ve ruhsatın dayanağı olan plan değişikliğinin iptal edildiği gerekçesiyle iptalinde, davacıların kazanılmış haklarının varlığı nedeniyle hukuka uyarlık bulunmamaktadır."

c) Uyuşmazlık Mahkemesi Hukuk Bölümünün 22.02.1999 gün ve 1998/67 sayılı kararı, "konusu ve sebebi farklı olan davalarda verilen kararlar arasında çelişki bulunduğundan sözedilemeyeceği gibi, müdahalenin önlenmesi istemiyle açılan davanın mülkiyet hukukuna göre incelenerek adli yargı yerince reddedilmiş olması, imar planında yola ayrılan yerde tesis kurulmasına izin verilmesi işleminin imar mevzuatına aykırı bulunarak iptali yolundaki idari

HF

yargı kararının, idarece uygulanmasına hukuken bir engel teşkil etmez. Bu nedenle iki ayrı konuda adli ve idari yargıda verilen söz konusu kararlar nedeniyle hakkın yerine getirilmesinin olanaksızlığından da söz edilemez. Saptanan bu duruma göre somut olayda, **konu ve dava sebebinin aynı olması ve hakkın yerine getirilmesinin olanaksız bulunması** koşulları da gerçekleşmemiş olduğundan, 2247 Sayılı Yasanın değişik 24. maddesine uygun olmayan başvurunun reddi gerekir."

**IX- YASALARA GÖRE OLAYLARIN DEĞERLENDİRİLMESİ VE YARGI:**

78- Orman Yönetiminin dava dilekçesinde dayandığı maddi vakıa, hukuki sebeplere göre istem ve davanın ne olduğu ve bunun sonucu olarak, dosyadaki delillere göre temyize konu davanın hukuki nitelemesine göre, uygulanacak hukukun şekli kaynakları ile bunların uygulama önceliğinin ve görevli mahkemenin hangi mahkeme olacağı, mahkeme gerekçesi ve bunan sonucu olarak kurulan hükmünün yasal olup olmadığına gelince;

Çavuşbaşı Köyü 6 sayılı parselin Saip Molla I özel ormanı olduğu, bu isimle özel orman niteliği ile orman kadastrosu yapıldığı ve özel orman niteliği ile tapuda kayıtlı bulunduğu, taraflar arasında çekişmesizdir. Yasalarımızda tapu kayıtlarının cinslerinin nasıl değiştireceği, yine 6831 Sayılı Yasada, özel ormanların hangi hallerde **bu niteliğini kaybedeceği konularında hükümler vardır.**

**Medeni Yasanın 1015. (924) maddesi** "Tescil, terkin ve değişiklik gibi tasarruf işlemlerinin yapılabilmesi, istemde bulunanın tasarruf yetkisini ve hukuki yetkisini ve hukuki sebebi belgelemiş olmasına bağlıdır."

**1023. (931) maddesi**, "Bir ayni hak yolsuz olarak tescil edilmiş ise, bunu bilen veya bilmesi gereken üçüncü kişiler bu tescile dayanamaz.

Bağlayıcı olmayan bir hukuki işleme dayanan veya hukuki sebepten yoksun bulunan tescil yolsuzdur."

**1025. (933) maddesi,** "Bir ayni hak yolsuz olarak tescil edilmiş veya bir tescil yolsuz olarak terkin olunmuş yada değiştirilmiş ise, bu yüzden ayni hakkı zedelenen kimse tapu sicilinin düzeltilmesini dava edebilir." şeklinde hükümler mevcuttur.

79- Hal böyle olduğu halde, Alemdağ Orman İşletme Müdürü **Yaşar Baran'ın** yasa ve yönetmelikte bulunmayan tamamen yürürlükte bulunan mevzuata aykırı olan 28.03.1996 gün ve 2974/2186 sayılı yazısı dayanak gösterilerek tapu sicil müdürlüğünce gereğince 6 sayılı parselin tapudaki **"özel orman"** cinsi silinmiştir. Yasal yoldan silinmediği bir kısım davalılar da kabul etmektedir. Bu nedenledir ki; taşınmazın cinsinin yeniden özel orman olarak düzeltilmesine ilişkin hükmü temyiz etmemişler, bir kısım davalılarda aleyhlerindeki mahkeme kararının onanmasını istemektedirler.

Davacı Orman Genel Müdürlüğü ile hükmü temyiz eden bir kısım davalılar arasındaki **uyuşmazlık;**

a) Cinsi özel orman olarak tapuda kayıtlı bulunan taşınmazın, Orman İşletme Müdürünün yazısı ile **cinsinin silinmesinin** yasal olup olmadığı,

b) Orman Yasasının 52. Maddesi gereğince, özel ormanın yatay alanının % 6'sını geçmemek ve imar planlamasına uygun inşaat yapmak üzere verilen izinin aşılıp aşılmadığı, aşıldı ise **bu oranı aşan** bölüm yönünden, elatmanın önlenmesi ve inşaatların yıkılması davasını açmada, Orman Yönetiminin aktif dava ehliyetinin bulunup bulunmadığı,

c) Özel ormanın yatay alanının % 6'sını geçmemek ve imar planlamasına uygun inşaat yapmak üzere izin verilen saha içinde kalıp da imar planlamasına aykırı olarak yapılan yapılar yönünden Orman Yasası hükümlerine göre Orman Genel Müdürlüğünün kontrol ve denetim hakkının bulunup bulunmadığı ve bunun sonucu olarak da yatay alanın % 6'lık izin sahasında kalıp da, imar planlamasına aykırı olarak inşaa edilen yapılar yönünden elatmanın önlenmesi ve yıkılması davası açma konusunda Orman Yönetiminin, Orman Yasası hükümlerine göre aktif dava ehliyeti olup olmadığı,

d) Özel orman tapusunda pay sahibi olarak görülen kişilerin davalı sıfatının bulunup bulunmadığı,

e) Davada hangi mahkemenin görevli olduğu,

f) Davada keşif ve inceleme yapılmadan, dosyaya delil olarak sunulan, imar ve yerleşim planı ve avan projeleri ile ön izin ve kesin izin aşamasında yapılan incelemeler sonucu düzenlenen raporların yada özel orman sahipleriyle kurumlar arasında ve kurumların biri biri arasında yapılan yazışmaların delil olarak kabul edilip edilmeyeceği, bu cümleden olarak araştırmanın yeterli olup olmadığı,

g) Mevcut delillere göre çekişmeli Saip Molla I Özel Ormanına ait Çavuşbaşı 6 sayılı parsel üzerindeki Orman Yönetimince inşaat yapılması için verilen **ön ve kesin izinlerin** yasal olup olmadığı, yasal ise bu izinlere dayanan yapılan inşaatların imar planlamasına, yasaya uygun olup olmadığı,

h) Yasal olmayan izinler dayanak yapılarak imar planlamasına uygun inşaatların hukuki durumu ile, bu izinler ve planlar aşılmak suretiyle gerçekleştirilen inşaatlar yönünden Orman Yönetiminin aktif dava ehliyeti olup olmadığı, izine ve imar planlamasına uymadan inşaa edilen ve bu yapıların hukuki durumunun ne olacağı konularındadır.

**80- Orman Genel Müdürlüğü Teşkilat Ve Görevleri Hakkında Yasa Hükmünde Kararnamenin Değiştirilerek Kabulü Hakkında 31.10.1985 gün ve 3224 Sayılı Yasanın** 1. maddesinde yasanın amacı açıkladıktan sonra Görev başlıklı 2. maddesinde, **Orman Genel Müdürlüğünün görevleri sayılmış** ve Devlet ormanı, özel orman ayırımına gidilmeden Orman Genel Müdürlüğünün görevleri belirtilmiştir. Yine 1982 Anayasasının 169/1. maddesinde özel orman yada Devlet ormanı ayırımına gidilmeden **"Bütün ormanların gözetiminin Devlete ait olduğu"** belirtilmiştir. 6831 Sayılı Yasanın 6/2 Maddesi de **"Devletten başkasına ait olan bütün ormanlar, bu Kanun hükümleri dairesinde Orman Genel Müdürlüğünün murakebesine tabidir." Aynı Yasanın 55. Maddesinde "Hususi ormanların idare ve muhafazaları, devletin kontrol ve murakabesi altında olmak üzere bu kanun hükümlerine göre sahiplerine aittir." Aynı yasanın 51. Maddesinde "Hususi ormanlar, sahipleri tarafından yaptırılıp orman idaresince tastik olunacak harita ve amenajman planlarına göre işletilir ve idare olunur. Bu plana uyulup uyulmadığını orman idaresi kontrol eder.** ..."

Yargıtay İçtihatları Birleştirme Büyük Genel Kurulunun 19.12.1945 gün ve 1945/14-16 sayılı kararında "**özel ormanlarda tam anlamıyla özel mülkiyet hükümleri uygulanamaz, halkın ve memleketin yararı, sağlık ve selameti bakımından özel orman sahiplerinin tasarruf hakları, Orman Kanununun ayrık hükümleriyle sınırlandırılmış ve özel orman sahiplerine sadece bir yararlanma hakkı verilmiştir.** Orman sahiplerinin; bu haktan faydalanabilmeleri, 3116 Sayılı Yasanın 65. (6831 Sayılı Yasa md.55) maddesinde açıkça gösterildiği gibi "3116 Sayılı Orman Kanunu hükümlerine" [İçtihat kararının verildiği tarihte yürürlükte olan 3116 Sayılı Yasanın 45 ila 76 (6831 Sayılı Yasanın 50 ila 56)] mutlak suretde uymakla olanaklıdır. Sözü edilen madde hükümlerine göre Özel ormanlar, sahipleri tarafından yaptırılıp orman yönetimince onaylanacak amenajman planına göre işletileceği ve bu plana uyulup uyulmadığının, Orman Yönetimince kontrol edeceği ve Özel ormanlarda uygulanacak, maden araştırma, tesis kurma, ocak açma, damga ve ölçü işleriyle yaylak ve kışlaklar hakkında tedbir almak ve tezkere ile nakil gibi konularda Devlet ormanları hakkındaki hükümlerin aynen özel ormanlarda da uygulanacağı, ve bu hükümlere uymayanları Orman Yasasındaki Devlet ormanlarıyla ilgili ceza hükümlerine göre cezalandırılacağı ve kesilen ağaçların zor alımına karar verileceği öngörülmüştür. Yurttaki bütün ormanların Devletçe muhafazası ağaç yetiştirilmesi ve denetlenmesi zaruret ve zorunluluğuyla ve **kamu yararı amacıyla** özel ormanlardaki tasarruf hakkı kanun dairesinde sınırlandırılıp ve kurala bağlanmış olduğundan, özel ormanlarda özel mülkiyet **kuralları ve hükümleri geçerli olmayıp, Orman Kanunu hükümlerinin uygulanacağından,** özel ormanlarda ruhsatsız kesinlen ağaçların zaralımına karar verilmesi, tasarruf ve mülkiyet hakkına müdahale sayılmaz" (3116 Sayılı Yasada özel ormanlarla ilgili aynı hükümler 6831 Sayılı Yasada da aynen mevcut olduğundan sözü edilen 19.12.1945 tarihli içtihadı birleştirme kararı bugün de geçerliliğini sürdürmektedir)

Devlet yada özel orman ayırımına gidilmeden tüm orman alanlarının ülke ve dünya doğası ile insanlar dahil tüm canlıların hayatı ve geleceği bakımından zorunlu olan öncelikleri ve gerekliliği ile Yasa tarafından Orman Yönetimine yüklenen görevler bir arada

Nf

değerlendirildiğinde, çekişmeli Çavuşbaşı Köyü 6 parsel sayılı Saip Molla 1 Özel Ormanının, özel orman olarak sahiplerince yasa ve yönetmelik **hükümlerine** göre **tasarruf edilip edilmediğini denetlemek** görevi yukarıda belirtilen Anayasa, Yasalar ile Yönetmelikler ve İçtihadı Birleştirme Kararına göre Orman Yönetimine ait olduğu tartışmasızdır.

Orman Genel Müdürlüğü Teşkilat Yasasının 2. Maddesi ile Orman Yönetimine verilen görevleri yerine getirmek amacıyla özel ormanın sınırlarının ve üzerindeki orman varlığının fiilen ve hukuken korunmasını, geliştirilmesini sağlamaya yönelik kararların alınması ve bu kararların uygulanmasını sağlamak için, özel ormanlarda, yasaya aykırı ve amaca uygun olmayan kullanım ve tasarruf söz konusu olduğunda, Orman Yönetiminin bunları önlemek, eylemin niteliğine göre idari yada adli yargı organlarına baş vurmak suretiyle görevini yapması zorunludur. Bu nedenle, 6831 Sayılı Yasanın 52. Maddesi gereğince özel orman alanlarında yapılaşmaya yönelik olarak verilen ön ve kesin izinden sonra, gerek izin sahasında, gerekse izin sahası dışında Orman Yönetiminin taşınmaz ve yapılar üzerinde bir yetkisinin kalmayacağı, bu yetkinin imar yasası ve ilgili mevzuat çerçevesinde ilgili belediyelere ait olacağı yönündeki mahkeme kararının gerekçesinin yasal dayanağı bulunmamaktadır. Yapılaşmanın verilen ön ve kesin izine, imar mevzuatına, ilgili yasa ve yönetmelik hükümlerine göre yürütülüp yürütülmediğini, ihtiyaca ve amaca en uygun yasal çözümlerin üretilip üretilmediğini, ormanların korunması için gerekli tedbirlerin yasal ve ihtiyaca uygun olarak alınıp alınmadığını denetlemek, alternatif çözüm önerileri sunmak, bu konulara uyulmaması halinde, Anayasa ve yasaların kendisine verdiği denetim ve gözetim görevlerini yerine getirmek için, ilgili idari yada adli mahkemelere başvurması Orman Yönetiminin asli görevidir. Tapu kaydının cins hanesinin yolsuz işlemle terkin edildiğinin tespit edilip eski hale getirilmesi, ön ve kesin izin sahalarına yada bu sahalarda imar planlamasına uyulmayarak, ormana elatılması halinde bu yerlerle ilgili elatmanın önlenmesi ve binaların yıktırılıp eski hale getirilmesi ve izin sahası içinde ve dışındaki özel orman alanlarında kurulan kat mülkiyetinin yok hükmünde olduğunun tespiti ile iptal ettirmesi gibi konularda, olayın niteliğine göre genel adliye, yada idare mahkemelerinde, Orman Genel Müdürlüğünün dava açma konusunda aktif dava ehliyeti vardır.

81- 3194 Sayılı İmar Yasanın 21. maddesinde; 26. maddesindeki ayrıcalıklar hariç, tüm inşaatların yapımı, yerel yönetimlerin iznine tabidir. Aynı Yasanın 32. maddesinde, ruhsat alınmadan yahut alınan ruhsata aykırı olarak yapılan yapı ve eklentileri, "kaçak" sayıldığından, yasal duruma getirilmesine olanak bulunmaması ya da verilen süre içinde ruhsata uygun hale getirilmemesi durumunda yerel yönetimlerce yıktırılır. Ayrıca, İmar Yasasının 42. maddesinde İmar Yasasına aykırı eylemlere verilecek cezalar gösterilmiş ise de, bu hükümler tamamen İmar Yasasından kaynaklanan imar suçları ile ilgilidir. İzin sahası dışındaki orman alanını işgal etme, ister izin sahası içinde, isterse izin sahası dışında izinsiz ağaç kesme Orman Ceza Hukukunu ilgilendirir. İzin sahasında kalan ve imar planlamasına konu olan yerlerde de orman ceza hukukunu ilgilendiren suç türleri vardır. İşte bu nedenledir ki; imar suçları İmar Yasasında orman suçları ise özel yasa olan 6831 Sayılı Özel Orman Yasasında gösterilmiştir.

3194 Sayılı İmar Yasasında, imar planlamasına tabi tutulacak arazinin ifrazını, belli bir oran dahilinde "düzenleme ortaklık payı" alınarak kamuya terkini, başka özel mülklerle birleştirilerek ortaklığın giderilmesini öngören hükümler vardır. Halbu ki; Orman Yasasının 52. maddesi gereğince **"Özel ormanlar 500 Hektardan küçük parçalar teşkil edecek şekilde parçalanıp başkalarına temlik ve mirasçılar arasında ifrazen taksim edilemez."** Bu nedenle, 52. madde hükümlerine göre **"imar planlaması"** için izin verilen % 6'lık sahada ifraz ve kamuya terk söz konusu olmadığından özel yasa olan 6831 Sayılı Orman Yasası hükümlerine aykırı olmayan 3194 Sayılı Yasa hükümleri uygulanacaktır.

82- 08.09.1956 tarihinde yürürlüğe girip ve 01.01.1984 tarihine kadar yürürlükte kalan 6831 Sayılı Orman Yasasının 17/3. maddesi "ormanlarda umumi sıhat ve emniyet ve menfaat icabı veya estetik ve **turistik bakımdan yapılacak her nevi bina** ve **tesisat ile** orman hasılatı işleyeceklerin ve kullanacakların yapacakları bina ve her nevi tesisat için Ziraat Vekaletinden izin alınır" şeklindedir.

Orman Yasasının sözü edilen 17/3. maddesi 01.01.1984 tarihinde yürürlüğe giren 2896 Sayılı Yasa ile ağadaki şekilde değiştirilmiş ve aynı maddeye 4. fikra eklenmiştir.

ΧΕ

"Turizm bölge ve merkezleri dışında kalan Devlet Ormanlarında **kamu yararına olan her türlü bina ve tesisler ile orman ürünlerini işleyeceklerin yapacakları bina ve tesisler** için gerçek ve tüzel kişilere Maliye Bakanlığının görüşü alınarak Orman Bakanlığınca, intifa için kullanma beledi karşılığında izin verilebilir...

**Yukarıda belirtilen bina ve tesislerin .... hususi ormanlarda** yapılması halinde Maliye Bakanlığının görüşü alınmaksızın Orman Bakanlığınca izin verilebilir. Bu taktirde kullanım bedeli, süresi, yapılan bina ve tesislerin devri gibi hususlar genel hükümlere uygun olarak taraflarca tespit edilir."

2896 Sayılı Yasa ile değişik 6831 Sayılı Yasanın 17/3. fıkrasının açılımı yapıldığında;

**Turizm bölge ve merkezleri dışında kalan Devlet Ormanlarında;**

a) Maliye Bakanlığının görüşü alınarak,

b) Gerçek ve tüzel kişilere kamu yararına olmak koşuluyla her türlü bina ve tesisler yapmak amacıyla,

c) Ya da **orman ürünlerini işleyeceklerin yapacakları bina** ve tesisler için,

d) Kullanma bedeli karşılığında, Orman Bakanlığınca izin verilebilecektir.

**Aynı maddeye eklenen 4. fıkra hükümlerine göre özel ormanlarda;**

a) Gerçek ve tüzel kişilere **kamu yararına olmak koşuluyla** her türlü bina ve tesisler yapmak amacıyla,

b) Ya da **orman ürünleri işleyeceklerin yapacakları bina** ve tesisler için,

c) Bedeli, süresi, yapılan bina ve tesislerin devri gibi konular genel hükümlere uygun olarak taraflarca tespit edilmek koşulluyla, Orman Bakanlığınca izin verilebilecektir.

Özel ve tüzel kişi, özel ormanın maliki ise bedel, süre ile bina ve tesislerin devri söz konusu değildir. Ancak, özel orman sahipleri dışında üçüncü kişi bina ve tesis yapacaksa bunlarla özel orman sahipleri arasında süre ve binaların devri konularında genel hükümlere göre sözleşme yapılacaktır.

6831 Sayılı Yasanın 23.09.1983 gün, 2896 Sayılı Yasa ile değiştirilen 17/3. fıkrası 22.05.1987 gün 3373 Sayılı Yasa ile yine değiştirilmiş ve **"Devlet ormanlarında** gerçek ve tüzel kişilere **kamu yararına,** her türlü bina ve tesisler yapmak amacıyla Orman Bakanlığınca izin verilebileceği ve izin verilen gerçek ve tüzel kişi adına **irtifak tesis** edileceği ve bu tesislerin **izin ve irtifak hakları amacı dışında kullanılamayacağı"** önceki yasa maddesine eklenerek yürürlüğe konulmuştur. Ancak, özel ormanlarda izinle ilgili Yasanın 17/4. fıkrasında özel ormanlarda verilecek izin alanlarında **irtifak hakkı** tesis edileceğine dair hiçbir hüküm bulunmamaktadır.

6831 Sayılı Yasanın 3373 Sayılı Yasa ile değişik 17/3. fıkrası ve 2896 Sayılı Yasa ile eklenen 4. fıkrası Anayasa Mahkemesinin **17.12.2002 gün** 2000/75-200 sayılı kararı ile iptal edilmiştir.

Anayasa Mahkemesinin iptal kararından sonra 17.06.2004 gün 5192 Sayılı Yasa ile 6831 Sayılı Yasanın 17. maddesine, Anayasa Mahkemesinin iptal gerekçesi gözönünde bulundurularak 3 ve 4. fıkralar yine eklenmiştir. Bu yeni hükümle, Devlet ormanlarında yararına izin verilen gerçek yada tüzel kişi adına tapuda **irtifak hakkı tesis** edileceği hükmü yasa metninden çıkartılmış ve Devlet Ormanında yapılacak bina ve tesisler **teker teker sayıldıktan** sonra, bu bina ve tesislerin ancak **kamu yararı ve zaruret olması** halinde yapılmasına izin verilebileceği ve verilen izinlerin amaç dışında kullanılamayacağı" hükümleri ilave edilmiştir.

5192 Sayılı Yasa ile yürürlüğe konulan 17/3. fıkrasının diğer bölümleri Anayasa Mahkemesince iptal edilen önceki hükümlerle aynıdır.

Yine 17.06.2004 gün 5192 Sayılı Yasa ile 6831 Sayılı Yasanın 17/4. fıkrasına eklenen yeni hüküm, daha önce 2896 Sayılı Yasa ile eklenen 4. fıkra ile aynıdır.

Şu duruma göre 01.04.1984 tarihinde yürürlüğe girip Anayasa Mahkemesinin 17.12.2002 gün 2000/175-200 sayılı kararının Resmi Gazetede yayınlandığı, 08.11.2003 tarihine kadar yürürlükte kalan 2896 Sayılı Yasa ile 6831 Sayılı Yasanın 17. maddesine eklenen 4. fıkrasında, özel ormanlarda verileceği izin sahalarına gerçek ve tüzel kişiler tarafından yapılacak bina ve tesisler için **irtifak hakkı tesis edileceği**, yada **kat mülkiyeti kurulacağı** kanunlarında herhangi bir hüküm bulunmadığı gibi, 19.06.1986 tarihinde yürürlüğe giren ve

Orman Bakanlığından alınacak izinle, özel ormanlarda % 6 inşaat yapılmasını öngören 6831 Sayılı Yasanın 52. maddesine bir fıkra ekleyen 3302 Sayılı Yasada ve ne 3373 Sayılı Yasada ve ne de halen yürürlükte bulunan 5192 Sayılı Yasa ile eklenen 17/4. maddesinde, yasanın 52. maddesi gereğince, özel ormanlar üzerine gerçek ve tüzel kişilere imar planlamasına uygun olarak yapacakları bina ve tesisler için izin verilen yerlerde bu yapılarla ilgili **irtifak hakkı tesis edileceği** yada **kat mülkiyeti kurulacağı** konularında hiçbir hüküm bulunmamaktadır.

83- Diğer taraftan, 01.01.1984 tarihinde yürürlüğe giren 6831 Sayılı Yasanın 17/3. maddesini değiştiren ve aynı maddeye 4. fıkra olarak **"özel ormanlarda, gerçek ve tüzel kişilere kamu yararına her türlü bina ve tesisler yapmak amacıyla yada orman ürünleri işleyeceklerin yapacakları bina ve tesisler için Orman Bakanlığınca izin verilebilir"** hükmünü ekleyen 2896 Sayılı Yasa ile **"özel ormanlarda ifraz yapmamak ve yatay alanın % 6'sını geçmemek kaydıyla inşaat yapılabilir"** hükmünü 05.06.1986 gün 3302 Sayılı Yasa ile 6831 Sayılı Yasanın 52. maddesine ekleyen yasa yürürlükte iken **30 Mart 1987** tarihinde istek sahibi Modaköy Şehircilik İşletmeleri A.Ş.'ye 6831 Sayılı Yasanın, 17 son ve 3302 Sayılı Yasa ile değişik 52. maddesi gereğince 6 sayılı özel orman parselinin **% 6'sından fazla yer işgal etmemek inşaat alanı katsayısı % 50'yi geçmemek, 2. katta saçak seviyesinin tabi zeminden yüksekliği h:6.50 m'yi aşmamak, % 6 dışında kalan ormana ve yola 10.00 metreden fazla yaklaşmamak şartı ile, bir ailenin oturmasına mahsus bağ** veya sayfiye **evleri veya eğlence turizm tesisleri ile bu gibi tesislerin müştemilat binalarının yapılması maksadıyla 8 ay süreli ön izin verilmiştir." Kesin izin** ise, 2896 Sayılı Yasa ile 6831 Sayılı Yasanın 17. maddesine eklenen 4. fıkra ve 3373 Sayılı Yasa ile değiştirilen 6831 Sayılı Yasanın 17/3. fıkrası ve yine aynı yasa ile değiştirilen 52 maddesinin yürürlüğü sırasında 22.12.1987 tarihli bakanlık **"OLUR"**U ile verilmiştir. Ancak, **30. Mart 1987** tarihinde **"bir ailenin oturmasına mahsus bağ veya sayfiye evleri veya eğlence turizm tesisleri ile bu gibi tesislerin müştemilat binalarının yapılması"** amacıyla Genel Müdür Mehmet Ali Karadeniz imzası ile **ön izin** verildiği **halde**, bu ön izinin dışına çıkılarak, Genel Müdür Yardımcısı Osman Çolik'in teklifi ve Bakan adına Genel Müdür vekili Cemal Akın'ın 22 Aralık 1987 tarihli **"OLUR"**U ile **"117 adet A tipi villa, 835 adet B tipi villa, 500 adet C tipi villa ile diğer sosyal ve ticari tesisler için 137.531 m2'lik ormanlık alanda"** izin verilmiştir.

84- 22 Aralık 1987 tarihli **"olur"**'la verilen kesin izin 30 Mart 1987 tarihli ön izine aykırı olduğu gibi, özel ormanlarda 6831 Sayılı Yasanın 17 ve 52. maddeleri hükümlerine göre inşaa edilecek yapılarda, irtifak tesis edileceği yada kat mülkiyeti kurulacağı konularında hiçbir hüküm bulunmadığından bu konuda yapılan işlemler kaynağını yasadan almamıştır.

3194 Sayılı İmar Yasasının 4. Maddesindeki "... diğer özel yasalar ile belirlenen veya belirlenecek olan yerlerde, bu (imar) yasanın özel yasalara aykırı olmayan hükümleri uygulanır" hükmü ile 2981 Sayılı Yasanın 3290 Sayılı Yasa ile değişik Geçici 2. maddesinin (e) bendi hükmünü iptal eden, Anayasa Mahkemesinin 27.09.1995 gün ve 1995/13-51 Sayılı kararı ve H.G.K.'nun 07.12.1997 gün ve 1997/1-655-1003 Sayılı kararı ile kabul edilen ilkeye göre idari mercilerin yasadan kaynaklanan bir yetkileri bulunmayan konularda aldıkları kararlar yok hükmünde ve buna dayanan tescilinde, M.Y.'nın 1024.(932.) maddesi gereğince yolsuz tescil niteliğinde olduğundan ve "Anayasanın 169 ve 170. maddeleri ile Orman Yasasında ve 3402 Sayılı Yasanın 16/D maddesinde özel olarak düzenlenen Devlet Ormanları ve özel ormanlar özel yasalarına tabii olması nedeniyle H.G.K'nun 24.03.1999 gün 1999/1-170-167 ve 21.02.1990 gün 1989/1-700-101 kararlarında belirtildiği gibi, aslında özel mülkiyete konu olmayan (somut olayda aslında özel orman olan) taşınmazlar her nasılsa (somut olayda taşınmazın özel orman cinsinin yetkisiz Orman İşletme Müdürünün yazısı ile kaldırılıp) tapuya tescil edilmiş olsa dahi, bu durum taşınmazın niteliğini değiştirmeyeceğinden tescil işlemi yok hükmünde olup, bu tür taşınmazlar hakkında M.Y.'nın 1023. (931.) maddesinde belirtilen iyi niyetle iktisap iddiasında bulunulamayacağı, (somut olayda inşaat izinin verildiği tarihten beri Çavuşbaşı 6 sayılı özel orman parselin de 'ACARKENT ismiyle anılan inşaatlar, yazılı ve görsel basın tarafından gündemde tutulduğu ve kamuoyunca bilindiği, konuyla ilgili olarak düzenlenen birçok soruşturma ve müfettiş raporlarına da yazılmıştır) yasalarımızın, nasıl oluşursa oluşsun, yanlış ve yolsuz tescillere dayalı olarak tapu sicilinde yapılacak değişiklikleri

X/F

öngören iptal davaları görevini Adliye Mahkemelerine verdiğinden bu davanın asliye hukuk mahkemesinde olması doğrudur. Yine, tapu kaydının cinsinin özel orman olarak düzeltilmesi ve kat mülkiyeti tapusunun iptal edilmesi halinde dava konusu taşınmazda pay satın alan davalıların haklarını ilgilendireceğinden özel ormanın üzerine sonradan yapılan binaları satın alanlara davalı sıfatıyla husumet yöneltilmesi usul ve yasaya uygundur.

Diğer taraftan 30 Mart 1987 tarihli **ön izin** ve 22 Aralık 1987 tarihinde "kesin izin" alındığı tarihten bugüne kadar Orman İdaresi ile izin sahipleri, Orman İdaresi ile Beykoz ve İstanbul Büyükşehir Belediyesi, yine izin sahibi ile bu belediyeler ve Beykoz-Büyükşehir Belediyesi arasındaki çekişmeler sürmektedir.

Yukarıda 17 ila 44. bentlerde yazılı olduğu gibi bölgeye ait imar planlarının yapımında, yasa ve yönetmeliklere aykırı birçok işlemler tespit edilmiştir. Saip Molla I Ormanına ait Çavuşbaşı 6 sayılı parsel ile Saip Molla II Ormanına ait Paşabahçe 238 ada 1 sayılı parselle ilgili 20.03.1989 tarihli planlar İstanbul Büyükşehir Belediye Başkanlığınca 29.07.1993 tarihinde iptal edilmiş ve bu durum 13.10.1993 tarih 93/2181 sayılı yazı ile Beykoz Belediyesine bildirilerek "yerleşim planları ve avam projelerinin iptal edilmesi nedeniyle, **Beykoz Belediyesince verilen inşaat ruhsatlarını iptali istenmiştir."** Beykoz Belediyesi Hukuk İşleri Müdürlüğü 08.11.1993 gün 952 sayılı yazısında **"inşaat ruhsatlarının iptalinde bir sakınca bulunmadığı"** Beykoz Belediyesine bildirildiği halde, Belediye çeşitli gerekçeler ileri sürerek inşaat ruhsatlarını iptal etmemiş, böylece çekişmeli hale gelen inşaat ruhsatlarına rağmen inşaatlara devam edilmiştir. İmar planının iptaline ilişkin İstanbul Büyükşehir Belediyesinin 23.08.1993 tarihli kararına karşı bir dava açılmadığı anlaşılmaktadır. Yine 22.12.1987 tarihli **"olur"**'la verilen kesin izinde Orman Bakanlığının 27.10.1993 gün 255 sayılı "olur"u ile iptal edilmiş, bu işlemin iptali için de dava açılmamıştır.

İzin sahası ve imar planları iptal edilmesi nedeniyle Beykoz Belediyesinin verdiği inşaat ruhsatları tartışmalı hale gelmiştir. Bu işlemlerin tümünde bilgisi olan izin sahibi şirketin, tartışmalı inşaat ruhsatlarına dayanarak ve hatta inşaat ruhsatlarında dışına çıkılarak hiç ruhsatı olmayan binaların inşaasına devam etmesi iyi niyet kuralları ile bağdaşıp bağdaşmadığı davanın esasını inceleyecek mahkemesinde takdir edilecektir.

85- 6831 Sayılı Yasanın 52. maddesine eklenen ve özel ormanlarda **"inşaat yapılabilir"** hükmünü getiren 05.06.1986 gün 3302 Sayılı Yasanın 7. maddesi ile ilgili hükümet teklifi, komisyon tutanakları ile T.B.M.M. tutanakları incelendiğinde, hükümet tarafından 52. maddeye böyle bir ek madde eklenilmesinin istenmediği, komisyonlarda da bu konuda hiçbir görüşmenin yapılmadığı ve tutanak düzenlenmediği, 6831 Sayılı Yasanın 1, 2, 7, 8, 9, 10, 11 ve Geçici 2 maddelerinde yapılması öngörülen değişiklikler 04.06.1986 günü T.B.M.M.'nin 115. birleşiminde görüşüldüğü sırasında, Denizli Milletvekili Mahmut Karabulut ile İstanbul Milletvekili Yaşar Albayrak ve 10 arkadaşının verdiği önerge ile meclis gündemine alındığı ve görüşülerek aynı gün kabul edildiği, yine 3302 Sayılı Yasa ile değiştirilen 52. maddeye eklenen **"imar planlamasına uygun" ve "bu kanunun 17. maddesine göre izin almak"** tümceleri eklenerek 6831 Sayılı Yasanın 52/2. sayılı maddesini değiştiren 22.05.1987 gün ve 3373 Sayılı Yasanın 11. maddesinin de hükümet teklifinde bulunmadığı, ancak Orman ve Köyişleri Komisyonunda yapılan görüşmeler sırasında tasarıya 11. madde olarak ilave edildiği ve Bütçe ve Plan Komisyonunda da aynen kabul ediliği ve 22.05.1987 günü T.B.M.M.'nin 110. Birleşiminde görüşülerek yasalaştığı görülmektedir.

86- 6831 Sayılı Orman Yasasının tüm hükümleri **"kamu düzeniyle"** ilgilidir. **Orman İdaresi memurlarının ve belediye yetkililerinin Anayasa ve yasa hükümlerine aykırı ve suç oluşturan işlem ve eylemleri sonucu kişiler yararına oluşan kazanılmış hakdan söz edilemez.** Nitekim bu konuda işlem yapan devlet memurlarından bir kısmı ceza mahkemesinde mahkum olmuşlardır. Özel ormanlarla ilgili tüm hükümlerde Orman Yasasında yer aldığına göre, özel orman ile ilgili hükümler kamu düzeniyle ilgilidir ve diğer özel mülklerle ilgili hükümleri düzenleyen yasalar devlet ve özel ormanlarda uygulanamaz. 6831 Sayılı Yasanın 17 ve 52. maddeleri ile diğer hükümleri birlikte değerlendirildiğinde, yasanın 1/1. maddesi gereğince devlet ormanlarında olduğu gibi; özel ormanlarda yerleri ile birlikte ormandır. Üzerindeki ağaçların bina yapılarak yada şu veya bu nedenlerle yok edilmiş olması o yerin özel

orman olma özelliğini değiştirmez. 19.12.1945 gün 1945/14-16 sayılı İçtihatları Birleştirme Kararında da açıklanıp kabul edildiği gibi, özel ormanlarda diğer özel mülklerde olduğu gibi **tam anlamıyla özel mülkiyet hükümleri uygulanamaz.** Kamu yararı amacıyla özel orman sahiplerinin tasarruf hakları Anayasanın 169. maddesi ve Orman Yasası hükümleriyle sınırlandırılmıştır. İşte bunun içindir ki, 6831 Sayılı Orman Yasasının 17/4 ve 52/2. maddeleri yorumlanırken bu ilkelerin gözönünde bulundurulması gerekir. Bu maddeler gereğince, özel **orman alanının belli bir bölümünde olmak üzere, en fazla % 6'lık alanı, imar planlamasına tabi tutulmak koşuluyla inşaat yapılmasına izin** verilebilecektir. Özel ormanın imar planlamasına tabi tutulacak bu % 6'lık bölümü tespit edilirken **"orman alanlarının tabi vasıflarının korunmasına özen gösterilecek"** ve imar planlamasına tabi tutulacak **% 6'lık sahada imar planlaması neyi gerektiriyorsa** tüm imar işlemleri bu % 6'lık izin sahasında yapılacaktır. Başka bir deyişle, imar planlamasına tabi tutulacak % 6'lık saha içine yapılacak **binaların, inşaat alanının tamamı** % 6'ya dahil edilip, yine binalar için gerekli yollar, otoparklar, çocuk oyun alanları, kapalı açık garajlar, havuz, spor tesisleri, ticari ve sosyal tesis gibi, benzeri yapıların tümünün alanı **imar planlamasına tabi tutulmak amacıyla izin verilen özel ormanın yatay alanının % 6'sını geçmeyecektir.** Çünkü yapılacak bina, yol ve her türlü tesis, özel ormanın bir bölümünün orman olarak kullanılmasına engel olacak ve yasa metnindeki "orman alanlarının tabi vasıflarının korunmasına özen gösterilir" hükmü dikkate alınmamış olacaktır.

İmar planlamasına tabi tutulacak % 6'lık sahada yapılaşmanın elverdiği ölçüde ve geriye kalan % 94'lük orman alanında ise, özel orman faaliyetlerine aynen devam edilecektir. Binaların inşaat alanlarının tamamı hesaba katılmadan bu binalar için gerekli yollar, açık ve kapalı havuzlar, çocuk oyun alanları, garajlar, otoparklar, ticari ve sosyal tesisler gibi benzeri yapıların tüm inşaat (yatay ve dikey) alanlarının toplamı hesaba katılmadan (emsale dahil edilmeden), sadece binaların yatay alanlarının kapladığı alana göre % 6'lık izin sahasının belirlenmesi, taşınmazın orman toprağı olma niteliği gözönünde bulundurulduğunda Anayasa ve Yasa hükmü ile bağdaşmaz. Çünkü özel ormanda asıl olan yapılaşma olmayıp, izin verilen alanda kısmen ve bu alan dışında kalan bölümde ise yine eskiden olduğu gibi ormancılık faaliyetlerinin sürdürülmesidir.

87- Çavuşbaşı Köyü 6 sayılı parselin 137.531 m2'lik bölümü izin sahası olduğu halde, dosya içindeki orto foto ve hali hazır haritalar ile imar planlarında, binaların 2.292.187 m2 olan 6 sayılı parselin tamamını kapsar şekilde yayılmış olduğu ve parselin tamamında imar planlaması yapıldığı gidişli gelişli iki üç şeritli yolların bulunduğu görülmektedir. Orman Yönetimi, özel orman sahiplerinden 6831 Sayılı Yasanın 51. maddesi gereğince özel ormanın amenajman (ormanın nasıl işletileceğini gösterir plan) planlarının yapılarak tasdik edilmesi amacıyla Orman İdaresine gönderilmesini istemiş, yine aynı yasanın 53. maddesi gereğince Saip Molla I özel ormanına mesul müdür olarak kimin atandığını sormuş, davalı şirket bu yerde orman bulunmadığı için amenajman planlarının yapılamayacağını ve mesul müdür de atamayacağını bildirmiştir.

Dosya içindeki haritalardan 6 sayılı özel orman parseli üzerindeki binaların konumu ve açılan yollar incelendiğinde, yakın çevredeki özel orman niteliğinde olmayan ve 3194 Sayılı İmar Yasası hükümlerine göre imar uygulamasına tabi tutulan arazilerdeki yapılaşma yoğunluğu ile 6 sayılı parsel üzerindeki yapılaşma yoğunluğu arasında çıplak gözle dahi görüldüğü gibi, hemen hemen hiçbir fark bulunmamaktadır. Yasa koyucu özel orman nitelikli taşınmazlar ile özel orman olmayan taşınmazlar arasında yapılaşma yoğunluğu ve imar konusunda hiçbir ayırım olmayacağı düşüncesinde olsa idi, özel ormanlarda % 6'lık sınırı getirmemesi, özel ormanlarda da 3194 Sayılı Yasa hükümlerine göre imar planlaması yapılmasını öngördü.

88- O halde, Anayasanın 169., 6831 Sayılı orman Yasasının 6/2, 50 ila 59. maddeleri 3224 Sayılı Yasanın 2. maddesi gereğince Orman Genel Müdürlüğünün bu davayı açmada aktif dava ehliyetinin, yine Orman Yönetiminin gerek yasanın 17 ve 52. madde hükümlerine göre **verdiği izin sahalarında, gerekse izin sahası dışında kalan özel ormanlarda,** yukarıda yazılı Anayasa ve yasa hükümleri ile 25.04.2008 tarihinde yürürlüğe giren yönetmeliğin 18 ve 22. maddeleri **gereğince denetim ve gözetim yetkisinin bulunduğunun kabulünün** gerektiği

NG

anlaşılmakla, mahkemenin Orman İşletme Müdürünün 28.03.1996 gün 2186 sayılı yazısını dayanak göstererek, 6 sayılı parselin özel orman cinsli olduğunun sicilden terkini işlemini yok sayarak, yeniden cinsinin özel orman olarak düzeltilmesine karar verilmesi doğrudur. Ancak, 6 sayılı ana taşınmaz kat mülkiyetine çevrilerek tapu kayıtları oluşturulduğundan ve kat mülkiyeti tapularının durumu da bu dava sonuçlarına göre belli olacağından, kat mülkiyeti tapularının cinsi hanesinin düzeltilmemesi isabetsiz ise de, bu yanılgı yargılamanın tekrarını gerektirmediğinden, davalıların bu ve diğer konulara yönelik temyiz istemlerinin reddi ile hükmün bu bölümünün düzeltilerek onanması gerekmiştir.

Mahkemece, Orman Yönetiminin bu davayı açmada aktif dava ehliyeti bulunduğu kabul edilerek, yukarıda yazılı ilkeler doğrultusunda davanın esasına girilip yapılacak inceleme ve araştırmaya göre, davacı Orman Yönetiminin elatmanın önlenmesi, kal ve yok hükmünde olduğu ileri sürülen kat mülkiyeti tapularının iptali konularındaki istekleri ile ilgili de karar verilmesi gerekirken, Orman Yönetiminin aktif dava ehliyeti bulunmaması nedeniyle bu konulardaki davanın reddine karar verilmesi isabetsiz olduğundan, Orman Yönetiminin temyiz itirazlarının kabulü gerekmiştir.

**SONUÇ:** 1) Yukarıda açıklanan nedenlerle; davalıların tüm temyiz itirazlarının REDDİNE, yerel mahkeme kararının hüküm fıkrasının (B-1) bendinin hükümden tamamen çıkartılarak, bunun yerine [(B-1) "Davayı konu Beykoz ilçesi Çavuşbaşı Beldesi, 1-2 pafta 6 sayılı parselin tapu kaydındaki özel orman niteliğinin, Orman Bölge Müdürlüğünün 28.03.1996 gün 2186 sayılı yazısı ile kaldırılmasının, yok sayılmasına ve ana taşınmaz ile bu ana taşınmazdan oluşturulan kat mülkiyeti tapularının cinslerinin iptaline ve bu dava sonucunda verilecek kararlara etkili olmamak üzere 6 parsel sayılı ana taşınmaz ile bu ana taşınmazda kat mülkiyeti şeklinde oluşturulan bağımsız bölümlerin tümünün cinsleri hanesine "Saip Molla I Özel Ormanı" olduğunun yazılmasına] ve hükmün düzeltilmesine ve H.Y.U.Y.'nın 438/7. maddesi gereğince (B-1) bentteki mahkeme hükmünün düzeltilmiş bu şekliyle ONANMASINA,

2) Yukarıda açıklanan nedenlerle; Orman Yönetiminin temyiz itirazlarının kabulü ile hükmün BOZULMASINA, peşin alınan harcın istek halinde Orman Yönetimine iadesine, 05.10.2010 günü oybirliği ile karar verildi.

| Başkan | Üye | Üye | Üye | Üye |
|---|---|---|---|---|
| Ali Özçelik | Murtaza Dolu | Gülşen Erdoğan | Mehmet Aral | Feyzi Altınok |

Okundu.Ö/E.

ASLI GİRİDİR
Başkan



ANNEX-4

COVERAGE BY
PRACTICE AREA

TURKEY

← Back to Europe, Middle East & Africa

## LAW FIRM DIRECTORY BY

JURISDICTION

### TURKEY > LAW FIRM DIRECTORY

The profile section contains a list of firms that have taken out commercial profiles in The Legal 500.

While the editorial is independent from the commercial profiles, the profiles allow in-house counsel to see an overview of the firm's strengths, locations, key contacts, individual lawyer biographies (all provided by the firm) alongside the firm's current rankings.

This provides an easy one-stop-shop for corporate counsel and legal procurement departments to gather information on firms they are looking to instruct.

AAT Partners

İstanbul

Abcoo Law Firm

Istanbul

Acar & Ergönen Law Firm

A.I.F.

Istanbul

### ACTECON

Istanbul

### ADMD/Mavioglu & Alkan Law Office

Istanbul

### AES Law Office

Beşiktaş/İstanbul

### Akbal Law Firm

Istanbul

### Akkaş & Partners Law Firm

Istanbul

### Akol Law

SISLI/ISTANBUL

### Aksan Law Firm

Istanbul

### Aktay Law Firm

Istanbul

### AKT LAW

Istanbul

### ARI Attorneys at Law

XIF

Istanbul

### ARIKAN | PARTNERS ILC

Istanbul

### Arslan Law Firm

Istanbul

### ASC Law Office

Istanbul

### ATG Law Firm

Istanbul

### BAIC HUKUK

34394 Mecidiyekoy/Istanbul

### Balay, Eryigit & Erten Attorneys at Law

Istanbul

### Balcioglu Selçuk Ardiyok Keki

Istanbul

### Baspinar & Partners

Istanbul

### Baysal & Demir

Istanbul

### Bener Law Office

NF

Istanbul

### Bezen & Partners

Istanbul

### Biçer Güner Attorneys-at-Law

İSTANBUL

### Boden Law

Istanbul

### Bosca Law

Ankara

### Breitegger-Develioglu Law Firm

Istanbul

### BTS & Partners

Istanbul

### Caliskan Okkan Toker

Istanbul

### Cavus & Coskunsu Law Firm

Istanbul

### CBC Law

Istanbul

### CCAO

Istanbul

### CIFTCI Attorney Partnership in association with Clifford Chance

Istanbul

### Clifford Chance

Istanbul

### Çakmak Attorney Partnership

Ankara

### Çelepçi in cooperation with Schoenherr

Türkiye

### Çetinkaya Pehlivan Barlak

Istanbul

### Çukur & Partners

Izmir

### DEMIR & PARTNERS

Istanbul

### Dentons

Istanbul

### Dericioglu & Eren Law Office

Ankara

### Deris Attorneys at Law Partnership

Istanbul

DIRI SEVI MERGEN

Istanbul

DL Attorneys at Law

Istanbul

DLC Law Firm

Istanbul

DURUKAN+PARTNERS

Istanbul

EAK Legal

Istanbul

Egemenoglu Law Firm

ISTANBUL

ELIG Gürkaynak Attorneys-at-Law

Istanbul

Erciyas Law Firm

Ankara Istanbul

Erdem & Erdem Law Office

Istanbul

Ergün Avukatlik Bürosu

Ankara Istanbul

### Ernst & Young

Istanbul

### Ersoy Bilgehan Lawyers & Consultants

Istanbul

### Erçin Bilgin Bektasoglu

Istanbul

### ESENYEL & PARTNERS Lawyers and Consultants

Istanbul

### EVG Attorney Partnership

Istanbul

### Eyuboglu Buyukatak Law Firm

Istanbul

### Gedik & Eraksoy

Istanbul

### Gems Schindhelm

Istanbul

### Gen Temizer Ozer

Istanbul

### GKC Partners (in professional association with White & Case)

Istanbul

### Gled Partners

İstanbul

### GNDO Legal/ Gündüz Özgenç Attorney Partnership

Istanbul

### Goksu Safi Isik Attorney Partnership

Istanbul

### GSG Attorneys at Law/GSG Hukuk

Istanbul

### GSU Law Firm

Istanbul

### Gunbay Kural Abbasoglu Law Firm

Istanbul

### Gurulkan Çakır Günay Attorney Partnership

Istanbul

### Gökçe

Istanbul

### Güleryüz & Partners

Istanbul

### Gün + Partners

Istanbul

### Günay Erdogan Attorneys At Law

Ankara

### Güner Law Office

Istanbul

### Gür Law Firm

Istanbul

### Hamzaoglu Hamzaoglu Kinikoglu Attorney Partnership

Istanbul

### Hansu Law Office

Istanbul

### Hergüner Bilgen Üçer Attorney Partnership

Istanbul

### Heuvels Uras

Istanbul

### Inal Law Office

Istanbul

### ISEN & KAHVECI ATTORNEYS AT LAW

Istanbul

### Isikal Law Office

Istanbul

### Juris Attorney Partnership

Ankara

### Kabine Law

Istanbul

### KAÇAR Attorneys at Law

34870 İstanbul

### Karaduman & Esin Law Firm

Istanbul

### KECO Legal

Istanbul

### Kenaroglu Avukatlik Burosu

Istanbul

### Kesikli Law Firm

Istanbul

### Keskin & Keskin Attorneys at Law

Istanbul

### KILINÇ LAW & CONSULTING

İstanbul

### Kiliç Çayli & Partners Law Office

Çankaya / ANKARA

### Kizilyel & Partners Law Firm

Istanbul

### Koc Attorneys at Law

Istanbul

### KOKSAL & PARTNERS

Istanbul

### Kolcuoglu Demirkan Koçakli

Istanbul

### KP Law

Istanbul

### KURT & PARTNERS

Istanbul

### LBF Partners

Istanbul

### Lexist Law Firm

Istanbul

### Liman Kurman

Ankara

### Liner Law

Istanbul

### Marpatas

Istanbul

### Matur & Ökten & Karayel Keßler Law Office

Istanbul

### May Law Office

Istanbul

### Moroglu Arseven

Istanbul

### Mustafa TIRTIR Law Firm

Istanbul

### Mutlu Law Firm

Istanbul

### Namli & Kayum & Demir Attorney Partnership

Istanbul

### NAZALI Attorney Partnership

Istanbul

### Neziroglu Law Firm

Istanbul

### Norton Rose Fulbright

Istanbul

NSN Law Firm

Istanbul

OFO VENTURA INTELLECTUAL PROPERTY AND LITIGATION

Istanbul

Okat Law

Istanbul

Orak Attorneys at Law

Ankara

OZDAGISTANLI EKICI ATTORNEY PARTNERSHIP

Istanbul

Özdirekcan Dündar Şenocak Ak

Istanbul

Özel & Özel

Istanbul

Özgür Ünüvar Bakiler Attorney Partnership

Ankara

ÖzmenYalçin

Istanbul

Özsoy Law Firm

Istanbul

### Paksoy

Istanbul

### Pekin & Pekin

Istanbul

### Pelister Atayilmaz Enkur Law Office

Istanbul

### Penezoglu Law Firm

Sisli / Istanbul

### Sahan Law Office

Istanbul

### Sakar Law Office

Şişli Istanbul

### Sayin Law & Consulting

Istanbul

### SCH Law Firm

Istanbul

### Sengüler & Sengüler

Istanbul

### Sengün & Partners Attorney Partnership

Istanbul

### Senol Sahin Ilgin Law Firm

Istanbul

### SEOR Law Firm

Istanbul

### Sezekkaplan Lawyers

Istanbul

### Solak & Partners Law Firm

Istanbul

### Soyhan Law Firm

İstanbul

### SRP-Legal

Istanbul

### SULUK INTELLECTUAL PROPERTY LAW FIRM

Istanbul

### TILEGAL - TOPDEMIR INANDIOGLU KOMUC LAW OFFICE

Istanbul

### TUNCA ATTORNEY PARTNERSHIP

Ankara

### Tunc Firat Dereli Attorney Partnership

Istanbul

### TURUNÇ

İstanbul

### U.G.A.Y. Law Office

Istanbul

### Uluköklü & Partners

34330 Beşiktaş/İstanbul

### Vircon Legal Consultancy

Istanbul

### Yavuz & Uyanik

ISTANBUL

### Yayla Altufan Konukçu

Istanbul

### Yazici Attorney Partnership

Ankara Istanbul

### YAZICIOGLU Legal

Istanbul

### YBK Attorney Partnership

Sarıyer/Istanbul

### YBK Law Firm in Cooperation with CMS



İstanbul

### Yildirim Law Office

Merter/İstanbul

### ZESA Attorney Partnership

İstanbul

### Ülken Law Firm

İstanbul

### Ülker Şimşek Law Office

İstanbul

### Ürey Law Office

İstanbul